1  Danielle R. Pena, Esq., SBN 286002
   dpena@PHGLawGroup.com
2  PHG Law Group
   501 West Broadway, Suite 1480
3  San Diego, CA 92101
   Telephone:  (619) 826-8060
4  Facsimile:   (619) 826-8065

5  Joseph M. McMullen, Esq., SBN 246757
   joe@jmm-legal.com
6  Law Office of Joseph M. McMullen
   501 West Broadway, Suite 1510
7  San Diego, CA 92101
   Telephone:  (619) 501-2000
8  Facsimile:   (619) 615-2264

9  Attorneys for Plaintiff

10

11              UNITED STATES DISTRICT COURT

12            SOUTHERN DISTRICT OF CALIFORNIA

13  ESTATE OF RONNIE PAUL          Case No. 16cv1004-BEN-SBC
    SANDOVAL.
14                                 **DECLARATION OF DANIELLE R.**
              Plaintiff,           **PENA IN SUPPORT OF PLAINTIFFS'**
15                                 **MOTION FOR ATTORNEY FEES**
         v.
16                                 Date:        June 9, 2025
    COUNTY OF SAN DIEGO;           Time:        10:30 a.m.
17                                 Dept.:       5A
              Defendants.          Judge:       Hon. Roger T. Benitez
18

19

20

21

22

23

24

25

26

27

28

                                 1
──────────────────────────────────────────────────────
DECLARATION OF DANIELLE PENA              16CV1004-BEN-SBC

I, Danielle R. Pena, declare as follows:

1.     I am the managing partner at PHG Law Group, and an attorney duly licensed to practice before the United States Court of Appeals for the Ninth Circuit, the United States District Courts for the Southern, Central, and Eastern Districts of California and the courts of the State of California.

2.     I have personal knowledge of the matters stated in this declaration except those stated on information and belief, and as to those, I believe them to be true. If called upon, I could and would competently testify to them.

3.     Prior to starting PHG Law Group, in 2014, I was a senior associate at Morris Law Firm, APC since its inception.  In 2020, I became a partner at Morris Law Firm, APC.  In my time at Morris Law Firm, APC, I was tasked with exclusively working on all the civil rights matters. I worked at Morris Law Firm, APC for approximately eight years until Mr. Morris was appointed to the bench in 2022.  I then founded PHG Law Group and maintained all the civil rights cases as lead counsel.

4.     I submit this declaration in support of Plaintiffs' Motion for an Award of Attorneys' Fees and Reimbursement of Expenses.

5.     The following is a summary of my education, training, and experience:

6.     After receiving a scholarship offer, I graduated from California Western School of Law in the spring of 2012.  During my tenure at California Western School of Law, I was a law clerk for Michael Aguirre of Aguirre, Morris & Severson LLP ("AMS"), located at 501 West Broadway, San Diego, California, 92101.  At times, I also worked with Mr. Morris in my capacity as an intern.

7.     I remained a post-bar clerk for AMS until I became a licensed attorney in the State of California in the fall of 2012.

8.     Immediately thereafter, I was hired by AMS as an associate attorney.

9.     During my tenure at AMS, I was assigned to work with Mr. Aguirre and Mr. Morris.  Mr. Aguirre was the former San Diego City Attorney from 2004 to

2

2008.  In private practice as a consumer rights attorney, he represented plaintiffs in massive fraud actions, such as the A.I.G. billon-dollar bailout and the $775 million ratepayer settlement for the failed San Onofre nuclear power plant.  Mr. Morris was the former head of the criminal division at the San Diego City Attorney's Office. In private practice, he specialized in 42 U.S.C. Section 1983 litigation with an emphasis on police misconduct and free speech cases.  While at AMS, I practiced in tandem with Mr. Aguirre and Mr. Morris on their respective matters.

10.     In September of 2014, Mr. Morris opened his own law firm, the Morris Law Firm, APC.  I was the senior associate exclusively responsible for all civil rights matters.  Since then, I was lead counsel on all the firm's 42 U.S.C. Section 1983 actions in all aspects of litigation, including client relations, prelitigation, pleadings, written discovery, depositions, law and motion, oral arguments, trial, and appellate work.

11.     In June of 2022, Mr. Morris was appointed to be a San Diego Superior Court judge.  I established PHG Law Group and continued as lead counsel on all of Morris Law Firm's civil rights actions.

12.     As a principal partner at PHG Law Group, I exclusively practice 42 U.S.C. Section 1983 litigation.  Due to my training, experience, expertise, and passion in this area of law, I am often sought out as co-counsel on other matters.

13.     In my capacity as a civil rights practitioner, I volunteer with California Western's Community Law Project ("CLP").  CLP is a legal clinic open to people in San Diego's most vulnerable communities.  CLP pairs volunteer attorneys with law students and clients on a variety of issues of law.  I volunteer exclusively in the area of 42 U.S.C. Section 1983 litigation.  On a monthly basis, I routinely work alongside law students to assist various clients with police misconduct issues.

14.     Similarly, since 2017, I also volunteer with California Western's Clinical Externship Program ("CEP").  The CEP is a thirteen-week externship program that connects third year law students with private law firms, courts, and

3

government agencies in areas of law that interest the student. Students with an interest in 42 U.S.C. Section 1983 litigation, work at PHG Law Group and assist me with my cases. My aim is to provide practical mentoring to students with an interest in social justice. I also provide guidance and support while the student develops their professional identity.

15. I am an active member of the National Police Accountability Project ("NPAP"), the Consumer Attorneys of California ("CAOC"), and the San Diego County Bar Association ("SDCBA).

16. I am also a proud board member for SAY San Diego. SAY San Diego is a non-profit organization that provides underserved communities with a wide array of programs, starting with providing prevention services to struggling youth and their communities.

17. As a thirteen-year practicing civil rights attorney, I have specialized in and have devoted my practice to civil rights litigation involving police and jail misconduct cases. The majority of the cases I have handled throughout my legal career are in-custody death cases, similar to Mr. Sandoval's case.

18. Over the last five years of my legal career, some highlights have included the following:

      a. *Enyart v. San Bernardino County, et al*., United States District Court, Central District, Case No 5:23-cv-540-RGK-SHK, in which I was lead attorney in a 42 U.S.C. Section 1983/wrongful death case arising out of Mr. Enyart's untreated alcohol withdrawals resulted in his premature death. After only a year and a half of litigation, the matter proceeded to trial approximately twenty days after the *Sandoval* trial. On May 24, 2024, the jury returned a verdict in favor of Plaintiffs against the County of San Bernardino for maintaining a policy and training of inaction that caused Mr.

4

1    Enyart's death.  The jury returned a verdict in the amount of

2    $6,400,000.

3    b.  *Suarez v. San Diego County*, United States District Court, Southern

4    District, Case No. 3:20-cv-00456-WQH-DEB, in which I was lead

5    attorney in a 42 U.S.C. Section 1983 case arising out of injuries in

6    the form of total blindness due to the jail staff's failure to protect

7    Ms. Suarez.  Plaintiff alleged that jail staff failed to intervene

8    despite knowing that Ms. Suarez was a danger to herself.  During

9    litigation, I uncovered that the County destroyed crucial physical

10   evidence and withheld the identification of significant witnesses.

11   The case settled for $4,400,000 in 2022, after two years of

12   litigation.

13   c.  *Moriarty v. San Diego County*, United States District Court,

14   Southern District, Case No. 3:17-cv-01154-TWR-AGS, in which I

15   was lead attorney in a 42 U.S.C. Section 1983 case arising out of

16   the foreseeable suicide of Mr. Moriarty.  Plaintiffs alleged that jail

17   staff failed to intervene and failed to provide medical attention to

18   Mr. Moriarty despite his wife's 31 telephone calls to jail medical

19   personnel.  During litigation, I uncovered that the watch

20   commander in-charge of the jail rejected a nurse practitioner's

21   recommendation to place Mr. Moriarty in a safety cell because it

22   "was his Friday," and he did not want to complete the necessary

23   paperwork.  The case settled for $3,200,000 in 2021, after five

24   years of litigation.

25   d.  *Sampson v. Imperial County*, United States District Court, Southern

26   District, Case No. 14-cv-1807-L (DHB), in which I was lead

27   attorney in a 42 U.S.C. Section 1983 case arising out of the

28   deputies failure to provide medical care to Mr. Sampson despite

5

DECLARATION OF DANIELLE PENA                    16CV1004-BEN-SBC

knowing he had ingested methamphetamine to prevent detection
and arrest.  During litigation, I uncovered that the County withheld
critical evidence establishing that deputies had called off the
Sampson family's calls to 911 for a paramedic.  The case settled for
$4,100,000 in 2019, after three years of litigation.

19.    All of the civil rights cases I handle are contingent, and the fees are
part of the settlement and are not litigated separately.  My rate is not adjusted to
account for the contingent nature of this case, the quality of the result obtained, or
the expected delay in payment.  Not only was this case taken on contingency, but I
also invested my Firm's resources to fund the costs knowing at the outset that if
litigation was unsuccessful, the burden of fees and costs would lie solely on PHG
Law Group.

20.    I know firsthand that over the last ten years PHG Law Group and
Morris Law Firm, APC, were precluded from taking on at least three other civil
rights cases specifically because of the resources that were tied-up in this case
required myself and Mr. Morris to be more selective in the cases we took on.  Aside
from the costs, the time incurred litigating this case over the last ten years has
resulted in a hardship that is not customary with typical civil rights litigation.

21.    Attached hereto as Exhibit 1 is my timesheet setting forth the
reasonable hours I have expended in this matter.  All of my time was entered
contemporaneously into a computer database from which records were carefully
compiled.  The records were entered at the time work was performed.  Further, all
hours sought to be reimbursed were actually expended in every respect.  Attached
hereto as Exhibit 2 is Mr. Morris' timesheet.  All of Mr. Morris' time was
contemporaneously entered into a computer database.  After Mr. Morris took the
bench, my office maintained control of the computer database and preserved Mr.
Morris' time.  Similarly, Attached as Exhibit 3 is Ms. Pierce's timesheet.  All of her
time was contemporaneously entered into our computer database.

DECLARATION OF DANIELLE PENA                          16CV1004-BEN-SBC

22.     As lead counsel, I reviewed the timesheets of all counsel, including my own, and the time sheets submitted by Mr. Morris, Mr. Renda, Mr. McMullen, and Ms. Pierce.  I made painstaking effort to exercise reasonable billing judgment.

23.     I exercised reasonable billing judgment and made a good-faith effort to review and reduce all attorneys' timesheets for excessive, duplicative, or otherwise unnecessary hours to achieve the result obtained.  For instance, I reduced the requested hours by approximately 50 combined hours of discussions counsel had with the clients and approximately 70 combined hours of discussions amongst the legal team.

24.     I also reduced hours billed by Mr. Renda.  Although Mr. Renda was the originating attorney and filed the operative complaint in this case, I reduced approximately 92 hours related to his time attending several depositions, reviewing filed pleadings, and attending meetings amongst counsel and clients.  I reduced all of Mr. Renda's hours following Defendants' motion for summary judgment.

25.     When working with Mr. McMullen, we took a "divide and conquer" approach.  Each attorney was responsible for different pre-trial tasks and prepared and billed only for the witnesses they examined.

26.     As such, the hours spent (and requested) by each counsel were reasonably expended in every respect.  The remaining requested hours cannot be divided or distinguished on a claim-by-claim basis as the claims are nearly identical in work-up and preparation for trial, especially because the evidence to support the *Monell* claim was obtained by litigating the individual claims.

27.     As set forth in in each attorney's declaration, after review and reduction of my own timesheet, I reasonably expended 1458.7 hours in this matter.  After review and reduction of Mr. Morris' timesheet, he reasonably expended 565.6 hours in this matter.  After review and reduction of Mr. McMullen timesheet, he reasonably expended 428.2 hours in this matter.  After review and reduction of Mr. Renda's timesheet, he reasonably expended 148 hours in this matter.  After review

7

and reduction of Ms. Pierce's timesheet, she reasonably expended 161.3 hours in this matter.

28.    In support of Plaintiff's fee request, and in conjunction with counsels' experience, skill set, and market rate, my rate, as set forth below, relies, in part, on the declarations filed concurrently herewith.  As set forth therein, Ms. Sobel has been practicing law since 1978.  She has been involved in civil rights cases the entirety of her career, having been staff counsel for the ACLU from 1978 until 1997.  She has been named by the Daily Journal as one of the 100 most influential lawyers in California, and was the 2007 California Lawyer of the Year in civil rights.  She keeps an extensive database on civil rights fee awards and has been recognized as expert in the field by federal district courts across California.  Filed concurrently with this motion is the declaration of Carol Sobel.  As set forth in her declaration, based on Ms. Sobel's experience and understanding of the market rate for similarly situated civil rights attorneys in the San Diego area, and in conjunction with my experience and skill set, my requested hourly rate at $800 per hour is reasonable and well within the range of the current market rate.  (See Declaration of Carol Sobel, generally.)

29.    Thus, based on my reasonable rate and the reasonable hours I expended on this matter, my hourly fee incurred in this case is $1,166,960.

30.    Ms. Sobel also opined that the requested rate of $150 per hour for my litigation assistant, Leanna Pierce, with over 25 years of experience, is also reasonable.  Ms. Pierce performed non-clerical tasks that were required to litigate this case.  Ms. Pierce performed many non-clerical functions so that higher billers did not have to expend their time on such matters.

31.    After reviewing the costs for excessiveness and double-accounting, the reasonable costs expended—in total—in this case amounts to $38,995.15. Filed concurrently herewith, Plaintiff requested $15,755.50 in the Application to Tax Costs.  (See Exhibit 4.)  In addition, Plaintiff is also requesting $23,239.65 in costs

8

and expenses that were not accounted for in the Application to Tax Costs. (See Exhibit 5.)

32. Furthermore, due to my over 10-year relationship with Mr. Morris, as his senior associate and partner in the later years of his practice, I am appropriately situated to declare the following:

33. After graduating from Brigham Young University Law School in 1992, Judge Morris immediately went to work at the San Diego City Attorney's office. Starting out as a prosecutor, Judge Morris transferred to the Civil Division and for 10 years defended the city and its employees in complex litigation ranging from civil rights cases to employment and labor disputes. Judge Morris then served as the head of the Criminal Division, overseeing 30,000 cases the City Attorney's Office filed each year. In 2008, he left the City Attorney's Office for private practice. As a principal in the law firm of Aguirre, Morris & Severson, LLP, Judge Morris handled all types of litigation, with an emphasis in civil right actions. In May 2014, Judge Morris founded The Morris Law Firm, APC.

34. Judge Morris focused his efforts in two distinct areas: corporate litigation and civil rights. This business model allowed Mr. Morris to take on expensive and lengthy civil rights matters while billing hourly in corporate litigation cases.

35. Having defended police officers in misconduct claims for the City of San Diego, Judge Morris developed an expertise in Section 1983 litigation and he used that expertise in his representation of the victims of police misconduct and custodial malfeasance. His verdicts and settlements have included multi-million dollar awards by federal juries on claims involving the failure to provide adequate medical attention, including adequate suicide prevention efforts, illegal uses of force against inmates, and the failure to protect inmates from others.

36. Not long after founding Morris Law firm, in 2014, after an almost two week jury trial Judge Morris, and then associate, Danielle R. Pena, prevailed on a

9

matter where the jury awarded San Diego County to pay $3 Million to the family of a heroin addict who died of an asthma attack while detoxing in jail. The jury determined that the county and two nurses violated Daniel Sisson's civil rights. They specifically faulted the county's method of checking jail cells and how it trains staff to deal with inmates who are detoxing from drugs.

37.    In 2016, after waiving a trial by jury, Judge Morris and myself conducted a four-day bench trial on a Civil Rights Matter involving an Excessive Force Claim against San Bernadino County and its deputies. The Court took the matter under submission at the conclusion of trial. The Court found in favor of Plaintiff on his Fourteenth Amendment, battery, and negligence claims.

38.    In 2017, after two years of litigation and on the eve of trial, Judge Morris secured a $4,100,000 settlement from the City of El Centro in a matter involving deputies refusing medical treatment to an individual that was being detained.

39.    In 2019, Judge Morris represented a San Diego based tech company against a $50 Million claim being prosecuted by Baker and Hostetler's New York office. At arbitration, after a 16-day proceeding, a decision was entered in favor of Judge Morris's client.

40.    In 2021, after two years of litigation both in front of an arbitration and the San Diego Superior court, Judge Morris also settled a medical malpractice case after a four-week arbitration in excess of $3 million. At the conclusion of the arbitration the arbitrator made a strong representation to Defendants that they needed to settle the matter prior to his ruling.

41.    On June 3, 2022, Judge Morris was appointed by Governor Gavin Newsom to the San Diego Superior Court. He assumed office on June 17, 2022. Judge Morris was initially assigned to proceed over Civil Temporary Restraining Orders followed by proceeding over family matters in East County Division of the

DECLARATION OF DANIELLE PENA                                16CV1004-BEN-SBC

San Diego Superior Court and currently sits in Department 702 of the Central Courthouse of the San Diego Superior Court presiding over family matters.

42.     According to Exhibit 6, attached hereto, which is Ms. Carol Sobel's Declaration, and similar fee awards in the Southern District for civil rights attorneys with over thirty years of experience, Judge Morris' requested hourly rate of $1,150 is reasonable given his skill, experience, and the prevailing community rate.

43.     Judge Morris spent 565.5 hours litigating this matter.  At a rate of $1,150 per hour, Mr. Morris' requested fee is $650,400.

44.     Based on information known to me, this case resulted in policy reforms within the Sheriff's Department and was one of the leading cases igniting the public inquiry into the County's unprecedented in-custody death rate.

45.     The *Sandoval* opinion is cited throughout the Ninth Circuit's model jury instructions.  Based on my review, the *Sandoval* opinion has been cited over fifty times in this circuit; and, generally speaking, the Ninth Circuit's *Sandoval* opinion has been cited over 500 times, including in the 1st, 3rd, 4th, 6th, 8th, 10th, and 11th circuits.

I declare, under penalty of perjury, under the law of the United States of America, that the foregoing is true and correct.

PHG Law Group

Dated:  April 4, 2025                    s/ Danielle R. Pena
                                         Danielle R. Pena, Esq.,
                                         dpena@phglawgroup.com
                                         Attorney for Plaintiff

11

DECLARATION OF DANIELLE PENA                    16CV1004-BEN-SBC

# EXHIBIT 1

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 04/03/2025 | 🕐 | Finalize fees motion; compile all declarations, check cites.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.30h |
| 04/02/2025 | 🕐 | Update motion for fees with Carol Sobel Dec; draft sobel section.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 2.30h |
| 03/24/2025 | 🕐 | Finalize Opposition to new trial; draft intro and conclusion; check cites.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 3.80h |
| 03/20/2025 | 🕐 | Conduct research re new trial; draft Opposition; discuss strategy with Joe.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 7.10h |
| 03/19/2025 | 🕐 | Review County's motion for new trial; check case cites and ER; outline opposition.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 3.80h |
| 02/24/2025 | 🕐 | Finalize motion for fees, review supporting declarations; draft my declaration; review bill of costs and supporting documentation.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 5.00h |
| 02/23/2025 | 🕐 | Obtain supporting declarations from other attorneys; incorporate in motion.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 2.10h |
| 02/21/2025 | 🕐 | Draft motion for fees; research re | 00085-Sandoval | Danielle | 6.60h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | same; discuss strategy with Joe.<br>🟡 Non-billable | Sandoval v. County of San Diego | Pena | |
| 02/20/2025 | 🕐 | Review my billing sheets and Leanna Pierce's; edit same.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 2.50h |
| 02/19/2025 | 🕐 | Call with CSM and Renda re billing sheets; review billing sheets of all attorneys and edit.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 4.80h |
| 02/11/2025 | 🕐 | Draft Joint Motion to Continue time to bring Motion for Attorney Fees.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.40h |
| 01/13/2025 | 🕐 | Discussion with Joe about issues and proposed judgment language.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 01/10/2025 | 🕐 | Draft proposed judgment; email to Jennifer Martin.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.40h |
| 01/09/2025 | 🕐 | Research re proposed judgment, discussion with Joe re same.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.80h |
| 09/25/2024 | 🕐 | Call with Ronnie Jr and Joshia re status and next steps.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.70h |
| 08/29/2024 | 🕐 | Call with Joe and Family re status.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.60h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 08/29/2024 | 🕐 | Review Order on Rule 50 Motion<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.80h |
| 07/18/2024 | 🕐 | Call with Anna re status.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 07/05/2024 | 🕐 | Review Reply to Rule 50 Motion, discuss with Joe re need for sur-reply.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.60h |
| 06/20/2024 | 🕐 | Continue drafting Opposition to Rule 50 Motion; review cites and finalize.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 8.20h |
| 06/19/2024 | 🕐 | Continue to review trial transcripts for testimony for Opposition to Rule 50 Motion; pull cites to transcript and evidence; start drifting the opposition.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 7.80h |
| 06/18/2024 | 🕐 | Review and outline last week of trial testimony for cites in support of opposition to Rule 50 Motion.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 3.60h |
| 06/13/2024 | 🕐 | Research to oppose County's Rule 50 motion; create notes re same.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 6.10h |
| 06/12/2024 | 🕐 | Review County's Rule 50 motion, outline issues, check cites discuss | 00085-Sandoval<br>Sandoval v. County of San | Danielle Pena | 4.20h |

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|---|---|---|---|---|---|
| | | with Joe.<br>🟡 Non-billable | Diego | | |
| 06/05/2024 | 🕐 | Review Order Granting Joint Motion re Rule 50 briefing.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 06/04/2024 | 🕐 | Review and revise draft Joint Motion re Rule 50 Briefing Schedule.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 05/23/2024 | 🕐 | Discussion with Joe re rule 50.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.60h |
| 05/23/2024 | 🕐 | Briefly review Defendants' Rule 50 Motion.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.50h |
| 05/17/2024 | 🕐 | Email with other counsel re results and anticipated post-trial motions and strategy.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 05/07/2024 | 🕐 | Emails with juror.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.80h |
| 04/30/2024 | 🕐 | Call with Family re next steps.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.70h |
| 04/25/2024 | 🕐 | Discuss result with Ronnie Jr.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.70h |
| | | | | | **1,458.70h** |

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | | Diego | | |
| 04/25/2024 | 🕐 | Attend reading of Jury Verdict, prep for puninies argument; and conference regarding Rule 50 Motions with Court; discuss with family.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 2.90h |
| 04/24/2024 | 🕐 | Attend Trial Day 8 and debreif with team.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 8.10h |
| 04/23/2024 | 🕐 | Attend Trial, Day 7 and prepare for Day 8; review transcripts for closing cites and for exhibits not admitted; create a timeline of vital checks; prepare closing argument powerpoint, work with Joe re closing outline; more on powerpoint.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 16.80h |
| 04/22/2024 | 🕐 | Attend Trial Day 6 and prepare for Day 7; research and outline issues to discuss in jury instruction meeting; more MnC re Castro excerpts and objections, emails with OC; research and prep for Costa and Bryan, review video re the same, draft outlines; more research re reckless disregard and alternate language; more on jury instructions.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 14.90h |

**1,458.70h**

# Activities Export

| Date ▾ | Type | Description | Matter | User | Qty |
|---|---|---|---|---|---|
| 04/21/2024 | 🕐 | Finish review and outline of daily transcripts; Draft Wild cross, review prior Wild testimony, discuss with other plainitiff's lawyers Wild' trial testimony, review Wild podcast re impeachment; load USBc, send emails for Minns and Geller depos and testimony; review Castro, discuss with Joe and email re objections; finalize pocket brief, review NCCHC standards re Wild; prep for Estolano examination, review depo and draft outline; Draft declaration re SNPs; review county's list of witnesses and discuss with Joe.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 10.90h |
| 04/20/2024 | 🕐 | Review and outline daily transcripts, notes for closing; draft motion re judicial estoppel against county; identify and organize admitted exhibits; review Sheirff's website re SNPs; research re Martinez, review Martinez video re potential testimony, discuss with Joe.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 11.30h |
| 04/19/2024 | 🕐 | Attend Trial Day 5; debrief with team; update exhibit list; discuss gaps in evidence, review prior testimony of Lee and Joshua re SNPs and mandatory directives.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 11.80h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 04/18/2024 | 🕐 | Attend Trial Day 4 and prepare for Day 5; debrief with team; discuss Serina Hood, review prior Hood depo testimony; draft subpoena, conduct research on the same issue, review policies and procedures created by Hood, research re judicial estopple; research re reckless disregard jury instructions and Castro, discuss with Joe, outline argument. <br> 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 15.20h |
| 04/17/2024 | 🕐 | Attend Trial Day 3 and prepare for Day 4; Debreif with team; research re expert testimony in 1983 cases re Gwen issue, and standard of care requirements, discuss results with Joe; emails with OC re Andrade, discuss with Joe, finalize Andrade excerpts; major changes to Llamado cross. <br> 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 15.00h |
| 04/16/2024 | 🕐 | Review Defendants' Request to Play Deposition of Castro in lieu of live testimony. <br> 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 04/16/2024 | 🕐 | Attend Day 2 of trial and prepare for Day 3; review Defendants' objections to proposed Andrade experts; research remaining frustration issue, email OC, review Llamado outline and exhibits for tomorrow's witness; discuss | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 14.50h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|---|---|---|---|---|---|
| | | DeGuzman strategy with Joe and review nursing board complaint; review new DeGuzman video exhibit Joe created; other emails with OC.<br>🟡 Non-billable | | | |
| 04/15/2024 | 🕐 | Review declaration filed by Defendants regarding due diligence on Michael Castro<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 04/15/2024 | 🕐 | Attend Day 1 of Trial and prepare for Day 2; debrief with Joe and team; review outlines and video for witnesses tomorrow; review Defendants' proposed Andrade and Castro excerpts; research jurors; redact ex 59.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 14.00h |
| 04/14/2024 | 🕐 | Prepare: Review exhibit list, Defendants exhibits, objections to each, create check sheet; Review MIL rulings, create MIL ruling check sheet; review opening with Joe and practice, edit; review pertinent local rules and rules of evidence; call with Falgiani; Call with Sandoval family re scheduling.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 7.80h |
| 04/13/2024 | 🕐 | Prepare: Review all exams and associated exhibits; finish preparing witness folders; prepare stips, and houskeeping; review | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 9.30h |
| | | | | | **1,458.70h** |

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | meth journal; compile trial materials; Mtg with JM re opening and other matters; discuss with AS and JR.<br>🟡 Non-billable | | | |
| 04/12/2024 | 🕐 | Discuss with Joe limitations of Defendants' opening; MnC with OC re limits in opening, send email; create dropbox with impeachment exhibits; review updated joint list; search records for unfamiliar witness names, review records and discuss with Joe; finalize our witness order and email OC; review OC email re Andrade, discuss options with Joe, create timeline based on Defendants' demonstrative, discuss with Joe strategies re defenses.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 10.40h |
| 04/12/2024 | 🕐 | Review Defendants' Proposed Special Verdict Form; note objections.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.60h |
| 04/11/2024 | 🕐 | Zoom with Joe and County Counsel re Andrade, stipulations, other issues; meet with Joe to watch Harris depo and explain contradictions in other evidence; draft proposed stipulations; review appeals order and prepare plan to introduce same evidence with witnesses; update trial matrix. | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 7.00h |

**1,458.70h**

# Activities Export

| Date ▼ | Type | Description | Matter | User | Qty |
|---|---|---|---|---|---|
| | | 🟡 Non-billable | | | |
| 04/11/2024 | 🕐 | Review Defendants' Proposed Voir Dire.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 04/10/2024 | 🕐 | Review Minute Order on Defendants' Ex Parte Motion re Use of Electronic Equipment and confer with JMM whether we need to file a similar request.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 04/09/2024 | 🕐 | Prepare: Review examinations and pull exhibits; papre folders for all witnesses; discuss w Joe the WHY, finish DeGuzman transcript, compare to outline. Review Joe's closing outline, edit same. Consult with opening expert.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 9.20h |
| 04/09/2024 | 🕐 | Research Marylene Allan and Caroline Dela Cruz. Call to Glen regarding hard copy of exhibits.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.80h |
| 04/08/2024 | 🕐 | Review Defendants' Ex Parte Motion re Use of Electronic Equipment and confer with JM whether we need to file a similar request.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.40h |
| 04/08/2024 | 🕐 | Prepare: Zoom w Joe re trial | 00085-Sandoval | Danielle | 8.10h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | witnesses, strategy, examinations, exhibits, review video re Deguzman and Fox, review DeGuzman transcript and interview for opening. Review transcripts of all studio interviews and update trial matrix. <br> 🟡 Non-billable | Sandoval v. County of San Diego | Pena | |
| 04/07/2024 | 🕐 | Review Joe's opening, edits to same; cite check. <br> 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.80h |
| 04/07/2024 | 🕐 | Review Harris depo/outline/video to compare timeline with Llamado and Andrade; compare to splice videos from Joe. <br> 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 5.20h |
| 04/06/2024 | 🕐 | Prepare Fox examination; compile relevant evidence; sync videos. Also compare to DeGuzman testimony re timeline and information known. <br> 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 5.30h |
| 04/06/2024 | 🕐 | Discussion with Opposing Counsel re Rodriguea availablity; prepare Rodriguez examination; compile relevant evidence; sync videos. <br> 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 4.30h |
| 04/05/2024 | 🕐 | Review Andrade depo transcript to determine if read in is possible; research grounds for continuance re key witness unavailability. | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 3.20h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | 🟡 Non-billable | | | |
| 04/05/2024 | 🕐 | More work on jury instructions; objections.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 2.10h |
| 04/05/2024 | 🕐 | Further meet and confer w Opposing Counsel re jury instructions.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.90h |
| 04/05/2024 | 🕐 | Confer with counsel and draft Proposed Joint Jury Instructions.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.10h |
| 04/05/2024 | 🕐 | Review Minute Order dismissing 5th and 6th Causes of Action.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 04/04/2024 | 🕐 | Zoom meeting with County Counsel re jury instructions; discussed other pending issues.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.30h |
| 04/04/2024 | 🕐 | Prepare for and attend focus group; review recorded videos and questionnaires and discuss with JM.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 6.60h |
| 04/04/2024 | 🕐 | Review OC email re Andrade; strategize unavailability and options.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.50h |
| | | | | | **1,458.70h** |

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|---|---|---|---|---|---|
| 04/03/2024 | 🕐 | Draft Andrade cross-examination; compile relevant evidence; compare timeline to Harris; strategize with JM; watch video.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 7.60h |
| 04/02/2024 | 🕐 | Prepare: review court order re jury instructions; discuss with JM<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 04/02/2024 | 🕐 | Prepare: Finish Llamado examination, review Fox related exhibits, start and finish Fox examination; update Sandoval matrix.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 7.10h |
| 04/01/2024 | 🕐 | Prepare: Briefly review Chavez depo for timeline<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 04/01/2024 | 🕐 | Prepare: Email to falgiani re availability.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 04/01/2024 | 🕐 | Prepare: Read Llamado deposition, work on Llamado examination, review associated exhibits.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 6.20h |
| 03/31/2024 | 🕐 | Review Llamado depo/outline; review video/timeline; strategize examination.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 6.80h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 03/31/2024 | 🕐 | Prepare: Find cover for Rodriguez's testimony since unavailable, review evidence outline of deputies; draft confidentiality agreement; prepare for focus group; brainstorm demonstrations for opening.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 4.30h |
| 03/30/2024 | 🕐 | Meeting with Joe re key evidence and rules/policies for opening.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.20h |
| 03/30/2024 | 🕐 | Review all depo errata sheets.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.40h |
| 03/30/2024 | 🕐 | More discussions with JM re falgiani unavailability; re-strategize.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.60h |
| 03/29/2024 | 🕐 | Meeting with Joe re tasks, jury instructions. Review old verdict forms re same. Discuss the implications of dismissing WD claims. Review prior Benitez orders on same issue.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.60h |
| 03/29/2024 | 🕐 | Prepare: finish Andrade examination; Mtg with Joe and LP; discuss to do's<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 6.00h |
| 03/28/2024 | 🕐 | Prepare: Draft Andrade Examination; compile evidence; | 00085-Sandoval Sandoval v. County of San | Danielle Pena | 7.30h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | review subpoenas and unavailable witnesses; strategy; update to do list; discuss witness issue with Joe. <br> 🟡 Non-billable | Diego | | |
| 03/27/2024 | 🕐 | Review list of unlocated wits, prep plan to locate with investigator; review Defendants exhibits for objections; contact opening consultant; update to do list. <br> 🟡 Non-billable | 00085-Sandoval <br> Sandoval v. County of San Diego | Danielle Pena | 3.60h |
| 03/27/2024 | 🕐 | Draft Shawcroft cross examination; prepare video and exhibits for Shawcroft. <br> 🟡 Non-billable | 00085-Sandoval <br> Sandoval v. County of San Diego | Danielle Pena | 4.10h |
| 03/26/2024 | 🕐 | Review Shawcroft depo; review prior statement; compare to video; compile exhibits for cross; notes for draft examination outline. <br> 🟡 Non-billable | 00085-Sandoval <br> Sandoval v. County of San Diego | Danielle Pena | 5.70h |
| 03/25/2024 | 🕐 | Call with EMT Turnick, discuss with Joe. <br> 🟡 Non-billable | 00085-Sandoval <br> Sandoval v. County of San Diego | Danielle Pena | 0.70h |
| 03/25/2024 | 🕐 | Review County Counsel email re Washington; review related evidence and PTO; discuss strategy w JM; call AS re same. <br> 🟡 Non-billable | 00085-Sandoval <br> Sandoval v. County of San Diego | Danielle Pena | 2.40h |
| 03/25/2024 | 🕐 | Call with team re Jr, objection to jury instructions, Defendants | 00085-Sandoval <br> Sandoval v. County of San | Danielle Pena | 1.00h |
| | | | | | **1,458.70h** |

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | updated CVs for experts, etc.<br>🟡 Non-billable | Diego | | |
| 03/25/2024 | 🕐 | Emails and calls with JM re Falgiani; call with Falgiani re trial availability and opinions for trial; review court of appeals ruling with Falgiani.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.40h |
| 03/22/2024 | 🕐 | Review Andrade deposition, compare testimony to evidence, outlines and timelines; notes for examination.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 5.40h |
| 03/04/2024 | 🕐 | Discuss witness location with LP.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.50h |
| 03/01/2024 | 🕐 | Review amended trial subpoenas and letter.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.40h |
| 03/01/2024 | 🕐 | Review matrix and to do list; strategize with JM re lineup and witness split.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.50h |
| 02/27/2024 | 🕐 | Emails with Dr. Falgiani regarding trial scheduling.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 02/23/2024 | 🕐 | Call with Anna<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San | Danielle Pena | 0.30h |
| | | | | | **1,458.70h** |

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | | Diego | | |
| 02/23/2024 | 🕐 | Review emails from OC and respond.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 02/21/2024 | 🕐 | Attend status conference.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.10h |
| 02/20/2024 | 🕐 | Review calendar; talk with JM and Anna re potential trial dates; review PTO to prep for hearing; Discuss with Jr. and Josiah.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.40h |
| 02/14/2024 | 🕐 | Review new video created by Joe, notes to Joe re video; discuss.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.90h |
| 01/31/2024 | 🕐 | Email with JM re case and filing motion for clarification; research re same.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.70h |
| 01/26/2024 | 🕐 | Review and revise Joint Motion to Continue Status Conference.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 01/22/2024 | 🕐 | Emails w LP re Peloton.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 01/22/2024 | 🕐 | Discuss next re hearing and reason for continuance; strategize. | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.50h |
| | | | | | **1,458.70h** |

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|---|---|---|---|---|---|
| | | 🟡 Non-billable | Diego | | |
| 01/17/2024 | 🕐 | Update matrix, to do list; email updates and future tasks to team. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.70h |
| 01/17/2024 | 🕐 | Call with JM re trial continuance. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.40h |
| 01/17/2024 | 🕐 | Call with clients re trial continuance and next steps. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.80h |
| 01/17/2024 | 🕐 | Review Andrade depo; update outline; begin drafting cross 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 2.80h |
| 01/16/2024 | 🕐 | Review email from OC; review jury instructions, exhibits, and PTO re implications of WD dismissal. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.30h |
| 01/16/2024 | 🕐 | Research re Atkinson; update witness list. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 01/16/2024 | 🕐 | Email to JM re Powell issue; outline contradiction in evidence. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 01/16/2024 | 🕐 | Research re all other witnesses on defendants' witness list; compare to evidence; update trial matrix. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.80h |
| | | | | | **1,458.70h** |

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|---|---|---|---|---|---|
| 01/16/2024 | 🕐 | Research re Pete Carrillo, search new articles; discuss with JM; update trial matrix.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.90h |
| 01/16/2024 | 🕐 | Zoom call with JM and expert Gwen; review evidence, opinions, strategy; and MIL ruling<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.30h |
| 01/15/2024 | 🕐 | review witnesses Ds intend/may call; search evidence for witnesses; create table of witnesses identifying related evidence and depo transcripts; email to JM<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 3.60h |
| 01/14/2024 | 🕐 | Review outlines and timelines for deputies; re-order deputy witnesses; review deposition of Chavez and Fox.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 2.80h |
| 01/14/2024 | 🕐 | Review Llamado outline and deposition testimony; notes for examination.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 3.90h |
| 01/13/2024 | 🕐 | Update to do list and circulate<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 01/13/2024 | 🕐 | Review and analyze: organize exhibits per use at trial; review and update timeline with evidence | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 3.10h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|---|---|---|---|---|---|
| | | 🟡 Non-billable | | | |
| 01/13/2024 | 🕐 | Review and analyze: Discuss the joint motion with JM; review exhibits that should be excluded based on WD dismissal; send email re same.  🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.70h |
| 01/12/2024 | 🕐 | Review and analyze: coordinate with Falgiani re conflict in schedule  🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 01/12/2024 | 🕐 | Review and analyze: draft jt mtn to dismiss WD claims; discuss with JM  🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.80h |
| 01/12/2024 | 🕐 | Review and analyze: review emails from OC; circulate updated to do list  🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.80h |
| 01/12/2024 | 🕐 | Review and analyze: Review exhibits 416- 424, update Matrix and Exhibit Review; Mtg with all clients re dismiss WD claims; Mtg w JM and LP re strategy, serving wits, focus group.  🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 5.20h |
| 01/12/2024 | 🕐 | Work on locating trial witnesses for service of Subpoenas. Prepare binder of exhibits for Joe. Trial prep meeting with Joe and Dani. | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 2.80h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | 🟡 Non-billable | | | |
| 01/11/2024 | 🕐 | Draft: Review letter to AS work re trial schedule.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 01/11/2024 | 🕐 | Review and analyze: Review emails from OC, Review exhibits 1 through 415, and add to Exhibit Review and Matrix. Update to Do; prepare for mtg with Clients on 1/12<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 6.40h |
| 01/10/2024 | 🕐 | Call clients to set meeting re WD claims.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 01/10/2024 | 🕐 | Review and analyze: Research re dismissing WD claims and related evidence; review MILs on same issue.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.80h |
| 01/10/2024 | 🕐 | Review emails from County Counsel.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 01/10/2024 | 🕐 | Call w JM to discuss expert issue and strategize a response.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.50h |
| 01/10/2024 | 🕐 | Review email from County Counsel; review file and prior disclosures re issue; email experts. | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.40h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | 🟡 Non-billable | | | |
| 01/09/2024 | 🕐 | Zoom meeting with JM and Falgiani; review evidence and discuss strategy; MILs; scope. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.80h |
| 01/08/2024 | 🕐 | Review and execute all trial subpoenas. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 01/08/2024 | 🕐 | Review DeGuzman depo outline; notes for cross. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 3.50h |
| 01/08/2024 | 🕐 | discuss settlement with family, strategize with BH; email OC 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.50h |
| 01/06/2024 | 🕐 | discuss settlement with BH 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.00h |
| 01/05/2024 | 🕐 | Call with Falgiani re trial schedule; draft letter re same. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.70h |
| 01/05/2024 | 🕐 | Review verdict form drafted by JM. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.80h |
| 01/05/2024 | 🕐 | Call w Gwen; update on case, issues, trial. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.70h |
| | | | | | **1,458.70h** |

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 01/05/2024 | 🕐 | Email to falgiani re conflict.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 01/05/2024 | 🕐 | Finish drafting objections to Ds jury instructions; review and check cited case law.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 2.90h |
| 01/04/2024 | 🕐 | Meeting with all clients to discuss conflict waiver with family; review video timeline.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 3.40h |
| 01/04/2024 | 🕐 | Review Defendants jury instructions; research same, outline objections.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 2.60h |
| 01/02/2024 | 🕐 | Call with Joe re trial subpoenas, and service.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.60h |
| 12/21/2023 | 🕐 | Call with OC re trial conflict.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.40h |
| 12/20/2023 | 🕐 | Email with County Counsel.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 12/13/2023 | 🕐 | Meeting with family and JM re settlement.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.40h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 12/12/2023 | 🕐 | strategy call with GJ and JM<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.00h |
| 12/08/2023 | 🕐 | Call with AS re trial strategy and Jr.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.00h |
| 12/07/2023 | 🕐 | Review Defendants' Proposed Voir Dire<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 12/07/2023 | 🕐 | Review Defendants' Proposed Jury Instructions<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.80h |
| 12/07/2023 | 🕐 | Confer with JM and draft proposed voir dire questions.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.00h |
| 12/07/2023 | 🕐 | Review, and meet and confer re jury instructions, and create table of joint and separate instructions.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.30h |
| 12/05/2023 | 🕐 | Meeting with team re trial strategy; to do tasks; call with family.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 2.50h |
| 11/29/2023 | 🕐 | Review and edit all jury instructions.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 2.10h |
| 11/29/2023 | 🕐 | Draft conflict waiver for clients; reserach same. | 00085-Sandoval<br>Sandoval v. County of San | Danielle Pena | 1.30h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | 🟡 Non-billable | Diego | | |
| 11/27/2023 | 🕐 | Continue drafting jury instructions; research 1983 special instructions; discuss with Joe.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.60h |
| 11/21/2023 | 🕐 | Review evidence and outlines for subpoena list.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.00h |
| 11/21/2023 | 🕐 | Draft jury instructions re 1983; review PTO and old instructions; research special instructions.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 2.40h |
| 11/09/2023 | 🕐 | Review Order on Motions in Limine; pull general jury instructions<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 2.30h |
| 11/07/2023 | 🕐 | Create list of other potential witnesses, reports, depos, accept service?<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.20h |
| 11/06/2023 | 🕐 | Review surveillance footage and review video timeline; notes to JM re footage for trial; and need to splice video/time for sequence.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 3.30h |
| 11/06/2023 | 🕐 | Meet with JM re focus groups; division of witnesses and tasks.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.60h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 10/20/2023 | 🕐 | Review Notice of Appearance for Chris Blaylock and Jennifer Martin 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 10/03/2023 | 🕐 | Review signed Pretrial Conference Order with Joe; divide roles. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.40h |
| 08/21/2023 | 🕐 | Emails with JM and LP re CVs. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 08/17/2023 | 🕐 | Review MIL order; discuss with JM 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 08/11/2023 | 🕐 | Draft reply to MIL 2, review all replies, edit. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 4.10h |
| 08/10/2023 | 🕐 | Draft replies to MILs. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 5.00h |
| 08/08/2023 | 🕐 | Review of Defendants' Opposition to MILs; outline issues; email to JM 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 5.20h |
| 08/07/2023 | 🕐 | Email to OC re probation issue. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 08/07/2023 | 🕐 | Emails re CV issue. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.30h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 08/07/2023 | 🕐 | Review oppo to MIL 4, outline reply.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 08/07/2023 | 🕐 | Review file and expert designation; contact experts re CV.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.50h |
| 08/07/2023 | 🕐 | Review, edit and finalize all MIL oppos; review cites and compile evidence as exhibits.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.50h |
| 08/04/2023 | 🕐 | Review drafts of oppositions drafted by JM; research same; edit.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 2.40h |
| 08/04/2023 | 🕐 | Review draft of Joint Motion re Alternative Trial Dates.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 08/03/2023 | 🕐 | Email to VR re update.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 08/03/2023 | 🕐 | Review notes of DeGuzman interview; compare to depo outline and timeline of deputy interactions.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 2.30h |
| 08/03/2023 | 🕐 | Research and draft oppo to MIL 5 and 6; call with JM to discuss strategy.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 4.80h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 08/02/2023 | 🕐 | Draft oppo to MIL 7; research and review COA mandate, outline same; research re SRM and draft oppo to MIL 2.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 5.90h |
| 08/01/2023 | 🕐 | Go to courthouse to copy entire criminal file.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.30h |
| 08/01/2023 | 🕐 | Meeting with JM re Sandoval criminal issue; review probation file; strategy and MIL oppos; email to OC.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 2.00h |
| 07/28/2023 | 🕐 | Call w JM re new trial date.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 07/28/2023 | 🕐 | Emails with JM re new trial date; experts; oppos to MILs.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.70h |
| 07/26/2023 | 🕐 | Divvy up MIL oppo tasks; draft email re outline to each oppo; discuss with JM.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.20h |
| 07/26/2023 | 🕐 | Review County's MIL re Photos<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 07/26/2023 | 🕐 | Review County's MIL re Sobering and Safety Cells; notes; review COA mandate | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.60h |

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|---|---|---|---|---|---|
| | | 🟡 Non-billable | | | |
| 07/26/2023 | 🕐 | Review County's MIL re Reference to Other In Custody Deaths<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 07/26/2023 | 🕐 | Review County's MIL re Failure to Train<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 07/26/2023 | 🕐 | Review County's MIL re Plaintiffs' Medical Experts; notes<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.60h |
| 07/26/2023 | 🕐 | Review County's MIL re Nursing Board<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 07/26/2023 | 🕐 | Review County's MIL re Remedial Measures; notes; review exhibit list<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.50h |
| 07/26/2023 | 🕐 | Review County's MIL re Andrade; notes<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.40h |
| 07/25/2023 | 🕐 | Research re 8th v 14th amendment; review criminal file and Ds exhibit list; draft long email to County Counsel re same.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 3.60h |
| 07/24/2023 | 🕐 | Meet with family to prepare; attend mediation; telephonic status conference with court; discuss next | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 7.50h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | steps with family.<br>🟡 Non-billable | | | |
| 07/23/2023 | 🕐 | Discuss mediation strategy with Joe; prepare PowerPoint for mediator; more research re similar settlements and verdicts.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 3.10h |
| 07/23/2023 | 🕐 | Review JMs MILs; edit, and discuss with Joe; research ingestion and review Minns reports for issue.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 2.60h |
| 07/22/2023 | 🕐 | Research for MIL re Wild; review report; draft Wild MIL.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 4.10h |
| 07/21/2023 | 🕐 | Research re Minns MIL; review report and others, draft Minns MIL.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 3.20h |
| 07/21/2023 | 🕐 | Call with Family re settlement and strategy.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.00h |
| 07/20/2023 | 🕐 | Research re MIL re Geller; review report and prior reports from other cases; draft Geller MIL.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 5.70h |
| 07/20/2023 | 🕐 | Review tox and autopsy report for MILs; quick outline of MIL issues.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.80h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 07/20/2023 | 🕐 | Review JM's MIL re crim hx; edit same.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.90h |
| 07/20/2023 | 🕐 | coordinate with JAMS re remote appearance for Joisah<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.40h |
| 07/20/2023 | 🕐 | Review expert reports prep for mediation; email to JM.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.70h |
| 07/18/2023 | 🕐 | Review notice setting telephonic status conference; discuss with JM<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 07/14/2023 | 🕐 | Review JM edits to mediation brief.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.40h |
| 07/13/2023 | 🕐 | Draft mediation brief; research re same and appeals order, review evidence and video outlines and depo outlines.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 5.10h |
| 07/12/2023 | 🕐 | Emails with case advance company re payout amount.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.40h |
| 07/12/2023 | 🕐 | Compile costs from VR, MLF, and PHG to prepare for mediation; discuss with bookkeeper and VR.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.30h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 07/11/2023 | 🕐 | Draft letter to Anna Sandoval's employer regarding time off for mediation and trial.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.70h |
| 07/10/2023 | 🕐 | Call with Anna re letter for trial.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.40h |
| 07/07/2023 | 🕐 | Review minute order transferring to new magistrate judge.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 07/06/2023 | 🕐 | call to VR re case update<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.40h |
| 07/05/2023 | 🕐 | review article sent by JM re meth; email JM<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 07/05/2023 | 🕐 | Strategize with JM witnesses list and order; key evidence, expert scope; review discovery with Joe; and email to OC re-service or subpoena.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 4.20h |
| 07/05/2023 | 🕐 | email with OC re mediation dates; and more convos with AS and Jr<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.50h |
| 06/29/2023 | 🕐 | emails with JM to schedule meeting<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.10h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 06/28/2023 | 🕐 | emails with JM re MILs and future tasks<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.50h |
| 06/22/2023 | 🕐 | call to Jr and JS re mediation<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 06/22/2023 | 🕐 | Meeting with County Counsel and JM.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.60h |
| 06/21/2023 | 🕐 | emails re in-person meeting w OC and JM<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 06/14/2023 | 🕐 | brainstorm MILs; review old notes and outlines<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.50h |
| 06/12/2023 | 🕐 | emails to OC and JM re mediation and strategy<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.80h |
| 06/08/2023 | 🕐 | review JM email to OC<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 06/07/2023 | 🕐 | Meeting with family and JM re mediation and strategy; research re similar settlements and verdicts.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 2.10h |
| 06/01/2023 | 🕐 | Calls with family to set up meeting; emails to JM re same. | 00085-Sandoval<br>Sandoval v. County of San | Danielle Pena | 0.40h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | 🟡 Non-billable | Diego | | |
| 05/22/2023 | 🕐 | Emails with County Counsel re mediation; discuss potential mediators with JM<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.60h |
| 05/19/2023 | 🕐 | Call clients re mediation.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.90h |
| 05/19/2023 | 🕐 | Review and drfta emails with OC re mediation; discuss with JM.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.90h |
| 03/14/2023 | 🕐 | Review minute order transferring to new magistrate judge.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 02/06/2023 | 🕐 | Meet with JM to prepare for PTC; prepare binders and review binders with Joe.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.20h |
| 02/06/2023 | 🕐 | PTC with JM<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.50h |
| 01/30/2023 | 🕐 | Review email from County Counsel re PTO issues, review County edits to PTO; discuss with Joe.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.60h |
| 01/12/2023 | 🕐 | Organize Trial Exhibits and send link to counsel. | 00085-Sandoval<br>Sandoval v. County of San | Danielle Pena | 4.40h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | 🟡 Non-billable | Diego | | |
| 12/15/2022 | 🕐 | Draft Joint Motion to Continue FPTC.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.50h |
| 12/14/2022 | 🕐 | Meeting with Joe and County Counsel re settlement and other issues.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.70h |
| 12/07/2022 | 🕐 | Meeting with Joe and clients re email from county and PTO.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.00h |
| 11/15/2022 | 🕐 | Meeting with Joe and Byron re trial strategy, themes, key evidence, concerns, etc.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 2.20h |
| 11/08/2022 | 🕐 | Review Notice setting Final Pretrial Conference<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 11/03/2022 | 🕐 | Discuss various expert issues with Joe; review reports re same.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.90h |
| 10/28/2022 | 🕐 | Discuss order with JM; strategy<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.60h |
| 10/28/2022 | 🕐 | Review Order Denying Motion to Bifurcate.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.50h |

**1,458.70h**

# Activities Export

| Date ▼ | Type | Description | Matter | User | Qty |
|---|---|---|---|---|---|
| 10/12/2022 | 🕐 | Draft email to Joe re bifurcation; outline research for Joe.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.40h |
| 10/12/2022 | 🕐 | Talk with Joe, more research on Bifurcation.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.90h |
| 08/02/2022 | 🕐 | Draft email to Joe re my discovery review, and issues to consider; gather material evidence and provide links.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.10h |
| 07/02/2022 | 🕐 | Meet with JM to discuss case and next steps. Divvy up tasks.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.50h |
| 06/27/2022 | 🕐 | Meet with JM to discuss case, trial strategy, and tasks; review video matrix and timelines<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 4.20h |
| 06/23/2022 | 🕐 | review county exhibits for MOC1 prior injuries<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.60h |
| 06/23/2022 | 🕐 | Continue oppo; draft fact portion; and revise Horton portion; include COS ruling; final edit; review exhibits<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 3.90h |
| 06/22/2022 | 🕐 | Draft oppo to motion to bifurcate; review notes | 00085-Sandoval<br>Sandoval v. County of San | Danielle Pena | 5.70h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|---|---|---|---|---|---|
| | | 🟡 Non-billable | Diego | | |
| 06/21/2022 | 🕐 | reserach bifurcation; and monell v individual claims<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 2.70h |
| 06/16/2022 | 🕐 | Review county's motion to bifurcate and supp docs; review old pleadings; outline oppo; research re same.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 3.40h |
| 06/14/2022 | 🕐 | Meeting with Joe re case and scheduling.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.50h |
| 06/13/2022 | 🕐 | chnage from joint motion to ex parte w non-op; draft dec<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 06/13/2022 | 🕐 | emails to OC re motion for extention to oppose<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 06/13/2022 | 🕐 | Review draft of notice of firm name change and disassociation of Chris Morris.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 06/13/2022 | 🕐 | Draft and review of Joint Motion to Extend Time to Respond to Bifurcation Mtn<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.60h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 05/23/2022 | 🕐 | Attend PTO hearing; further Mnc with OC.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 2.10h |
| 05/20/2022 | 🕐 | emails to AS re unavailable dates<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 05/16/2022 | 🕐 | multiple emails with OC re remaining issues<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.00h |
| 05/16/2022 | 🕐 | review latest updates to PTO; further mnc re policy claim and bifurcation<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.30h |
| 05/12/2022 | 🕐 | further mnc re bifurcation<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.90h |
| 05/11/2022 | 🕐 | call with AS<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 05/11/2022 | 🕐 | email from AS<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 05/10/2022 | 🕐 | more emails re bifurcation and COA mandate<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.10h |
| 05/09/2022 | 🕐 | several emails with OC re pto and claims and bifurcation | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.80h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | 🟡 Non-billable | | | |
| 05/09/2022 | 🕐 | several emails with OC re pto and claims<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.80h |
| 04/28/2022 | 🕐 | review county's PTO edits and additons; MnC with OC re exhibits and PTO; emails re the same<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 5.20h |
| 04/27/2022 | 🕐 | Research re MOC1 evidence; review old exhibit list and compare to current list and MSJ ER; update PTO sections<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 4.90h |
| 04/26/2022 | 🕐 | emails re OC re former PTO and exchanging exs<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.20h |
| 04/26/2022 | 🕐 | Several more emails re dates<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.00h |
| 04/26/2022 | 🕐 | more emails re scheduling and dates<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.70h |
| 04/26/2022 | 🕐 | emails with OC re jt motion re dates<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 04/26/2022 | 🕐 | Draft and revise PTO.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San | Danielle Pena | 3.10h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | | Diego | | |
| 04/08/2022 | 🕐 | several emails with OC re jt motion to dismiss and 845.6<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.80h |
| 04/07/2022 | 🕐 | discussion w CSM re 845.6; research; review complaint; email OC<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.10h |
| 04/04/2022 | 🕐 | emails with SH re check<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 04/04/2022 | 🕐 | emails with OC re check<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 03/30/2022 | 🕐 | discuss proposed dismissal with CSM anf email OC<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 03/24/2022 | 🕐 | email to OC<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 03/21/2022 | 🕐 | review old PTO re state claim; discuss with CSM; draft email to OC re dismissal of some claims<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.30h |
| 03/18/2022 | 🕐 | review email from OC; discuss with CSM re ex parte<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.30h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 03/18/2022 | 🕐 | Research timing of renewing MSJ re state claims; draft response to OC re same. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.90h |
| 03/17/2022 | 🕐 | email from OC re renewed MSJ and dismissal of state law claims; dicuss with CSM 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.20h |
| 03/14/2022 | 🕐 | Meet with family; prepare for MSC; attend 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 3.70h |
| 03/14/2022 | 🕐 | Review minute order scheduling MSC. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 03/11/2022 | 🕐 | review MSC brief with CSM and talking points for MSC 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.20h |
| 03/11/2022 | 🕐 | email to AS re Jr 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 03/09/2022 | 🕐 | email VR re his costs in case 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 03/09/2022 | 🕐 | reviewing costs in case to prepare for MSC 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.80h |
| 03/04/2022 | 🕐 | email with VR | 00085-Sandoval | Danielle | 0.10h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | ● | Non-billable | Sandoval v. County of San Diego | Pena | |
| 03/04/2022 | 🕐 | draft MSC brief; incorporate COA ruling; research new comp settlements<br>● Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 4.20h |
| 03/02/2022 | 🕐 | more emails with AS<br>● Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 03/02/2022 | 🕐 | email from AS<br>● Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 03/01/2022 | 🕐 | email from OC re prior offers; review file<br>● Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.40h |
| 02/23/2022 | 🕐 | email re case funding status<br>● Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 02/22/2022 | 🕐 | Call with Anna<br>● Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 02/11/2022 | 🕐 | review ex parte and order<br>● Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 02/11/2022 | 🕐 | Review Order on Ex Parte to Excuse Defendants' Appearance at MSC.<br>● Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| | | | | | **1,458.70h** |

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 02/01/2022 | 🕐 | Emails with Kish re MSC.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.70h |
| 01/24/2022 | 🕐 | Attend mandate hearing in front of Benetiz<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 2.50h |
| 01/21/2022 | 🕐 | Review PTO; create list of potential MILS; review the calendar for proposed trial dates; discuss with CSM to prepare for hearing<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 2.10h |
| 12/19/2021 | 🕐 | emails to from AS<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 12/14/2021 | 🕐 | Research re nursing board and discipline action<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.80h |
| 12/13/2021 | 🕐 | email from PH re denial; call with PH and CSM<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.40h |
| 12/13/2021 | 🕐 | call with CSM and Family re writ denial<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.60h |
| 12/11/2021 | 🕐 | email from AS<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 12/09/2021 | 🕐 | email to AS re SC dkt entry | 00085-Sandoval | Danielle | 0.20h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|---|---|---|---|---|---|
| | | 🟡 Non-billable | Sandoval v. County of San Diego | Pena | |
| 12/03/2021 | 🕐 | email from AS<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 11/08/2021 | 🕐 | Discuss cert position with Family.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.70h |
| 11/08/2021 | 🕐 | Review, edit response and discuss with CSM.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 3.10h |
| 11/06/2021 | 🕐 | Email re response brief.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 10/19/2021 | 🕐 | Work with Paul; research for response.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 6.20h |
| 09/14/2021 | 🕐 | Review joint prosecution, final edit; discuss with CSM; call with PH.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.00h |
| 09/08/2021 | 🕐 | Back and forth emails to PH and evidentiary record.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 09/07/2021 | 🕐 | Email with CSM and PH re client signatures; call with AS and Jr.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.80h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 08/23/2021 | 🕐 | Work on getting CSM admitted to practice in USSC; contact other attorneys for recommendation.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.10h |
| 08/20/2021 | 🕐 | Review writ; research re circuit split; discuss with CSM.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 4.40h |
| 04/05/2021 | 🕐 | Review order re stay<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 04/01/2021 | 🕐 | Review motion to stay; discuss with CSM; research if required to respond<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.50h |
| 03/29/2021 | 🕐 | review proposed joint motion; review operative complaint; and PTO re failure to summon<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 2.30h |
| 03/22/2021 | 🕐 | emails with LP re deadlines<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 03/03/2021 | 🕐 | Review county's petition; outline issues and response; discuss with CSM.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 2.40h |
| 02/22/2021 | 🕐 | Call with Anna re status and anniversary.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.10h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 02/22/2021 | 🕐 | Call with Family; private conversation with Joshia<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.50h |
| 01/27/2021 | 🕐 | File bill of cost.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.60h |
| 01/26/2021 | 🕐 | Prepare bill of cost; compile and review supporting docs.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.20h |
| 01/20/2021 | 🕐 | Email with LP re video timeline and prior versions, old outlines of evidence to refresh.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 01/13/2021 | 🕐 | Review appeals order; add notes to strategy outline, potential MILs; dicuss with CSM and clients.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 3.40h |
| 06/23/2020 | 🕐 | Emails to appeals court operation desk re vacated appeal, cell re same; discuss with CSM.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.80h |
| 05/26/2020 | 🕐 | Call with Anna re reccent issue.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.70h |
| 02/23/2020 | 🕐 | Call with Anna and Ronnie.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.10h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 12/27/2019 | 🕐 | Call with AS re status<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.40h |
| 10/23/2019 | 🕐 | Research re local rule 7.1 and Peoples case.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 2.60h |
| 10/23/2019 | 🕐 | Review county filing, discuss with Chris, research re same, outline argument<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 2.50h |
| 10/16/2019 | 🕐 | Attend oral argument and travel.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 9.00h |
| 10/15/2019 | 🕐 | Travel and help prep for oral argument; discuss with family.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 6.50h |
| 10/14/2019 | 🕐 | Work with CSM re oral argument; review County's response; rapid questions panel style, and questions re Horton.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 5.00h |
| 10/10/2019 | 🕐 | Review County's letter brief, cite check; draft memo to CSM re same for hearing prep.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 3.20h |
| 10/08/2019 | 🕐 | Finalize letter brief and file.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.90h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 10/03/2019 | 🕐 | Discussion with Family re upcoming hearing.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.70h |
| 10/03/2019 | 🕐 | Discuss Horton with CSM; more research<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 2.30h |
| 10/02/2019 | 🕐 | Call with AS re update.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 10/02/2019 | 🕐 | Review order from Appeals court; research Horton and other cited cases; memo to CSM.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 4.40h |
| 09/19/2019 | 🕐 | Call with Ronnie Jr and CSM re issue in case.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.90h |
| 07/10/2019 | 🕐 | Call with Family re status of hearing.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.50h |
| 05/17/2019 | 🕐 | Emails and calls with all clients re availability.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.80h |
| 05/17/2019 | 🕐 | Review email from court of appeals, review calendar and draft notice of unavailability.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.10h |
| 02/23/2019 | 🕐 | Call with Anna re Ronnie and | 00085-Sandoval | Danielle | 0.50h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | status.<br>🟡 Non-billable | Sandoval v. County of San Diego | Pena | |
| 02/07/2019 | 🕐 | Call with lawyer re disciplinary action of nurse defendant.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 10/17/2018 | 🕐 | Prepare for paper copies to be submitted, discuss with vendor.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.90h |
| 10/12/2018 | 🕐 | Discussion with CSM re reply strategy and cite check reply.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 2.90h |
| 09/26/2018 | 🕐 | Review and outline QI and MOC1 sections; check cites and case law; memo to CSM re same.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 5.00h |
| 09/17/2018 | 🕐 | Call with OC re response.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.40h |
| 07/24/2018 | 🕐 | Emails with AS re Ronnie Jr issue.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 07/20/2018 | 🕐 | Emails with AS; call with AS re status.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.60h |
| 07/17/2018 | 🕐 | Arrange paper exhibits for panel, discuss with vendor.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.50h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 07/16/2018 | 🕐 | Finalize brief, tables, ER, scan in ER; work w LP to file<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 7.10h |
| 07/15/2018 | 🕐 | Finalize ER, check all cites in brief; check case cites<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 4.80h |
| 07/03/2018 | 🕐 | Review federal rules of appellate procedure to format brief. Discuss with Leanna.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.00h |
| 06/27/2018 | 🕐 | Review obj indifference section and checks cites to record.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 2.50h |
| 06/26/2018 | 🕐 | Draft DeGuzman and Llamado section with cites to Motion for Summary Judgment record.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 7.80h |
| 06/12/2018 | 🕐 | Discussion with Family and CSM re status.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.60h |
| 06/11/2018 | 🕐 | Conduct research re prior ninth circuit monell claims that survived or remanded; cases re pattern/ notice evidence; lengthy memo to CSM re same.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 5.60h |
| 06/08/2018 | 🕐 | Add/check cites to evidence for sections re statement of the case | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 6.00h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | and facts; start compiling ER; research re law enforcement reports and admissibility.<br>🟡 Non-billable | Diego | | |
| 05/25/2018 | 🕐 | Research re qualified immunity; discuss with CSM; more research.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 4.20h |
| 05/23/2018 | 🕐 | Call with VR and Anna re Gordon and next steps.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.70h |
| 05/23/2018 | 🕐 | Research new cases re pretrial detainee and obj standard; notes for brief re Gordon, and cases that followed suit.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 3.80h |
| 05/15/2018 | 🕐 | Meet with Appellate attorney to discuss opening brief and review Motion for Summary Judgment record.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 4.80h |
| 04/02/2018 | 🕐 | Call with ninth circuit re appeal settlement.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.60h |
| 03/09/2018 | 🕐 | fill out appeals mediation questionnaire<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.30h |
| 03/05/2018 | 🕐 | review appeals package, scheduling order, mediation | 00085-Sandoval Sandoval v. County of San | Danielle Pena | 0.70h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | questionnaire<br>🟡 Non-billable | Diego | | |
| 02/23/2018 | 🕐 | Call with Anna re Anniversary.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Danielle<br>Pena | 0.30h |
| 02/07/2018 | 🕐 | Discussion with Family re MSJ<br>order.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Danielle<br>Pena | 1.10h |
| 02/06/2018 | 🕐 | Review Order re MSJ and<br>judgment; research standard issue;<br>discuss w CSM; call VR.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Danielle<br>Pena | 2.90h |
| 01/22/2018 | 🕐 | Prepare for PTO hearing with<br>CSM; outline potential issues; MILs<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Danielle<br>Pena | 3.50h |
| 11/20/2017 | 🕐 | Finalize PTO for service; draft<br>POS; serve.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Danielle<br>Pena | 0.40h |
| 11/15/2017 | 🕐 | Call with Ronnie Jr re status.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Danielle<br>Pena | 0.20h |
| 11/13/2017 | 🕐 | Finish naming and labeling exhibit<br>list; review video matrix and<br>policies; propose stipulations<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Danielle<br>Pena | 3.70h |
| 11/09/2017 | 🕐 | Draft PTO exhibit and witness<br>descriptions; pare down; call to OC | 00085-Sandoval<br>Sandoval v. County of San | Danielle<br>Pena | 5.20h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|---|---|---|---|---|---|
| | | re PTO; add qualifications to witnesses; discuss with CSM.<br>🟡 Non-billable | Diego | | |
| 11/03/2017 | 🕐 | discuss with CSM; review ninth circuit model instructions; draft statement of the case and summary of claims sections<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 4.20h |
| 11/02/2017 | 🕐 | Review local rules; judge's order re PTO; research other PTOs filed in district; discuss with CSM; call to OC re PTO.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 6.50h |
| 10/31/2017 | 🕐 | Attend exhibit meeting at county building to discuss and exchange exhibits.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 2.20h |
| 10/30/2017 | 🕐 | Prep for exhibit exchange meeting with Shelly and Jim; prepare binder of exhibits.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 3.20h |
| 10/23/2017 | 🕐 | Discuss with CSM; review county's Pretrial Disclosures; compare to our initial disclosures and all produced discovery for anything new or unproduced; compare to video matrix; call to OC for clarity<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 4.10h |
| 10/19/2017 | 🕐 | Review trial strategy; compile | 00085-Sandoval | Danielle | 6.30h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | evidence, review video matrix and timeline; narrow witnesses for trial; review depo outlines; draft pretrial disclosures; discuss with CSM.<br>🟡 Non-billable | Sandoval v. County of San Diego | Pena | |
| 10/19/2017 | 🕐 | Draft schedule for mtn to continue dates; order.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.50h |
| 10/19/2017 | 🕐 | Discuss with CSM; draft joint motion to continue PTO and related dates<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.60h |
| 10/13/2017 | 🕐 | Review County's MIL; discuss with CSM re County's MIL re nursing board; research and call re Harris and DeGuzman discipline actions<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 2.10h |
| 10/04/2017 | 🕐 | Meet with Sandoval family; discuss strategy; attend MSC<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 4.00h |
| 09/29/2017 | 🕐 | Discuss MSC with CSM; create PP, incorporate timeline and video stills.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 3.30h |
| 09/28/2017 | 🕐 | emails with LP re prior PTOs and M/Cs<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 09/27/2017 | 🕐 | Research comparable cases re | 00085-Sandoval | Danielle | 7.30h |
| | | | | **1,458.70h** | |

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | liability; pull facts and synthesize; find comparable cases re damages, and settlements; discuss with CSM; finalize MSC brief.<br>🟡 Non-billable | Sandoval v. County of San Diego | Pena | |
| 09/26/2017 | 🕐 | Review deposition transcripts and evidence; draft MSC brief.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 3.30h |
| 09/26/2017 | 🕐 | Call to Chambers re MSC; finalize Joint Motion to Continue MSC and order; file<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 09/19/2017 | 🕐 | Draft joint motion re MSC continuance.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.80h |
| 08/18/2017 | 🕐 | Call with Anna, Ronnie Jr, and Rosa re MSC.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 08/14/2017 | 🕐 | Review amended scheduling order; discuss with Donna<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.50h |
| 08/14/2017 | 🕐 | Conference with CSM regarding Telephonic Status Conference.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 08/08/2017 | 🕐 | Discuss with CSM re call with court and pending MSC<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.30h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 07/05/2017 | 🕐 | Review order and discuss w CSM, VR and family re order.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.60h |
| 07/04/2017 | 🕐 | review Reply separate statement and objections to evidence<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.30h |
| 07/03/2017 | 🕐 | Review Reply to MSJ; research re culpable state of mind and admissible evidence in MSJ; discuss with CSM re need for sur-reply<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 5.10h |
| 06/26/2017 | 🕐 | final review of all pleadings; draft notice, lodgement, tables; compile and highlight exhibits and prepare for service<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 9.20h |
| 06/22/2017 | 🕐 | Edit SMJ opposition<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 4.30h |
| 06/19/2017 | 🕐 | Incorporate CSM edits into oppo; research objections to evidence; review evidence filed by defendants and notes; draft oppo to evidence; discuss with CSM re strategy to evidence objections<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 8.10h |
| 06/19/2017 | 🕐 | Review separate Statment; Draft response to Statement of Undisputed Facts; confer with | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 6.40h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|---|---|---|---|---|---|
| | | depo outlines, expert reports, and timeline to oppose<br>🟡 Non-billable | | | |
| 06/16/2017 | 🕐 | Attend Telephonic Status Conference and conference with CSM regarding details.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.70h |
| 06/14/2017 | 🕐 | review and edit MSJ oppo; review with CSM and discuss edits; review deposition for additional cites re MOC1; compare all testimony re MOC1 nurses v deps<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 7.00h |
| 06/14/2017 | 🕐 | Review new video CD produced by County; update video matrix<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 3.10h |
| 06/12/2017 | 🕐 | research and draft state law section; discuss with CSM<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 4.10h |
| 06/09/2017 | 🕐 | Research and draft Monell section; review video timeline and compare to declarations supporting MSJ<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 5.10h |
| 06/08/2017 | 🕐 | Review deposition outlines for evidence for Opposition to Motion for Summary Judgment; fill in cite sections in oppo; meeting w CSM<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 8.60h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 06/05/2017 | 🕐 | discuss with CSM re progression; print out and review; continue drafting QI<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 4.30h |
| 05/30/2017 | 🕐 | emails with LP re oppo<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 05/26/2017 | 🕐 | continue on drafting argument section re subjective vs objective standard; discuss with CSM and discuss other issues<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 3.40h |
| 05/24/2017 | 🕐 | continue fact section and cites to the evidentiary record<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 2.90h |
| 05/23/2017 | 🕐 | begin putting together factual background; refer ti timeline, video matrix<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 2.10h |
| 05/23/2017 | 🕐 | Meet with CSM re MSJ issues; outline; strategy re new standard<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 2.50h |
| 05/23/2017 | 🕐 | Review Exhibit J to County's Motion for Summary Judgment (CSM)<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 05/23/2017 | 🕐 | more research re QI and state law immunities; notes; discuss with | 00085-Sandoval Sandoval v. County of San | Danielle Pena | 3.20h |

**1,458.70h**

58/92

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|---|---|---|---|---|---|
| | | CSM<br>🟡 Non-billable | Diego | | |
| 05/22/2017 | 🕐 | in-depth research re QI and new cases re objective standard; discuss with CSM<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 5.40h |
| 05/19/2017 | 🕐 | review prior cases/testimony re Dr. Minns; notes<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 4.20h |
| 05/18/2017 | 🕐 | review supporting docs; exhibits, declarations, separate statement, etc<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 2.20h |
| 05/18/2017 | 🕐 | Review MSJ and outline issues; discuss with CSM<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 2.50h |
| 05/16/2017 | 🕐 | Review Estoanlo transcript; draft outline.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 4.40h |
| 05/15/2017 | 🕐 | Review Harris transcript; draft outline; discuss with CSM; update timeline<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 4.80h |
| 05/12/2017 | 🕐 | Review Castro transcript; draft outline<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 2.30h |
| | | | | | **1,458.70h** |

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 05/12/2017 | 🕐 | Review Llamado transcript; draft outline; discuss dismissal with CSM prior to MSJ.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 4.40h |
| 05/11/2017 | 🕐 | review rebuttal defense reports<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.80h |
| 05/11/2017 | 🕐 | Review Bautista transcript; outline.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 3.90h |
| 05/02/2017 | 🕐 | Draft letter to Anna for her to review his deposition and sign it.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 05/02/2017 | 🕐 | Draft letter to Josiah for him to review his deposition and sign it.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 04/20/2017 | 🕐 | Review Andrdade transcript, outline; compare portions to report and video.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 5.20h |
| 04/18/2017 | 🕐 | Review Costa, Edge and Chavez transcripts, outline each.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 6.80h |
| 04/17/2017 | 🕐 | Review DeGuzman transcript, outline.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 4.80h |
| 04/17/2017 | 🕐 | Email with Anna re video. | 00085-Sandoval | Danielle | 0.10h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | 🟡 | Non-billable | Sandoval v. County of San Diego | Pena | |
| 04/14/2017 | 🕐 | Attend family depos for Anna, Ronnie Jr, and Josiah<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 7.80h |
| 04/13/2017 | 🕐 | Email Jim Chapin re rebuttal date.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 04/13/2017 | 🕐 | Meet with CSM and Sandoval family to discuss depo prep; meet individually; review medical records, criminal records, videos and timeline of events<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 6.30h |
| 04/12/2017 | 🕐 | review all prior Sandoval criminal records in prep for family depos; notes; discuss with CSM<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 2.30h |
| 04/11/2017 | 🕐 | take deposition of Carlos Estolano.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 5.20h |
| 04/10/2017 | 🕐 | Contact court report for depo tomorrow.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 04/10/2017 | 🕐 | Review Estolano outline, prepare exhibits.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.80h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 04/10/2017 | 🕐 | Several emails with Jim and Shelly re rebuttal reports and Estolano.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 04/10/2017 | 🕐 | Meet with Anna and review evidence, discuss depo points.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 4.30h |
| 04/10/2017 | 🕐 | review Sandoval's historical medical records to prep for family depos; discuss with CSM<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 3.80h |
| 04/09/2017 | 🕐 | Review produced policies; compare with nursing notes and depo outlines; prepare outline for Carlos Estolano.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 4.90h |
| 04/04/2017 | 🕐 | Emails with team re depo prep.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 04/04/2017 | 🕐 | Emails with Anna re Ronnie.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 04/04/2017 | 🕐 | Research defense experts previous cases/publications; Lexis; emails to another plaintiff's attorneys re prior testimony, discuss with CSM.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 4.70h |
| 04/03/2017 | 🕐 | Discussion with CSM re need for toxicologist, research re the same. | 00085-Sandoval Sandoval v. County of San | Danielle Pena | 0.80h |

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|---|---|---|---|---|---|
| | | 🟡 Non-billable | Diego | | |
| 04/03/2017 | 🕐 | Email with Jim Chapin re defense reports.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 04/03/2017 | 🕐 | Research Dr. Minns previous cases; Lexis; emails to other plaintiff's attorneys re Dr. Minns and prior testimony, discuss with our retained expert; discuss with CSM.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 3.30h |
| 03/31/2017 | 🕐 | Email to team re receipt of defendant's expert reports.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 03/31/2017 | 🕐 | Email to Shelly re Estolano and scheduling.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 03/28/2017 | 🕐 | Finalize reports and designation, prepare for service.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 03/28/2017 | 🕐 | Email to Jim Chapin re Chris White.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 03/28/2017 | 🕐 | Review Dr. Falgiani's expert report, discuss with CSM.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.30h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 03/27/2017 | 🕐 | Draft supplemental expert designation.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.80h |
| 03/27/2017 | 🕐 | Discussion with Gwen re policies and opinions.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.40h |
| 03/27/2017 | 🕐 | Review Falgiani's Expert Report for possible edit suggestions; talk with Falgiani<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 3.60h |
| 03/24/2017 | 🕐 | Email Shelly re Estolano.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 03/23/2017 | 🕐 | Emails with Gwen re status and review of Falgiani report.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.80h |
| 03/23/2017 | 🕐 | Review Dr. Falgiani's expert report for possible edits, discuss with CSM.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 2.40h |
| 03/21/2017 | 🕐 | Email Falgiani re status. Call with Falgiani.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 03/20/2017 | 🕐 | Email Gwen re status.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 03/20/2017 | 🕐 | Emails with Shelly re depo | 00085-Sandoval | Danielle | 0.20h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | scheduling.<br>🟡 Non-billable | Sandoval v. County of San Diego | Pena | |
| 03/17/2017 | 🕐 | Call with Gwen re opinions and questions; review depo transcripts.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.70h |
| 03/16/2017 | 🕐 | Emails with Anna re status.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 03/16/2017 | 🕐 | Email expert new transcripts.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 03/15/2017 | 🕐 | Call with expert re policies and opinions.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 03/13/2017 | 🕐 | Call with Falgiani re opinions.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.20h |
| 03/13/2017 | 🕐 | Review file for points for Gwen's expert report; call with Gwen.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.50h |
| 03/10/2017 | 🕐 | Email Shelly re Estolano.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 03/10/2017 | 🕐 | Review paramedic report; compare to master timeline; draft and serve subpoena for deposition of Chris White. | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.90h |
| | | | | **1,458.70h** | |

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | 🟡 Non-billable | | | |
| 03/09/2017 | 🕐 | Email and discussion with expert re updates and material to review. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.90h |
| 03/08/2017 | 🕐 | Email Anna arrest report, explain. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 03/07/2017 | 🕐 | Call with Anna re status. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 03/07/2017 | 🕐 | Research re substitution of experts; discuss with CSM. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.90h |
| 03/03/2017 | 🕐 | Emails with Jim Chapin re Estalano and scheduling. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 03/03/2017 | 🕐 | Email brokernew expert materials for review. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.60h |
| 03/03/2017 | 🕐 | MnC with Jim Chapin re family depos. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.50h |
| 03/02/2017 | 🕐 | Update Anna on depos. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.40h |
| 03/02/2017 | 🕐 | Emails with broker and team re | 00085-Sandoval | Danielle | 0.20h |
| | | | | | **1,458.70h** |

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | different direction.<br>🟡 Non-billable | Sandoval v. County of San Diego | Pena | |
| 03/02/2017 | 🕐 | Attend Harris depo.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 5.50h |
| 03/01/2017 | 🕐 | Emails with Jim Chapin re expediting transcripts.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 03/01/2017 | 🕐 | Email team summary of Castro depo and need for additional depos.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 03/01/2017 | 🕐 | Draft Harris depo outline; compile exhibits.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 3.10h |
| 03/01/2017 | 🕐 | Take Castro depo.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 3.10h |
| 03/01/2017 | 🕐 | Review Harris outline and exhibits with CSM to prep for depo.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.10h |
| 02/28/2017 | 🕐 | Attend Depos of Bautista/Llamado.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 8.00h |
| 02/27/2017 | 🕐 | Draft outlines and compile exhibits with CSM for Bautista and Llamado depos. | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.80h |
| | | | | | **1,458.70h** |

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|---|---|---|---|---|---|
| | | 🟡 Non-billable | | | |
| 02/24/2017 | 🕐 | Review all criminal docs produced; homicide report; prepare outline for Castro depo.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 5.30h |
| 02/23/2017 | 🕐 | Several emails with Shelly and Vince re deposition scheduling.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.50h |
| 02/23/2017 | 🕐 | Call with Anna re depos.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 02/22/2017 | 🕐 | Emails and discussion with expert broker.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.20h |
| 02/22/2017 | 🕐 | Prepare deposition outline for Bautista; arrange exhibits<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 2.80h |
| 02/20/2017 | 🕐 | Emails with Anna.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 02/20/2017 | 🕐 | Prepare expert designation.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.60h |
| 02/15/2017 | 🕐 | Review defendants' response to rogs and rfps; draft MnC letter<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.80h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|---|---|---|---|---|---|
| 02/08/2017 | 🕐 | Review expert retainer; discuss with CSM.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 02/07/2017 | 🕐 | Draft and serve deposition notices.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.70h |
| 02/03/2017 | 🕐 | Call w Gwen re scope and designation.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.80h |
| 01/31/2017 | 🕐 | Several emails re unilaterally scheduling depos.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 01/18/2017 | 🕐 | Meeting with VR re remaining depos and amending complaint; discuss policies; email updates to team.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 2.70h |
| 01/11/2017 | 🕐 | Discuss with team medical emergency policy, case strategizing.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 01/11/2017 | 🕐 | Draft special interrogatories and request for production.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.40h |
| 01/10/2017 | 🕐 | Create depo schedule for remaining witnesses; emails to team regarding scheduling and conflicts. | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.60h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | 🟡 Non-billable | | | |
| 01/02/2017 | 🕐 | Email VR re arrest report.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Danielle<br>Pena | 0.10h |
| 12/29/2016 | 🕐 | Email with Anna re arrest report;<br>call re same.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Danielle<br>Pena | 0.20h |
| 11/23/2016 | 🕐 | Discuss with LP deadlines set by<br>court, review order.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Danielle<br>Pena | 0.30h |
| 11/16/2016 | 🕐 | Strategize with CSM.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Danielle<br>Pena | 0.20h |
| 11/09/2016 | 🕐 | Continue indexing videos; prepare<br>and compile videos/screenshots<br>and other evidence for ENE.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Danielle<br>Pena | 4.10h |
| 11/08/2016 | 🕐 | Family meeting re prep for ENE.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Danielle<br>Pena | 4.50h |
| 11/07/2016 | 🕐 | Review Shawcroft transcript;<br>outline; discuss with CSM re ENE<br>brief and Shawcroft.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Danielle<br>Pena | 2.80h |
| 11/04/2016 | 🕐 | Review Defendants' initial<br>disclosures; search new names<br>and docs; update case notes re | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Danielle<br>Pena | 2.50h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | same.<br>🟡 Non-billable | | | |
| 11/03/2016 | 🕐 | Create master timeline based on incident reports, medical records, video footage, etc; confer with CSM.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 4.40h |
| 11/02/2016 | 🕐 | Attend Rule 26 Meeting<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.50h |
| 11/01/2016 | 🕐 | Several emails with Jim Chapin and team re changes to Discovery Plan, edit same.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.00h |
| 11/01/2016 | 🕐 | Email with Jim Chapin re county's ex parte; talk with team and review ex parte.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.70h |
| 10/31/2016 | 🕐 | Finalize review of production, finalize Initial Disclosures and circulate to team.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 4.40h |
| 10/31/2016 | 🕐 | Emails with team re Dsicovery Plan, make changes.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 10/27/2016 | 🕐 | Draft Discovery Plan.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.90h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 10/26/2016 | 🕐 | Email Jim Chapin re MnC for Discovery Plan.  🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 10/26/2016 | 🕐 | Research re discovery plan and discuss with CSM.  🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 3.30h |
| 10/25/2016 | 🕐 | Continue review of production and medical records to identify potential witnesses for disclosures.  🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 3.30h |
| 10/25/2016 | 🕐 | Prepare initial disclosures; review discovery notes; discuss with family.  🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.20h |
| 10/24/2016 | 🕐 | call with CSM Sandoval family re ENE  🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.60h |
| 10/20/2016 | 🕐 | Call AS re ENE; call RS jr re ENE; and call with Rosa; explain process, expectation, and set call with CSM.  🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.90h |
| 10/19/2016 | 🕐 | Review minute order setting ENE with Judge Schopler and calendar deadlines.  🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.50h |
| 10/03/2016 | 🕐 | Emails with VR re new magistrate.  🟡 Non-billable | 00085-Sandoval Sandoval v. County of San | Danielle Pena | 0.10h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | | Diego | | |
| 10/03/2016 | 🕐 | Discuss with CSM transfer to magistrate judge; call other 1983 counsel re the same.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.40h |
| 09/16/2016 | 🕐 | Discuss potential Andrade issues with CSM<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 09/01/2016 | 🕐 | Review ENE and CMC order; research re ENE in southern district; calendar.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.90h |
| 08/25/2016 | 🕐 | Review Answer, compare to state court answer; discuss new defenses with CSM<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.10h |
| 08/09/2016 | 🕐 | Call with AS and VR to discuss Order.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.60h |
| 08/08/2016 | 🕐 | Call with Anna re paramedic report.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 08/08/2016 | 🕐 | Discuss Order with CSM; review order.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.80h |
| 07/19/2016 | 🕐 | Call and emails w Anna.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San | Danielle Pena | 0.40h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | | Diego | | |
| 06/17/2016 | 🕐 | Review Order taking matter under submission; discuss with CSM next steps re discovery.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 06/16/2016 | 🕐 | Emails with team re hearing.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 06/14/2016 | 🕐 | Review Reply; research state court record and timeline; review notice of lodgment and supp docs.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 2.30h |
| 05/30/2016 | 🕐 | Email team re old order.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.10h |
| 05/30/2016 | 🕐 | Finalize oppo: state law arguments; prepare exhibits; send to CSM and VR for review and filing.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 4.50h |
| 05/29/2016 | 🕐 | Continue drafting oppo: deliberate indifference and review research re analysis re 8th standard.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 5.20h |
| 05/25/2016 | 🕐 | Review Oppo ouline; begin drafting facts and CCP 474.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 3.00h |
| | | | | | **1,458.70h** |

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 05/23/2016 | 🕐 | Call with Ronnie jr re case and claims; discussed his concerns.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.50h |
| 05/18/2016 | 🕐 | Emails with team re opposition.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 05/12/2016 | 🕐 | Review new documents from client, letters; emaisl with team, prepare for production.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 4.20h |
| 05/06/2016 | 🕐 | Outline of oppo; research re similar oppositions filed in other cases and jurisdictions.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 3.40h |
| 05/05/2016 | 🕐 | Review defendants' MTD; and supp decs; research re 8th standard re deliberate indifference; review other similar cases; research re state claims and SOL claims; discuss research with CSM.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 6.10h |
| 05/02/2016 | 🕐 | Draft notice of appearance for me, CSM, CAK.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.60h |
| 04/29/2016 | 🕐 | Research re removal; procedural and substantive; discuss with CSM.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.50h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|---|---|---|---|---|---|
| 04/28/2016 | 🕐 | Call with CSM and VR re removal, review motion and dec, call with family.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.30h |
| 04/27/2016 | 🕐 | Emails with team re missing discovery.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.60h |
| 04/27/2016 | 🕐 | Review criminal documents; discussion with Anna re same; update team.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.80h |
| 04/25/2016 | 🕐 | Review County's response to RFP #3, draft email re MnC; discuss with CSM.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.70h |
| 04/22/2016 | 🕐 | Research re paramedic/EMT in medical emergencies; calls with expert re same; email to team re need to propound discovery re same.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 2.50h |
| 04/22/2016 | 🕐 | Email Shelly re discovery issue.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 04/22/2016 | 🕐 | Call SDPD, record vendors re paramedic report.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.80h |
| 04/22/2016 | 🕐 | Email VR re his tasks. Call with VR | 00085-Sandoval | Danielle | 0.60h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | re same.<br>🟡 Non-billable | Sandoval v. County of San Diego | Pena | |
| 04/21/2016 | 🕐 | Call with Shelly re production and CD.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.40h |
| 04/21/2016 | 🕐 | Compile material packet for expert and email expert.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.20h |
| 04/21/2016 | 🕐 | Meeting with team re discovery plan and task list; emails re same.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.40h |
| 04/21/2016 | 🕐 | Strategize discovery plan w CSM; depo strategy and scheduling; 3rd party docs; things we need from experts; create task list for team.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 4.10h |
| 04/20/2016 | 🕐 | Discussion with probate attorney.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.40h |
| 04/20/2016 | 🕐 | Call with AS; discuss dec; draft dec re probate.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.70h |
| 04/20/2016 | 🕐 | Discussion with CSM re new assignment; review 3rd party docs and send to experts.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.80h |
| 04/19/2016 | 🕐 | Emails with VR regarding death | 00085-Sandoval | Danielle | 1.50h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|---|---|---|---|---|---|
| | | certificate and declaration; draft declaration; discuss with AS; legal research re successor in interest 1983 cases.<br>🟡 Non-billable | Sandoval v. County of San Diego | Pena | |
| 04/19/2016 | 🕐 | Review County's amended answer; research govt code immunity sections cited by County.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.30h |
| 04/18/2016 | 🕐 | Continue reviewing docs and prepare production.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 2.10h |
| 04/15/2016 | 🕐 | Review discovery requests, meet with AS re responses and GAL; draft responses; review documents she brought for production of responsive docs.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 5.20h |
| 04/13/2016 | 🕐 | Attend depo of Andrade, after depo meeting with VR re next steps.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 5.70h |
| 04/12/2016 | 🕐 | Prep CSM for deputy Andrade depo, review exhibits.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.70h |
| 04/11/2016 | 🕐 | Finalize depo outline for Andrade depo; compile and prepare exhibits for depo.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 4.30h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 04/08/2016 | 🕐 | Discussion with Expert re questionnaire for approval; fill out. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.20h |
| 04/07/2016 | 🕐 | Prepare expert designation; edits and discuss scope with CSM and VR. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.50h |
| 04/04/2016 | 🕐 | Andrade depo prep, track time in cell; compare Andrade report/ actions to Harris/Llamado reports/ actions; draft notes re issues and differences; start depo outline. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 5.50h |
| 03/30/2016 | 🕐 | Prepare amended complaint for file and service. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.90h |
| 03/30/2016 | 🕐 | Discuss with CSM amended draft. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.60h |
| 03/29/2016 | 🕐 | Call with another nursing expert; discuss with CSM. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.60h |
| 03/29/2016 | 🕐 | review nursing-related discovery prior to being placed in MOC1 holding cell; determine necessity of depos of earlier nursing staff and correctional staff 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 2.30h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 03/28/2016 | 🕐 | Call with jail practices expert; strategy discussion with CSM<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.80h |
| 03/28/2016 | 🕐 | Conduct research re expert designation; review other pleadings samples.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.90h |
| 03/28/2016 | 🕐 | Call with potential nursing expert<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.70h |
| 03/26/2016 | 🕐 | Review forms from VR; discuss with VR; review email from VR to County enclosing acknowledgement forms for new Ds<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 03/26/2016 | 🕐 | Discussion with CSM re expert selections; conversations with a potential expert; call with VR.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.80h |
| 03/24/2016 | 🕐 | call with expert consultant re ER/tox expert<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.80h |
| 03/24/2016 | 🕐 | call with nursing expert<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.90h |
| 03/23/2016 | 🕐 | Emails with OC.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 7.00h |

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 03/23/2016 | 🕐 | call with another potential expert re ingestion and pathology; causation<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.00h |
| 03/23/2016 | 🕐 | Discuss with VR re amendment to amended complaint re DOES.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.80h |
| 03/22/2016 | 🕐 | Discussion with potential experts re meth ingestion.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.70h |
| 03/21/2016 | 🕐 | Call with CSM and potential expert; review retainer and send materials to expert.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.40h |
| 03/18/2016 | 🕐 | Edit letter from VR to defendants; review 3rd party document production; update timeline; research potential experts re meth ingestion.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 3.70h |
| 03/18/2016 | 🕐 | Review video timeline; draft RFP #3<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.10h |
| 03/16/2016 | 🕐 | Draft email re site inspection, etc; discuss with VR.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.60h |
| 03/15/2016 | 🕐 | Research to locate Harris, emails to VR re same. Continue efforts to locate Harris for service; Call with | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.20h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | Jim Chapin re same.<br>🟡 Non-billable | | | |
| 03/15/2016 | 🕐 | Prep CSM for Shawcroft depo<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.10h |
| 03/14/2016 | 🕐 | Call with CSM re Shawcroft video prep.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.70h |
| 03/13/2016 | 🕐 | Prep for Shawcroft deposition; review related evidence and video; create clips; prep exhibits; draft outline for depo.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 6.10h |
| 03/09/2016 | 🕐 | Emails and discussions with VR and CSM re Llamado and Bautista.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.80h |
| 03/08/2016 | 🕐 | Emails with VR re amended complaint.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 03/08/2016 | 🕐 | Draft amended notice for R Shawcroft depo; call with VR.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 03/07/2016 | 🕐 | Emails with VR re Shawcroft depo.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 03/04/2016 | 🕐 | Attend motion to amend hearing<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San | Danielle Pena | 1.20h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | | Diego | | |
| 03/03/2016 | 🕐 | Emails with expert.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Danielle<br>Pena | 0.40h |
| 03/03/2016 | 🕐 | Discuss hearing and tentative with CSM; prep and research; call with VR<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Danielle<br>Pena | 1.50h |
| 03/03/2016 | 🕐 | Attend Deposition of M Castro.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Danielle<br>Pena | 3.10h |
| 03/02/2016 | 🕐 | Prep for Castro depo; draft outline, prepare exhibits; discuss with VR.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Danielle<br>Pena | 3.20h |
| 02/29/2016 | 🕐 | Review with CSM surveillance footage and timeline<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Danielle<br>Pena | 1.60h |
| 02/29/2016 | 🕐 | Call with Vince re Castro depo.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Danielle<br>Pena | 0.60h |
| 02/24/2016 | 🕐 | Review Oppo to Motion to Amend; Research and draft reply to Motion to Amend.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Danielle<br>Pena | 7.40h |
| 02/24/2016 | 🕐 | Prep CSM for deposition of Edge, review exhibits<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Danielle<br>Pena | 1.30h |
| | | | | | **1,458.70h** |

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 02/23/2016 | 🕐 | call with AS<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 02/23/2016 | 🕐 | Prep CSM for Edge depo; review exhibits<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.70h |
| 02/23/2016 | 🕐 | Attend depositions of Deguzman and Chavez<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 6.80h |
| 02/22/2016 | 🕐 | Review County's opposition to amend; outline reply.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.90h |
| 02/22/2016 | 🕐 | Work on and finalize Chavez depo outline.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.90h |
| 02/22/2016 | 🕐 | Emails and call with expert; research re jail inspections.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.30h |
| 02/22/2016 | 🕐 | Email and call with VR re depo prep and video timeline.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.60h |
| 02/22/2016 | 🕐 | Prep CSM for DeGuzman depo and exhibits; Chavez depo and exhibits<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.80h |
| 02/21/2016 | 🕐 | Draft depo notices for Edge, Shawcroft, Chavez. | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.10h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | 🟡 Non-billable | Diego | | |
| 02/21/2016 | 🕐 | Review Edge and Chavez related evidence; prepare exhibits, draft outline for CSM for depo<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 5.40h |
| 02/16/2016 | 🕐 | review long MOC1 videos re Harris and Llamado and Deputies; update timeline<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 4.90h |
| 02/11/2016 | 🕐 | Go to criminal court for Castro hearing.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.40h |
| 02/11/2016 | 🕐 | Emails with OC.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.40h |
| 02/10/2016 | 🕐 | More emails with Vince re declaration.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.30h |
| 02/10/2016 | 🕐 | Discuss errata with VR; edit errata.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.60h |
| 02/09/2016 | 🕐 | Discuss depo lineup with CSM; and strategy; prepare notices and prepare for service<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 2.90h |
| 02/08/2016 | 🕐 | Discussion with VR re Motion to amend; review research and edit | 00085-Sandoval<br>Sandoval v. County of San | Danielle Pena | 1.60h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | motion.<br>🟡 Non-billable | Diego | | |
| 02/08/2016 | 🕐 | Email to OC re depositions<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.20h |
| 02/05/2016 | 🕐 | More research for Motion for Leave to Amend Complaint; discuss w CSM; edit same.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.70h |
| 02/03/2016 | 🕐 | Conduct legal research re motion to amend; Draft motion to amend and supporting documents.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 7.10h |
| 02/02/2016 | 🕐 | create deposition lineup; schedule; email OC<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.80h |
| 01/29/2016 | 🕐 | Final edits of state law claims for amended complaint; research re Gore.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.90h |
| 01/29/2016 | 🕐 | Discuss with CSM re amended complaint, conduct additional research re policy/training claim; edit accordingly<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 3.10h |
| 01/28/2016 | 🕐 | Review employee interviews, create timeline; Emails to CSM and VR re employee involvement, | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 5.60h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | discuss review of interview and major players; more emails; add allegations to draft complaint.<br>🟡 Non-billable | | | |
| 01/28/2016 | 🕐 | Discussion: TC with Clients.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.50h |
| 01/28/2016 | 🕐 | Call with Ronnie Jr and Anna re successor in interest.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.60h |
| 01/28/2016 | 🕐 | Emails with VR re successor in interest dec; Call with Joshia and Rosa re GAL.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.30h |
| 01/27/2016 | 🕐 | Continue amending complaint, research re causes of action.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 4.80h |
| 01/26/2016 | 🕐 | Several emails and call with CSM and VR re depositions, recent scheduling conflicts, and prep.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.90h |
| 01/22/2016 | 🕐 | draft amended complaint re causes of action; CACI research<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 5.20h |
| 01/21/2016 | 🕐 | Call with Castro re Sandoval's condition.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.50h |
| | | | | | **1,458.70h** |

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 01/21/2016 | 🕐 | begin drafting amended complaint re fact section; call with AS re questions for amendment<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 3.30h |
| 01/20/2016 | 🕐 | research re amendment to complaint and QI; other C/A; discuss with CSM<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 6.30h |
| 01/18/2016 | 🕐 | Several emails with VR re status and meeting.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.60h |
| 01/18/2016 | 🕐 | Prep, and meeting with CSM re status and progress.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.20h |
| 01/14/2016 | 🕐 | Continue reviewing discovery to amend the complaint.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 4.20h |
| 01/13/2016 | 🕐 | Review all paper discovery produced by County to prepare for amending complaint (medical records); discuss with CSM<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 6.10h |
| 01/12/2016 | 🕐 | Review Ps responses to discovery.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.40h |
| 01/11/2016 | 🕐 | Discussion with Donna re calendaring future deadlines and reminders for upcoming deadlines; | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.40h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | create table and discuss with CSM. 🟡 Non-billable | | | |
| 01/11/2016 | 🕐 | Meet with VR, go over prior discovery, videos, and CSM assign assignments 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 2.50h |
| 01/07/2016 | 🕐 | Review and analyze: continue watching surveillance footage of DG interaction; update timeline; discuss with CSM 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 4.10h |
| 01/06/2016 | 🕐 | Review and analyze: start watching surveillance footage of intake, holding cell, fish tank, etc; create video timeline 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 3.20h |
| 01/05/2016 | 🕐 | Review and analyze: review prior case files re discovery requests and responses; draft notes 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 3.20h |
| 12/28/2015 | 🕐 | Calls with Jim Chapin re deposition scheduling; emails to team re same. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.90h |
| 12/27/2015 | 🕐 | Discussion: call with CSM re Catsro and subpoena 🔵 Unbilled | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.50h |
| 12/23/2015 | 🕐 | Review emails with VR re trial/ | 00085-Sandoval | Danielle | 0.10h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | dates<br>🟡 Non-billable | Sandoval v. County of San Diego | Pena | |
| 12/23/2015 | 🕐 | Attend and argue ex parte<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 2.20h |
| 12/22/2015 | 🕐 | Discussion: Email and call with Jim Chapin re Ex Parte.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 0.40h |
| 12/22/2015 | 🕐 | Discussion: Meeting with VR, discussion with Castro re events; review case file re claim, original complaint, and former communications with counsel.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 5.70h |
| 12/21/2015 | 🕐 | Research and revise ex parte. Emails and TC with Vince Renda and the client. Review notice of association of counsel, edit; discuss changes with CSM.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 3.80h |
| 12/21/2015 | 🕐 | Call with VR re ex parte, discuss with CSM, review and edit ex parte papers; review notice of assn<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 1.40h |
| 12/20/2015 | 🕐 | Draft: Research re ex parte and request to amend when MSJ is pending; draft ex parte to amend complaint; discuss with CSM.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Danielle Pena | 7.40h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 12/16/2015 | 🕐 | review county's MSJ; supporting docs; conduct research re timeliness of amending complaint after MSJ filed<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 3.10h |
| 12/16/2015 | 🕐 | Draft: Call w VR, discuss with CSM; research and draft ex parte application; review records re depositions to be set.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 3.30h |
| 12/15/2015 | 🕐 | Discussion: Drive client home.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.40h |
| 12/15/2015 | 🕐 | Draft Joint Prosecution Agreement<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.20h |
| 12/15/2015 | 🕐 | Discussion: All day meeting with Vince Renda and Client AS, go over legal issues, plan out a strategy, detailed call with expert and reviewing documents, draft task lists for Vince and us; research.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 5.60h |
| 12/14/2015 | 🕐 | Call with Vince Renda re new matter and tomorrow's meeting.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 1.10h |
| 12/14/2015 | 🕐 | Emails with Vince Renda<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.20h |

**1,458.70h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 12/14/2015 | 🕐 | Review and analyze: receipt of electronic case file; review file and pleadings, call with opposing counsel Jim Chapin<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 3.80h |
| 12/09/2015 | 🕐 | Review and analyze: research re Section 1983 claims; recent case law; issues to consider given current procedural state; discussion with CSM<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 3.50h |
| 12/08/2015 | 🕐 | In-person meeting with Vince Renda; discuss facts and statements from the Sandoval family; discuss the current procedural history in state court; briefly review Renda's hard case file<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 3.30h |
| 12/05/2015 | 🕐 | Review and analyze: Briefly review the state court register of actions to prepare for the meeting; discuss with CSM<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 0.70h |
| 12/04/2015 | 🕐 | Review and analyze: Telephone call with Renda and CSM re Sandoval case and procedural history in state court; research re 1983 claims and defenses; discussion with CSM<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Danielle Pena | 4.50h |

**1,458.70h**

EXHIBIT 2

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 05/23/2022 | 🕐 | Attend Final Pretrial Conference<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 2.00h |
| 05/16/2022 | 🕐 | Review and revise Final Pretrial Conference Order<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 2.30h |
| 04/08/2022 | 🕐 | Review draft of Joint Motion to Dismiss Certain Claims.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.20h |
| 03/24/2022 | 🕐 | Review letter from County enclosing check for costs taxed by 9th Circuit<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.20h |
| 03/15/2022 | 🕐 | Meet with family, attend conference, post conference meeting<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 4.30h |
| 03/11/2022 | 🕐 | Prepare for settlement conference<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 2.30h |
| 02/10/2022 | 🕐 | Review Ex Parte to Excuse Defendants' Appearance at MSC and confer with Dani regarding possible opposition.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.20h |
| 01/26/2022 | 🕐 | Review minute order setting deadlines for MSC.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.10h |

**565.60h**

1/34

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 01/24/2022 | 🕐 | Emails from appellate counsel re deadlines<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.50h |
| 01/24/2022 | 🕐 | Review mandate.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.10h |
| 01/24/2022 | 🕐 | Attend Appeal Mandate Hearing.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 3.00h |
| 01/21/2022 | 🕐 | Teleconference with Dani to prep for hearing<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.80h |
| 12/17/2021 | 🕐 | Review notice setting appeal mandate hearing.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.10h |
| 12/16/2021 | 🕐 | Review Supreme Court order denying cert; TC w Dani, Vince and Family<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 1.00h |
| 11/08/2021 | 🕐 | Review oppo. Discuss with Dani. Email to Paul. Go over edits.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 5.10h |
| 10/21/2021 | 🕐 | Assist with drafting response, confer with Paul Hughes.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 7.70h |
| 10/21/2021 | 🕐 | Teleconference and several emails with Paul re second extension and | 00085-Sandoval Sandoval v. County of San | Christopher Morris | 0.80h |

**565.60h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | progress on oppo; and partial denial of extension<br>🟡 Non-billable | Diego | | |
| 10/18/2021 | 🕐 | Emails with Paul Hughes re response. Divide tasks. Research re same.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 3.70h |
| 10/07/2021 | 🕐 | Status call with Anna and Ronnie Jr.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.20h |
| 09/13/2021 | 🕐 | Review request for extension<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.10h |
| 09/10/2021 | 🕐 | Review and edit joint prosecution agreement with Paul. Email Paul.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.70h |
| 09/10/2021 | 🕐 | Teleconference with Paul re stip to amicus brief<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.20h |
| 09/05/2021 | 🕐 | Teleconference with Paul Hughes, strategy discussion.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 1.20h |
| 08/26/2021 | 🕐 | Call with clients re status of writ and Paul Huges.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.80h |
| 08/26/2021 | 🕐 | Teleconference with Paul Hughes re oppo to cert. | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 1.00h |

**565.60h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | 🟡 Non-billable | Diego | | |
| 08/25/2021 | 🕐 | Emails with Paul Hughes re Supreme Court response.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.60h |
| 08/24/2021 | 🕐 | Teleconference with Julia to discuss strategy.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 1.00h |
| 08/24/2021 | 🕐 | Call with Julia Yoo re county's writ and assistance with Supreme Court response.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.80h |
| 08/20/2021 | 🕐 | Review County's writ of cert. Discuss with Dani.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 2.00h |
| 08/20/2021 | 🕐 | Review letter re extension of stay. Teleconference with Anna.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.30h |
| 07/08/2021 | 🕐 | Review letters and orders re cert, tc with media and lawyers re ruling and next steps.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 1.00h |
| 04/05/2021 | 🕐 | Call with clients re stay.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.50h |
| 04/05/2021 | 🕐 | Review Order staying Mandate pending writ of certiorari.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.10h |
| | | | | | **565.60h** |

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 03/25/2021 | 🕐 | review order denying rehearing<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.30h |
| 03/05/2021 | 🕐 | Emails re en bannc request.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.40h |
| 03/03/2021 | 🕐 | Review county's petition for rehearing. Discuss with Dani.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 3.00h |
| 01/28/2021 | 🕐 | Review county's motion for rehearing extension.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.10h |
| 01/22/2021 | 🕐 | Teleconference with county counsel re extension<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.40h |
| 01/21/2021 | 🕐 | Media follow up.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.50h |
| 01/20/2021 | 🕐 | Media interview re appeals order and significance.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.80h |
| 01/14/2021 | 🕐 | Emails re decision.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.80h |
| 01/13/2021 | 🕐 | Review lengthy ruling. Teleconference with multiple reporters, Teleconference with clients, Teleconference with Vince | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 5.40h |

**565.60h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | Renda, Teleconference with civil rights group re next steps. 🟡 Non-billable | | | |
| 06/13/2020 | 🕐 | Call with Vince re update. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.30h |
| 02/22/2020 | 🕐 | Email from Anna re simialr case in Ok. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.20h |
| 12/02/2019 | 🕐 | Check Court of Appeals website for case status. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.10h |
| 10/29/2019 | 🕐 | Call with Anna re status. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.30h |
| 10/23/2019 | 🕐 | Review county's supplemental filing, discuss with Dani. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 1.60h |
| 10/23/2019 | 🕐 | Teleconference with Dani re research. Draft opposition to County's Letter Brief requested by Court of Appeal. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 4.80h |
| 10/16/2019 | 🕐 | Appeal hearing and travel home. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 10.00h |
| 10/15/2019 | 🕐 | Finalize Appeals outline and travel. | 00085-Sandoval | Christopher | 12.00h |

**565.60h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | 🟡 | Non-billable | Sandoval v. County of San Diego | Morris | |
| 10/14/2019 | 🕐 | Appeal prep with Dani. Practice panel questions.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 4.50h |
| 10/13/2019 | 🕐 | Appeal prep. Review deposition outlines and surveillance footage for argument.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 6.50h |
| 10/11/2019 | 🕐 | Appeal prep. Review all pleadings. Start outline.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 5.40h |
| 10/09/2019 | 🕐 | Begin prep for appellate hearing. Research re panel judges.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 3.20h |
| 10/07/2019 | 🕐 | Draft supplemental re Horton.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 6.40h |
| 10/03/2019 | 🕐 | Read and analyze Horton case per court order, review email from Dani.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 4.30h |
| 10/01/2019 | 🕐 | Meeting with Ronnie<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 1.20h |
| 09/23/2019 | 🕐 | Draft and review acknowledgment re Court of Appeals. | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.40h |

**565.60h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | 🟡 Non-billable | Diego | | |
| 06/19/2019 | 🕐 | Draft response to Court of Appeals re oral argument. <br> 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.90h |
| 03/01/2019 | 🕐 | Call with Vince re new attorney and status. <br> 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.10h |
| 02/28/2019 | 🕐 | Review Notice of Appearance for Fernando Kish. <br> 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.10h |
| 02/07/2019 | 🕐 | Teleconference with attorney re videos and nursing board action, review materials sent by attorney. <br> 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 1.30h |
| 01/07/2019 | 🕐 | Review notice of oral argument with court, schedule and pull file for review <br> 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 2.30h |
| 10/16/2018 | 🕐 | Edit, pare down, and finalize reply. <br> 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 3.60h |
| 10/10/2018 | 🕐 | Draft Reply Brief on Appeal and discuss with Dani re cites to record. <br> 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 7.50h |
| 09/26/2018 | 🕐 | Read and review oppo brief. Outline response. | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 5.50h |

**565.60h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | 🟡 Non-billable | Diego | | |
| 09/17/2018 | 🕐 | Discuss settlement with Jim.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Christopher<br>Morris | 0.30h |
| 07/16/2018 | 🕐 | Final edits, attn. to filing of appeal<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Christopher<br>Morris | 3.20h |
| 07/12/2018 | 🕐 | Review and edit appeal. Review<br>changes made by the appellate<br>expert and discuss.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Christopher<br>Morris | 6.70h |
| 06/20/2018 | 🕐 | Draft Harris section and add cites<br>to evidence.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Christopher<br>Morris | 4.80h |
| 06/19/2018 | 🕐 | Draft argument re objective<br>indifference standard and apply<br>facts of case. Dicuss with Dani.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Christopher<br>Morris | 6.60h |
| 06/13/2018 | 🕐 | Draft Monell section and review<br>deposition transcripts re same.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Christopher<br>Morris | 5.60h |
| 06/12/2018 | 🕐 | Call with clients re appeal.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Christopher<br>Morris | 0.60h |
| 06/05/2018 | 🕐 | Start drafting the introduction and<br>roadmap. Draft statement of issues<br>and discuss with Dani. | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Christopher<br>Morris | 4.30h |

**565.60h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|---|---|---|---|---|---|
| | | 🟡 Non-billable | | | |
| 06/05/2018 | 🕐 | Draft fact sections and review Motion for Summary Judgment record.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 5.00h |
| 06/04/2018 | 🕐 | Review evidence and video outlines. Create a timeline of events.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 3.00h |
| 06/04/2018 | 🕐 | Discuss with appellate expert statement of issues. Research issue. Edit section.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 2.30h |
| 05/28/2018 | 🕐 | Review Llamado deposition transcript.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 2.50h |
| 05/25/2018 | 🕐 | Review Chavez, Edge and Shawcroft transcripts. Discuss with Dani.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 5.00h |
| 05/24/2018 | 🕐 | Review Andrade deposition transcript.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 2.80h |
| 05/24/2018 | 🕐 | Review DeGuzman deposition transcript.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 4.10h |

**565.60h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 05/23/2018 | 🕐 | Review Dana Harris deposition transcript to prepare for appeal.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 4.60h |
| 05/23/2018 | 🕐 | Call with Client and Vince Renda re status of appeal.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.80h |
| 05/15/2018 | 🕐 | Meeting with Tom Robertson and Dani re Appellant's Opening Brief.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 4.10h |
| 04/05/2018 | 🕐 | Discuss appeals schedule with Dani and discuss first steps and plan.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.70h |
| 04/02/2018 | 🕐 | Teleconference with appeal court re settlement and scheduling.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.50h |
| 03/12/2018 | 🕐 | Prepare appeal questionnaire.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.20h |
| 03/05/2018 | 🕐 | Review Scheduling Order on Appeal.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.20h |
| 03/02/2018 | 🕐 | Draft of Notice of Appeal for review; review rules; draft representation statement<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.70h |
| 02/06/2018 | 🕐 | Review Order on Motion for | 00085-Sandoval | Christopher | 1.50h |

**565.60h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | Summary Judgment and confer with Dani.<br>🟡 Non-billable | Sandoval v. County of San Diego | Morris | |
| 01/24/2018 | 🕐 | Review order from court re hearing<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.40h |
| 01/22/2018 | 🕐 | Teleconference to court re status. Teleconference with atty Renda, prepare for hearing and review Motions in Limine.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 6.50h |
| 11/13/2017 | 🕐 | Review and edit proposed Pretrial Conference Order.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 4.30h |
| 11/09/2017 | 🕐 | Review County's exhibits and index.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 3.20h |
| 11/08/2017 | 🕐 | Review letter from County enclosing additional CD referenced in Pretrial Disclosures<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.10h |
| 11/06/2017 | 🕐 | Review letter from County enclosing CD referenced in Pretrial Disclosures<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.10h |
| 11/03/2017 | 🕐 | Trial strategy with Dani; discuss Pretrial Conference Order summary of claims | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.80h |

**565.60h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | ⬤ Non-billable | | | |
| 11/02/2017 | 🕐 | Discuss PTO with Dani. Discuss research and TC with Jim<br>⬤ Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 1.50h |
| 10/27/2017 | 🕐 | More on exhibit list: reviewing policies, audios and videos for use at trial. Work with Dani.<br>⬤ Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 4.30h |
| 10/23/2017 | 🕐 | Review joint motion ruling, review and finalize final pretrial disclosures<br>⬤ Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 2.30h |
| 10/23/2017 | 🕐 | Review Order Granting Joint Motion to Continue Pretrial Dates.<br>⬤ Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.10h |
| 10/23/2017 | 🕐 | Review Defendants' Pretrial Disclosures<br>⬤ Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 1.00h |
| 10/20/2017 | 🕐 | Review and edit pretrial disclosures.<br>⬤ Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 1.80h |
| 10/19/2017 | 🕐 | Discuss pretrial disclosures with Dani. Review more evidence. Develop trial strategy. Work on witness list.<br>⬤ Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 2.50h |

**565.60h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 10/19/2017 | 🕐 | Review Motion to Continue Dates<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.30h |
| 10/18/2017 | 🕐 | Teleconference with Jim re continuing Pretrial Conference dates.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.50h |
| 10/17/2017 | 🕐 | Work on exhibit list; review outlines and other evidence.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 4.60h |
| 10/16/2017 | 🕐 | Review County's Notice of Appearance for Chris Welsh.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.10h |
| 10/13/2017 | 🕐 | Review County's Motion in Limine to Exclude reference to State Board of Registered Nursing; discuss with Dani<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 1.00h |
| 10/06/2017 | 🕐 | Teleconference with Jim re need for future MSC; call to chambers<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.80h |
| 10/04/2017 | 🕐 | Review file in prep for MSC, meet with clients, attend MSC<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 4.30h |
| 09/29/2017 | 🕐 | Review order denying joint request. Discuss strategy and demonstratives for MSC. Teleconference with Jim. | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 3.40h |

**565.60h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | 🟡 Non-billable | | | |
| 09/27/2017 | 🕐 | Discuss MSC brief with Dani<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 1.00h |
| 09/25/2017 | 🕐 | Review proposed joint motion<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.40h |
| 09/14/2017 | 🕐 | TC with Jim re MSC.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.50h |
| 08/18/2017 | 🕐 | Review order form court re amended scheduling order; call with Sandoval family re MSC date.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.40h |
| 08/14/2017 | 🕐 | Review amended scheduling order; Teleconference with Dani.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.50h |
| 08/08/2017 | 🕐 | Meeting with Dani re schedule, review order<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.20h |
| 08/07/2017 | 🕐 | Attend telephonic status conference and conference with counsel regarding future dates.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.50h |
| 07/05/2017 | 🕐 | Review minute order vacating hearing on Motion for Summary judgment and vacating hearing; | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.50h |

**565.60h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | Teleconference with Sandoval family.<br>🟡 Non-billable | | | |
| 07/03/2017 | 🕐 | Review Reply to Motion for Summary Judgment; discuss with Dani.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 3.50h |
| 06/26/2017 | 🕐 | Review objection to evidence, separate statement; discuss with Dani and edit; review exhibits.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 7.50h |
| 06/22/2017 | 🕐 | Review Motion for Summary Judgment, edit, draft intro/conclusion<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 4.30h |
| 06/16/2017 | 🕐 | Conference with Dani regarding details from Telephonic Status Conference.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.20h |
| 06/14/2017 | 🕐 | Meeting with Dani to review oppo and discuss edits<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 2.10h |
| 06/08/2017 | 🕐 | Conf with Dani and motion<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 2.00h |
| 06/05/2017 | 🕐 | Confer with Dani re Motion for Summary Judgment.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 2.30h |

**565.60h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 05/26/2017 | 🕐 | Confer with Dani re Motion for Summary Judgment response and outline and highlight issues.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 2.30h |
| 05/24/2017 | 🕐 | Review depo signed by client.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 1.20h |
| 05/23/2017 | 🕐 | Meeting with Dani re Motion for Summary Judgment and response<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 2.30h |
| 05/18/2017 | 🕐 | Review summary judgment motion, highlight issues, and assign tasks<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 5.40h |
| 05/10/2017 | 🕐 | Review billing and update Vince<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.40h |
| 05/09/2017 | 🕐 | Review supplemental reports form Wild and and Geller<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 2.70h |
| 05/08/2017 | 🕐 | Follow up with Vince re strategy<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.50h |
| 04/24/2017 | 🕐 | Review case experts and Teleconference with Vince with re strategy.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 2.30h |
| 04/18/2017 | 🕐 | Review depo signed pages. | 00085-Sandoval | Christopher | 0.10h |

**565.60h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | 🟡 Non-billable | Sandoval v. County of San Diego | Morris | |
| 04/17/2017 | 🕐 | Review letter from County Counsel enclosing deposition corrections and signature pages.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.10h |
| 04/17/2017 | 🕐 | Review letter from County enclosing supplemental expert reports.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.10h |
| 04/13/2017 | 🕐 | Depo prep with family<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 5.40h |
| 04/10/2017 | 🕐 | Review ruling form Court re motion for reconsideration<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 2.10h |
| 04/04/2017 | 🕐 | Draft letter to County Counsel enclosing CVs of expert witnesses.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.10h |
| 04/04/2017 | 🕐 | Read and highlight expert reports from county, Teleconference with experts re reports.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 3.60h |
| 04/03/2017 | 🕐 | Review letter from County enclosing Dr. Minns case list and review cases.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.30h |
| | | | | | **565.60h** |

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 03/29/2017 | 🕐 | Review letter from County enclosing expert reports.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.10h |
| 03/28/2017 | 🕐 | Final review of nursing report.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 2.00h |
| 03/24/2017 | 🕐 | Review expert report. Teleconference with expert re edits.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 4.30h |
| 03/23/2017 | 🕐 | Review expert report. Teleconference with expert.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 2.30h |
| 03/13/2017 | 🕐 | Call with expert.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 1.20h |
| 03/10/2017 | 🕐 | Review file and make notes for Dr. Falgiani report.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 2.80h |
| 03/10/2017 | 🕐 | Review and edit subpoena for deposition of Chris White.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.10h |
| 03/07/2017 | 🕐 | Emails re upcoming deps.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.30h |
| 03/02/2017 | 🕐 | Attend and take Harris deposition.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 5.40h |

**565.60h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | | Diego | | |
| 03/01/2017 | 🕐 | Draft letter to expert broker enclosing CD of case files and retainer check.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.10h |
| 02/28/2017 | 🕐 | Take Bautista and Llamado depo.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 8.50h |
| 02/27/2017 | 🕐 | Continue Prep for depositions.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 4.30h |
| 02/26/2017 | 🕐 | Prepare for Harris deposition.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 5.80h |
| 02/23/2017 | 🕐 | Teleconference with expert broker re potential emergency room expert.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.50h |
| 02/23/2017 | 🕐 | Review Llamado evidence and prepare outline for deposition; compile exhibits.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 7.70h |
| 02/21/2017 | 🕐 | Review Bautista evidence; compare timelines with master, medical records, and incident reports.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 3.50h |

**565.60h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 02/20/2017 | 🕐 | Review Richard LIchten's retainer.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.60h |
| 11/22/2016 | 🕐 | Attend ENE.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 4.10h |
| 11/22/2016 | 🕐 | Review minute order from ENE and CMC.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.20h |
| 11/21/2016 | 🕐 | Prepare for ENE with Judge Schopler.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 2.10h |
| 11/14/2016 | 🕐 | Call with Erica M, discuss same with team.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.60h |
| 11/08/2016 | 🕐 | Meet with Clients.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 4.30h |
| 11/04/2016 | 🕐 | Review Initial Disclosures.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.20h |
| 11/02/2016 | 🕐 | Edit Report of Rule 26 Meeting<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 1.00h |
| 11/02/2016 | 🕐 | Rule 26 Meeting at Jim's office.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 1.50h |

**565.60h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 11/02/2016 | 🕐 | Review Order Granting Defendants' Ex Parte to Appear Telephonically at ENE.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.10h |
| 11/01/2016 | 🕐 | Review fax from Global Funding requesting case update.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.10h |
| 11/01/2016 | 🕐 | Review case notes and draft ENE Brief.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 5.90h |
| 10/24/2016 | 🕐 | Teleconference with Anna and family, Vince Renda<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.50h |
| 10/21/2016 | 🕐 | Review Edge transcript.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 3.30h |
| 10/19/2016 | 🕐 | Review Defendants' Ex Parte to Appear Telephonically at ENE and Teleconference with Jim.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.30h |
| 10/19/2016 | 🕐 | Review minute order setting ENE with Judge Schopler.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.10h |
| 10/13/2016 | 🕐 | Draft/review rule 26 report, make edits<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 4.30h |
| 10/10/2016 | 🕐 | Amend Joint Prosecution, email to | 00085-Sandoval | Christopher | 0.20h |

**565.60h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | Vince Renda.<br>🟡 Non-billable | Sandoval v. County of San Diego | Morris | |
| 10/07/2016 | 🕐 | Teleconference with RN enforcement unit and draft letter to board of nursing.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 1.70h |
| 10/03/2016 | 🕐 | Review minute entry transferring matter to Magistrate Schopler.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.10h |
| 09/16/2016 | 🕐 | Review Andrade transcript.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 3.30h |
| 09/15/2016 | 🕐 | Review Chavez transcript.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 2.80h |
| 09/01/2016 | 🕐 | Emails with Vince re ENE and call with Jim Chapin.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.40h |
| 09/01/2016 | 🕐 | Review Notice setting ENE and Case Management Conference.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.50h |
| 08/25/2016 | 🕐 | Review Answer with Dani.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.80h |
| 08/24/2016 | 🕐 | Review answer from defendants, email with Vince re status<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.30h |
| | | | | | **565.60h** |

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|---|---|---|---|---|---|
| 08/10/2016 | 🕐 | Teleconference with Client re discipline.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.20h |
| 08/09/2016 | 🕐 | Teleconference with Courthouse News re order.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.50h |
| 08/09/2016 | 🕐 | Teleconference with client re ruling and status<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.60h |
| 08/05/2016 | 🕐 | Review Order on Motion to Dismiss.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 1.20h |
| 07/26/2016 | 🕐 | Review file for status, Teleconference with Vince, review funding agreement.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.60h |
| 07/21/2016 | 🕐 | Review and execute client funding agreement.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.20h |
| 07/13/2016 | 🕐 | Teleconference with Anna re funding.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.30h |
| 07/12/2016 | 🕐 | Teleconference with case funding company.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.60h |
| 07/06/2016 | 🕐 | Review DeGuzman transcript. | 00085-Sandoval Sandoval v. County of San | Christopher Morris | 3.80h |

**565.60h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | 🟡 Non-billable | Diego | | |
| 06/17/2016 | 🕐 | Review Minute Order vacating hearing on Motion to Dismiss; discuss with Dani.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.20h |
| 06/14/2016 | 🕐 | Review Reply to Motion to Dismiss and discuss with Dani.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 1.00h |
| 05/31/2016 | 🕐 | Meeting wth Vince Renda re strategy and discovery plan.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 1.00h |
| 05/27/2016 | 🕐 | Teleconference with Vince Renda re status, review opposition with Dani. Research re claim statute.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 3.20h |
| 05/25/2016 | 🕐 | Teleconference with Vince re status.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.30h |
| 05/23/2016 | 🕐 | Teleconference with Ronnie Jr.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.40h |
| 05/09/2016 | 🕐 | Meeting with Vince and client.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 3.20h |
| 05/06/2016 | 🕐 | Research applicable standard. Teleconference with other civil rights lawyers re same. | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 2.80h |

**565.60h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | 🟡 Non-billable | | | |
| 05/05/2016 | 🕐 | Review county 12b6. Review rulings by Lewis and applicability. Research doe issue.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 5.90h |
| 05/02/2016 | 🕐 | Meet with boys and Rosa re retainer.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 1.10h |
| 05/02/2016 | 🕐 | Review all Notices of Appearance for Federal Court<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.20h |
| 05/02/2016 | 🕐 | Discuss appearance of counsel with Vince Renda; formalize joint prosecution.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 1.00h |
| 04/29/2016 | 🕐 | TC with Jim Chapin re removal.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.50h |
| 04/28/2016 | 🕐 | TC with Dani re removal, review pleading, TC with Vince. TC with client.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 2.30h |
| 04/22/2016 | 🕐 | Review deposition notices.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.40h |
| 04/21/2016 | 🕐 | Review produced documents and meeting re discovery plan. | 00085-Sandoval<br>Sandoval v. County of San | Christopher Morris | 3.60h |
| | | | | | **565.60h** |

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | 🟡 Non-billable | Diego | | |
| 04/20/2016 | 🕐 | Review email from Donna to County Counsel attaching Anna Declaration and Application for GAL.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.10h |
| 04/20/2016 | 🕐 | Review documents from client. Review subpoena production. TC with Vince Renda re upcoming tasks.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 3.90h |
| 04/19/2016 | 🕐 | TC with Ronnie re AS as successor in interest and media.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.50h |
| 04/19/2016 | 🕐 | Review emails between Dani and Vince regarding death certificate and 377 declaration.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.10h |
| 04/19/2016 | 🕐 | Discuss RFP #4 with Vince. Review evidence and trial strategy.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 5.00h |
| 04/15/2016 | 🕐 | Meet with team.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 2.40h |
| 04/14/2016 | 🕐 | Travel to and take depo of Andrade. Meet with Vince re tasks. Research re discipline.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 7.60h |

**565.60h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 04/12/2016 | 🕐 | TC with expert re questions for Andrade.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.90h |
| 04/11/2016 | 🕐 | Review County's expert designation. Discuss designation with medical expert and research re Geller.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 2.50h |
| 04/08/2016 | 🕐 | TC with Gustin to review provided materials.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 1.80h |
| 04/07/2016 | 🕐 | Review expert designation.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.30h |
| 04/05/2016 | 🕐 | Review all video and documentary evidence related to Andrade.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 6.20h |
| 03/30/2016 | 🕐 | Emails with Vince Renda regarding deposition of Cesar Costa.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.20h |
| 03/30/2016 | 🕐 | Review amended pleadings<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 1.00h |
| 03/28/2016 | 🕐 | TC with ER expert and consultant. Research causation issue and CA standard.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 2.40h |

**565.60h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 03/28/2016 | 🕐 | TC with experts, emails with Vince<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 2.00h |
| 03/26/2016 | 🕐 | TC with experts. TC with Vince Renda and Dani re same.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 1.20h |
| 03/26/2016 | 🕐 | Review email from Vince Renda to County enclosing acknowledgement forms for new defendants.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.10h |
| 03/26/2016 | 🕐 | Emails with Vince Renda regarding expert designation.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.10h |
| 03/25/2016 | 🕐 | Several TCs with RN experts.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 1.60h |
| 03/24/2016 | 🕐 | Emails with Vince<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.30h |
| 03/23/2016 | 🕐 | Discussion with EMT re proper procedure<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 1.00h |
| 03/21/2016 | 🕐 | TC with a medical expert.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 1.00h |
| 03/18/2016 | 🕐 | Review and edit letter from Vince Renda to new defendants. | 00085-Sandoval<br>Sandoval v. County of San | Christopher Morris | 1.20h |

**565.60h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | 🟡 Non-billable | Diego | | |
| 03/18/2016 | 🕐 | Review RFP and letter<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.40h |
| 03/16/2016 | 🕐 | Review emails between Vince and County Counsel regarding depositions and site inspection.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.20h |
| 03/15/2016 | 🕐 | Prepare for, and travel to Shawcroft depo, Take Shawcraoft depo<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 5.70h |
| 03/14/2016 | 🕐 | Attend to scheduling, prepare for Shawcroft deposition. Discussion with Dani.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 2.40h |
| 03/04/2016 | 🕐 | TC with AS re hearing and next steps.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.60h |
| 03/04/2016 | 🕐 | Prep for and argue at hearing.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 1.60h |
| 03/03/2016 | 🕐 | Review tentative, prepare for hearing. Discuss Castro depo with Dani.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 2.50h |
| 02/29/2016 | 🕐 | TC with Vince, prep for depo/ | 00085-Sandoval | Christopher | 2.90h |

**565.60h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | review relevant videos with Dani<br>🟡 Non-billable | Sandoval v. County of San Diego | Morris | |
| 02/26/2016 | 🕐 | Review and analyze: Edit Reply to Motion for Leave to Amend and discuss with Dani and Vince<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 1.40h |
| 02/25/2016 | 🕐 | Review motion, research issues in motion, emails With Vince<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 4.00h |
| 02/24/2016 | 🕐 | Prepare and Take depo of Edge<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 4.50h |
| 02/23/2016 | 🕐 | Review email from Vince to Jim Chapin regarding depositions.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.10h |
| 02/23/2016 | 🕐 | Take depos of Deguzman and Chavez, prepare for Edge depo, review motion form county, outline response<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 10.30h |
| 02/22/2016 | 🕐 | Review file, review exhibits, listen to tape of Deguzman audio interview in prep for depo; discuss with Dani<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 4.80h |
| 02/17/2016 | 🕐 | Review videos of the intake process. Make updates timeline.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 6.30h |

**565.60h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 02/11/2016 | 🕐 | Review emails re amended complaint, review motion; TC with Dani<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 2.30h |
| 02/08/2016 | 🕐 | Review Motion for Leave; edits<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 2.10h |
| 02/02/2016 | 🕐 | Review emails re depositions<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.30h |
| 02/01/2016 | 🕐 | Email to Jim Chapin re Amended Complaint.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.40h |
| 02/01/2016 | 🕐 | Draft GAL.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.20h |
| 01/29/2016 | 🕐 | Review amended complaint, edit same<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 4.70h |
| 01/25/2016 | 🕐 | Attend Castro depo<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 2.00h |
| 01/24/2016 | 🕐 | Prep Castro for depo; TC with Anna Sandoval<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 1.80h |
| 01/20/2016 | 🕐 | Emails with schedule<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Christopher Morris | 0.30h |

**565.60h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 01/18/2016 | 🕐 | Discussion: Meet with Dani regarding progress of discovery review.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 1.00h |
| 01/12/2016 | 🕐 | Draft Ex Parte to Continue Trial Dates in State Court. Conduct legal research re our good cause. Discuss with Dani and Client.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 4.60h |
| 01/12/2016 | 🕐 | Review emails and order<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.50h |
| 01/11/2016 | 🕐 | Meeting with Vince, go over docs and assignments<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 2.30h |
| 12/23/2015 | 🕐 | Emails with Vince Renda regarding; discussion w Dani<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.30h |
| 12/23/2015 | 🕐 | Travel and attend ex parte<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 2.00h |
| 12/22/2015 | 🕐 | Meeting with Vince, TC witness Castro<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 2.30h |
| 12/20/2015 | 🕐 | Discussion: TC with Dani re research and ex parte to amend<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.80h |

**565.60h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 12/16/2015 | 🕐 | TC with Vince Renda, TE with Jim Chapin, discuss ex parte application with Dani<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 2.30h |
| 12/15/2015 | 🕐 | Review and analyze: Review the draft joint prosecution agreement; make edits<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 0.60h |
| 12/15/2015 | 🕐 | Meeting with VR, go over legal issues, plan out strategy, discuss with client<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 5.00h |
| 12/14/2015 | 🕐 | Review file and pleadings, TC with Jim Chapin<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 2.90h |
| 12/09/2015 | 🕐 | Discussion: Talk with DRP re her research and state of the law; phone call with VR<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 1.30h |
| 12/08/2015 | 🕐 | Initial meeting with VR re-associating in the case<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Christopher Morris | 3.30h |

**565.60h**

EXHIBIT 3

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 04/03/2025 | 🕐 | Draft Bill of Costs.<br>● Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.90h |
| 04/02/2025 | 🕐 | Work on Motion for Attorney Fees.<br>● Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 1.00h |
| 04/01/2025 | 🕐 | Work on costs and gather supporting documents.<br>● Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 1.80h |
| 03/24/2025 | 🕐 | Look for cites for Opposition to Motion for New Trial, finalize, file, and serve.<br>● Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 2.50h |
| 03/11/2025 | 🕐 | Process Motion for New Trial and confer with Dani on opposition date.<br>● Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.30h |
| 02/24/2025 | 🕐 | Call Court for hearing date. Work on Motion for Attorney Fees and Bill of Costs. Format, finalize, and file.<br>● Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 4.50h |
| 02/20/2025 | 🕐 | Draft declaration of Julia Yoo.<br>● Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.40h |
| 02/19/2025 | 🕐 | Call to Judge Benitez chambers regarding Joint Motion to Continue Time for Motion for Attorney Fees.<br>● Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.10h |

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 02/12/2025 | 🕐 | Process and File Joint Motion to Continue Time for Motion for Attorney Fees.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.30h |
| 07/09/2024 | 🕐 | Process Reply to Rule 50 Motion<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.10h |
| 06/21/2024 | 🕐 | Process filed Opposition to Defendants' Rule 50 Motion.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.10h |
| 06/20/2024 | 🕐 | Format, finalize, and file Opposition to Rule 50 Motion<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 3.10h |
| 06/20/2024 | 🕐 | Review trial transcript for evidence for Opposition to Rule 50 Motion, assist Dani re Opposition.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 2.30h |
| 06/05/2024 | 🕐 | Review Order Granting Joint Motion re Rule 50 briefing and update calendar.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.20h |
| 06/04/2024 | 🕐 | Draft Joint Motion to Continue Deadlines on Rule 50 Motion.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.90h |
| 05/29/2024 | 🕐 | Process Defendants' Rule 50 Briefing<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.10h |

**161.30h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 04/30/2024 | 🕐 | Work on Bill of Costs.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.50h |
| 04/30/2024 | 🕐 | Email Ronnie trial transcripts.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.10h |
| 04/25/2024 | 🕐 | Review minute order setting Rule 50 deadlines and calendar.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.20h |
| 04/25/2024 | 🕐 | Attend court for welcoming jury and answering questions.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 1.70h |
| 04/24/2024 | 🕐 | Prepare for and attend trial.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 3.00h |
| 04/23/2024 | 🕐 | Format, finalize, and file additional jury instructions.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.20h |
| 04/23/2024 | 🕐 | Prepare for trial.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 6.00h |
| 04/22/2024 | 🕐 | Draft Declaration regarding Code Blue Policy. Prepare for and attend trial.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 4.70h |
| 04/19/2024 | 🕐 | Prepare for and attend trial.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 4.50h |
| | | | | | **161.30h** |

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 04/18/2024 | 🕐 | Prepare for and attend trial.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 2.20h |
| 04/17/2024 | 🕐 | Prepare for and attend trial.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 2.40h |
| 04/16/2024 | 🕐 | Prepare for and attend beginning of trial Day 2.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 2.90h |
| 04/15/2024 | 🕐 | Prepare for and attend trial.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 6.50h |
| 04/12/2024 | 🕐 | Prepare for trial.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 7.50h |
| 04/11/2024 | 🕐 | Email with Gwen regarding trial attendance and meeting with Joe.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.10h |
| 04/10/2024 | 🕐 | Coordinate exhibits.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.80h |
| 04/08/2024 | 🕐 | Email Expert Gwen and track down deposition transcript from Thomas matter and email to Joe; review prior depo testimony; discuss concerns with Joe.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 1.70h |
| 04/08/2024 | 🕐 | Generate and download transcripts | 00085-Sandoval | Leanna | 1.20h |

**161.30h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | of audio files.<br>🟡 Non-billable | Sandoval v. County of San Diego | Pierce | |
| 04/05/2024 | 🕐 | Format, finalize, and file Proposed Joint Jury Instructions.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.60h |
| 04/05/2024 | 🕐 | Calls to counsel for deposition transcripts of experts. Draft Joint Motion to Withdraw documents.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 1.30h |
| 04/04/2024 | 🕐 | Call with Ellen Riebeck and Dr. Falgiani regarding trial appearance.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.60h |
| 04/02/2024 | 🕐 | Review minute order regarding Jury Instructions<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.10h |
| 04/02/2024 | 🕐 | Prepare binders.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 3.40h |
| 04/01/2024 | 🕐 | Confer with JMM and work on draft of Ex Parte Motion to Dismiss<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 1.10h |
| 04/01/2024 | 🕐 | Review videos and reports for reference to time Paramedics were called<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 1.60h |
| 03/29/2024 | 🕐 | Emails with Expert Gwen regarding | 00085-Sandoval | Leanna | 0.10h |

**161.30h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|---|---|---|---|---|---|
| | | trial.<br>🟡 Non-billable | Sandoval v. County of San Diego | Pierce | |
| 03/28/2024 | 🕐 | Update spreadsheet re service of trial subpoenas.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.40h |
| 03/27/2024 | 🕐 | Emails regarding setting up call with Dr. Falgiani.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.10h |
| 03/26/2024 | 🕐 | Confirm trial exhibits.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.30h |
| 03/25/2024 | 🕐 | Prepare trial subpoenas for Defendants.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.10h |
| 03/22/2024 | 🕐 | Emails regarding Dr. Falgiani's trial appearance.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.10h |
| 03/11/2024 | 🕐 | Process POS on Trial Subpoenas.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.10h |
| 03/07/2024 | 🕐 | Call from John Trunick regarding subpoena.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.20h |
| 03/04/2024 | 🕐 | Locate witnesses for trial subpoenas.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.60h |

**161.30h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 02/29/2024 | 🕐 | Work on Trial Subpoenas, send out for service, confirm all witnesses are accounted for.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.80h |
| 02/28/2024 | 🕐 | Emails with expert. Work on trial subpoenas for new trial date.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.60h |
| 02/23/2024 | 🕐 | Prepare updated trial subpoenas.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.70h |
| 02/21/2024 | 🕐 | Review Minute Order setting new trial date and calendar.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.10h |
| 02/21/2024 | 🕐 | Process Notice of Withdrawal of Kish and Lanham and designating Blaylock as lead attorney and email to Joe and Dani.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.30h |
| 02/20/2024 | 🕐 | Emails with Gwen regarding availability. Prepare calendar with unavailable dates.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.40h |
| 01/29/2024 | 🕐 | Review order continuing scheduling conference and update calendar.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.10h |
| 01/17/2024 | 🕐 | Review minute order vacating trial date and update calendar. | 00085-Sandoval Sandoval v. County of San | Leanna Pierce | 0.40h |

**161.30h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | 🟡 Non-billable | Diego | | |
| 01/17/2024 | 🕐 | Work on Trial Subpeonas<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.20h |
| 01/16/2024 | 🕐 | Work on tracking down witnesses for service of trial subpoenas.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 2.30h |
| 01/16/2024 | 🕐 | Emails with Gwen and Joe regarding expert documents. Calls to Kevin at Rieback regarding Falgiani updated documents.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.10h |
| 01/15/2024 | 🕐 | Identify Non-Produced Exhibits; send Email; Update Exhibit Binders<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 1.70h |
| 01/11/2024 | 🕐 | Emails with Gwen and Joe regarding expert CV, etc. Review Defendants' Trial Exhibits.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 2.30h |
| 01/10/2024 | 🕐 | Prepare trial exhibit binders for Dani. Cross reference county exhibits.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 5.10h |
| 01/10/2024 | 🕐 | Prepare set of trial exhibit binders for Dani.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.10h |
| | | | | | **161.30h** |

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 01/08/2024 | 🕐 | Call to set up zoom meeting with expert. Finalize trial subpoenas and serve on County witnesses.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 1.50h |
| 01/05/2024 | 🕐 | Prepare trial subpoenas.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 1.10h |
| 12/21/2023 | 🕐 | Draft Trial Subpoenas<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.30h |
| 12/13/2023 | 🕐 | Coordinate Zoom Meeting with clients.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.10h |
| 12/08/2023 | 🕐 | Process filed Pretrial Documents.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.10h |
| 12/07/2023 | 🕐 | Format, finalize, and file proposed voir dire questions<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.60h |
| 12/07/2023 | 🕐 | Format, finalize, and file Proposed Jury Instructions.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.90h |
| 12/05/2023 | 🕐 | Meeting with Joe and Dani regarding jury instructions.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 2.70h |
| 11/29/2023 | 🕐 | format jury instructions<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San | Leanna Pierce | 0.60h |

**161.30h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | | Diego | | |
| 11/07/2023 | 🕐 | Prepare table for trial subpoenas.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Leanna<br>Pierce | 0.90h |
| 11/06/2023 | 🕐 | Trial meting with Joe.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Leanna<br>Pierce | 1.40h |
| 08/28/2023 | 🕐 | Email with expert regarding new<br>trial date.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Leanna<br>Pierce | 0.10h |
| 08/14/2023 | 🕐 | Finalize and file replies to MILs.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Leanna<br>Pierce | 2.60h |
| 08/07/2023 | 🕐 | Finalize and file Oppositions to<br>Defendants' MILs.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Leanna<br>Pierce | 5.20h |
| 08/07/2023 | 🕐 | Research issue on Experts CV and<br>email letter to Joe and DRP<br>previously enclosing the CVs.<br>Process order regarding trial and<br>update calendar.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Leanna<br>Pierce | 3.00h |
| 08/04/2023 | 🕐 | Review Minute Order granting<br>motion for jury trial and setting trial<br>and calendar dates.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San<br>Diego | Leanna<br>Pierce | 0.50h |
| 08/04/2023 | 🕐 | Emails with experts regarding trial<br>dates. | 00085-Sandoval<br>Sandoval v. County of San | Leanna<br>Pierce | 0.10h |
| | | | | | **161.30h** |

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | 🟡 Non-billable | Diego | | |
| 08/03/2023 | 🕐 | Listen to recorded interview of DeGuzman; take notes for Dani. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 2.00h |
| 07/26/2023 | 🕐 | Email experts regarding new trial date. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.20h |
| 07/25/2023 | 🕐 | Process filed Motions in Limine. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.20h |
| 07/24/2023 | 🕐 | Finalize and file Plaintiffs' Motions in Limine 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 4.60h |
| 07/24/2023 | 🕐 | Review minutes from telephonic status conference and calendar deadlines. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.30h |
| 07/24/2023 | 🕐 | Format all Motions in Limine. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.90h |
| 07/23/2023 | 🕐 | Cite check all evidence for MILs. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 4.60h |
| 07/21/2023 | 🕐 | Assist with research re MIL re Geller. 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 2.70h |
| | | | | | **161.30h** |

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 07/20/2023 | 🕐 | Assist with research re Minns MIL.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 4.20h |
| 07/20/2023 | 🕐 | Emails with mediator's office regarding attendance at mediation.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.10h |
| 07/19/2023 | 🕐 | Prepare binder of expert reports for DRP.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.20h |
| 07/18/2023 | 🕐 | Review order setting telephonic conference and calendar.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.10h |
| 07/08/2023 | 🕐 | review and sign mediation docs<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.10h |
| 07/07/2023 | 🕐 | Calendar Mediation Deadlines.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.10h |
| 07/05/2023 | 🕐 | send MIL list to JM; discuss and strategize<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.90h |
| 02/07/2023 | 🕐 | Calendar dates from Pretrial Conference. Review local rules, chamber rules, and orders for any further specifics.<br>🟡 Non-billable | 00085-Sandoval<br>Sandoval v. County of San Diego | Leanna Pierce | 0.60h |
| 02/06/2023 | 🕐 | Review minute order from Final | 00085-Sandoval | Leanna | 0.40h |

**161.30h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| | | Pretrial Conference and calendar deadlines. <br> 🟡 Non-billable | Sandoval v. County of San Diego | Pierce | |
| 02/06/2023 | 🕐 | Attend Final Pretrial Conference. <br> 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 1.50h |
| 02/06/2023 | 🕐 | Prepare PTO Binder for Dani. Email experts with trial date. <br> 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 1.30h |
| 01/30/2023 | 🕐 | Format PTO and email to chambers. <br> 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.20h |
| 01/23/2023 | 🕐 | Format PTO. <br> 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.90h |
| 01/09/2023 | 🕐 | Revise PTO. <br> 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.10h |
| 01/05/2023 | 🕐 | Review discovery in case for possible supplements. <br> 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 1.00h |
| 12/22/2022 | 🕐 | Discussion with Joe re withdrawing motion to continue. <br> 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.20h |
| 12/21/2022 | 🕐 | File Joint Motion to Continue Fina Pretrial Conference. Email order. <br> 🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.30h |
| | | | | | **161.30h** |

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 12/21/2022 | 🕐 | Finalize Joint Motion to Continue PTC; Draft Proposed Order<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.60h |
| 12/08/2022 | 🕐 | Process notice of appearance for Joe.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.10h |
| 11/08/2022 | 🕐 | Review Notice setting Final Pretrial Conference and update calendar.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.30h |
| 11/08/2022 | 🕐 | Calendar Pretrial Conference date and calendar deadlines.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.50h |
| 10/13/2022 | 🕐 | Pull CDs from Depositions and Email Text Files to Trial Counsel<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.50h |
| 06/23/2022 | 🕐 | Finalize and file Opposition to Motion to Bifurcate.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 1.50h |
| 06/23/2022 | 🕐 | Draft of notice of firm name change and disassociation of Chris Morris.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.20h |
| 06/13/2022 | 🕐 | Review order on Joint Motion to extending time for briefing on County's Motion to Bifurcate and update calendar.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.10h |

**161.30h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 05/23/2022 | 🕐 | Review Minute Order setting dates for bifurcation briefing and calendar deadlines.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.20h |
| 03/14/2022 | 🕐 | Review minute order scheduling MSC and calendar deadlines.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.10h |
| 01/26/2022 | 🕐 | Review minute order setting deadlines for MSC and calendar deadlines.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.20h |
| 01/24/2022 | 🕐 | Review minute order from Appeal Mandate Hearing and calendar deadlines referenced.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.30h |
| 12/17/2021 | 🕐 | Review notice setting appeal mandate hearing and calendar.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.20h |
| 07/08/2021 | 🕐 | Review minute order setting Appeal Mandate Hearing and calendar date.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.20h |
| 07/16/2018 | 🕐 | File Appellate Brief<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 1.60h |
| 04/05/2018 | 🕐 | Review COA order and update calendar<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.50h |
| | | | | | **161.30h** |

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|------|------|-------------|--------|------|-----|
| 03/05/2018 | 🕐 | Review Scheduling Order on Appeal and calendar deadlines.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.50h |
| 01/24/2018 | 🕐 | Review Notice of Change of Hearing for Final Pretrial Conference and update calendar.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.50h |
| 10/23/2017 | 🕐 | Finalize and file pretrial disclosures.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 1.50h |
| 10/23/2017 | 🕐 | Calendar new dates based on Order Granting Joint Motion<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 1.00h |
| 08/14/2017 | 🕐 | Review amended scheduling order and update calendar.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 1.00h |
| 06/26/2017 | 🕐 | Finalize and file Opposition to Motion for Summary Judgment.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 7.50h |
| 06/16/2017 | 🕐 | Review minute order from Telephonic Status Conference and calendar date for next conference.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.10h |
| 06/01/2017 | 🕐 | Draft and file Notice of Change of Address.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.20h |

**161.30h**

# Activities Export

| Date | Type | Description | Matter | User | Qty |
|---|---|---|---|---|---|
| 11/23/2016 | 🕐 | Review minute order from ENE and CMC and calendar deadlines.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 1.00h |
| 11/02/2016 | 🕐 | Format and file Report of Rule 26 Meeting.<br>🟡 Non-billable | 00085-Sandoval Sandoval v. County of San Diego | Leanna Pierce | 0.80h |

**161.30h**

EXHIBIT 4

AO 133 (Rev. 07/24)  Bill of Costs

# UNITED STATES DISTRICT COURT

for the

## Southern District of California

| | | |
|---|---|---|
| Estate of Ronnie Paul Sandoval, et al. | ) | |
| v. | ) | Case No.:    16cv1004-BEN-SBC |
| County of San Diego, et al. | ) | |

## BILL OF COSTS

Judgment having been entered in the above entitled action on  <u>February 10, 2025</u>  against  <u>Defendants Dana Harris and Romeo DeGuzman</u>,
<div align="center">Date</div>

the Clerk is requested to tax the following as costs:

| | |
|---|---:|
| Fees of the Clerk  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ |
| Fees for service of summons and subpoena . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 2,679.39 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case . . . . . . | |
| Fees and disbursements for printing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Fees for witnesses *(itemize on page two)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 282.34 |
| Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 725.55 |
| Docket fees under 28 U.S.C. § 1923 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Costs as shown on Mandate of Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Compensation of court-appointed experts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. § 1828 . . . . | |
| Other costs *(please itemize)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 12,068.22 |
| TOTAL  $ | 15,755.50 |

*SPECIAL NOTE:*  Attach to your bill an itemization and documentation for requested costs in all categories.

---

### Declaration

    I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed.  A copy of this bill has been served on all parties in the following manner:

[✓] Electronic service      [ ] First class mail, postage prepaid

[ ] Other:  _____

s/ Attorney:  <u>s/ Danielle R. Pena</u>

Name of Attorney:  Danielle R. Pena

For:  <u>Plaintiff The Estate of Ronnie Sandoval</u>      Date:  April 4, 2025
<div align="center">Name of Claiming Party</div>

---

### Taxation of Costs

Costs are taxed in the amount of  _____  and included in the judgment.

By:  _____

<div align="center">Clerk of Court         Deputy Clerk         Date</div>

AO 133 (Rev. 07/24)  Bill of Costs

# UNITED STATES DISTRICT COURT

| Witness Fees (computation, cf. 28 U.S.C. § 1821 for statutory fees) | | | | | | | |
|---|---|---|---|---|---|---|---|
| | ATTENDANCE | | SUBSISTENCE | | TRAVEL | | Total Cost Each Witness |
| NAME , CITY AND STATE OF RESIDENCE | Days | Total Cost | Days | Total Cost | Expenses/ Miles | Total Cost | |
| Robert Shawcroft, Lakeside, California | 1 | 64.48 | | | | | $64.48 |
| Michael Castro | 1 | 39.52 | | | | | $39.52 |
| Shirley Bautista, Escondido, California (subpoenaed twice) | 2 | 178.34 | | | | | $178.34 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | TOTAL | $282.34 |

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
    "Before any bill of costs be taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
    "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
**RULE 54(d)(1)**

Costs Other than Attorneys' Fees.
    Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

**RULE 6**

(d) Additional Time After Certain Kinds of Service. When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a).

**RULE 58(e)**

Cost or Fee Awards:

    Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2),  the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

Print       Save As...

Reset

1   Danielle R. Pena, Esq., SBN 286002
    dpena@PHGLawGroup.com
2   PHG Law Group
    501 West Broadway, Suite 1480
3   San Diego, CA 92101
    Telephone:  (619) 826-8060
4   Facsimile:  (619) 826-8065

5   Joseph M. McMullen, Esq., SBN 246757
    joe@jmm-legal.com
6   Law Office of Joseph M. McMullen
    501 West Broadway, Suite 1510
7   San Diego, CA 92101
    Telephone:  (619) 501-2000
8   Facsimile:  (619) 615-2264

9   Attorneys for Plaintiff

10

11               UNITED STATES DISTRICT COURT

12            SOUTHERN DISTRICT OF CALIFORNIA

13   ESTATE OF RONNIE PAUL      Case No. 16cv1004-BEN-SBC
    SANDOVAL.
14                     **PLAINTIFFS' NOTICE OF**
           Plaintiff,         **APPLICATION OF BILL OF COSTS**
15
16           v.               Date:      April 22, 2025
                        Time:     11:00 a.m.
17   COUNTY OF SAN DIEGO;     Dept.:     Telephonic
           Defendants.
18

19

20

21

22

23

24

25

26

27

28

  NOTICE ON BILL OF COSTS               16CV1004-BEN-SBC

TO: DEFENDANTS AND TO THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on April 22, 2025, at 11:00 a.m., or as soon thereafter as the matter may be heard telephonically, Plaintiff The Estate of Ronnie Paul Sandoval, by and through their counsel of record PHG Law Group and Law Office of Joseph M. McMullen will move the court for its Bill of Costs as the prevailing party.

The application is based upon this notice, the accompanying memorandum of costs and attachments thereto, the Declarations of Vincent Renda and Danielle R. Pena and the Bill of Costs.

**PHG Law Group**

Dated:  April 4, 2025

s/ *Danielle R. Pena*
Danielle R. Pena, Esq.
Attorneys for Plaintiff

NOTICE ON BILL OF COSTS                           16CV1004-BEN-SBC

1  Danielle R. Pena, Esq., SBN 286002
   dpena@PHGLawGroup.com
2  PHG Law Group
   501 West Broadway, Suite 1480
3  San Diego, CA 92101
   Telephone:  (619) 826-8060
4  Facsimile:   (619) 826-8065

5  Joseph M. McMullen, Esq., SBN 246757
   joe@jmm-legal.com
6  Law Office of Joseph M. McMullen
   501 West Broadway, Suite 1510
7  San Diego, CA 92101
   Telephone:  (619) 501-2000
8  Facsimile:   (619) 615-2264

9  Attorneys for Plaintiff

10

11                   UNITED STATES DISTRICT COURT

12                SOUTHERN DISTRICT OF CALIFORNIA

13  ESTATE OF RONNIE PAUL          Case No. 16cv1004-BEN-SBC
    SANDOVAL.
14                                 **PLAINTIFFS' MEMORANDUM OF**
              Plaintiff,           **POINTS AND AUTHORITIES IN**
15                                 **SUPPORT OF BILL OF COSTS**

16       v.
                                   Date:
17  COUNTY OF SAN DIEGO;           Time:
                                   Dept.:
18            Defendants.          Judge:      Hon. Roger T. Benitez

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF BILL OF COSTS                    16CV1004-BEN-SBC

1  Plaintiff The Estate of Ronnie Paul Sandoval, through its attorneys of
2  records, submits this Memorandum of Costs in support of their concurrently filed
3  Bill of Costs.

4  This Memorandum is in support of costs for items specifically allowed
5  pursuant to 42 U.S.C. Section 1988, Federal Rule of Civil Procedure 54(d)(l) and
6  Southern District of California Local Civil Rule 54.1. All supporting documents
7  are attached hereto. The following costs are hereby respectfully submitted:

8  ## I.

9  ## PLAINTIFF IS THE PREVAILING PARTY AND SHOULD BE AWARDED
10  ## COSTS PURSUANT TO UNDER FEDERAL RULE OF CIVIL
11  ## PROCEDURE 54

12  On February 10, 2025, the Hon. Roger T. Benitez signed and entered the
13  Amended Judgment in this case which set forth an enforceable judgment for
14  $1,800,000 against Defendants Dana Harris and Romeo DeGuzman and in favor of
15  Plaintiff Estate of Ronnie Paul Sandoval.

16  A "prevailing party" for costs award purposes is the party who prevails on a
17  substantial part of the litigation. Fed. R. Civ. P. 54(d); *San Diego Police Officers;*
18  *Ass'n v. San Diego City Employees' Retirement System,* 568 F.3d 725, 741-41
19  (2009). Under Federal Rule of Civil Procedure 54(d)(1), costs are awarded to the
20  prevailing party "as of course." *Radio Television Espanola S.A. v. New World*
21  *Entertainment, Ltd.,* 183 F.3d 922 (1999).

22  Plaintiff, therefore, is the prevailing party and entitled to recover costs under
23  Federal Rule of Civil Procedure 54(d) and Civil Local Rule 54.l(a).

24  ## II.

25  ## COSTS TO BE RECOVERED AS OF COURSE

26  **1.    Fees for Service of Process**

27  Plaintiff incurred the costs below associated with service of process of trial
28  subpoenas for witnesses they it anticipated it would call at trial. There were

2

multiple attempts at multiple addresses for some witnesses. Additionally, trial subpoenas were prepared and sent out in the beginning of January of 2024 for the initial trial date of February 5, 2024. Plaintiffs' trial subpoenas were served again a second time for the April 15, 2024, trial date. The Court then vacated the February 4, 2024, trial date on January 17, 2024. Plaintiff incurred a total of $2,679.39 for service of process of trial subpoenas. The invoices for service of process of trial subpoenas are attached hereto as Exhibit 1.

| Witness | Amount |
|---|---|
| Trial Subpoena on Leonard Rodriguez | $120.50 |
| Trial Subpoena on Michael Bryan | $123.00 |
| Trial Subpoena on Jonathan Atkinson | $133.00 |
| Trial Subpoena on Kyle Westbrook | $120.50 |
| Trial Subpoena on Kyle Westbrook | $121.00 |
| Trial Subpoena on Kyle Westbrook | $178.00 |
| Trial Subpoena on Kyle Westbrook | $178.00 |
| Trial Subpoena on Michael Bryan | $130.50 |
| Trial Subpoena on Shirley Bautista | $183.00 |
| Trial Subpoena on Shirley Bautista | $183.00 |
| Trial Subpoena on John Trunick | $140.50 |
| Trial Subpoena on John Trunick | $243.00 |
| Trial Subpoena on Robert Shawcroft | $145.50 |
| Trial Subpoena on Robert Shawcroft | $148.00 |
| Trial Subpoena on Leonard Rodriguez | $120.50 |
| Trial Subpoena on Shirley Bautista | $270.89 |
| Trial Subpoena on Carlos Estolano | $140.50 |
| Total | $2,679.39 |

MEMORANDUM ON BILL OF COSTS                    16CV1004-BEN-SBC

## 2.    Fees Incident to Transcripts – Trial Transcripts

Plaintiff does not seek to recover costs for trial transcripts as these costs are not allowable. No trial transcripts were ordered by the Court or stipulated by the parties as a recoverable cost.

## 3.    Depositions

Pursuant to Federal Rule of Civil Procedure 54 and Local Civil Rule 54.1, deposition and costs incurred in connection with taking depositions are recoverable as costs.  Each of these depositions were necessarily obtained and used for trial. Counsel incurred a total of $10,670.26 in expenses associated with deposition. Available invoices for the deposition transcripts are attached hereto as Exhibit 2.

| Deponent | Amount |
|---|---|
| Michael Castro | $602.69 |
| Ronnie Sandoval, III | $375.00 |
| Josiah Rodriguez | $375.00 |
| Anna Sandoval | $450.20 |
| Shriley Bautista | $603.00 |
| Maria Llamado | $1,025.75 |
| Dana Harris | $1,570.40 |
| Henry Castro | $492.25 |
| Carlos Estolano | $793.05 |
| Chris White | $261.20 |
| Micheal Castro | $602.69 |
| Matthew Andrade | $669.22 |
| Romeo DeGuzman | $973.44 |
| Matthew Chavez | $408.86 |
| Nolan Edge | $711.55 |
| Robert Shawcroft | $755.96 |

4

| Total | $10,670.26 |
|-------|-----------|

### 4.   Witness Fees

Counsel incurred a total of $282.34 in witness fees.  The witness fees are reflected on the invoices for the trial subpoenas and attached hereto as Exhibit 1. The witness fees are also reflected on the Bill of Costs.

### 5.   Compensation for Court-Appointed Experts

Not applicable.

### 6.   Exemplification and Copies of Papers

Pursuant to Federal Rule of Civil Procedure 54 and Local Civil Rule 54.1, copies of Court exhibits are recoverable costs.  Counsel incurred $725.55 for photocopying and tabs though Copyscan for trial exhibit binders for the Court. Attached hereto as Exhibit 3 are true and correct copies of the Copyscan invoices.

### 7.   Maps, Charts, Models, Photographs, Summaries, Computations, and Statistical Summaries

Plaintiff is not claiming any fees for Maps, Charts, Models, Photographs, Summaries, Computations, and Statistical Summaries as Counsel did not use any of the aforementioned items at trial.

### 8.   Fees to Masters, Receivers and Commissioners

Plaintiff is not claiming any fees for Masters, Receivers and Commissioners as there were no fees to any Masters, Receivers, and/or Commissioners were used in this matter.

### 9.   Premiums on Undertakings, Bonds or Security Stipulations

Plaintiff is not claiming any fees for Undertakings, Bonds, or Security Stipulations as there were no premiums for undertakings, bonds, or security stipulated incurred in this matter.

5

1

## 10.    Removed Cases

Pursuant to Federal Rule of Civil Procedure 54 and Local Civil Rule 54.1, costs incurred in the State Court prior to removal are recoverable. Counsel incurred $765.00 in costs paid to the State Court. Counsel includes a firm ledger for these items as well as the docket from the San Diego Superior Court. These law firm ledgers were kept in the ordinary and usual course of business at attached hereto as Exhibit 4. Counsel is certain, however, that each cost recorded and reflected on the ledger. (See and Declaration of Vincent Renda, ¶ 6, Exhibit A.)

| Description | Amount |
|---|---|
| Complaint Filing Fee (10/1/2014) | $435.00[1] |
| Jury Fee Deposit (2/13/2015) | $150.00[2] |
| Ex Parte Application (7/10/2015) | $60.00[3] |
| Ex Parte Application (12/22/2015) | $60.00[4] |
| Fee for Motion for Leave to Amend (2/8/2016) | $60.00 |
| Total | $765.00 |

---

[1] Due to the passage of time and changes in representation, Plaintiff is not in possession of the invoice paying this fee. However, it is reflected on the San Diego Superior Court docket and therefore was paid. A copy of the docket is attached hereto as Exhibit 4.

[2] Due to the passage of time and changes in representation, Plaintiff is not in possession of the invoice paying this fee. However, it is reflected on the San Diego Superior Court docket and therefore was paid. A copy of the docket is attached hereto as Exhibit 4.

[3] Due to the passage of time and changes in representation, Plaintiff is not in possession of the invoice paying this fee. However, it is reflected on the San Diego Superior Court docket and therefore was paid. A copy of the docket is attached hereto as Exhibit 4.

[4] Due to the passage of time and changes in representation, Plaintiff is not in possession of the invoice paying this fee. However, it is reflected on the San Diego Superior Court docket and therefore was paid. A copy of the docket is attached hereto as Exhibit 4.

6

### 11.    Admiralty

Plaintiff is not claiming any fees for Admiralty as there were no fees associated with admiralty incurred in this matter.

### 12.    Appeals

Pursuant to Federal Rule of Civil Procedure 54 and Local Civil Rule 54.1, Plaintiff can recover costs on appeal. Plaintiff successfully appealed the ruling on the Motion for Summary Judgment in this matter. Counsel incurred a total of $913.76 in expenses associated with the appeal. Plaintiff was awarded costs by the 9th Circuit Court of Appeals in the amount of $280.80 which were paid by Defendants. This amount is deducted from the below claimed costs. These expenses are identified below and attached hereto as Exhibit 5. Counsel includes a firm ledger for some of these items. The law firm ledger was kept in the ordinary and usual course of business. Counsel is certain, however, that each cost recorded and reflected on the ledger is accurate. (See and Declaration of Danielle R. Pena, ¶ XX.)

| Description | Amount |
|---|---|
| Appeal Filing Fee | $505.00 |
| Printing and Binding of Appellate Briefs | $365.87 |
| Copyscan | $36.96 |
| Copyscan | $5.93 |
| Costs Awarded by 9th Circuit | $-280.80 |
| Total | $632.96 |

MEMORANDUM ON BILL OF COSTS                        16CV1004-BEN-SBC

1  **III.**

2  **CONCLUSION**

3      Plaintiff has established he is the prevailing party.  Based on the jury's

4  verdict against Defendants Harris and DeGuzman awarding Plaintiff The Estate of

5  Ronnie Paul Sandoval $1,800,000 indicates Plaintiff prevailed on a substantial part

6  of the litigation.  Based on the foregoing, Plaintiff's seeks costs in the amount of

7  $16,037.

8                                  **PHG Law Group**

9  Dated:  April 4, 2025              s/ *Danielle R. Pena*

10                                 Danielle R. Pena, Esq.
                                Attorneys for Plaintiff

8

# EXHIBIT 1

**Nationwide Legal, LLC**
1609 James M Wood Blvd., Los Angeles, CA 90015
T (213) 249-9999   F (213) 249-9990
www.nationwideasap.com

**NATIONWIDE LEGAL**

| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| SD4161 | January 19, 2024 | SD167005 |

Bill To:
**PHG LAW GROUP**
**501 West Broadway Sutie 1480**
**San Diego, CA 92101**

**Leanna Pierce (CC on Invoices)**
**(619) 826-8060**
**lpierce@phglawgroup.com**
**REF: Estate of Ronnie Paul Sandoval**
**Case No: 16cv1004-BEN-SBC**
**POD Date: 1/19/2024**
**Danielle R. Pena, Esq**



Servee: **Leonard Rodriguez**
Court: **USDC/SOUTHERN DISTRICT OF CALIFORNIA**
Case: **Estate of Ronnie Paul Sandoval, et al. vs. County of San Diego**
Documents: **Subpoena To Appear and Testify at A Hearing or Trial In a Civil Action; Letter Dated January 16, 2024**

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Base Charge | | | 117.50 |
| PDF Page Count (Up to 200 pgs) | | | 3.00 |

**SCOPE OF PROJECT**
   Not Served
   Address: 202 Sweetwood St, # San Diego, CA 921144324
   Result: Not Served
   Completed on 1/19/2024 at 12:14 PM

| | TOTAL DUE | $ 120.50 |
|---|---|---|

Thank you for choosing Nationwide Legal, LLC!
For billing inquiries, please contact our Accounting Department at (213) 249-9999.

| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| SD4161 | January 19, 2024 | SD167005 |

Remit To:

**Nationwide Legal, LLC**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**

| TOTAL DUE: | $ 120.50 |
|---|---|

1. PLEASE INCLUDE INVOICE NUMBER ON PAYMENT.
2. MAKE CHECKS PAYABLE TO **Nationwide Legal, LLC**

Service Type: 033 - SPECIAL PROCESS  (IMMEDIATELY)          Order#:SD167005-01/INVOICEPa

**Nationwide Legal, LLC**
1609 James M Wood Blvd., Los Angeles, CA 90015
T (213) 249-9999   F (213) 249-9990
www.nationwideasap.com

 NATIONWIDE LEGAL

| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| SD4161 | March 16, 2024 | SD172397NA |

Bill To:
**PHG LAW GROUP**
**501 West Broadway Sutie 1480**
**San Diego, CA 92101**

**Leanna Pierce (CC on Invoices)**
**(619) 826-8060**
lpierce@phglawgroup.com
**REF: Estate of Ronnie Paul Sandoval**
**Case No: 16cv1004-BEN-SBC**
**POD Date: 3/15/2024**
**Danielle R. Pena, Esq**



Servee:  **Michael Bryan**
Court:  **USDC/SOUTHERN DISTRICT OF CALIFORNIA**
Case:  **Estate of Ronnie Paul Sandoval, et al. vs. County of San Diego**
Documents:  **Subpoena To Appear and Testify at A Hearing or Trial in a Civil Action; Letter Dated February 23, 2024**

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Base Charge | | | 120.00 |
| PDF Page Count (Up to 200 pgs) | 5.00 | .60 | 3.00 |
| | | | |
| **SCOPE OF PROJECT** | | | |
| Not Served | | | |
| Address: 4549 Clairemont Dr, # San Diego, CA 921175540 | | | |
| Result: Not Served | | | |
| Completed on 3/15/2024 at 4:57 PM | | **TOTAL DUE** | **$ 123.00** |

Thank you for choosing Nationwide Legal, LLC!
For billing inquiries, please contact our Accounting Department at (213) 249-9999.

| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| SD4161 | March 16, 2024 | SD172397NA |

Remit To:

**Nationwide Legal, LLC**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**

**TOTAL DUE:**   **$ 123.00**

1. PLEASE INCLUDE INVOICE NUMBER ON PAYMENT.
2. MAKE CHECKS PAYABLE TO **Nationwide Legal, LLC**

Service Type: 033 - SPECIAL PROCESS  (IMMEDIATELY)   Order#:SD172397NA-01/INVOICEPa

**Nationwide Legal, LLC**
1609 James M Wood Blvd., Los Angeles, CA 90015
T (213) 249-9999  F (213) 249-9990
www.nationwideasap.com

 **N**.NATIONWIDE LEGAL

| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| SD4161 | March 16, 2024 | SD172381 |

Bill To:
**PHG LAW GROUP**
**501 West Broadway Sutie 1480**
**San Diego, CA 92101**

**Leanna Pierce (CC on Invoices)**
**(619) 826-8060**
**lpierce@phglawgroup.com**
**REF: Estate of Ronnie Paul Sandoval**
**Case No: 16cv1004-BEN-SBC**
**POD Date: 3/16/2024**
**Danielle R. Pena, Esq**

Servee: Jonathan Atkinson
Court: USDC/SOUTHERN DISTRICT OF CALIFORNIA
Case: Estate of Ronnie Paul Sandoval, et al. vs. County of San Diego
Documents: Subpoena To Appear and Testify at A Hearing or Trial in a Civil Action; Letter Dated February 23, 2024

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Base Charge | | | 130.00 |
| PDF Page Count (Up to 200 pgs) | | | 3.00 |

SCOPE OF PROJECT
   Not Served
   Address: 1045 Paseo La Cresta, # Chula Vista, CA 919106731
   Result: Not Served
   Completed on 3/16/2024 at 4:13 PM

| | TOTAL DUE | $ 133.00 |
|---|---|---|

Thank you for choosing Nationwide Legal, LLC!
For billing inquiries, please contact our Accounting Department at (213) 249-9999.

| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| SD4161 | March 16, 2024 | SD172381 |

Remit To:

**Nationwide Legal, LLC**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**

| TOTAL DUE: | $ 133.00 |
|---|---|

1. PLEASE INCLUDE INVOICE NUMBER ON PAYMENT.
2. MAKE CHECKS PAYABLE TO **Nationwide Legal, LLC**

Service Type: 033 - SPECIAL PROCESS  (IMMEDIATELY)    Order#:SD172381-01/INVOICEPa

**Nationwide Legal, LLC**
1609 James M Wood Blvd., Los Angeles, CA 90015
T (213) 249-9999  F (213) 249-9990
www.nationwideasap.com

NATIONWIDE
LEGAL



| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| SD4161 | March 7, 2024 | SD172401NA1 |

Bill To:
**PHG LAW GROUP**
**501 West Broadway Sutie 1480**
**San Diego, CA 92101**

**Leanna Pierce (CC on Invoices)**
**(619) 826-8060**
**lpierce@phglawgroup.com**
**REF: Estate of Ronnie Paul Sandoval**
**Case No: 16cv1004-BEN-SBC**
**POD Date: 3/7/2024**
**Danielle R. Pena, Esq**

| | |
|---|---|
| Servee: | **Kyle C. Westbrook** |
| Court: | **USDC/SOUTHERN DISTRICT OF CALIFORNIA** |
| Case: | **Estate of Ronnie Paul Sandoval, et al. vs. County of San Diego** |
| Documents: | **Subpoena To Appear and Testify at A Hearing or Trial In a Civil Action; Letter Dated February 23, 2024** |

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Base Charge | | | 117.50 |
| PDF Page Count (Up to 200 pgs) | | | 3.00 |
| **SCOPE OF PROJECT** | | | |
| Not Served | | | |
| Address: 4725 Elsa Rd, # San Diego, CA 92120 | | | |
| Result: Not Served | | | |
| Completed on 3/7/2024 at 12:53 PM | | TOTAL DUE | $ 120.50 |

Thank you for choosing Nationwide Legal, LLC!
For billing inquiries, please contact our Accounting Department at (213) 249-9999.

| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| SD4161 | March 7, 2024 | SD172401NA1 |

Remit To:

**Nationwide Legal, LLC**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**

| TOTAL DUE: | $ 120.50 |
|---|---|

1. PLEASE INCLUDE INVOICE NUMBER ON PAYMENT.

2. MAKE CHECKS PAYABLE TO **Nationwide Legal, LLC**

Service Type: 033 - SPECIAL PROCESS  (IMMEDIATELY)     Order#:SD172401NA1-01/INVOICEPa

**Nationwide Legal, LLC**
1609 James M Wood Blvd., Los Angeles, CA 90015
T (213) 249-9999  F (213) 249-9990
www.nationwideasap.com



NATIONWIDE
LEGAL

| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| SD4161 | March 9, 2024 | SD172401NA2 |

Bill To:
**PHG LAW GROUP**
**501 West Broadway Sutie 1480**
**San Diego, CA 92101**

**Leanna Pierce (CC on Invoices)**
**(619) 826-8060**
**lpierce@phglawgroup.com**
**REF: Estate of Ronnie Paul Sandoval**
**Case No: 16cv1004-BEN-SBC**
**POD Date: 3/7/2024**
**Danielle R. Pena, Esq**

| | |
|---|---|
| Servee: | Kyle C. Westbrook |
| Court: | USDC/SOUTHERN DISTRICT OF CALIFORNIA |
| Case: | Estate of Ronnie Paul Sandoval, et al. vs. County of San Diego |
| Documents: | Subpoena To Appear and Testify at A Hearing or Trial in a Civil Action; Letter Dated February 23, 2024 |

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Base Charge | | | 112.50 |
| PDF Page Count (Up to 200 pgs) | | | 3.00 |
| Witness Fees | | | 55.00 |
| Check Charge | | | 5.50 |

**SCOPE OF PROJECT**
Servee: Kyle C. Westbrook
Address: 7680 Teebird Ln, # San Diego, CA 92123
Result: Personally Served
Completed on 3/7/2024 at 7:20 PM

| | |
|---|---|
| TOTAL DUE | $ 176.00 |

Thank you for choosing Nationwide Legal, LLC!
For billing inquiries, please contact our Accounting Department at (213) 249-9999.

| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| SD4161 | March 9, 2024 | SD172401NA2 |

Remit To:

**Nationwide Legal, LLC**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**

TOTAL DUE: | $ 176.00 |

1. PLEASE INCLUDE INVOICE NUMBER ON PAYMENT.
2. MAKE CHECKS PAYABLE TO **Nationwide Legal, LLC**

Service Type: 033 - SPECIAL PROCESS  (IMMEDIATELY)      Order#:SD172401NA2-01/INVOICEPa

**Nationwide Legal, LLC**
1609 James M Wood Blvd., Los Angeles, CA 90015
T (213) 249-9999  F (213) 249-9990
www.nationwideasap.com

NATIONWIDE LEGAL



| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| SD4161 | March 9, 2024 | SD172401 |

Bill To:
**PHG LAW GROUP**
**501 West Broadway Sutie 1480**
**San Diego, CA 92101**

**Leanna Pierce (CC on Invoices)**
**(619) 826-8060**
**lpierce@phglawgroup.com**
**REF: Estate of Ronnie Paul Sandoval**
**Case No: 16cv1004-BEN-SBC**
**POD Date: 3/9/2024**
**Danielle R. Pena, Esq**

| | |
|---|---|
| Servee: | **Kyle C. Westbrook** |
| Court: | **USDC/SOUTHERN DISTRICT OF CALIFORNIA** |
| Case: | **Estate of Ronnie Paul Sandoval, et al. vs. County of San Diego** |
| Documents: | **Subpoena To Appear and Testify at A Hearing or Trial in a Civil Action; Letter Dated February 23, 2024** |

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| **All Other Counties in California-Base** | | | **175.00** |
| **PDF Page Count (Up to 200 pgs)** | | | **3.00** |
| **SCOPE OF PROJECT**<br>   **Not Served**<br>   **Address: 34748 Ribbon Grass Way, #  Murrieta, CA 925631128**<br>   **Result: Not Served**<br>   **Completed on 3/9/2024 at 12:10 PM** | | | |
| | | **TOTAL DUE** | **$ 178.00** |

Thank you for choosing Nationwide Legal, LLC!
For billing inquiries, please contact our Accounting Department at (213) 249-9999.

| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| SD4161 | March 9, 2024 | SD172401 |

Remit To:

**Nationwide Legal, LLC**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**

| TOTAL DUE: | $  178.00 |
|---|---|

1. PLEASE INCLUDE INVOICE NUMBER ON PAYMENT.

2. MAKE CHECKS PAYABLE TO **Nationwide Legal, LLC**

Service Type: 033 - SPECIAL PROCESS  (IMMEDIATELY)     Order#:SD172401-01/INVOICEPa

**Nationwide Legal, LLC**
1609 James M Wood Blvd., Los Angeles, CA 90015
T (213) 249-9999  F (213) 249-9990
www.nationwideasap.com

NATIONWIDE
LEGAL

| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| SD4161 | March 9, 2024 | SD172401NA |

Bill To:
**PHG LAW GROUP**
**501 West Broadway Sutie 1480**
**San Diego, CA 92101**

**Leanna Pierce (CC on Invoices)**
**(619) 826-8060**
**lpierce@phglawgroup.com**
**REF: Estate of Ronnie Paul Sandoval**
**Case No: 16cv1004-BEN-SBC**
**POD Date: 3/9/2024**
**Danielle R. Pena, Esq**



Servee:  Kyle C. Westbrook
Court:  USDC/SOUTHERN DISTRICT OF CALIFORNIA
Case:  Estate of Ronnie Paul Sandoval, et al. vs. County of San Diego
Documents:  Subpoena To Appear and Testify at A Hearing or Trial in a Civil Action; Letter Dated February 23, 2024

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| All Other Counties in California-Base | | | 175.00 |
| PDF Page Count (Up to 200 pgs) | 5.00 | .60 | 3.00 |
| | | | |
| **SCOPE OF PROJECT** | | | |
| Not Served | | | |
| Address: 41658 Ivy St, #  Murrieta, CA 92562 | | | |
| Result: Not Served | | | |
| Completed on 3/9/2024 at 12:09 PM | | **TOTAL DUE** | **$ 178.00** |

Thank you for choosing Nationwide Legal, LLC!
For billing inquiries, please contact our Accounting Department at (213) 249-9999.

| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| SD4161 | March 9, 2024 | SD172401NA |

Remit To:

**Nationwide Legal, LLC**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**

**TOTAL DUE:**     **$  178.00**

1. PLEASE INCLUDE INVOICE NUMBER ON PAYMENT.
2. MAKE CHECKS PAYABLE TO **Nationwide Legal, LLC**

Service Type: 033 - SPECIAL PROCESS  (IMMEDIATELY)          Order#:SD172401NA-01/INVOICEPa

**Nationwide Legal, LLC**
1609 James M Wood Blvd., Los Angeles, CA 90015
T (213) 249-9999   F (213) 249-9990
www.nationwideasap.com



NATIONWIDE LEGAL

| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| SD4161 | March 9, 2024 | SD172397 |

Bill To:
**PHG LAW GROUP**
**501 West Broadway Sutie 1480**
**San Diego, CA 92101**

**Leanna Pierce (CC on Invoices)**
**(619) 826-8060**
**lpierce@phglawgroup.com**
**REF: Estate of Ronnie Paul Sandoval**
**Case No: 16cv1004-BEN-SBC**
**POD Date: 3/9/2024**
**Danielle R. Pena, Esq**

| | |
|---|---|
| Servee: | **Michael Bryan** |
| Court: | **USDC/SOUTHERN DISTRICT OF CALIFORNIA** |
| Case: | **Estate of Ronnie Paul Sandoval, et al. vs. County of San Diego** |
| Documents: | **Subpoena To Appear and Testify at A Hearing or Trial in a Civil Action; Letter Dated February 23, 2024** |

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Base Charge | | | 127.50 |
| PDF Page Count (Up to 200 pgs) | | | 3.00 |

**SCOPE OF PROJECT**
**Not Served**
Address: 1023 Neptune Dr, # Chula Vista, CA 919112422
Result: Not Served
Completed on 3/9/2024 at 5:40 PM

| | TOTAL DUE | $ 130.50 |
|---|---|---|

Thank you for choosing Nationwide Legal, LLC!
For billing inquiries, please contact our Accounting Department at (213) 249-9999.

| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| SD4161 | March 9, 2024 | SD172397 |

Remit To:

**Nationwide Legal, LLC**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**

TOTAL DUE:     $ 130.50

1. PLEASE INCLUDE INVOICE NUMBER ON PAYMENT.
2. MAKE CHECKS PAYABLE TO **Nationwide Legal, LLC**

Service Type: 033 - SPECIAL PROCESS  (IMMEDIATELY)     Order#:SD172397-01/INVOICEPa

**Nationwide Legal, LLC**
1609 James M Wood Blvd., Los Angeles, CA 90015
T (213) 249-9999   F (213) 249-9990
www.nationwideasap.com

**NATIONWIDE LEGAL**

| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| SD4161 | January 17, 2024 | SD167021 |

Bill To:
**PHG LAW GROUP**
**501 West Broadway Sutie 1480**
**San Diego, CA 92101**

**Leanna Pierce (CC on Invoices)**
**(619) 826-8060**
**lpierce@phglawgroup.com**
**REF: Estate of Ronnie Paul Sandoval**
**Case No: 16cv1004-BEN-SBC**
**POD Date: 1/17/2024**
**Danielle R. Pena, Esq**

| | |
|---|---|
| Servee: | Shirley Bautista |
| Court: | USDC/SOUTHERN DISTRICT OF CALIFORNIA |
| Case: | Estate of Ronnie Paul Sandoval, et al. vs. County of San Diego |
| Documents: | Subpoena To Appear and Testify at A Hearing or Trial in a Civil Action; Letter Dated January 16, 2024 |

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Base Charge | | | 180.00 |
| PDF Page Count (Up to 200 pgs) | | | 3.00 |
| Fees Advanced | | | 79.90 |
| Check Charge | | | 7.99 |

**SCOPE OF PROJECT**
Servee: Shirley Bautista
Address: 3267 Oak Wood Ln, # Escondido, CA 920275335
Result: Personally Served
Completed on 1/17/2024 at 9:23 AM

| | TOTAL DUE | $ 270.89 |
|---|---|---|

Thank you for choosing Nationwide Legal, LLC!
For billing inquiries, please contact our Accounting Department at (213) 249-9999.

| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| SD4161 | January 17, 2024 | SD167021 |

Remit To:

**Nationwide Legal, LLC**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**

| TOTAL DUE: | $ 270.89 |
|---|---|

1. PLEASE INCLUDE INVOICE NUMBER ON PAYMENT.
2. MAKE CHECKS PAYABLE TO **Nationwide Legal, LLC**

Service Type: 033 - SPECIAL PROCESS  (IMMEDIATELY)          Order#:SD167021-01/INVOICEPa

**Nationwide Legal, LLC**
1609 James M Wood Blvd., Los Angeles, CA 90015
T (213) 249-9999   F (213) 249-9990
www.nationwideasap.com

NATIONWIDE
LEGAL

| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| SD4161 | March 9, 2024 | SD172388 |

Bill To:
**PHG LAW GROUP**
**501 West Broadway Sutie 1480**
**San Diego, CA 92101**

**Leanna Pierce (CC on Invoices)**
**(619) 826-8060**
**lpierce@phglawgroup.com**
**REF: Estate of Ronnie Paul Sandoval**
**Case No: 16cv1004-BEN-SBC**
**POD Date: 3/1/2024**
**Danielle R. Pena, Esq**



| | |
|---|---|
| Servee: | **Shirley Bautista** |
| Court: | **USDC/SOUTHERN DISTRICT OF CALIFORNIA** |
| Case: | **Estate of Ronnie Paul Sandoval, et al. vs. County of San Diego** |
| Documents: | **Subpoena To Appear and Testify at A Hearing or Trial in a Civil Action; Letter Dated February 23, 2024** |

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Base Charge | | | 180.00 |
| PDF Page Count (Up to 200 pgs) | | | 3.00 |
| Witness Fees | | | 81.06 |
| Check Charge | | | 8.11 |
| **SCOPE OF PROJECT** | | | |
|    Servee: Shirley Bautista | | | |
|    Address: 3267 Oak Wood Ln, # Escondido, CA 920275335 | | | |
|    Result: Personally Served | | | |
|    Completed on 3/1/2024 at 10:27 AM | | **TOTAL DUE** | **$ 272.17** |

Thank you for choosing Nationwide Legal, LLC!
For billing inquiries, please contact our Accounting Department at (213) 249-9999.

| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| SD4161 | March 9, 2024 | SD172388 |

Remit To:

**Nationwide Legal, LLC**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**

| TOTAL DUE: | $ 272.17 |
|---|---|

1. PLEASE INCLUDE INVOICE NUMBER ON PAYMENT.

2. MAKE CHECKS PAYABLE TO **Nationwide Legal, LLC**

Service Type: 033 - SPECIAL PROCESS  (IMMEDIATELY)

Order#:SD172388-01/INVOICEPa

**Nationwide Legal, LLC**
1609 James M Wood Blvd., Los Angeles, CA 90015
T (213) 249-9999   F (213) 249-9990
www.nationwideasap.com

NATIONWIDE LEGAL

| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| SD4161 | March 6, 2024 | SD172400NA |



Bill To:
**PHG LAW GROUP**
**501 West Broadway Sutie 1480**
**San Diego, CA 92101**

**Leanna Pierce (CC on Invoices)**
**(619) 826-8060**
**lpierce@phglawgroup.com**
**REF: Estate of Ronnie Paul Sandoval**
**Case No: 16cv1004-BEN-SBC**
**POD Date: 3/6/2024**
**Danielle R. Pena, Esq**

| | |
|---|---|
| Servee: | John Trunick |
| Court: | USDC/SOUTHERN DISTRICT OF CALIFORNIA |
| Case: | Estate of Ronnie Paul Sandoval, et al. vs. County of San Diego |
| Documents: | Subpoena To Appear and Testify at A Hearing or Trial in a Civil Action; Letter Dated February 23, 2024 |

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Base Charge | | | 137.50 |
| PDF Page Count (Up to 200 pgs) | | | 3.00 |
| | | | |
| **SCOPE OF PROJECT** | | | |
| Not Served | | | |
| Address: 9835 Jake Ln Apt 11412, # San Diego, CA 921262972 | | | |
| Result: Not Served | | | |
| Completed on 3/6/2024 at 1:24 PM | | **TOTAL DUE** | **$ 140.50** |

Thank you for choosing Nationwide Legal, LLC!
For billing inquiries, please contact our Accounting Department at (213) 249-9999.

| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| SD4161 | March 6, 2024 | SD172400NA |

Remit To:

**Nationwide Legal, LLC**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**

| TOTAL DUE: | $ 140.50 |
|---|---|

1. PLEASE INCLUDE INVOICE NUMBER ON PAYMENT.

2. MAKE CHECKS PAYABLE TO **Nationwide Legal, LLC**

Service Type: 033 - SPECIAL PROCESS  (IMMEDIATELY)      Order#:SD172400NA-01/INVOICEPa

**Nationwide Legal, LLC**
1609 James M Wood Blvd., Los Angeles, CA 90015
T (213) 249-9999  F (213) 249-9990
www.nationwideasap.com

NATIONWIDE
LEGAL

| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| SD4161 | March 6, 2024 | SD172400 |

Bill To:
**PHG LAW GROUP**
**501 West Broadway Sutie 1480**
**San Diego, CA 92101**

**Leanna Pierce (CC on Invoices)**
**(619) 826-8060**
lpierce@phglawgroup.com
**REF: Estate of Ronnie Paul Sandoval**
**Case No: 16cv1004-BEN-SBC**
**POD Date: 3/5/2024**
**Danielle R. Pena, Esq**



| | |
|---|---|
| Servee: | **John Trunick** |
| Court: | **USDC/SOUTHERN DISTRICT OF CALIFORNIA** |
| Case: | **Estate of Ronnie Paul Sandoval, et al. vs. County of San Diego** |
| Documents: | **Subpoena To Appear and Testify at A Hearing or Trial in a Civil Action; Letter Dated February 23, 2024** |

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Base Charge | | | 120.00 |
| Additional  Attempts | | | 120.00 |
| PDF Page Count (Up to 200 pgs) | | | 3.00 |
| Witness Fees | | | 52.88 |
| Chack Charge | | | 5.29 |

**SCOPE OF PROJECT**
Servee: John Trunick
Address: 7262 Conestoga Way, # San Diego, CA 921201311
Result: Personally Served
Completed on 3/5/2024 at 8:35 PM

| | |
|---|---|
| TOTAL DUE | **$ 301.17** |

Thank you for choosing Nationwide Legal, LLC!
For billing inquiries, please contact our Accounting Department at (213) 249-9999.

| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| SD4161 | March 6, 2024 | SD172400 |

Remit To:

**Nationwide Legal, LLC**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**

**TOTAL DUE:** | **$  301.17**

1. PLEASE INCLUDE INVOICE NUMBER ON PAYMENT.
2. MAKE CHECKS PAYABLE TO  **Nationwide Legal, LLC**

Service Type: 033 - SPECIAL PROCESS  (IMMEDIATELY)    Order#:SD172400-01/INVOICEPa

**Nationwide Legal, LLC**
1609 James M Wood Blvd., Los Angeles, CA 90015
T (213) 249-9999   F (213) 249-9990
www.nationwideasap.com

# NATIONWIDE LEGAL



| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| SD4161 | January 19, 2024 | SD167014 |

Bill To:
**PHG LAW GROUP**
**501 West Broadway Sutie 1480**
**San Diego, CA 92101**

**Leanna Pierce (CC on Invoices)**
**(619) 826-8060**
**lpierce@phglawgroup.com**
**REF: Estate of Ronnie Paul Sandoval**
**Case No: 16cv1004-BEN-SBC**
**POD Date: 1/19/2024**
**Danielle R. Pena, Esq**

| | |
|---|---|
| Servee: | Robert Shawcroft |
| Court: | USDC/SOUTHERN DISTRICT OF CALIFORNIA |
| Case: | Estate of Ronnie Paul Sandoval, et al. vs. County of San Diego |
| Documents: | Subpoena To Appear and Testify at A Hearing or Trial in a Civil Action; Letter Dated January 16, 2024 |

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Base Charge | | | 142.50 |
| PDF Page Count (Up to 200 pgs) | | | 3.00 |

**SCOPE OF PROJECT**
  Not Served
  Address: 1263 Navello St, # El Cajon, CA 920215006
  Result: Not Served
  Completed on 1/19/2024 at 12:12 PM

| | TOTAL DUE | $ 145.50 |
|---|---|---|

Thank you for choosing Nationwide Legal, LLC!
For billing inquiries, please contact our Accounting Department at (213) 249-9999.

| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| SD4161 | January 19, 2024 | SD167014 |

Remit To:

**Nationwide Legal, LLC**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**

**TOTAL DUE:**   |   $ 145.50

1. PLEASE INCLUDE INVOICE NUMBER ON PAYMENT.
2. MAKE CHECKS PAYABLE TO **Nationwide Legal, LLC**

Service Type: 033 - SPECIAL PROCESS  (IMMEDIATELY)     Order#:SD167014-01/INVOICEPa

**Nationwide Legal, LLC**
1609 James M Wood Blvd., Los Angeles, CA 90015
T (213) 249-9999  F (213) 249-9990
www.nationwideasap.com

# NATIONWIDE LEGAL



| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| SD4161 | February 29, 2024 | SD172403 |

Bill To:
**PHG LAW GROUP**
**501 West Broadway Sutie 1480**
**San Diego, CA 92101**

**Leanna Pierce (CC on Invoices)**
**(619) 826-8060**
**lpierce@phglawgroup.com**
**REF: Estate of Ronnie Paul Sandoval**
**Case No: 16cv1004-BEN-SBC**
**POD Date: 2/29/2024**
**Danielle R. Pena, Esq**

Servee: **Robert Shawcroft**
Court: **USDC/SOUTHERN DISTRICT OF CALIFORNIA**
Case: **Estate of Ronnie Paul Sandoval, et al. vs. County of San Diego**
Documents: **Subpoena To Appear and Testify at A Hearing or Trial In a Civil Action; Letter Dated February 23, 2024**

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Base Charge | | | 145.00 |
| PDF Page Count (Up to 200 pgs) | | | 3.00 |
| Fees Advanced | | | 64.48 |
| Check Charge | | | 6.45 |
| **SCOPE OF PROJECT** | | | |
| Servee: Robert Shawcroft | | | |
| Address: 8633 Winter Gardens Blvd, # Lakeside, CA 920405414 | | | |
| Result: Personally Served | | | |
| Completed on 2/29/2024 at 8:23 PM | | **TOTAL DUE** | **$ 218.93** |

Thank you for choosing Nationwide Legal, LLC!
For billing inquiries, please contact our Accounting Department at (213) 249-9999.

| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| SD4161 | February 29, 2024 | SD172403 |

Remit To:

**Nationwide Legal, LLC**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**

| TOTAL DUE: | $ 218.93 |
|---|---|

1. PLEASE INCLUDE INVOICE NUMBER ON PAYMENT.
2. MAKE CHECKS PAYABLE TO **Nationwide Legal, LLC**

Service Type: 033 - SPECIAL PROCESS  (IMMEDIATELY)         Order#:SD172403-01/INVOICEPa

**Nationwide Legal, LLC**
1609 James M Wood Blvd., Los Angeles, CA 90015
T (213) 249-9999  F (213) 249-9990
www.nationwideasap.com

 **NATIONWIDE LEGAL**

| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| SD4161 | March 16, 2024 | SD172398 |

Bill To:
**PHG LAW GROUP**
**501 West Broadway Sutie 1480**
**San Diego, CA 92101**

**Leanna Pierce (CC on Invoices)**
**(619) 826-8060**
lpierce@phglawgroup.com
**REF: Estate of Ronnie Paul Sandoval**
**Case No: 16cv1004-BEN-SBC**
**POD Date: 3/15/2024**
**Danielle R. Pena, Esq**

| | |
|---|---|
| Servee: | **Leonard Rodriguez** |
| Court: | **USDC/SOUTHERN DISTRICT OF CALIFORNIA** |
| Case: | **Estate of Ronnie Paul Sandoval, et al. vs. County of San Diego** |
| Documents: | **Subpoena To Appear and Testify at A Hearing or Trial in a Civil Action; Letter Dated February 23, 2024** |

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| **Base Charge** | | | 117.50 |
| **PDF Page Count (Up to 200 pgs)** | | | 3.00 |
| | | | |
| **SCOPE OF PROJECT** | | | |
|   **Not Served** | | | |
|   Address: 202 Sweetwood St, #  San Diego, CA 921144324 | | | |
|   **Result: Not Served** | | | |
|   **Completed on 3/15/2024 at 4:12 PM** | | **TOTAL DUE** | **$ 120.50** |

Thank you for choosing Nationwide Legal, LLC!
For billing inquiries, please contact our Accounting Department at (213) 249-9999.

| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| SD4161 | March 16, 2024 | SD172398 |

Remit To:

**Nationwide Legal, LLC**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**

**TOTAL DUE:**    **$  120.50**

1. PLEASE INCLUDE INVOICE NUMBER ON PAYMENT.

2. MAKE CHECKS PAYABLE TO **Nationwide Legal, LLC**

---

**Service Type: 033 - SPECIAL PROCESS  (IMMEDIATELY)**      Order#:SD172398-01/INVOICEPa

**Nationwide Legal, LLC**
1609 James M Wood Blvd., Los Angeles, CA 90015
T (213) 249-9999   F (213) 249-9990
www.nationwideasap.com

# NATIONWIDE
# LEGAL



| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| SD4161 | January 17, 2024 | SD167012 |

Bill To:
**PHG LAW GROUP**
**501 West Broadway Sutie 1480**
**San Diego, CA 92101**

**Leanna Pierce (CC on Invoices)**
**(619) 826-8060**
**lpierce@phglawgroup.com**
**REF: Estate of Ronnie Paul Sandoval**
**Case No: 16cv1004-BEN-SBC**
**POD Date: 1/16/2024**
**Danielle R. Pena, Esq**

| | |
|---|---|
| Servee: | Carlos Estolano |
| Court: | USDC/SOUTHERN DISTRICT OF CALIFORNIA |
| Case: | Estate of Ronnie Paul Sandoval, et al. vs. County of San Diego |
| Documents: | Subpoena To Appear and Testify at A Hearing or Trial in a Civil Action; Letter Dated January 16, 2024 |

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Base Charge | | | 137.50 |
| PDF Page Count (Up to 200 pgs) | | | 3.00 |
| Witness Fees | | | 58.32 |
| Check Charge | | | 5.83 |
| | | | |
| **SCOPE OF PROJECT** | | | |
| Servee: Carlos Estolano | | | |
| Address: 5113 Surfbreaker Pt, # San Diego, CA 921548460 | | | |
| Result: Personally Served | | | |
| Completed on 1/16/2024 at 7:46 PM | | TOTAL DUE | $ 204.65 |

Thank you for choosing Nationwide Legal, LLC!
For billing inquiries, please contact our Accounting Department at (213) 249-9999.

| ACCOUNT NO: | BILLING DATE: | INVOICE #: |
|---|---|---|
| SD4161 | January 17, 2024 | SD167012 |

Remit To:

**Nationwide Legal, LLC**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**

| TOTAL DUE: | $ 204.65 |
|---|---|

1. PLEASE INCLUDE INVOICE NUMBER ON PAYMENT.

2. MAKE CHECKS PAYABLE TO **Nationwide Legal, LLC**

Service Type: 033 - SPECIAL PROCESS  (IMMEDIATELY)          Order#:SD167012-01/INVOICEPa

# EXHIBIT 2

# INVOICE

## Peterson Reporting
### Nationwide Litigation

530 B Street Suite 350
San Diego, CA 92101
petersonreporting.com

800 649 6353 toll-free
619 260 1069 tel
619 688 1733 fax

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 461502 | 8/3/2023 | 216170 |

| Job Date | Case No. | |
|---|---|---|
| 4/14/2017 | 16CV1004-BEN(AGS) | |

| Case Name |
|---|
| Estate of Ronnie Paul Sandoval v. County of San Diego |

| Payment Terms |
|---|
| Due upon receipt |

Danielle Pena
PHG Law Group
501 West Broadway
Suite 1480
San Diego CA  92101

One certified green transcript of:
    Josiah Rodriguez

                                  375.00

**TOTAL DUE >>>**     **$375.00**
AFTER 9/17/2023 PAY     $412.50

Access your transcripts, invoices and more on our secure online repository by emailing calendar@petersonreporting.com for your username, password and link to your exclusive web page.

Thank you for calling Peterson Reporting!

| | |
|---|---|
| (-) Payments/Credits: | 375.00 |
| (+) Finance Charges/Debits: | 37.50 |
| (=) New Balance: | **$0.00** |

**Tax ID:** 33-0684781

Phone: 619-826-8060   Fax:619-826-2065

---

*Please detach bottom portion and return with payment.*

Danielle Pena
PHG Law Group
501 West Broadway
Suite 1480
San Diego CA  92101

| | | |
|---|---|---|
| Invoice No. | : | 461502 |
| Invoice Date | : | 8/3/2023 |
| **Total Due** | : | **$0.00** |

| | | |
|---|---|---|
| Job No. | : | 216170 |
| BU ID | : | SD |
| Case No. | : | 16CV1004-BEN(AGS) |
| Case Name | : | Estate of Ronnie Paul Sandoval v. County of San Diego |

Remit To:  **Peterson Reporting Video & Litigation Services**
**530 B Street , Suite 350**
**San Diego CA  92101-4403**

# INVOICE

## Peterson Reporting
### Nationwide Litigation

530 B Street Suite 350
San Diego, CA 92101
petersonreporting.com

800 649 6353 toll-free
619 260 1069 tel
619 688 1733 fax

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 461503 | 8/3/2023 | 216169 |

| Job Date | Case No. | |
|---|---|---|
| 4/14/2017 | 16CV1004-BEN(AGS) | |

| Case Name | | |
|---|---|---|
| Estate of Ronnie Paul Sandoval v. County of San Diego | | |

| Payment Terms | | |
|---|---|---|
| Due upon receipt | | |

Danielle Pena
PHG Law Group
501 West Broadway
Suite 1480
San Diego CA  92101

One certified green transcript of:

    Ronnie Sandoval, III                                          375.00

                                **TOTAL DUE >>>**     **$375.00**

                                AFTER 9/17/2023  PAY     $412.50

Access your transcripts, invoices and more on our secure online repository by emailing calendar@petersonreporting.com for your username, password and link to your exclusive web page.

Thank you for calling Peterson Reporting!

                                **(-) Payments/Credits:**     375.00

                                **(+) Finance Charges/Debits:**     37.50

                                **(=) New Balance:**     **$0.00**

**Tax ID: 33-0684781**                                         Phone: 619-826-8060    Fax:619-826-2065

*Please detach bottom portion and return with payment.*

Danielle Pena
PHG Law Group
501 West Broadway
Suite 1480
San Diego CA  92101

| | | |
|---|---|---|
| Invoice No. | : | 461503 |
| Invoice Date | : | 8/3/2023 |
| **Total Due** | : | **$0.00** |

Remit To:   **Peterson Reporting Video & Litigation Services**
           **530 B Street , Suite 350**
           **San Diego CA  92101-4403**

| | | |
|---|---|---|
| Job No. | : | 216169 |
| BU ID | : | SD |
| Case No. | : | 16CV1004-BEN(AGS) |
| Case Name | : | Estate of Ronnie Paul Sandoval v. County of San Diego |

# INVOICE

## Peterson Reporting
### Nationwide Litigation

530 B Street Suite 350       800 649 6353 toll-free
San Diego, CA 92101          619 260 1069 tel
petersonreporting.com        619 688 1733 fax

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 461501 | 8/3/2023 | 216168 |
| **Job Date** | **Case No.** | |
| 4/14/2017 | 16CV1004-BEN(AGS) | |
| **Case Name** | | |
| Estate of Ronnie Paul Sandoval v. County of San Diego | | |
| **Payment Terms** | | |
| Due upon receipt | | |

Danielle Pena
PHG Law Group
501 West Broadway
Suite 1480
San Diego CA  92101

One certified green transcript of:
    Anna Sandoval

                                                       420.20

                **TOTAL DUE >>>**    **$420.20**

                AFTER 9/17/2023 PAY    $462.22

Access your transcripts, invoices and more on our secure online repository by emailing calendar@petersonreporting.com for your username, password and link to your exclusive web page.

Thank you for calling Peterson Reporting!

                **(-) Payments/Credits:**    420.20
                **(+) Finance Charges/Debits:**    42.02
                **(=) New Balance:**    **$0.00**

**Tax ID:** 33-0684781

Phone: 619-826-8060   Fax:619-826-2065

*Please detach bottom portion and return with payment.*

Danielle Pena
PHG Law Group
501 West Broadway
Suite 1480
San Diego CA  92101

| Invoice No. | : | 461501 |
|---|---|---|
| Invoice Date | : | 8/3/2023 |
| **Total Due** | : | **$0.00** |

Remit To:   **Peterson Reporting Video & Litigation Services**
           **530 B Street, Suite 350**
           **San Diego CA  92101-4403**

| Job No. | : | 216168 |
|---|---|---|
| BU ID | : | SD |
| Case No. | : | 16CV1004-BEN(AGS) |
| Case Name | : | Estate of Ronnie Paul Sandoval v. County of San Diego |

# I N V O I C E

U.S. Legal Support - SD
1230 Columbia Street
Suite 400
San Diego, CA 92101
Phone:619-573-4883  Fax:619-573-4880

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 110021196 | 3/3/2017 | 561480 |
| **Job Date** | **Case No.** | |
| 2/28/2017 | 16CV1004-BEN(AGS) | |
| **Case Name** | | |
| Estate of Ronnie Paul Sandoval v. County of San Diego | | |
| **Payment Terms** | | |
| Due upon receipt | | |

Christopher S. Morris, Esquire
Morris Law Firm, APC
401 West A Street
Suite 1820
San Diego, CA  92101

ORIGINAL AND 1 CERTIFIED COPY OF TRANSCRIPT OF:

    Shirley Bautista

                                                         603.00

                 TOTAL DUE >>>           **$603.00**

                 AFTER 4/17/2017  PAY       $693.45

Online bill pay available at www.uslegalsupport.com

Invoice not paid by due date is subject to interest of 1.5% per month. We will make reasonable efforts to allocate payments properly. U.S. Legal Support may recover any fees
and costs it incurs in collecting any unpaid amounts. Any rights regarding allocations, refunds or adjustments after 90 days from payment shall be waived by payer.

**Tax ID:** 76-0523238

Phone: (619) 826-8060    Fax:(619) 826-8065

*Please detach bottom portion and return with payment.*

Christopher S. Morris, Esquire
Morris Law Firm, APC
401 West A Street
Suite 1820
San Diego, CA  92101

| | | |
|---|---|---|
| Job No. | : 561480 | BU ID     : 42-SD |
| Case No. | : 16CV1004-BEN(AGS) | |
| Case Name | : Estate of Ronnie Paul Sandoval v. County of San Diego | |
| Invoice No. | : 110021196 | Invoice Date   : 3/3/2017 |
| **Total Due** | : **$603.00** | |

AFTER 4/17/2017  PAY  $693.45

**PAYMENT WITH CREDIT CARD**      AMEX  MasterCard  VISA

Cardholder's Name:

Card Number:

Exp. Date:           Phone#:

Billing Address:

Zip:         Card Security Code:

Amount to Charge:

Cardholder's Signature:

Remit To:   **U.S. Legal Support (CA Reporting)**
              **P.O. Box 4772-11**
              **Houston, TX  77210-4772**

 U.S. Legal Support

# INVOICE

| Invoice No. | Invoice Date | Payment Terms |
|---|---|---|
| 110021195 | 3/3/2017 | Due upon receipt |

| Job No. | Job Date | Balance |
|---|---|---|
| 561480 | 2/28/2017 | $0.00 |

| Case Name |
|---|
| Estate of Ronnie Paul Sandoval v. County of San Diego |

| Case No. |
|---|
| 16CV1004-BEN(AGS) |

**U.S. Legal Support - SD**
**501 West BroadwaySuite 1000**
**San Diego CA 92101**
**Phone: 619-573-4883  Fax: 619-573-4880**

**Christopher S. Morris, Esquire**
**Morris Law Firm, APC**
**501 West Broadway**
**Suite 1480**

**San Diego CA 92101**

| Job Location | Ordered By | Reference Info. |
|---|---|---|
| Office of the County Counsel – San Diego<br>1600 Pacific HighwayRoom 355<br>San Diego CA 92101 | Christopher S. Morris, Esquire<br>Morris Law Firm, APC<br>501 West Broadway<br>Suite 1480<br><br>San Diego CA 92101 | Client Matter No:<br>Claim No:<br>Insured: |

| Services/Items | Units | Rate | Amount | Discount | Charges |
|---|---|---|---|---|---|
| Items Covered: ORIGINAL AND 1 CERTIFIED COPY OF TRANSCRIPT OF:Maria Llamado | | | | | |
| Original | 149.00 | $4.50 | $670.50 | $0.00 | $670.50 |
| 4 Day Expedite | | | | | $0.00 |
| Copy w/ Original | 1.00 | Minimum | $0.00 | $0.00 | $0.00 |
| Exhibit | 5.00 | $0.60 | $3.00 | $0.00 | $3.00 |
| Handle/Process | 1.00 | $45.00 | $45.00 | $0.00 | $45.00 |
| Reporter Attendance Fee (per hour) | 6.25 | $35.00 | $218.75 | $0.00 | $218.75 |
| Litigation - Support Package | 1.00 | $39.00 | $39.00 | $0.00 | $39.00 |
| Condensed Transcript | 1.00 | $29.50 | $29.50 | $0.00 | $29.50 |
| Shipping | 1.00 | $20.00 | $20.00 | $0.00 | $20.00 |
| ( Taxable 0.00) | | | | | |
| | | | $1025.75 | $0.00 | |

Online bill pay available at www.uslegalsupport.com

| | |
|---|---|
| **Total Due** | **$1025.75** |
| **(-) Payments/Credits** | **$1025.75** |
| **(+) Finance Charges/Debits** | **$153.86** |
| **(=) New Balance** | **$0.00** |

**Tax ID : 76-0523238  Nevada Firm Registration # 067F**

Phone: (619) 826-8060                Fax:(619) 826-8065

Invoice not paid by due date is subject to interest of 1.5% per month. We will make reasonable efforts to allocate payments properly. U.S. Legal Support may recover any fees and costs it
incurs in collecting any unpaid amounts. Any rights regarding allocations, refunds or adjustments after 90 days from payment shall be waived by payer.
Review our Terms & Conditions for additional information at our website www.uslegalsupport.com.

*"Please detach bottom portion and return with payment."*

Christopher S. Morris, Esquire
Morris Law Firm, APC
501 West BroadwaySuite 1480
San Diego CA 92101

| Invoice No. | 110021195 |
|---|---|
| Invoice Date: | 3/3/2017 |
| Total Due | $0.00 |
| Job No. | 561480 |
| Case No.: | 16CV1004-BEN(AGS) |

Remit To:    **U S Legal Support, Inc.**
**P.O. Box 4772**
**Houston TX 77210-4772**

 **U.S. Legal Support**

# INVOICE

| Invoice No. | Invoice Date | Payment Terms |
|---|---|---|
| 110021904 | 3/8/2017 | Due upon receipt |

| Job No. | Job Date | Balance |
|---|---|---|
| 562057 | 3/2/2017 | $0.00 |

| Case Name |
|---|
| Estate of Ronnie Paul Sandoval v. County of San Diego |

| Case No |
|---|
| 16CV1004-BEN(AGS) |

**U.S. Legal Support - SD**
501 West Broadway Suite 1000
San Diego CA 92101
Phone: 619-573-4883  Fax: 619-573-4880

Christopher S. Morris, Esquire
Morris Law Firm, APC
501 West Broadway
Suite 1480

San Diego CA 92101

| Job Location | Ordered By | Reference Info. |
|---|---|---|
| Office of the County Counsel - San Diego<br>1600 Pacific Highway Room 355<br>San Diego CA 92101 | Christopher S. Morris, Esquire<br>Morris Law Firm, APC<br>501 West Broadway<br>Suite 1480<br><br>San Diego CA 92101 | Client Matter No:<br>Claim No:<br>Insured: |

| Services/Items | Units | Rate | Amount | Discount | Charges |
|---|---|---|---|---|---|
| Items Covered: ORIGINAL AND 1 CERTIFIED COPY OF TRANSCRIPT OF: Dana Harris | | | | | |
| Original | 230.00 | $4.50 | $1035.00 | $0.00 | $1035.00 |
| 5 Day Expedite | | | | | $0.00 |
| Copy w/ Original | 1.00 | Minimum | $0.00 | $0.00 | $0.00 |
| Exhibit | 58.00 | $0.60 | $34.80 | $0.00 | $34.80 |
| Handle/Process | 1.00 | $45.00 | $45.00 | $0.00 | $45.00 |
| Reporter Attendance Fee (per hour) | 4.50 | $35.00 | $157.50 | $0.00 | $157.50 |
| Litigation - Support Package | 1.00 | $39.00 | $39.00 | $0.00 | $39.00 |
| Condensed Transcript | 1.00 | $29.50 | $29.50 | $0.00 | $29.50 |
| Color Exhibits | 1.00 | $1.00 | $1.00 | $0.00 | $1.00 |
| Video Pages | 202.00 | $0.55 | $111.10 | $0.00 | $111.10 |
| Shipping | 1.00 | $20.00 | $20.00 | $0.00 | $20.00 |
| Overtime after 5:00 pm | 1.50 | $65.00 | $97.50 | $0.00 | $97.50 |
| ( Taxable 0.00) | | | | | |
| | | | $1570.40 | $0.00 | |

Online bill pay available at www.uslegalsupport.com

| | |
|---|---|
| **Total Due** | **$1570.40** |
| **(-) Payments/Credits** | **$1570.40** |
| **(+) Finance Charges/Debits** | **$235.56** |
| **(=) New Balance** | **$0.00** |

**Tax ID : 76-0523238  Nevada Firm Registration # 067F**

Phone: (619) 826-8060          Fax:(619) 826-8065

Invoice not paid by due date is subject to interest of 1.5% per month. We will make reasonable efforts to allocate payments properly. U.S. Legal Support may recover any fees and costs it
incurs in collecting any unpaid amounts. Any rights regarding allocations, refunds or adjustments after 90 days from payment shall be waived by payer.
Review our Terms & Conditions for additional information at our website www.uslegalsupport.com.


U.S. Legal Support

# INVOICE

| Invoice No. | Invoice Date | Payment Terms |
|---|---|---|
| 110021990 | 3/8/2017 | Due upon receipt |

| Job No. | Job Date | Balance |
|---|---|---|
| 562058 | 3/1/2017 | $0.00 |

| Case Name |
|---|
| Estate of Ronnie Paul Sandoval v. County of San Diego |

| Case No. |
|---|
| 16CV1004-BEN(AGS) |

**U.S. Legal Support - SD**
501 West BroadwaySuite 1000
San Diego CA 92101
Phone: 619-573-4883  Fax: 619-573-4880

Danielle R. Pena
Morris Law Firm, APC
501 West Broadway
Suite 1480

San Diego CA 92101

| Job Location | Ordered By | Reference Info. |
|---|---|---|
| Office of the County Counsel - San Diego<br>1600 Pacific HighwayRoom 355<br>San Diego CA 92101 | Danielle R. Pena<br>Morris Law Firm, APC<br>501 West Broadway<br>Suite 1480<br><br>San Diego CA 92101 | Client Matter No:<br>Claim No:<br>Insured: |

| Services/Items | Units | Rate | Amount | Discount | Charges |
|---|---|---|---|---|---|
| Items Covered: ORIGINAL AND 1 CERTIFIED COPY OF TRANSCRIPT OF:Henry Castro | | | | | |
| Original | 68.00 | $4.50 | $306.00 | $0.00 | $306.00 |
| Copy w/ Original | 1.00 | Minimum | $0.00 | $0.00 | $0.00 |
| Exhibit | 10.00 | $0.60 | $6.00 | $0.00 | $6.00 |
| Handle/Process | 1.00 | $45.00 | $45.00 | $0.00 | $45.00 |
| Reporter Attendance Fee (per hour) | 1.25 | $35.00 | $43.75 | $0.00 | $43.75 |
| Litigation - Support Package | 1.00 | $39.00 | $39.00 | $0.00 | $39.00 |
| Condensed Transcript | 1.00 | $29.50 | $29.50 | $0.00 | $29.50 |
| Color Exhibits | 3.00 | $1.00 | $3.00 | $0.00 | $3.00 |
| Shipping | 1.00 | $20.00 | $20.00 | $0.00 | $20.00 |
| ( Taxable 0.00) | | | | | |
| | | | $492.25 | $0.00 | |

Online bill pay available at www.uslegalsupport.com

| | |
|---|---|
| **Total Due** | **$492.25** |
| (-) Payments/Credits | $492.25 |
| (+) Finance Charges/Debits | $73.84 |
| (=) New Balance | $0.00 |

**Tax ID : 76-0523238  Nevada Firm Registration # 067F**                    Phone: (619) 826-8060          Fax:(619) 826-8065

Invoice not paid by due date is subject to interest of 1.5% per month. We will make reasonable efforts to allocate payments properly. U.S. Legal Support may recover any fees and costs it incurs in collecting any unpaid amounts. Any rights regarding allocations, refunds or adjustments after 90 days from payment shall be waived by payer.
Review our Terms & Conditions for additional information at our website www.uslegalsupport.com.

*"Please detach bottom portion and return with payment."*

Danielle R. Pena
Morris Law Firm, APC
501 West BroadwaySuite 1480
San Diego CA 92101

| Invoice No. | 110021990 |
|---|---|
| Invoice Date: | 3/8/2017 |
| Total Due | **$0.00** |
| Job No. | 562058 |
| Case No. | 16CV1004-BEN(AGS) |

Remit To:  **U S Legal Support, Inc.**
**P.O. Box 4772**
**Houston TX 77210-4772**

# INVOICE



**KRAMM COURT REPORTING**

2224 THIRD AVENUE
SAN DIEGO, CA 92101
800.939.0080
kramm.com

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 54836 | 4/25/2017 | 75669 |
| **Job Date** | **Case No.** | |
| 4/11/2017 | 37-2014-00033347-CU-PO-CTL | |
| **Case Name** | | |
| ESTATE OF RONNIE PAUL SANDOVAL, et al. vs. COUNTY OF SAN DIEGO, et al. | | |
| **Payment Terms** | | |
| Due upon receipt | | |

Danielle Pena
MORRIS LAW FIRM, APC
401 West A Street, Suite 1820
San Diego CA  92101

ORIGINAL AND 1 CERTIFIED TRANSCRIPT OF:

    Carlos L. Estolano

|  | 793.05 |
|---|---|
| **TOTAL DUE  >>>** | **$793.05** |
| AFTER 5/25/2017 PAY | $872.36 |

Thank you.  We appreciate your business.  Please make checks payable to Kramm & Associates, Inc.

We accept Visa, Master Card, and American Express. Payment via credit card is subject to a 3% fee.

**Tax ID:** 33-0941549

Phone: 619.826.8060   Fax:619.826.8065

---

*Please detach bottom portion and return with payment.*

Danielle Pena
MORRIS LAW FIRM, APC
401 West A Street, Suite 1820
San Diego CA  92101

| Job No. | : 75669 | BU ID | : 1-MAIN |
|---|---|---|---|
| Case No. | : 37-2014-00033347-CU-PO-CTL | | |
| Case Name | : ESTATE OF RONNIE PAUL SANDOVAL, et al. vs. COUNTY OF SAN DIEGO, et al. | | |
| Invoice No. | : 54836 | Invoice Date | : 4/25/2017 |
| **Total Due** | **: $793.05** | | |

AFTER 5/25/2017  PAY  $872.36

**PAYMENT WITH CREDIT CARD**

Cardholder's Name:
Card Number:
Exp. Date:                          Phone#:
Billing Address:
Zip:                    Card Security Code:
Amount to Charge:
Cardholder's Signature:
Email:

Remit To:  **KRAMM COURT REPORTING**
**2224 Third Avenue**
**San Diego CA  92101**


## U.S. Legal Support

# INVOICE

| Invoice No. | Invoice Date | Payment Terms |
|---|---|---|
| 110036690 | 4/26/2017 | Due upon receipt |

| Job No. | Job Date | Balance |
|---|---|---|
| 571070 | 4/12/2017 | $0.00 |

| Case Name |
|---|
| Estate of Ronnie Paul Sandoval v. County of San Diego |

| Case No. |
|---|
| 16CV1004-BEN(AGS) |

**U.S. Legal Support - SD**
501 West BroadwaySuite 1000
San Diego CA 92101
Phone: 619-573-4883  Fax: 619-573-4880

Christopher S. Morris, Esquire
Morris Law Firm, APC
501 West Broadway
Suite 1480

San Diego CA 92101

| Job Location | Ordered By | Reference Info |
|---|---|---|
| U.S. Legal Support - San Diego<br>501 West BroadwaySuite 1000<br>San Diego CA 92101 | Christopher S. Morris, Esquire<br>Morris Law Firm, APC<br>501 West Broadway<br>Suite 1480<br><br>San Diego CA 92101 | Client Matter No:<br>Claim No:<br>Insured: |

| Services/Items | Units | Rate | Amount | Discount | Charges |
|---|---|---|---|---|---|
| Items Covered: MINIMUM CHARGEChris White | | | | | |
| Exhibit | 7.00 | $0.60 | $4.20 | $0.00 | $4.20 |
| Certification of Non-Appearance | 1.00 | $225.00 | $225.00 | $0.00 | $225.00 |
| Delivery | 1.00 | $20.00 | $20.00 | $0.00 | $20.00 |
| Parking | 1.00 | $12.00 | $12.00 | $0.00 | $12.00 |
| ( Taxable 0.00) | | | | | |
| | | | $261.20 | $0.00 | |

Online bill pay available at www.uslegalsupport.com

| | |
|---|---|
| **Total Due** | **$261.20** |
| **(-) Payments/Credits** | **$261.20** |
| **(+) Finance Charges/Debits** | **$39.18** |
| **(=) New Balance** | **$0.00** |

**Tax ID : 76-0523238  Nevada Firm Registration # 067F**              Phone: (619) 826-8060              Fax:(619) 826-8065

Invoice not paid by due date is subject to interest of 1.5% per month. We will make reasonable efforts to allocate payments properly. U.S. Legal Support may recover any fees and costs it incurs in collecting any unpaid amounts. Any rights regarding allocations, refunds or adjustments after 90 days from payment shall be waived by payer.
Review our Terms & Conditions for additional information at our website www.uslegalsupport.com.

*"Please detach bottom portion and return with payment."*

Christopher S. Morris, Esquire
Morris Law Firm, APC
501 West BroadwaySuite 1480
San Diego CA 92101

| Invoice No. | 110036690 |
|---|---|
| Invoice Date | 4/26/2017 |
| Total Due | $0.00 |
| Job No. | 571070 |
| Case No: | 16CV1004-BEN(AGS) |

Remit To:    **U S Legal Support, Inc.**
             **P.O. Box 4772**
             **Houston TX 77210-4772**

*"Please detach bottom portion and return with payment."*

Christopher S. Morris, Esquire
Morris Law Firm, APC
501 West BroadwaySuite 1480
San Diego CA 92101

Remit To:    **U S Legal Support, Inc.**
             **P.O. Box 4772**
             **Houston TX 77210-4772**

| Invoice No. | 110021904 |
| Invoice Date: | 3/8/2017 |
| Total Due | **$0.00** |
| Job No. | 562057 |
| Case No: | 16CV1004-BEN(AGS) |



# INVOICE

**2224 THIRD AVENUE**
**SAN DIEGO, CA 92101**
**800.939.0080**
kramm.com

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 48621 | 3/16/2016 | 67641 |
| **Job Date** | **Case No.** | |
| 3/3/2016 | 37-2014-00033347-CU-PO-CTL | |
| **Case Name** | | |
| ESTATE OF RONNIE PAUL SANDOVAL, et al. vs. COUNTY OF SAN DIEGO, et al. | | |
| **Payment Terms** | | |
| Due upon receipt | | |

Vincent Renda
RENDA LAW OFFICES
600 West Broadway, Suite 400
San Diego CA 92101

---

ORIGINAL AND 1 CERTIFIED COPY OF TRANSCRIPT OF:

Michael A. Castro

602.69

**TOTAL DUE >>>**          **$602.69**
AFTER 4/15/2016 PAY          $662.96

Thank you.  We appreciate your business.  Please make checks payable to
Kramm & Associates, Inc.
We accept Visa, Master Card, and American Express.

*Pd. 4/15/16 CM*

**Tax ID:** 33-0941549

Phone: 619.819.0011  Fax:

---

*Please detach bottom portion and return with payment.*

Vincent Renda
RENDA LAW OFFICES
600 West Broadway, Suite 400
San Diego CA 92101

| | | |
|---|---|---|
| Job No. | : 67641 | BU ID        : DCC KRAMM |
| Case No. | : 37-2014-00033347-CU-PO-CTL | |
| Case Name | : ESTATE OF RONNIE PAUL SANDOVAL, et al. vs. COUNTY OF SAN DIEGO, et al. | |
| Invoice No. | : 48621 | Invoice Date     : 3/16/2016 |
| **Total Due** | : -$602.69 | |

AFTER 4/15/2016 PAY $662.96

**Remit To:**   **KRAMM COURT REPORTING**
**2224 Third Avenue**
**San Diego CA  92101**

**PAYMENT WITH CREDIT CARD**

Cardholder's Name:
Card Number:
Exp. Date:                    Phone#:
Billing Address:
Zip:              Card Security Code:
Amount to Charge:
Cardholder's Signature:

# INVOICE

Aptus Court Reporting
600 West Broadway, Suite 300
San Diego CA 92101
Phone:619.546.9151   Fax:619.546.9152

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 1022030 | 4/29/2016 | 10023561 |
| **Job Date** | **Case No.** | |
| 4/13/2016 | 37-2014-0003347-CU-PO-CTL | |
| **Case Name** | | |
| Estate of Ronnie Paul Sandoval, et al. v. County of San Diego, et al. | | |
| **Payment Terms** | | |
| Due upon receipt | | |

Vincent Renda
Renda Law Offices, P.C.
600 West Broadway, Suite 400
San Diego CA 92101

ORIGINAL AND 1 CERTIFIED COPY OF TRANSCRIPT OF:

Matthew Andrade                                                   663.90

    SALES TAX                                                    5.32

Ordered By  :  Christopher S. Morris          **TOTAL DUE >>>**          **$669.22**
            Morris Law Firm, APC
            401 West A Street, Suite 1820
            San Diego, CA 92101

Thank you, your business is greatly appreciated.

Aptus Court Reporting - CA, LLC.  Customer is ultimately responsible for payment within our terms.

TO REMIT PAYMENT VIA ACH OR WIRE TRANSFER:
APTUS COURT REPORTING    CHASE BANK    ACCOUNT 825514128
WIRE PYMT RTE # 021000021    ACH PYMT RTE # 322271627

**Tax ID:** 27-4460942                          Phone: 619.819.0011    Fax:619.819.0012

*Please detach bottom portion and return with payment.*

Vincent Renda
Renda Law Offices, P.C.
600 West Broadway, Suite 400
San Diego CA 92101

Job No.    : 10023561     BU ID     :AptusSD
Case No.   : 37-2014-0003347-CU-PO-CTL
Case Name : Estate of Ronnie Paul Sandoval, et al. v. County
           of San Diego, et al.

Invoice No. : 1022030     Invoice Date :4/29/2016
**Total Due  : $ 669.22**

Remit To: **Aptus Court Reporting**
          **600 West Broadway, Suite 300**
          **San Diego CA 92101**

**PAYMENT WITH CREDIT CARD**     AMEX MC VISA

Cardholder's Name:
Card Number:
Exp. Date:_____ Phone#:
Billing Address:
Zip:_____ Card Security Code:
Amount to Charge:
Cardholder's Signature:

# INVOICE

Aptus Court Reporting
600 West Broadway, Suite 300
San Diego CA  92101
Phone:619.546.9151  Fax:619.546.9152

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 1020652 | 2/29/2016 | 10022305 |
| **Job Date** | **Case No.** | |
| 2/23/2016 | 37-2014-0003347-CU-PO-CTL | |
| **Case Name** | | |
| Estate of Ronnie Paul Sandoval, et al. v. County of San Diego, et al. | | |
| **Payment Terms** | | |
| Due upon receipt | | |

Vincent Renda
Renda Law Offices, P.C.
600 West Broadway, Suite 400
San Diego CA  92101

ORIGINAL AND 1 CERTIFIED COPY OF TRANSCRIPT OF:
   Romeo de Guzman

    SALES TAX                                   965.60
                                                      7.84

                                    **TOTAL DUE  >>>**         **$973.44**

Thank you, your business is greatly appreciated.

Aptus Court Reporting - CA, LLC.  Customer is ultimately responsible for payment within our terms.

TO REMIT PAYMENT VIA ACH OR WIRE TRANSFER:
APTUS COURT REPORTING    CHASE BANK    ACCOUNT 825514128
WIRE PYMT RTE # 021000021    ACH PYMT RTE # 322271627

Tax ID: 27-4460942

Phone: 619.819.0011   Fax:619.819.0012

*Please detach bottom portion and return with payment.*

Vincent Renda
Renda Law Offices, P.C.
600 West Broadway, Suite 400
San Diego CA  92101

Job No.    : 10022305      BU ID      :AptusSD
Case No.   : 37-2014-0003347-CU-PO-CTL
Case Name : Estate of Ronnie Paul Sandoval, et al. v. County
               of San Diego, et al.

Invoice No. : 1020652        Invoice Date : 2/29/2016
**Total Due**  : **$ 973.44**

Remit To: **Aptus Court Reporting**
         **600 West Broadway, Suite 300**
         **San Diego CA  92101**

**PAYMENT WITH CREDIT CARD**    AMEX       VISA

Cardholder's Name:
Card Number:
Exp. Date:               Phone#:
Billing Address:
Zip:          Card Security Code:
Amount to Charge:
Cardholder's Signature:

# INVOICE

Aptus Court Reporting
600 West Broadway, Suite 300
San Diego CA  92101
Phone:619.546.9151  Fax:619.546.9152

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 1020653 | 2/29/2016 | 10022306 |
| **Job Date** | **Case No.** | |
| 2/23/2016 | 37-2014-0003347-CU-PO-CTL | |
| **Case Name** | | |
| Estate of Ronnie Paul Sandoval, et al. v. County of San Diego, et al. | | |
| **Payment Terms** | | |
| Due upon receipt | | |

Vincent Renda
Renda Law Offices, P.C.
600 West Broadway, Suite 400
San Diego CA  92101

---

ORIGINAL AND 1 CERTIFIED COPY OF TRANSCRIPT OF:

    Officer Matthew Chavez                           403.30

      SALES TAX                                   5.56

**TOTAL DUE  >>>**       **$408.86**

Thank you, your business is greatly appreciated.

Aptus Court Reporting - CA, LLC.  Customer is ultimately responsible for payment within our terms.

TO REMIT PAYMENT VIA ACH OR WIRE TRANSFER:
APTUS COURT REPORTING   CHASE BANK   ACCOUNT 825514128
WIRE PYMT RTE # 021000021    ACH PYMT RTE # 322271627

Tax ID: 27-4460942                                    Phone: 619.819.0011   Fax:619.819.0012

*Please detach bottom portion and return with payment.*

Vincent Renda
Renda Law Offices, P.C.
600 West Broadway, Suite 400
San Diego CA  92101

Job No.    : 10022306     BU ID    :AptusSD
Case No.   : 37-2014-0003347-CU-PO-CTL
Case Name  : Estate of Ronnie Paul Sandoval, et al. v. County
             of San Diego, et al.

Invoice No. : 1020653           Invoice Date :2/29/2016
**Total Due**  : $ 408.86

**PAYMENT WITH CREDIT CARD**   AMEX     VISA

Cardholder's Name:

Card Number:

Exp. Date:                Phone#:

Billing Address:

Zip:         Card Security Code:

Amount to Charge:

Cardholder's Signature:

Remit To: **Aptus Court Reporting**
         **600 West Broadway, Suite 300**
         **San Diego CA  92101**

# INVOICE

Aptus Court Reporting
600 West Broadway, Suite 300
San Diego CA 92101
Phone:619.546.9151   Fax:619.546.9152

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 1020760 | 2/29/2016 | 10022307 |
| **Job Date** | **Case No.** | |
| 2/24/2016 | 37-2014-0003347-CU-PO-CTL | |
| **Case Name** | | |
| Estate of Ronnie Paul Sandoval, et al. v. County of San Diego, et al. | | |
| **Payment Terms** | | |
| Due upon receipt | | |

Vincent Renda
Renda Law Offices, P.C.
600 West Broadway, Suite 400
San Diego CA 92101

ORIGINAL AND 1 CERTIFIED COPY OF TRANSCRIPT OF:
   Nolan Edge

     SALES TAX                               705.45
                                       6.10

                           **TOTAL DUE >>>**       **$711.55**

Thank you, your business is greatly appreciated.

Aptus Court Reporting - CA, LLC.  Customer is ultimately responsible for payment within our terms.

TO REMIT PAYMENT VIA ACH OR WIRE TRANSFER:
APTUS COURT REPORTING    CHASE BANK    ACCOUNT 825514128
WIRE PYMT RTE # 021000021    ACH PYMT RTE # 322271627

Tax ID: 27-4460942                        Phone: 619.819.0011   Fax:619.819.0012

*Please detach bottom portion and return with payment.*

Vincent Renda
Renda Law Offices, P.C.
600 West Broadway, Suite 400
San Diego CA 92101

Job No.    : 10022307      BU ID      : AptusSD
Case No.   : 37-2014-0003347-CU-PO-CTL
Case Name : Estate of Ronnie Paul Sandoval, et al. v. County
             of San Diego, et al.

Invoice No. : 1020760        Invoice Date :2/29/2016
**Total Due**  : **$ 711.55**

| **PAYMENT WITH CREDIT CARD** | AMEX | VISA |
|---|---|---|
| Cardholder's Name: | | |
| Card Number: | | |
| Exp. Date: | Phone#: | |
| Billing Address: | | |
| Zip: | Card Security Code: | |
| Amount to Charge: | | |
| Cardholder's Signature: | | |

Remit To: **Aptus Court Reporting**
        **600 West Broadway, Suite 300**
        **San Diego CA 92101**

# INVOICE

Aptus Court Reporting
600 West Broadway, Suite 300
San Diego CA  92101
Phone:619.546.9151   Fax:619.546.9152

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 1021357 | 3/31/2016 | 10022676 |
| **Job Date** | **Case No.** | |
| 3/15/2016 | 37-2014-0003347-CU-PO-CTL | |
| **Case Name** | | |
| Estate of Ronnie Paul Sandoval, et al. v. County of San Diego, et al. | | |
| **Payment Terms** | | |
| Due upon receipt | | |

Vincent Renda
Renda Law Offices, P.C.
600 West Broadway, Suite 400
San Diego CA  92101

---

ORIGINAL AND 1 CERTIFIED COPY OF TRANSCRIPT OF:

Robert Shawcroft                                                              750.60

SALES TAX                                                                        5.36

**TOTAL DUE >>>**                                                       **$755.96**

Ordered By      : Christopher S. Morris
Morris Law Firm, APC
401 West A Street, Suite 1820
San Diego, CA 92101

Thank you, your business is greatly appreciated.

Aptus Court Reporting - CA, LLC.  Customer is ultimately responsible for payment within our terms.

TO REMIT PAYMENT VIA ACH OR WIRE TRANSFER:
APTUS COURT REPORTING     CHASE BANK    ACCOUNT 825514128
WIRE PYMT RTE # 021000021    ACH PYMT RTE # 322271627

---

**Tax ID:** 27-4460942

Phone: 619.819.0011   Fax:619.819.0012

*Please detach bottom portion and return with payment.*

Vincent Renda
Renda Law Offices, P.C.
600 West Broadway, Suite 400
San Diego CA  92101

Job No.      : 10022676        BU ID      : AptusSD
Case No.     : 37-2014-0003347-CU-PO-CTL
Case Name  : Estate of Ronnie Paul Sandoval, et al. v. County
of San Diego, et al.

Invoice No. : 1021357          Invoice Date :3/31/2016
**Total Due  : $ 755.96**

Remit To: **Aptus Court Reporting
600 West Broadway, Suite 300
San Diego CA  92101**

| **PAYMENT WITH CREDIT CARD** | AMEX MasterCard VISA |
|---|---|
| Cardholder's Name: | |
| Card Number: | |
| Exp. Date: | Phone#: |
| Billing Address: | |
| Zip: | Card Security Code: |
| Amount to Charge: | |
| Cardholder's Signature: | |

# EXHIBIT 3

# COPYSCAN, INC.
Litigation Document Management

1133 COLUMBIA ST. #107
SAN DIEGO, CA 92101
TEL(619)235-8900
FAX(619)235-8980

# Invoice

| Date | Invoice # |
|------|-----------|
| 4/1/2024 | 62367 |

| Bill To |
|---------|
| PHG LAW GROUP<br>501 WEST BROADWAY #1480<br>SAN DIEGO, CA 92101<br>ATTN: LEANNA PIERCE |

| Ship To |
|---------|
| PHG LAW GROUP<br>501 WEST BROADWAY #1480<br>SAN DIEGO, CA 92101<br>ATTN: LEANNA PIERCE |

| Work Order # | Terms | Job Reference |
|--------------|-------|---------------|
| 58896 | Due on receipt | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 78 | ALPHA/NUMERIC TABS<br>RE: SANDOVAL 4/2/24  (A-Z X3) | 0.25 | 19.50T |
| | Sales Tax | 7.75% | 1.51 |

Please remit to above address.
Federal ID 33-0888027

**Total** $21.01

# COPYSCAN, INC.
Litigation Document Management

1133 COLUMBIA ST. #107
SAN DIEGO, CA 92101
TEL(619)235-8900
FAX(619)235-8980

# Invoice

| Date | Invoice # |
|------|-----------|
| 4/19/2024 | 62402 |

| Bill To |
|---------|
| PHG LAW GROUP<br>501 WEST BROADWAY #1480<br>SAN DIEGO, CA 92101<br>ATTN: LEANNA PIERCE |

| Ship To |
|---------|
| PHG LAW GROUP<br>501 WEST BROADWAY #1480<br>SAN DIEGO, CA 92101<br>ATTN: LEANNA PIERCE |

| Work Order # | Terms | Job Reference |
|--------------|-------|---------------|
| 58931 | Due on receipt | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 64 | ALPHA/NUMERIC TABS<br>RE: SIDE TABS 56-119 4/15/24 | 0.25 | 16.00T |
| | Sales Tax | 7.75% | 1.24 |

Please remit to above address.
Federal ID 33-0888027

| Total | $17.24 |
|-------|--------|

# COPYSCAN, INC.
Litigation Document Management

1133 COLUMBIA ST. #107
SAN DIEGO, CA 92101
TEL(619)235-8900
FAX(619)235-8980

# Invoice

| Date | Invoice # |
|------|-----------|
| 4/19/2024 | 62399 |

| Bill To | Ship To |
|---------|---------|
| PHG LAW GROUP<br>501 WEST BROADWAY #1480<br>SAN DIEGO, CA 92101<br>ATTN: LEANNA PIERCE | PHG LAW GROUP<br>501 WEST BROADWAY #1480<br>SAN DIEGO, CA 92101<br>ATTN: LEANNA PIERCE |

| Work Order # | Terms | Job Reference |
|--------------|-------|---------------|
| 58921 | Due on receipt | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1,853 | HEAVY LITIGATION COPYING | 0.20 | 370.60T |
| 139 | COLOR COPIES | 0.69 | 95.91T |
| 94 | ALPHA/NUMERIC TABS | 0.25 | 23.50T |
| 2,086 | PAGES PUNCHED/DRILLED(3 HOLE) | 0.01 | 20.86T |
| 3 | BINDERS(4") | 24.00 | 72.00T |
| 1 | LABOR FEE(HOURLY) DOC PREP | 45.00 | 45.00T |
| 1 | DATA TRANSFER-HIGHTAIL UPLOAD | 10.00 | 10.00T |
| | RE: PLAINTIFFS FINAL TRIAL EXHIBITS(56-149) | | |
| | Sales Tax | 7.75% | 49.43 |

Please remit to above address.
Federal ID 33-0888027

| Total | $687.30 |
|-------|---------|

# EXHIBIT 4

Sandoval v. County of San Diego, et al.

Case details generated 03/08/2022

Add Expense

| DATE | ACTIVITY | QUANTITY | COST | DESCRIPTION | TOTAL | STATUS | USER |
|---|---|---|---|---|---|---|---|
| Nov 8, 2016 | Postage | 1.0 | $6.45 | Mailing of Discovery Discs to Anna Sandoval | $6.45 | Invoiced | Vincent Renda |
| May 31, 2016 | Court Fees | 1.0 | $7.50 | Copy of Minute Order dated 12/23/2015 | $7.50 | Invoiced | Vincent Renda |
| May 13, 2016 | Court Reporter Fees | 1.0 | $689.50 | Jordan Media Inc. (Video of Michael Castro Depo) | $689.50 | Invoiced | Vincent Renda |
| May 10, 2016 | Court Reporter Fees | 1.0 | $3,519.03 | Aptus Court Reporting | $3,519.03 | Invoiced | Vincent Renda |
| Apr 27, 2016 | Attorney Services Firm | 1.0 | $89.80 | Knox Attorney Service | $89.80 | Invoiced | Vincent Renda |
| Apr 20, 2016 | Attorney Services Firm | 1.0 | $108.81 | Knox Attorney Service fee on Obtaining Records from San Diego Police Deparment | $108.81 | Invoiced | Vincent Renda |
| Apr 16, 2016 | Attorney Services Firm | 1.0 | $87.21 | Knox Attorney Service fee on Attempt to Retrieve Records from Scripps Memorial Hospital La Jolla | $87.21 | Invoiced | Vincent Renda |
| Apr 15, 2016 | Court Reporter Fees | 1.0 | $602.69 | Court Report Fee of Kramm Court Reporting for Deposition of Michael A. Castro | $602.69 | Invoiced | Vincent Renda |
| Mar 25, 2016 | Court Fees | 1.0 | $9.95 | Filing fee for Amendment to Complaint | $9.95 | Invoiced | Laurie Dillon |
| Mar 9, 2016 | Court Fees | 1.0 | $12.92 | e-service and e-filing of Amended Complaint and Proof of Service | $12.92 | Invoiced | Laurie Dillon |
| Mar 2, 2016 | Court Fees | 1.0 | $9.95 | Filing of Amended Complaint with One Legal | $9.95 | Invoiced | Laurie Dillon |
| Feb 26, 2016 | Court Fees | 1.0 | $9.95 | Filing of Documents | $9.95 | Invoiced | Laurie Dillon |
| Feb 26, 2016 | Court Fees | 2.0 | $12.92 | Filing and service of Documents | $25.84 | Invoiced | Laurie Dillon |
| Feb 23, 2016 | Travel Meals | 1.0 | $76.23 | | $76.23 | Invoiced | Vincent Renda |
| Feb 23, 2016 | Parking | 1.0 | $0.75 | Parking Expense for Deposition | $0.75 | Invoiced | Vincent Renda |
| Feb 22, 2016 | Travel Meals | 1.0 | $19.89 | | $19.89 | Invoiced | Vincent Renda |
| Feb 22, 2016 | Photocopies | 2000.0 | $0.10 | Photocopies in preparation of Depositions for 2/23/16 | $200.00 | Invoiced | Vincent Renda |
| Feb 17, 2016 | Court Fees | 1.0 | $9.95 | Filing fee of Notice of Errata, Declaration of Vincent Renda, Esq., , Order and Proof of Service | $9.95 | Invoiced | Laurie Dillon |
| Feb 8, 2016 | Court Fees | 1.0 | $60.00 | Motion Filing Fee of Plaintiff's Motion for Leave to Amend Complaint | $60.00 | Invoiced | Vincent Renda |
| Dec 28, 2015 | Witness Fees | 1.0 | $39.52 | Deposition Subpoena for Personal Appearance of Michael Castro ($35/day, .20/mile both ways) | $39.52 | Invoiced | Vincent Renda |
| Dec 16, 2015 | Postage | 1.0 | $2.46 | Mailing of Notice of Association of Counsel to Opposing Counsel, Court and Co-Counsel | $2.46 | Invoiced | Vincent Renda |
| Sep 1, 2015 | Postage | 1.0 | $1.15 | Mailing of Plaintiff's Set Two of Discovery Requests to Defendant COSD | $1.15 | Invoiced | Vincent Renda |
| May 26, 2015 | PACER | 1.0 | $76.10 | Legal Research via PACER | $76.10 | Invoiced | Cesar Gonzalez |

# Case Details

| | |
|---|---|
| **Case Number** | 37-2014-00033347-CU-PO-CTL |
| **Case Title** | Estate of Ronnie Paul Sandoval v. County of San Diego [IMAGED] |
| **Case Category** | Civil |
| **Case Type** | (U)Other PI/PD/WD: Wrongful Death (Other) |
| **Case Status** | Stayed/Removed |
| **Date Filed** | 10/01/2014 |
| **Case Age** | 811 |
| **Location** | Central |
| **Judicial Officer** | LEWIS, JOAN M. |

## Case Parties

| Name | Role | Representation |
|---|---|---|
| County Of San Diego | Defendant | **Chapin, James M** |
| DEGUZMAN, ROMEO | Defendant | |
| Estate of Ronnie Paul Sandoval | Plaintiff | **Renda, Vincent** ; Morris, Christopher S |
| HARRIS, DANA | Defendant | |
| Llamado, Maria | Defendant | |
| San Diego County Jail | Defendant | |
| San Diego County Sheriffs Department | Defendant | |
| Sandoval, Ana | Plaintiff | **Morris, Christopher S** ; Renda, Vincent |
| Sandoval, Josiah | Plaintiff | **Morris, Christopher S** ; Renda, Vincent |
| Sandoval, Ronnie, JR | Plaintiff | **Morris, Christopher S** ; Renda, Vincent |

## Representation

| Name | Address | Phone Number |
|---|---|---|
| Chapin, James M | County of San Diego, 1600 Pacific HWY 3551, San Diego, CA 92101 | 619-531-5244; 619-533-5800 |
| Morris, Christopher S | PHG LAW GROUP, 501 Broadway W 1480, San Diego, CA 92101 | 619-826-8060 |
| Renda, Vincent | Renda Law Offices PC, 600 West Broadway 400, San Diego, CA 92101 | 619-819-0011; 866-303-8383; 858-868-5000 |

## Scheduled Hearings

No Future Hearings.

## Register of Actions

| ROA Number | Event Date | Event Type / Comments | Documents |
|---|---|---|---|
| | 6/24/2016 | Jury Trial<br>• Hearing Date: 6/24/2016 9:45 AM<br>• Judicial Officer: LEWIS, JOAN M.<br>• Department: C-65 | N/A |
| | 6/3/2016 | Trial Readiness Conference<br>• Hearing Date: 6/3/2016 10:00 AM<br>• Judicial Officer: LEWIS, JOAN M.<br>• Department: C-65 | N/A |

| ROA Number | Event Date | Event Type / Comments | Documents |
|---|---|---|---|
| 76 | 6/1/2016 | Civil Jury Trial scheduled for 06/24/2016 at 09:45:00 AM at Central in C-65 Joan M. Lewis was vacated. | N/A |
| 77 | 6/1/2016 | Trial Readiness Conference (Civil) scheduled for 06/03/2016 at 10:00:00 AM at Central in C-65 Joan M. Lewis was vacated. | N/A |
| 75 | 4/27/2016 | Notice of Removal to Federal Court<br>Notice of Removal to Federal Court filed by DEGUZMAN, ROMEO; HARRIS, DANA; Llamado, Maria; County Of San Diego.<br>Filed By: *Defendant* DEGUZMAN, ROMEO<br>   *Defendant* HARRIS, DANA<br>   *Defendant* Llamado, Maria<br>   *Defendant* County Of San Diego | Notice of Removal to Federal Court<br>• Page Count: 8 |
| 74 | 4/21/2016 | Declaration - Other<br>Declaration - Other (in support of petition for order) filed by Estate of Ronnie Paul Sandoval; Sandoval, Ana; Sandoval, Ronnie Jr, Sandoval, Josiah.<br>Filed By: *Plaintiff* Sandoval, Ronnie, JR<br>   *Plaintiff* Estate of Ronnie Paul Sandoval<br>   *Plaintiff* Sandoval, Josiah<br>   *Plaintiff* Sandoval, Ana | Declaration - Other<br>• Page Count: 7 |
| 73 | 4/7/2016 | Answer<br>Answer filed by County Of San Diego.<br>Filed By: *Defendant* County Of San Diego<br>Refers To: *Plaintiff* Estate of Ronnie Paul Sandoval<br>   *Plaintiff* Sandoval, Ana | Answer<br>• Page Count: 5 |
| 72 | 3/24/2016 | Amendment to Complaint/Cross-Complaint Naming Doe<br>Amendment to Complaint/Cross-Complaint naming Doe (DOES 2 - 4) filed by Sandoval, Ana; Sandoval, Ana; Estate of Ronnie Paul Sandoval; Estate of Ronnie Paul Sandoval.; Transaction Number: 2220075<br>Filed By: *Plaintiff* Sandoval, Ana<br>   *Plaintiff* Estate of Ronnie Paul Sandoval<br>Refers To: *Defendant* DEGUZMAN, ROMEO<br>   *Defendant* Llamado, Maria<br>   *Defendant* HARRIS, DANA | Amendment to Complaint/Cross-Complaint naming Doe<br>• Page Count: 3 |
| 71 | 3/8/2016 | Proof of Service<br>Proof of Service filed by Sandoval, Ana; Sandoval, Ana; Estate of Ronnie Paul Sandoval; Estate of Ronnie Paul Sandoval.; Transaction Number: 1215104<br>Filed By: *Plaintiff* Estate of Ronnie Paul Sandoval<br>   *Plaintiff* Sandoval, Ana | Proof of Service<br>• Page Count: 1 |
| 70 | 3/8/2016 | Amended Complaint<br>Amended Complaint (1ST) filed by Sandoval, Ana; Sandoval, Ana; Estate of Ronnie Paul Sandoval; Estate of Ronnie Paul Sandoval.; Transaction Number: 1215104<br>Filed By: *Plaintiff* Estate of Ronnie Paul Sandoval<br>   *Plaintiff* Sandoval, Josiah<br>   *Plaintiff* Sandoval, Ronnie, JR<br>   *Plaintiff* Sandoval, Ana<br>Refers To: *Defendant* San Diego County Jail<br>   *Defendant* HARRIS, DANA<br>   *Defendant* Llamado, Maria<br>   *Defendant* DEGUZMAN, ROMEO<br>   *Defendant* County Of San Diego | Amended Complaint<br>• Page Count: 30 |

| ROA Number | Event Date | Event Type / Comments | Documents |
|---|---|---|---|
| | 3/4/2016 | Summary Judgment/Summary Adjudication<br>• Hearing Date: 3/4/2016 8:30 AM<br>• Judicial Officer: LEWIS, JOAN M.<br>• Department: C-65 | N/A |
| | 3/4/2016 | Motion Hearing<br>• Hearing Date: 3/4/2016 8:30 AM<br>• Judicial Officer: LEWIS, JOAN M.<br>• Department: C-65 | N/A |
| 69 | 3/4/2016 | Minutes finalized for Motion Hearing (Civil) heard 03/04/2016 08:30:00 AM. | Minute Order<br>• Page Count: 2 |
| 68 | 3/3/2016 | Tentative Ruling for Motion Hearing (Civil) published. | Tentative Rulings<br>• Page Count: 1 |
| 67 | 2/26/2016 | Proof of Service<br>Proof of Service filed by Sandoval, Ana; Sandoval, Ana; Estate of Ronnie Paul Sandoval; Estate of Ronnie Paul Sandoval.; Transaction Number: 1212537<br>Filed By: *Plaintiff* Estate of Ronnie Paul Sandoval<br>*Plaintiff* Sandoval, Ana | Proof of Service<br>• Page Count: 1 |
| 65 | 2/26/2016 | Reply to Opposition<br>Reply to Opposition - Other filed by Sandoval, Ana; Sandoval, Ana; Estate of Ronnie Paul Sandoval; Estate of Ronnie Paul Sandoval.; Transaction Number: 1212525<br>Filed By: *Plaintiff* Estate of Ronnie Paul Sandoval<br>*Plaintiff* Sandoval, Ana | Reply to Opposition - Other<br>• Page Count: 10 |
| 66 | 2/26/2016 | Declaration - Other<br>Declaration - Other filed by Sandoval, Ana; Sandoval, Ana; Estate of Ronnie Paul Sandoval; Estate of Ronnie Paul Sandoval.; Transaction Number: 1212525<br>Filed By: *Plaintiff* Sandoval, Ana<br>*Plaintiff* Estate of Ronnie Paul Sandoval | Declaration - Other<br>• Page Count: 5 |
| 64 | 2/22/2016 | Opposition<br>Opposition - Other (Memorandum of Points & Authorities in Opposition to Motion for Leave to Amend Complaint) filed by County Of San Diego.<br>Filed By: *Defendant* County Of San Diego | Opposition - Other<br>• Page Count: 6 |
| 63 | 2/22/2016 | Summary Judgment / Summary Adjudication (Civil) scheduled for 03/04/2016 at 08:30:00 AM at Central in C-65 Joan M. Lewis was vacated. | N/A |
| 62 | 2/11/2016 | Proof of Service<br>Proof of Service filed by Sandoval, Ana; Sandoval, Ana.; Transaction Number: 1208241<br>Filed By: *Plaintiff* Sandoval, Ana | Proof of Service<br>• Page Count: 2 |
| 60 | 2/11/2016 | Declaration - Other<br>Declaration - Other (of Vincent Renda in Support of Motion for Leave to Amend Complaint) filed by Sandoval, Ana; Sandoval, Ana.; Transaction Number: 1208241<br>Filed By: *Plaintiff* Sandoval, Ana | Declaration - Other<br>• Page Count: 4 |
| 61 | 2/11/2016 | Order - Other<br>Order - Other ((Proposed) Order) submitted by Sandoval, Ana; Sandoval, Ana received but not filed on 02/11/2016.; Transaction Number: 1208241<br>Filed By: *Plaintiff* Sandoval, Ana | Order - Other<br>• Page Count: 1 |

| ROA Number | Event Date | Event Type / Comments | Documents |
|---|---|---|---|
| 59 | 2/11/2016 | Notice of Errata<br>Notice of Errata filed by Sandoval, Ana; Sandoval, Ana.;<br>Transaction Number: 1208241<br>Filed By: *Plaintiff* Sandoval, Ana | Notice of Errata<br>• Page Count: 2 |
| 58 | 2/8/2016 | Motion for Leave to Amend<br>Motion for Leave to Amend filed by Estate of Ronnie Paul<br>Sandoval; Sandoval, Ana.<br>Filed By: *Plaintiff* Sandoval, Ana<br>     *Plaintiff* Estate of Ronnie Paul Sandoval | Motion for Leave to Amend<br>• Page Count: 40 |
| 57 | 1/29/2016 | Order - Other<br>Order - Other filed by Estate of Ronnie Paul Sandoval.<br>Filed By: *Plaintiff* Estate of Ronnie Paul Sandoval | Order - Other<br>• Page Count: 3 |
| | 12/23/2015 | Ex Parte Hearing<br>• Hearing Date: 12/23/2015 8:30 AM<br>• Judicial Officer: LEWIS, JOAN M.<br>• Department: C-65 | N/A |
| 53 | 12/23/2015 | Motion Hearing (Civil) continued pursuant to party's motion to<br>03/04/2016 at 08:30AM before Judge Joan M. Lewis. | N/A |
| 54 | 12/23/2015 | Trial Readiness Conference (Civil) continued pursuant to party's<br>motion to 06/03/2016 at 10:00AM before Judge Joan M. Lewis. | N/A |
| 55 | 12/23/2015 | Civil Jury Trial continued pursuant to party's motion to<br>06/24/2016 at 09:45AM before Judge Joan M. Lewis. | N/A |
| 56 | 12/23/2015 | Minutes finalized for Ex Parte heard 12/23/2015 08:30:00 AM. | Minute Order<br>• Page Count: 1 |
| 45 | 12/22/2015 | Ex Parte Application & Declaration<br>Ex Parte Application - Other and Supporting Documents<br>filed by Estate of Ronnie Paul Sandoval.<br>Filed By: *Plaintiff* Estate of Ronnie Paul Sandoval | Ex Parte Application - Other and Supporting<br>Documents<br>• Page Count: 26 |
| 46 | 12/18/2015 | Association of Attorney<br>Association of Attorney filed by Estate of Ronnie Paul<br>Sandoval; Sandoval, Ana.<br>Filed By: *Plaintiff* Sandoval, Ana<br>     *Plaintiff* Estate of Ronnie Paul Sandoval | Association of Attorney<br>• Page Count: 3 |
| 44 | 12/16/2015 | Ex Parte scheduled for 12/23/2015 at 08:30:00 AM at Central in<br>C-65 Joan M. Lewis. | N/A |
| 43 | 12/16/2015 | Motion Hearing (Civil) scheduled for 06/03/2016 at 08:30:00<br>AM at Central in C-65 Joan M. Lewis. | N/A |
| 42 | 12/14/2015 | Motion for Summary Judgment and/or Adjudication<br>Motion for Summary Judgment and/or Adjudication (and<br>Supporting Documents) filed by County Of San Diego.<br>Filed By: *Defendant* County Of San Diego | Motion for Summary Judgment and/or<br>Adjudication<br>• Page Count: 53 |
| 41 | 11/19/2015 | Disassociation of Attorney<br>Disassociation of Attorney (and Notice of Attorney's Lien)<br>filed by Estate of Ronnie Paul Sandoval; Sandoval, Ana.<br>Filed By: *Plaintiff* Sandoval, Ana<br>     *Plaintiff* Estate of Ronnie Paul Sandoval | Disassociation of Attorney<br>• Page Count: 2 |
| | 7/14/2015 | Ex Parte Hearing<br>• Hearing Date: 7/14/2015 8:30 AM<br>• Judicial Officer: LEWIS, JOAN M.<br>• Department: C-65 | N/A |

| ROA Number | Event Date | Event Type / Comments | Documents |
|---|---|---|---|
| 40 | 7/14/2015 | Notice of Rescheduled Hearing SD generated. | Notice of Rescheduled Hearing SD<br>• Page Count: 2 |
| 39 | 7/14/2015 | Notice of Rescheduled Hearing SD generated. | Notice of Rescheduled Hearing SD<br>• Page Count: 2 |
| 37 | 7/14/2015 | Civil Jury Trial continued pursuant to party's motion to 04/15/2016 at 09:45AM in Department C-65. | N/A |
| 38 | 7/14/2015 | Minutes finalized for Ex Parte heard 07/14/2015 08:30:00 AM. (As Amended) | Minute Order<br>• Page Count: 1 |
| 34 | 7/14/2015 | Notice of Rescheduled Hearing SD generated. | Notice of Rescheduled Hearing SD<br>• Page Count: 2 |
| 33 | 7/14/2015 | Notice of Rescheduled Hearing SD generated. | Notice of Rescheduled Hearing SD<br>• Page Count: 2 |
| 29 | 7/14/2015 | Trial Readiness Conference (Civil) continued pursuant to party's motion to 03/25/2016 at 10:00AM in Department C-65. | N/A |
| 30 | 7/14/2015 | Civil Jury Trial continued pursuant to party's motion to 04/15/2015 at 09:45AM in Department C-65. | N/A |
| 31 | 7/14/2015 | Summary Judgment / Summary Adjudication (Civil) scheduled for 03/04/2016 at 08:30AM before Judge Joan M. Lewis. | N/A |
| 32 | 7/14/2015 | Minutes finalized for Ex Parte heard 07/14/2015 08:30:00 AM. (Subsequently amended - See ROA # 38) | Minute Order<br>• Page Count: 1 |
| 23 | 7/10/2015 | Ex Parte Application & Declaration<br>Ex Parte Application - Other and Supporting Documents filed by Estate of Ronnie Paul Sandoval.<br>Filed By: *Plaintiff* Estate of Ronnie Paul Sandoval | Ex Parte Application - Other and Supporting Documents<br>• Page Count: 10 |
| 22 | 6/19/2015 | Ex Parte scheduled for 07/14/2015 at 08:30:00 AM at Central in C-65 Joan M. Lewis. | N/A |
| 21 | 4/15/2015 | Notice<br>Notice - Other (RE: CHANGE OF HANDLING FIRM) filed by Sandoval, Ana; Estate of Ronnie Paul Sandoval.<br>Filed By: *Plaintiff* Sandoval, Ana<br>*Plaintiff* Estate of Ronnie Paul Sandoval<br>Refers To: *Defendant* County Of San Diego<br>*Defendant* San Diego County Sheriffs Department<br>*Defendant* San Diego County Jail | Notice - Other<br>• Page Count: 3 |
|  | 3/6/2015 | Case Management Conference<br>• Hearing Date: 3/6/2015 10:45 AM<br>• Judicial Officer: LEWIS, JOAN M.<br>• Department: C-65 | N/A |
| 19 | 3/6/2015 | Minutes finalized for Civil Case Management Conference heard 03/06/2015 10:45:00 AM. | Minute Order<br>• Page Count: 1 |
| 16 | 3/6/2015 | Civil Jury Trial scheduled for 12/04/2015 at 09:45AM before Judge Joan M. Lewis. | N/A |
| 17 | 3/6/2015 | Trial Readiness Conference (Civil) scheduled for 11/20/2015 at 10:00AM before Judge Joan M. Lewis. | N/A |
| 18 | 3/6/2015 | Jury demanded by Plainitff and Defendat. | N/A |

| ROA Number | Event Date | Event Type / Comments | Documents |
|---|---|---|---|
| 13 | 3/6/2015 | **Notice of Jury Fee Deposit**<br>Notice of Jury Fee Deposit filed by County Of San Diego.<br>Filed By: *Defendant* County Of San Diego | Notice of Jury Fee Deposit<br>• Page Count: 2 |
| 12 | 2/25/2015 | **Case Management Statement**<br>Case Management Statement filed by Estate of Ronnie Paul<br>Sandoval; Sandoval, Ana.<br>Filed By: *Plaintiff* Sandoval, Ana<br>  *Plaintiff* Estate of Ronnie Paul Sandoval | Case Management Statement<br>• Page Count: 6 |
| 20 | 2/23/2015 | **Notice of Jury Fee Deposit**<br>Notice of Jury Fee Deposit filed by Estate of Ronnie Paul<br>Sandoval.<br>Filed By: *Plaintiff* Estate of Ronnie Paul Sandoval | Notice of Jury Fee Deposit<br>• Page Count: 1 |
| 11 | 2/18/2015 | **Case Management Statement**<br>Case Management Statement filed by County Of San Diego.<br>Filed By: *Defendant* County Of San Diego | Case Management Statement<br>• Page Count: 6 |
| 10 | 12/2/2014 | **Answer**<br>Answer filed by County Of San Diego.<br>Filed By: *Defendant* County Of San Diego<br>Refers To: *Plaintiff* Estate of Ronnie Paul Sandoval | Answer<br>• Page Count: 5 |
| 9 | 11/26/2014 | **Amendment to Complaint/Cross-Complaint Naming Doe**<br>Amendment to Complaint/Cross-Complaint naming Doe<br>(Doe 1) filed by Estate of Ronnie Paul Sandoval.<br>Filed By: *Plaintiff* Estate of Ronnie Paul Sandoval<br>Refers To: *Defendant* San Diego County Sheriffs Department | Amendment to Complaint/Cross-Complaint<br>naming Doe<br>• Page Count: 1 |
| 8 | 11/7/2014 | **Proof of Service of 30-day Summons & Complaint**<br>Proof of Service of 30-day Summons & Complaint -<br>Personal (County of San Diego) filed by Estate of Ronnie<br>Paul Sandoval; Sandoval, Ana.<br>Filed By: *Plaintiff* Sandoval, Ana<br>  *Plaintiff* Estate of Ronnie Paul Sandoval<br>Refers To: *Defendant* County Of San Diego | Proof of Service of 30-day Summons &<br>Complaint - Personal<br>• Page Count: 2 |
| 7 | 10/2/2014 | Case initiation form printed. | Notice of Case Assignment SD<br>• Page Count: 2 |
| 6 | 10/2/2014 | Civil Case Management Conference scheduled for 03/06/2015<br>at 10:45:00 AM at Central in C-65 Joan M. Lewis. | N/A |
| 4 | 10/2/2014 | Summons issued. | N/A |
| 5 | 10/1/2014 | Case assigned to Judicial Officer Lewis, Joan. | N/A |
| 3 | 10/1/2014 | **Summons (Civil)**<br>Original Summons filed by Sandoval, Ana; Estate of Ronnie<br>Paul Sandoval.; Transaction Number: 187543<br>Filed By: *Plaintiff* Estate of Ronnie Paul Sandoval<br>  *Plaintiff* Sandoval, Ana<br>Refers To: *Defendant* County Of San Diego<br>  *Defendant* San Diego County Jail | Original Summons<br>• Page Count: 1 |

| ROA Number | Event Date | Event Type / Comments | Documents |
|---|---|---|---|
| 1 | 10/1/2014 | Civil Complaint<br>Complaint filed by Sandoval, Ana; Estate of Ronnie Paul<br>Sandoval.; Transaction Number: 187543<br>Filed By: *Plaintiff* Estate of Ronnie Paul Sandoval<br>*Plaintiff* Sandoval, Ana<br>Refers To: *Defendant* County Of San Diego<br>*Defendant* San Diego County Jail<br>*Defendant* San Diego County Sheriffs Department | Complaint<br>• Page Count: 11 |
| 2 | 10/1/2014 | Civil Case Cover Sheet<br>Civil Case Cover Sheet filed by Sandoval, Ana; Estate of<br>Ronnie Paul Sandoval.; Transaction Number: 187543<br>Filed By: *Plaintiff* Estate of Ronnie Paul Sandoval<br>*Plaintiff* Sandoval, Ana<br>Refers To: *Defendant* County Of San Diego<br>*Defendant* San Diego County Jail | Civil Case Cover Sheet<br>• Page Count: 2 |

**THE INFORMATION IN THIS REGISTER OF ACTIONS IS PROVIDED AS IS, WITHOUT WARRANTY BY THE SAN DIEGO SUPERIOR COURT AS TO CONTENT OR ACCURACY OF THE INFORMATION.** The Entry Date on the Register of Actions may not always reflect the actual filing date of a document and not all documents filed with the Court are listed on the Register of Actions. It is recommended that users refer to the case file for confirmation.

© 2021 – San Diego Superior Court

# EXHIBIT 5

| | | | | | |
|---|---|---|---|---|---|
| 1/13/2021 | | Morris Law Firm, APC | | | |
| 10:44 AM | | Slip Listing | | Page | 3 |

| Slip ID<br>Dates and Time<br>Posting Status<br>Description | | Timekeeper<br>Activity<br>Client.Matter | Units<br>DNB Time | Rate<br>Rate Info<br>Bill Status | Slip Value |
|---|---|---|---|---|---|
| 6902<br>8/30/2017<br>WIP<br>Vincent Renda - check #5642 | EXP | Chris<br>Outside Services<br>Sandoval.County of SD | 1 | 2500.00 | 2500.00 |
| 10901<br>3/2/2018<br>WIP<br>Pay.gov CASD CM ECF | EXP | Chris<br>Filing Fee<br>Sandoval.County of SD | 1 | 505.00 | 505.00 |
| 10899<br>7/19/2018<br>WIP<br>The UPS Store Delivery Cost | EXP | Chris<br>Delivery<br>Sandoval.County of SD | 1 | 36.24 | 36.24 |
| 11087<br>10/16/2018<br>WIP<br>Copyscan, INC - Copying cost (INV55899) | EXP | Chris<br>Outside Copies<br>Sandoval.County of SD | 1 | 36.96 | 36.96 |
| 12801<br>5/10/2019<br>WIP<br>CopyScan Copying cost - Invoice 57056 | EXP | Chris<br>Outside Copies<br>Sandoval.County of SD | 1 | 5.93 | 5.93 |
| 13377<br>10/11/2019<br>WIP<br>Hangham Huntington Pasadena - attorney Morris<br>and attorney Pena lodging | EXP | Chris<br>Travel Expenses<br>Sandoval.County of SD | 1 | 610.30 | 610.30 |
| 13378<br>10/15/2019<br>WIP<br>Langham Hotel Pasadena | EXP | Chris<br>Travel Expenses<br>Sandoval.County of SD | 1 | 63.83 | 63.83 |
| 13382<br>10/17/2019<br>WIP<br>Pasadena Travel Meals 10/16/19 - 10/17/19 | EXP | Chris<br>Travel Expenses<br>Sandoval.County of SD | 1 | 190.70 | 190.70 |

| Grand Total | | | | | |
|---|---|---|---|---|---|
| | | Billable | 0.00 | | 30674.72 |
| | | Unbillable | 0.00 | | 0.00 |
| | | Total | 0.00 | | 30674.72 |

# COPYSCAN, INC.
litigation Document Management

1133 COLUMBIA ST. #107
SAN DIEGO, CA 92101
TEL(619)235-8900
FAX(619)235-8980

# Invoice

| Date | Invoice # |
|------|-----------|
| 7/19/2018 | 55359 |

| Bill To |
|---------|
| MORRIS LAW FIRM<br>501 WEST BROADWAY #1480<br>SAN DIEGO, CA 92101<br>ATTN:LEANNA PIERCE |

| Ship To |
|---------|
| MORRIS AND ASSOCIATES<br>501 WEST BROADWAY #1480<br>SAN DIEGO, CA 92101<br>ATTN:LEANNA PIERCE |

| Work Order # | Terms | Job Reference |
|--------------|-------|---------------|
| 51790 | Due on receipt | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 3,001 | LASER PRINTS | 0.08 | 240.08T |
| 3,047 | PAPER PUNCHING(VELO/GBC) | 0.01 | 30.47T |
| 23 | VELOBIND/GBC | 2.00 | 46.00T |
| 23 | SPECIAL COVERS(SET) | 1.00 | 23.00T |
| | RE: BRIEFS FOR 9TH CIRCUIT 7-19-18 | | |
| | Sales Tax | 7.75% | 26.32 |

Please remit to above address.
Federal ID 33-0888027

| **Total** | **$365.87** |
|-----------|-------------|

# COPYSCAN, INC.
Litigation Document Management

1133 COLUMBIA ST. #107
SAN DIEGO, CA 92101
TEL(619)235-8900
FAX(619)235-8980

# Invoice

| Date | Invoice # |
|------|-----------|
| 10/16/2018 | 55899 |

| Bill To |
|---------|
| MORRIS AND ASSOCIATES<br>501 WEST BROADWAY #1480<br>SAN DIEGO, CA 92101<br>ATTN:LEANNA PIERCE |

| Ship To |
|---------|
| MORRIS AND ASSOCIATES<br>501 WEST BROADWAY #1480<br>SAN DIEGO, CA 92101<br>ATTN:LEANNA PIERCE |

| Work Order # | Terms | Job Reference |
|--------------|-------|---------------|
| 52310 | Due on receipt | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 133 | LIGHT LITIGATION COPYING | 0.10 | 13.30T |
| 7 | VELOBIND/GBC | 2.00 | 14.00T |
| 7 | SPECIAL COVERS(SET) | 1.00 | 7.00T |
| | RE:SANDOVAL V. COUNTY OF SAN DIEGO | | |
| | Sales Tax | 7.75% | 2.66 |

15-056

Please remit to above address.
Federal ID 33-0888027

| **Total** | **$36.96** |
|-----------|------------|

EXHIBIT 5

## SANDOVAL COSTS

Costs Not Included — Submitted with Bill of Costs

1. Fees for Process of Service
2. Trial Transcripts
3. Depositions
4. Witness Fees
5. Computation of Court-Appointed Experts
6. Exemplification and Copies of Papers
7. Maps, Charts, Models. Photographs, Summaries, Computations, and Statistical Summaries
8. Fees for Masters, Receivers and Commissioners
9. Premiums on Undertakings, Bonds, or Security Stipulations
10. Removed Cases
11. Admiralty
12. Appeals

| Misc | | |
|---|---|---|
| Date | Description | Amount |
| 2/21/2025 | Copies of Documents from Court Docket | $2.00 |
| 1/10/2025 | Copies of Documents from Court Docket | $8.50 |
| 9/5/2024 | Copies of Documents from Court Docket | $2.50 |
| 8/14/2024 | Copies of Documents from Court Docket | $2.50 |
| 5/22/2024 | Copies of Documents from Court Docket | $2.00 |
| 4/18/2024 | Sonja Hudson — Certified Transcripts of Audio Clips for Use at Trial | $150.00 |

| 4/11/2024 | AI Transcripts of Audio Interviews | $300.60 |
|---|---|---|
| 4/10/2024 | Parking for Focus Group Attendees | $150.00 |
| 4/10/2024 | Apple One – Focus Group | $1,711.35 |
| 1/10/2025 | Copies of Documents from Court Docket | $7.50 |
| 3/7/2017 | Video Track – Video of Deposition of Dana Harris | $899.17 |
| 3/25/2016 | One Legal – Fee for Electronic Filing | $9.95 |
| 3/9/2016 | One Legal – Fee for Electronic Filing and Service | $12.92 |
| 3/2/2016 | One Legal – Fee for Electronic Filing | $9.95 |
| 2/26/2016 | One Legal – Fee for Electronic Filing | $9.95 |
| 2/26/2016 | One Legal – Fee for Electronic Filing and Service | $12.92 |
| 2/17/2016 | One Legal – Fee for Electronic Filing | $9.95 |
| | | $3,301.76 |

| Research Costs | | |
|---|---|---|
| Date | Description | Amount |
| 5/26/2015 | Pacer Research | $76.10 |
| | | $76.10 |

| Mediation Fees | | |
|---|---|---|
| Date | Description | Amount |
| 7/24/2023 | Ace Parking – Parking for Clients for Mediation | $33.00 |
| 7/11/2023 | JAMS – Mediation with Hon. Irma E. Gonzalez (Ret.) | $6,425.00 |
| | | $6,458.00 |

| Travel/Meals/Etc. | | |
|---|---|---|
| Date | Description | Amount |
| 4/26/2024 | The Guild – Hotel for Josiah Rodriguez During Trial | $81.15 |
| 4/25/2024 | The Guild – Hotel for Josiah Rodriguez During Trial | $197.25 |
| 4/24/2024 | The Guild – Hotel for Josiah Rodrguez During Trial | $472.98 |
| 4/23/2024 | Corner Bakery – Lunch for Trial | $20.78 |

| 4/22/2024 | Chipotle – Lunch for Trial | $156.24 |
|---|---|---|
| 4/19/2024 | Matisse Bistro – Lunch for Trial | $64.65 |
| 4/18/2024 | The Guild – Hotel for Josiah Rodriguez During Trial | $1,104.72 |
| 4/18/2024 | Grab N Go – Lunch for Trial | $96.98 |
| 4/17/2024 | Panera Bread – Lunch for Trial | $83.06 |
| 4/16/2024 | Corner Bakery – Lunch for Trial | $118.92 |
| 4/4/2024 | Wyndham San Diego Bayside – Hotel for Josiah Rodrguez During Trial | $1,416.34 |
| 10/11/2019 | Langham Hotel – Hotel for 9th Circuit Hearing | 610.30 |
| 10/16/2019 | Langham Hotel – Hotel for 9th Circuit Hearing | 63.83 |
| 2/23/2016 | Meals for Depositions | $75.23 |
| 2/22/2016 | Meals for Depositions | $19.89 |
| 2/23/2016 | Parking for Depositions | $.75 |
| | | $4,583.07 |

| Personal Services | | |
|---|---|---|
| Date | Description | Amount |
| 4/19/2024 | Skip Trace for Trial Witness | $50.00 |
| 4/2/2024 | RFPI – Investigator for Tracking Down Trial Witnesses | $462.50 |
| 3/4/2024 | Skip Trace for Trial Witness | $50.00 |
| 3/4/2024 | Skip Trace for Trial Witness | $50.00 |
| 3/4/2024 | Skip Trace for Trial Witness | $50.00 |
| 3/4/2024 | Skip Trace for Trial Witness | $50.00 |
| 2/23/2024 | Skip Trace for Trial Witness | $50.00 |
| 1/17/2024 | Skip Trace for Trial Witness | $50.00 |
| 1/17/2024 | Skip Trace for Trial Witness | $50.00 |
| 1/17/2024 | Skip Trace for Trial Witness | $50.00 |
| 1/17/2024 | Skip Trace for Trial Witness | $50.00 |
| 1/17/2024 | Skip Trace for Trial Witness | $50.00 |

| 1/17/2024 | Skip Trace for Trial Witness | $50.00 |
| 1/17/2024 | Skip Trace for Trial Witness | $50.00 |
| 1/17/2024 | Skip Trace for Trial Witness | $50.00 |
| 1/5/2024 | Skip Trace for Trial Witness | $53.88 |
| 3/31/2017 | Titan Legal Services – Service of Subpoenas for Depositions | $133.90 |
| 3/31/2017 | Titan Legal Services – Service of Subpoenas for Depositions | $60.00 |
| | | $1,410.28 |

| Records from Authorizations | | |
|---|---|---|
| Date | Description | Amount |
| 6/3/2016 | Knox Attorney Service – Records from American Medical Response | $111.40 |
| 4/27/2016 | Knox Attorney Service – Records from Authorization | $89.80 |
| 4/20/2016 | Knox Attorney Service - Records from San Diego Police Department | $108.81 |

| 4/16/2016 | Knox Attorney Service – Records from Scripps La Jolla | $87.21 |
|---|---|---|
| | | $397.22 |

| Trial Transcripts | | |
|---|---|---|
| Date | Description | Amount |
| 4/16/2024 | Stephanie Whithead | $2,877.88 |
| 4/16/2024 | Amanda LeGore | $2,942.64 |
| | | $5,820.52 |

| In House Photocopies/Postage | | |
|---|---|---|
| Date | Description | Amount |
| 6/3/2024 | Photocopies | $23.76 |
| 4/12/2024 | Photocopies | $224.28 |
| 4/8/2024 | Photocopies | $19.32 |
| 4/2/2024 | Photocopies | $291.24 |
| 1/15/2024 | Photocopies | $27.00 |
| 1/12/2024 | Photocopies | $10.44 |
| 1/10/2024 | Photocopies | $189.36 |
| 12/5/2023 | Photocopies | $52.08 |
| 7/31/2023 | Photocopies | $27.12 |
| 7/24/2023 | Photocopies | $52.20 |

| | | |
|---|---|---|
| 2/6/2023 | Photocopies | $29.28 |
| 5/15/2017 | Postage – Mailing of Deposition Transcript to Client fore Review | $8.57 |
| 5/15/2017 | Postage – Mailing of Deposition Transcript to Client fore Review | $7.78 |
| 11/8/2016 | Postage of Discovery to Anna Sandoval for Review | $6.45 |
| 2/22/2016 | Photocopies | $200.00 |
| 12/16/2015 | Postage – Mailing of Notice of Association of Counsel | $2.45 |
| 9/1/2015 | Postage – Mailing of Discovery | $1.15 |
| | Certified Mail to Romeo DeGuzman | $6.74 |
| | Certified Mail to Maria Llamado | $6.74 |
| | Certified Mail to Dana Harris | $6.74 |
| | | $1,192.70 |

# San Diego Superior Court
**Document Order # 139056**

Paid: 02/21/2025 16:44 PST



### Billed To

Danielle Pena
501 West Broadway, Suite 1480
San Diego, CA 92101

| # | Case Number | Document Name | # Pages | Cost |
|---|---|---|---|---|
| 1 | 37-2014-000 33347-CU-P O-CTL | Disassociation of Attorney | 2 | $2.00 |

Subtotal: $2.00

**Total Cost (2 pages): $2.00**

Page 1

 **rev**

Rev.com, Inc.    |    Sales Receipt

## Order Details - Transcription Service

Order Number:      TC0606468224
Order Placed:      4/5/2024

| File Name | Duration | Unit Price |
|---|---|---|
| Transcription | 2 hours, 47 minutes | $1.50 |

*Exhibit 206 - RN Dana Harris 022314 (Carrillo).m4a*

*Exhibit 207 - RN Maria Theresa Llamado (jlopez) 022314.m4a*

*Exhibit 210 - RN Romeo De Guzman (Carrillo).m4a*

*Exhibit 211 - RN Romeo Deguzman 1 (lopez recorder) 031914.m4a*

*Exhibit 212 - RN Romeo Deguzman 2 (lopez recorder) 031914.m4a*

| | |
|---|---|
| Transcription (167) | $250.50 |
| Timestamps (167) | $50.10 |
| Subtotal | $300.60 |
| Sales Tax | $0.00 |
| Total | $300.60 |

## Payment Details

| | |
|---|---|
| Amount Paid: | $300.60 |
| Charged To: | Visa ending in 8340 exp. 8/2026 |
| Charged On: | 4/5/2024 |

## Order Summary

| | |
|---|---|
| Order Total: | $300.60 |
| Total Paid: | $300.60 |

## Customer Details

| | |
|---|---|
| Customer Name: | Leanna Pierce |
| Customer Email: | lpierce@PHGLawGroup.com |
| Customer Company: | PHG Law Group |

support@rev.com  |  888-369-0701  |  www.rev.com  |  Rev.com DEPT LA 24706 PASADENA CA 91185-4706



**AppleOne**

P.O. Box 29048
Glendale CA 91209-9048
818-240-8688
TIN:   95-2580864

# *Invoice*

**Bill To**
Law Offices of Joseph M. McMullen
Joseph McMullen
501 W Broadway #1510
San Diego CA 92101

**Purchase Order**    Not Specified

**Department**

| Customer - Site | Invoice Date | Invoice Number | Office | Page | Amount |
|---|---|---|---|---|---|
| O0208179 - 0000 | 04/10/2024 | 01-6853376 | 1186 Mission Viejo Career | 1 | $1,711.35 |

| Employee Name | Line | Job Description | Weekend | Charge | Unit | Rate | Sales Tax | State | Total |
|---|---|---|---|---|---|---|---|---|---|
| Amador, Karla | 4 | Customer Service | 04/06/2024 STD | | 5.00 | 37.49 | 0.00 | | $187.45 |
| Amador, Karla | 13 | Customer Service | 04/06/2024 ACAHC* | | 5.00 | 0.54 | 0.00 | | $2.70 |
| Barley, Kendra | 3 | Customer Service | 04/06/2024 STD | | 5.00 | 37.49 | 0.00 | | $187.45 |
| Barley, Kendra | 12 | Customer Service | 04/06/2024 ACAHC* | | 5.00 | 0.54 | 0.00 | | $2.70 |
| Bullock, Jason | 8 | Customer Service | 04/06/2024 STD | | 5.00 | 37.49 | 0.00 | | $187.45 |
| Bullock, Jason | 17 | Customer Service | 04/06/2024 ACAHC* | | 5.00 | 0.54 | 0.00 | | $2.70 |
| Duncan, Tyler | 7 | Customer Service | 04/06/2024 STD | | 5.00 | 37.49 | 0.00 | | $187.45 |
| Duncan, Tyler | 16 | Customer Service | 04/06/2024 ACAHC* | | 5.00 | 0.54 | 0.00 | | $2.70 |

\* ACA Hourly General Service Charge
**PAYMENT DUE UPON RECEIPT OF THIS INVOICE.**
Unpaid balance 0 days from invoice date shall be subject to a service charge of 1.5% per month (18% per annum).
We impose a 2.9% surcharge on most credit card transactions, which is not greater than our cost of acceptance. A surcharge will not be applied to any ACH or debit card transaction.
The parties' executed agreement may include terms that prevail over conflicting terms on this invoice.
IF YOU HAVE QUESTIONS ABOUT THIS INVOICE, PLEASE CALL YOUR REPRESENTATIVE AT 949-427-2936

**Please detach at the dotted line and return bottom portion with your payment. Thank you.**



**AppleOne**

**Remit To:**
AppleOne Employment Services
Accounts Receivable
P.O. Box 29048
Glendale CA 91209-9048

# *Remittance Copy*
You can now pay electronically through

 ApplePay

Visit www.ApplePay.com or Call (866) 898-7152 for details

| Customer # | Invoice Date | Invoice Number | Office | Amount | Amount Paid |
|---|---|---|---|---|---|
| O0208179 - 0000 | 04/10/2024 | 01-6853376 | 1186 Mission Viejo Career Center | $1,711.35 | |

Bill To: Law Offices of Joseph M. McMullen
Joseph McMullen
501 W Broadway #1510
San Diego CA 92101

# *Invoice*

**AppleOne**

P.O. Box 29048
Glendale CA 91209-9048
818-240-8686
**TIN:** 95-2580864

**Bill To**
Law Offices of Joseph M. McMullen
Joseph McMullen
501 W Broadway #1510
San Diego CA 92101

**Purchase Order**     Not Specified

**Department**

| Customer - Site | Invoice Date | Invoice Number | Office | Page | Amount |
|---|---|---|---|---|---|
| 00208179 - 0000 | 04/10/2024 | 01-6853376 | 1186 Mission Viejo Career | 2 | $1,711.35 |

| Employee Name | Line | Job Description | Weekend | Charge | Unit | Rate | Sales Tax | State | Total |
|---|---|---|---|---|---|---|---|---|---|
| Eaddy, Christopher | 5 | Customer Service | 04/06/2024 | STD | 5.00 | 37.49 | 0.00 | | $187.45 |
| Eaddy, Christopher | 14 | Customer Service | 04/06/2024 | ACAHC* | 5.00 | 0.54 | 0.00 | | $2.70 |
| Gillihan, Madison | 2 | Customer Service | 04/06/2024 | STD | 5.00 | 37.49 | 0.00 | | $187.45 |
| Gillihan, Madison | 11 | Customer Service | 04/06/2024 | ACAHC* | 5.00 | 0.54 | 0.00 | | $2.70 |
| Gutierrez, Raquel | 9 | Customer Service | 04/06/2024 | STD | 5.00 | 37.49 | 0.00 | | $187.45 |
| Gutierrez, Raquel | 18 | Customer Service | 04/06/2024 | ACAHC* | 5.00 | 0.54 | 0.00 | | $2.70 |
| Schnee, Lillian | 6 | Customer Service | 04/06/2024 | STD | 5.00 | 37.49 | 0.00 | | $187.45 |
| Schnee, Lillian | 15 | Customer Service | 04/06/2024 | ACAHC* | 5.00 | 0.54 | 0.00 | | $2.70 |
| White, Christopher | 1 | Customer Service | 04/06/2024 | STD | 5.00 | 37.49 | 0.00 | | $187.45 |
| White, Christopher | 10 | Customer Service | 04/06/2024 | ACAHC* | 5.00 | 0.54 | 0.00 | | $2.70 |

\*\*\*   **Payment / Adjustment to this Invoice**   \*\*\*

# DEPOSIT REQUEST



**Invoice Date**
7/11/2023

**Invoice Number**
6743184

Bill To:       **Mr. Joseph McMullen Esq.**
               **501 W. Broadway**
               **Suite 1510**
               **San Diego, CA 92101**
               **US**

| Reference #: | **1240025509 - Rep# 3** |
|---|---|
| Billing Specialist: | **Nichols, Katie** |
| Email: | **knichols@jamsadr.com** |
| Telephone: | **949-224-4603** |
| Employer ID: | **68-0542699** |

RE: **Estate of Sandoval, Ronnie Paul, et al. vs. County of San Diego**         Neutral(s): **Hon. Irma Gonzalez, (Ret.)**
Representing: **Ronnie Paul Sandoval ; Ana Sandoval**         Hearing Type: **MEDIATION**         JT

| Date / Time | Description | Your Share |
|---|---|---|
| 7/11/23 | **Hon. Irma E Gonzalez (Ret.)** Deposit for services: To be applied to professional time (session time, pre and post session reading, research, preparation, conference calls, travel, etc.), expenses, and case management fees. Please review the Neutral's fee schedule regarding case management fee and cancellation policies. Supplemental deposit requests will be assessed as needed. Any unused portion of this deposit will be refunded at the conclusion of the case. | $ 6,425.00 |

| | |
|---|---|
| **Total Billed:** | $ 6,425.00 |
| **Total Payment:** | $ 0 |
| **Balance:** | $ 6,425.00 |

Invoice total is based on the fee split agreed upon by all parties. If the case cancels or continues, fees are due per our cancellation and continuance policy. Please make checks payable to JAMS, Inc. Payment is due upon receipt.

**Click here to pay**

Standard mail:
**P.O. Box 845402**
**Los Angeles, CA 90084**

Overnight mail:
**18881 Von Karman Ave. Suite 350**
**Irvine, CA 92612**



# INVOICE

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| PHG01 | April 19, 2024 | SU407770-01-01 |

Bill To:
**Leanna Pierce**
**PHG Law Group**
**501 West Broadway, Suite 1480**
**San Diego, CA 92101**

Ordered By:
**Byron K. Husted, Esq.**
**PHG Law Group**
**501 West Broadway, Suite 1480**
**San Diego, CA 92101**

| | |
|---|---|
| Claim No: | Client File No.: |
| Insured: | Pertaining To: **Sandoval Matter (SKIP TRACE)** |
| Date of Loss: | Records From: **Michael Binsfield (SKIP TRACE)** |
| Plaintiff: **Sandoval Matter** | |
| Defendant: | **San Diego County, CA,** |

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| **Skip Trace / Public records search** | | | **50.00** |

**Comments:**

**Ran Skip Trace on subject and emailed results to client the same day. (Jim Ayer)**

| | |
|---|---|
| SUB-TOTAL | 50.00 |
| SALES TAX | .00 |
| **TOTAL DUE** | **$ 50.00** |

Thank you for choosing Titan Legal Services, Inc.!
For inquiries, please contact us at (310) 464-8655.

TERMS: NET 15 DAYS

## PLEASE PAY FROM THIS INVOICE

We recognize that some of our customers may be billing these expenses through their clients. In any case, the Titan Legal Services, Inc. customer remains responsible to pay within our terms regardless of their receivables.

MAKE CHECKS PAYABLE TO:
Titan Legal Services, Inc.
P.O. BOX 867
Torrance, CA 90508
FEDERAL TAX ID 26-1600646

Order#:SU407770-01/WHITINVLogo



# INVOICE

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| PHG01 | February 29, 2024 | SU405583-01-03 |

Bill To:
**Leanna Pierce**
**PHG Law Group**
**501 West Broadway, Suite 1480**
**San Diego, CA 92101**

Ordered By:
**Byron K. Husted, Esq.**
**PHG Law Group**
**501 West Broadway, Suite 1480**
**San Diego, CA 92101**

| | |
|---|---|
| Claim No: | Client File No.: |
| Insured: | Pertaining To: Sandoval Matter (SKIP TRACE) |
| Date of Loss: | Records From: Kyle C. Westbrook - SAN DIEGO AREA (SKIP TRACE) |
| Plaintiff: Sandoval Matter | |
| Defendant: | San Diego County, CA, |

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| **Skip Trace / Public records search** | | | 50.00 |

Comments:

Ran Skip Trace on subject and emailed results to client the same day. (Jim Ayer)

| | |
|---|---|
| SUB-TOTAL | 50.00 |
| SALES TAX | .00 |
| **TOTAL DUE** | **$ 50.00** |

Thank you for choosing Titan Legal Services, Inc.!
For inquiries, please contact us at (310) 464-8655.

**TERMS: NET 15 DAYS**

## PLEASE PAY FROM THIS INVOICE

MAKE CHECKS PAYABLE TO:
Titan Legal Services, Inc.
P.O. BOX 867
Torrance, CA 90508
FEDERAL TAX ID 26-1609646

We recognize that some of our customers may be billing these expenses through their clients. In any case, the Titan Legal Services, Inc. customer remains responsible to pay within our terms regardless of their receivables.



# INVOICE

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| PHG01 | February 29, 2024 | SU405583-02-03 |

Bill To:
**Leanna Pierce**
**PHG Law Group**
**501 West Broadway, Suite 1480**
**San Diego, CA 92101**

Ordered By:
**Byron K. Husted, Esq.**
**PHG Law Group**
**501 West Broadway, Suite 1480**
**San Diego, CA 92101**

Claim No:

Insured:

Date of Loss:

Plaintiff: **Sandoval Matter**
Defendant:

Client File No.:

Pertaining To: Sandoval Matter (SKIP TRACE)

Records From: Leonard Rodriguez (SKIP TRACE)

San Diego County, CA,

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| **Skip Trace / Public records search** | | | 50.00 |

Comments:

**Ran Skip Trace on subject and emailed results to client the same day. (Jim Ayer)**

| | |
|---|---|
| SUB-TOTAL | 50.00 |
| SALES TAX | .00 |
| TOTAL DUE | $ 50.00 |

Thank you for choosing Titan Legal Services, Inc.!
For inquiries, please contact us at (310) 464-8655.

## PLEASE PAY FROM THIS INVOICE

We recognize that some of our customers may be billing these expenses through their clients. In any case, the Titan Legal Services, Inc. customer remains responsible to pay within our terms regardless of their receivables.

TERMS: NET 15 DAYS

MAKE CHECKS PAYABLE TO:
Titan Legal Services, Inc.
P.O. BOX 867
Torrance, CA 90508
FEDERAL TAX ID 26-1600646

Order#:SU405583-02/WHITINVLogo



# INVOICE

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| **PHG01** | **February 29, 2024** | **SU405583-03-03** |

Bill To:
**Leanna Pierce**
**PHG Law Group**
**501 West Broadway, Suite 1480**
**San Diego, CA 92101**

Ordered By:
**Byron K. Husted, Esq.**
**PHG Law Group**
**501 West Broadway, Suite 1480**
**San Diego, CA 92101**

Claim No:

Insured:

Date of Loss:

Plaintiff: **Sandoval Matter**
Defendant:

Client File No.:

Pertaining To: **Sandoval Matter (SKIP TRACE)**

Records From: **Michael Bryan  (SKIP TRACE)**

**San Diego County, CA,**

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| **Skip Trace / Public records search** | | | **50.00** |

**Comments:**

**Ran Skip Trace on subject and emailed results to client the same day. (Jim Ayer)**

| | |
|---|---|
| **SUB-TOTAL** | **50.00** |
| **SALES TAX** | **.00** |
| **TOTAL DUE** | **$ 50.00** |

Thank you for choosing Titan Legal Services, Inc.!
For inquiries, please contact us at (310) 464-8655.

**PLEASE PAY FROM THIS INVOICE**

We recognize that some of our customers may be billing these expenses through
their clients. In any case, the Titan Legal Services, Inc. customer remains
responsible to pay within our terms regardless of their receivables.

**TERMS: NET 15 DAYS**

MAKE CHECKS PAYABLE TO:
Titan Legal Services, Inc.
P.O. BOX 867
Torrance, CA 90508
FEDERAL TAX ID 26-1690646

Order#:SU405583-03/WHITINVLogo



# INVOICE

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| PHG01 | February 29, 2024 | SU405583-04-01 |

Bill To:
**Leanna Pierce**
**PHG Law Group**
**501 West Broadway, Suite 1480**
**San Diego, CA 92101**

Ordered By:
**Byron K. Husted, Esq.**
**PHG Law Group**
**501 West Broadway, Suite 1480**
**San Diego, CA 92101**

Claim No:
Insured:
Date of Loss:
Plaintiff: **Sandoval Matter**
Defendant:

Client File No.:
Pertaining To: **Sandoval Matter (SKIP TRACE)**
Records From: **Jonathan Atkinson  (SKIP TRACE)**

**San Diego County, CA,**

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| Skip Trace / Public records search | | | 50.00 |

Comments:

Ran Skip Trace on subject and emailed results to client the same day. (Jim Ayer)

| | |
|---|---|
| SUB-TOTAL | 50.00 |
| SALES TAX | .00 |
| TOTAL DUE | **$ 50.00** |

Thank you for choosing Titan Legal Services, Inc.l
For inquiries, please contact us at (310) 464-8655.

**PLEASE PAY FROM THIS INVOICE**

We recognize that some of our customers may be billing these expenses through
their clients. In any case, the Titan Legal Services, Inc. customer remains
responsible to pay within our terms regardless of their receivables.

TERMS: NET 15 DAYS

MAKE CHECKS PAYABLE TO:
Titan Legal Services, Inc.
P.O. BOX 867
Torrance, CA 90508
FEDERAL TAX ID 26-1600648

Order#:SU405583-04/WHITINVLogo



# INVOICE

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| PHG01 | February 23, 2024 | SU405127-01-01 |

**Bill To:**
Leanna Pierce
PHG Law Group
501 West Broadway, Suite 1480
San Diego, CA 92101

**Ordered By:**
Byron K. Husted, Esq.
PHG Law Group
501 West Broadway, Suite 1480
San Diego, CA 92101

Claim No:

Insured:

Date of Loss:

Plaintiff: **Sandoval Matter**
Defendant:

Client File No.:

Pertaining To: **Sandoval Matter (SKIP TRACE)**

Records From: **Peter Carrilo (SKIP TRACE)**

**Los Angeles County, CA,**

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| **Skip Trace / Public records search** | | | 50.00 |

**Comments:**

**Ran Skip Trace on subject and emailed results to client the same day. (Jim Ayer)**

| | | |
|---|---|---|
| SUB-TOTAL | 50.00 |
| SALES TAX | .00 |
| **TOTAL DUE** | **$ 50.00** |

Thank you for choosing Titan Legal Services, Inc.!
For inquiries, please contact us at (310) 464-8655.

**TERMS: NET 15 DAYS**

## PLEASE PAY FROM THIS INVOICE

MAKE CHECKS PAYABLE TO:
Titan Legal Services, Inc.
P.O. BOX 867
Torrance, CA 90508
FEDERAL TAX ID 26-1660646

We recognize that some of our customers may be billing these expenses through their clients. In any case, the Titan Legal Services, Inc. customer remains responsible to pay within our terms regardless of their receivables.

Order#:SU405127-01/WHITINVLogo



# INVOICE

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| PHG01 | January 17, 2024 | SU403214-01-01 |

Bill To:
**Leanna Pierce**
**PHG Law Group**
**501 West Broadway, Suite 1480**
**San Diego, CA 92101**

Ordered By:
**Byron K. Husted, Esq.**
**PHG Law Group**
**501 West Broadway, Suite 1480**
**San Diego, CA 92101**

| | |
|---|---|
| Claim No: | Client File No.: |
| Insured: | Pertaining To: **Sandoval Matter (SKIP TRACE)** |
| Date of Loss: | Records From: **Robert Shawcroft (SKIP TRACE)** |
| Plaintiff: **Sandoval Matter** | **San Diego County, CA,** |
| Defendant: | |

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| **Skip Trace / Public records search** | | | **50.00** |

**Comments:**

**Ran Skip Trace on subject and emailed results to client the same day. (Jim Ayer)**

| | | |
|---|---|---|
| SUB-TOTAL | 50.00 |
| SALES TAX | .00 |
| TOTAL DUE | **$ 50.00** |

Thank you for choosing Titan Legal Services, Inc.l
For inquiries, please contact us at (310) 464-8655.

**TERMS: NET 15 DAYS**

## PLEASE PAY FROM THIS INVOICE

MAKE CHECKS PAYABLE TO:
Titan Legal Services, Inc.
P.O. BOX 867
Torrance, CA 90508
FEDERAL TAX ID 26-1606646

We recognize that some of our customers may be billing these expenses through their clients. In any case, the Titan Legal Services, Inc. customer remains responsible to pay within our terms regardless of their receivables.

Order#:SU403214-01/WHITINVLogo



# INVOICE

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| PHG01 | January 17, 2024 | SU403214-02-01 |

Bill To:
**Leanna Pierce**
**PHG Law Group**
**501 West Broadway, Suite 1480**
**San Diego, CA 92101**

Ordered By:
**Byron K. Husted, Esq.**
**PHG Law Group**
**501 West Broadway, Suite 1480**
**San Diego, CA 92101**

Claim No:

Insured:

Date of Loss:

Plaintiff: **Sandoval Matter**
Defendant:

Client File No.:

Pertaining To: **Sandoval Matter (SKIP TRACE)**

Records From: **Leonard Rodriguez  (SKIP TRACE)**

**San Diego County, CA,**

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| **Skip Trace / Public records search** | | | 50.00 |

Comments:

**Ran Skip Trace on subject and emailed results to client the same day. (Jim Ayer)**

| | |
|---|---|
| SUB-TOTAL | 50.00 |
| SALES TAX | .00 |
| TOTAL DUE | **$ 50.00** |

**Thank you for choosing Titan Legal Services, Inc.!**
**For inquiries, please contact us at (310) 464-8655.**

**PLEASE PAY FROM THIS INVOICE**

We recognize that some of our customers may be billing these expenses through their clients. In any case, the Titan Legal Services, Inc. customer remains responsible to pay within our terms regardless of their receivables.

TERMS: NET 15 DAYS

MAKE CHECKS PAYABLE TO:
Titan Legal Services, Inc.
P.O. BOX 867
Torrance, CA 90508
FEDERAL TAX ID 26-1600846

Order#:SU403214-02/WHITINVLogo



# INVOICE

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| PHG01 | January 17, 2024 | SU403214-03-01 |

Bill To:
**Leanna Pierce**
**PHG Law Group**
**501 West Broadway, Suite 1480**
**San Diego, CA 92101**

Ordered By:
**Byron K. Husted, Esq.**
**PHG Law Group**
**501 West Broadway, Suite 1480**
**San Diego, CA 92101**

| | |
|---|---|
| Claim No: | Client File No.: |
| Insured: | Pertaining To: **Sandoval Matter (SKIP TRACE)** |
| Date of Loss: | Records From: **John R. Trunick, IV (SKIP TRACE)** |
| Plaintiff: **Sandoval Matter** | |
| Defendant: | **San Diego County, CA,** |

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| **Skip Trace / Public records search** | | | **50.00** |

**Comments:**

**Ran Skip Trace on subject and emailed results to client the same day. (Jim Ayer)**

| | |
|---|---|
| SUB-TOTAL | 50.00 |
| SALES TAX | .00 |
| TOTAL DUE | **$ 50.00** |

Thank you for choosing Titan Legal Services, Inc.!
For inquiries, please contact us at (310) 464-8655.

## PLEASE PAY FROM THIS INVOICE

We recognize that some of our customers may be billing these expenses through their clients. In any case, the Titan Legal Services, Inc. customer remains responsible to pay within our terms regardless of their receivables.

TERMS: NET 15 DAYS

MAKE CHECKS PAYABLE TO:
Titan Legal Services, Inc.
P.O. BOX 867
Torrance, CA 90508
FEDERAL TAX ID 26-1690646

Order#:SU403214-03/WHITINVLogo



# INVOICE

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| PHG01 | January 17, 2024 | SU403214-04-01 |

Bill To:
**Leanna Pierce**
**PHG Law Group**
**501 West Broadway, Suite 1480**
**San Diego, CA 92101**

Ordered By:
**Byron K. Husted, Esq.**
**PHG Law Group**
**501 West Broadway, Suite 1480**
**San Diego, CA 92101**

| | |
|---|---|
| Claim No: | Client File No.: |
| Insured: | Pertaining To: **Sandoval Matter (SKIP TRACE)** |
| Date of Loss: | Records From: **Michael Bryan (SKIP TRACE)** |
| Plaintiff: **Sandoval Matter** | |
| Defendant: | **San Diego County, CA,** |

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| **Skip Trace / Public records search** | | | 50.00 |

**Comments:**

**Ran Skip Trace on subject and emailed results to client the same day. (Jim Ayer)**

| | |
|---|---|
| SUB-TOTAL | 50.00 |
| SALES TAX | .00 |
| TOTAL DUE | **$ 50.00** |

Thank you for choosing Titan Legal Services, Inc.!
For inquiries, please contact us at (310) 464-8655.

**PLEASE PAY FROM THIS INVOICE**

We recognize that some of our customers may be billing these expenses through their clients. In any case, the Titan Legal Services, Inc. customer remains responsible to pay within our terms regardless of their receivables.

TERMS: NET 15 DAYS

MAKE CHECKS PAYABLE TO:
Titan Legal Services, Inc.
P.O. BOX 867
Torrance, CA 90508
FEDERAL TAX ID 26-1600646

Order#:SU403214-04/WHITINVLogo



# INVOICE

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| PHG01 | January 17, 2024 | SU403214-05-01 |

Bill To:
**Leanna Pierce**
**PHG Law Group**
**501 West Broadway, Suite 1480**
**San Diego, CA 92101**

Ordered By:
**Byron K. Husted, Esq.**
**PHG Law Group**
**501 West Broadway, Suite 1480**
**San Diego, CA 92101**

Claim No:

Insured:

Date of Loss:

Plaintiff:  **Sandoval Matter**
Defendant:

Client File No.:

Pertaining To: Sandoval Matter (SKIP TRACE)

Records From: Peter Carrillo (SKIP TRACE)

San Diego County, CA,

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| **Skip Trace / Public records search** | | | 50.00 |

Comments:

**Ran Skip Trace on subject and emailed results to client the same day. (Jim Ayer)**

| | | |
|---|---|---|
| SUB-TOTAL | | 50.00 |
| SALES TAX | | .00 |
| **TOTAL DUE** | | **$ 50.00** |

Thank you for choosing Titan Legal Services, Inc.!
For inquiries, please contact us at (310) 464-8655.

## PLEASE PAY FROM THIS INVOICE

**We recognize that some of our customers may be billing these expenses through their clients. In any case, the Titan Legal Services, Inc. customer remains responsible to pay within our terms regardless of their receivables.**

TERMS: NET 15 DAYS

MAKE CHECKS PAYABLE TO:
Titan Legal Services, Inc.
P.O. BOX 867
Torrance, CA 90508
FEDERAL TAX ID 26-1600646

Order#:SU403214-05/WHITINVLogo



# INVOICE

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| PHG01 | January 17, 2024 | SU403214-06-01 |

**Bill To:**
Leanna Pierce
PHG Law Group
501 West Broadway, Suite 1480
San Diego, CA 92101

**Ordered By:**
Byron K. Husted, Esq.
PHG Law Group
501 West Broadway, Suite 1480
San Diego, CA 92101

Claim No:

Insured:

Date of Loss:

Plaintiff: **Sandoval Matter**
Defendant:

Client File No.:

Pertaining To: **Sandoval Matter (SKIP TRACE)**

Records From: **Brian M Fox  (SKIP TRACE)**

**San Diego County, CA,**

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| **Skip Trace / Public records search** | | | 50.00 |

**Comments:**

**Ran Skip Trace on subject and emailed results to client the same day. (Jim Ayer)**

| | |
|---|---|
| SUB-TOTAL | 50.00 |
| SALES TAX | .00 |
| TOTAL DUE | **$ 50.00** |

Thank you for choosing Titan Legal Services, Inc.!
For inquiries, please contact us at (310) 464-8655.

**TERMS: NET 15 DAYS**

## PLEASE PAY FROM THIS INVOICE

We recognize that some of our customers may be billing these expenses through their clients. In any case, the Titan Legal Services, Inc. customer remains responsible to pay within our terms regardless of their receivables.

**MAKE CHECKS PAYABLE TO:**
Titan Legal Services, Inc.
P.O. BOX 867
Torrance, CA 90508
FEDERAL TAX ID 26-1600646

Order#:SU403214-06/WHITINVLogo



# INVOICE

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| PHG01 | January 17, 2024 | SU403214-07-01 |

Bill To:
**Leanna Pierce**
**PHG Law Group**
**501 West Broadway, Suite 1480**
**San Diego, CA 92101**

Ordered By:
**Byron K. Husted, Esq.**
**PHG Law Group**
**501 West Broadway, Suite 1480**
**San Diego, CA 92101**

Claim No:

Insured:

Date of Loss:

Plaintiff: **Sandoval Matter**
Defendant:

Client File No.:

Pertaining To: **Sandoval Matter (SKIP TRACE)**

Records From: **Jonathan W. Atkinson  (SKIP TRACE)**

**San Diego County, CA,**

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| **Skip Trace / Public records search** | | | 50.00 |

**Comments:**

**Ran Skip Trace on subject and emailed results to client the same day. (Jim Ayer)**

| | |
|---|---|
| SUB-TOTAL | 50.00 |
| SALES TAX | .00 |
| TOTAL DUE | **$ 50.00** |

Thank you for choosing Titan Legal Services, Inc.!
For inquiries, please contact us at (310) 464-8655.

**PLEASE PAY FROM THIS INVOICE**

We recognize that some of our customers may be billing these expenses through their clients. In any case, the Titan Legal Services, Inc. customer remains responsible to pay within our terms regardless of their receivables.

**TERMS: NET 15 DAYS**

MAKE CHECKS PAYABLE TO:
Titan Legal Services, Inc.
P.O. BOX 867
Torrance, CA 90508
FEDERAL TAX ID 26-1600646

Order#:SU403214-07/WHITINVLogo



# INVOICE

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| PHG01 | January 17, 2024 | SU403214-08-01 |

Bill To:
**Leanna Pierce**
**PHG Law Group**
**501 West Broadway, Suite 1480**
**San Diego, CA 92101**

Ordered By:
**Byron K. Husted, Esq.**
**PHG Law Group**
**501 West Broadway, Suite 1480**
**San Diego, CA 92101**

| Claim No: | Client File No.: |
|---|---|
| Insured: | Pertaining To: **Sandoval Matter (SKIP TRACE)** |
| Date of Loss: | Records From: **Kyle C. Westbrook  (SKIP TRACE)** |
| Plaintiff: **Sandoval Matter** Defendant: | **Murrieta, CA,** |

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| **Skip Trace / Public records search** | | | **50.00** |

**Comments:**

**Ran Skip Trace on subject and emailed results to client the same day. (Jim Ayer)**

| | | |
|---|---|---|
| SUB-TOTAL | 50.00 |
| SALES TAX | .00 |
| TOTAL DUE | **$ 50.00** |

Thank you for choosing Titan Legal Services, Inc.!
For inquiries, please contact us at (310) 464-8655.

**TERMS: NET 15 DAYS**

### PLEASE PAY FROM THIS INVOICE

MAKE CHECKS PAYABLE TO:
Titan Legal Services, Inc.
P.O. BOX 867
Torrance, CA 90508
FEDERAL TAX ID 26-1600646

We recognize that some of our customers may be billing these expenses through their clients. In any case, the Titan Legal Services, Inc. customer remains responsible to pay within our terms regardless of their receivables.

Order#:SU403214-08/WHITINVLogo



# INVOICE

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| PHG01 | January 5, 2024 | SU402683-01-01 |

Bill To:
**Leanna Pierce**
**PHG Law Group**
**501 West Broadway, Suite 1480**
**San Diego, CA 92101**

Ordered By:
**Byron K. Husted, Esq.**
**PHG Law Group**
**501 West Broadway, Suite 1480**
**San Diego, CA 92101**

| | |
|---|---|
| Claim No: | Client File No.: |
| Insured: | Pertaining To: Sandoval Matter (SKIP TRACE) |
| Date of Loss: | Records From: Christopher J. White (EMS - Paramedic) (SKIP TRACE) |
| Plaintiff: Sandoval Matter | |
| Defendant: | San Diego County, CA, |

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| **Skip Trace / Public records search** | | | 50.00 |

**Comments:**

**Ran Skip Trace on subject and emailed results to client the same day. (Jim Ayer)**

| | |
|---|---|
| SUB-TOTAL | 50.00 |
| SALES TAX | 3.88 |
| TOTAL DUE | **$ 53.88** |

Thank you for choosing Titan Legal Services, Inc.!
For inquiries, please contact us at (310) 464-8655.

## PLEASE PAY FROM THIS INVOICE

We recognize that some of our customers may be billing these expenses through their clients. In any case, the Titan Legal Services, Inc. customer remains responsible to pay within our terms regardless of their receivables.

TERMS: NET 15 DAYS

MAKE CHECKS PAYABLE TO:
Titan Legal Services, Inc.
P.O. BOX 867
Torrance, CA 90508
FEDERAL TAX ID 26-1600846

Order#:SU402683-01/WHITINVLogo

EXHIBIT 6

Browne Greene, SBN 38441
GREENE BROILLET & WHEELER, LLP
222 N. Pacific Coast Highway, Suite 2100
P.O. Box 955
El Segundo, California 90245
Telephone: (310) 576-1200
Facsimile: (310) 576-1220
Email:  bgreene@gbw.law

Daniel K. Balaban, SBN 243652
BALABAN & SPIELBERGER, LLP
11999 San Vicente Blvd., Suite 345
Los Angeles, California 90049
Telephone:  (424) 832-7677
Facsimile:  (424) 832-7702
Email:  daniel@dbaslaw.com

Joseph G. Dicks, SBN 127362
Linda G. Workman, SBN 128621
DICKS & WORKMAN ATTORNEYS AT LAW, APC
7825 Fay Avenue, Suite 120
La Jolla, California 92037
Telephone: (619) 685-6800
Facsimile: (619) 557-2735
Email:  jdicks@dicks-workmanlaw.com; lworkman@dicks-workmanlaw.com

Holly N. Boyer (SBN 221788)
Shea S. Murphy (SBN 255554)
ESNER, CHANG & BOYER
234 East Colorado Boulevard, Suite 750
Pasadena, California   91101
Telephone: (626) 535-9860
Facsimile: (626) 535-9859
Email:  hboyer@ecbappeal.com; smurphy@ecbappeal.com

Attorneys for MICKAIL MYLES, Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

DECLARATION OF CAROL A. SOBEL

*Myles v. County of San Diego, et al.*
Case No. 15-cv-1985-JAH (BLM)

MICKAIL MYLES, an individual,

           Plaintiff,

v.

COUNTY OF SAN DIEGO, by and through the SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, a public entity; and DEPUTY J. BANKS, an individual,

           Defendants.

Case No. 15-cv-1985-JAH (BLM)

**DECLARATION OF CAROL A. SOBEL IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS AND FOR FEES AND COSTS UNDER 42 U.S.C. §1988 AND CALIFORNIA CIVIL CODE §52.1(i)**

Judge:    Hon. John A. Houston
Crtrm:    13B

Complaint Filed: September 4, 2015
Trial:        September 12, 2022

## DECLARATION OF CAROL A. SOBEL

I, Carol A. Sobel, declare as follows:

1. I am an attorney duly licensed to practice law before all courts in the State of California and the federal courts listed in my attached resumé at Exhibit 1. I am not counsel in the within action. I file in support of Plaintiff's motion for attorney fees and the reasonableness of the hourly rates sought. The declaration is based on facts within my personal knowledge and, if called to testify to those facts, I could and would do so competently under penalty of perjury.

2. I graduated from law school and was admitted to practice in 1978. Following 20 years with the ACLU Foundation of Southern California, I entered private practice in April of 1997, primarily engaged in complex civil rights litigation, focusing on the rights of homeless persons, First Amendment rights and police practices. Exhibit 1 is my résumé.

3. I received many awards for my legal work over the years. In 2008, I was named a California Lawyer of the Year (CLAY) recipient for civil rights by California Lawyer Magazine. That same year, I was also named as one of the Top 75 Women Litigators in California by the Daily Journal Corporation. In 2007, I received an Angel Award from California Lawyer Magazine for pro bono

1　work and was also named by the Daily Journal as one of the Top 100 Most

2　Influential Lawyers in California. In 2013 and again in 2014, I was named one

3　of the top 50 women lawyers in Los Angeles. I am named as a Superlawyer in

4　the area of First Amendment or civil rights litigation consistently nearly two

5　decades. Additional recognition of my legal work is in my attached resumé.

6　　4. For the six years prior to 1997, I was a Senior Staff Counsel at the ACLU

7　Foundation of Southern California. During that time period, I was responsible

8　for preparing many of the fee motions in cases where the ACLU represented the

9　prevailing party. Because the ACLU does not bill clients on an hourly basis for

10　its services, I had to obtain information to establish reasonable market rates for

11　the ACLU lawyers. It was my practice to obtain current billing rates for lawyers

12　of comparable skill and experience at several large commercial firms throughout

13　the City. I did this on an annual basis, contacting partners familiar with the

14　ACLU lawyers in question so that they could assess the comparable skill levels

15　of attorneys at their firms to establish ACLU billing rates. At the time that I

16　consulted these individuals, I was aware that the partners had been personally

17　involved in pro bono litigation with the ACLU and worked directly with the

18　ACLU lawyers for whom I sought to establish market billing rates, so they were

19　able to assess the skill and experience of the ACLU lawyers.

20　　5. As a sole practitioner, I assess a reasonable market rate by comparison to

21　lawyers of comparable skill and experience at other firms in the Los Angeles

22　area, as when I was employed by the ACLU. Since entering private practice, I

23　continue to survey firms each year to obtain relevant comparisons for billing

24　rates. I generally begin this process the first time in each year I prepare a fee

25　motion or enter into settlement discussions regarding fees. As part of my survey,

26　I make a point to obtain information concerning rates for attorneys in larger law

27　firms engaged in complex litigation, as well as boutique civil rights law firms.

28　　6. I also review attorney fee applications and awards in other cases than my

---

DECLARATION OF CAROL A. SOBEL　　　　-3-　　　　*Myles v. County of San Diego, et al.*
Case No. 15-cv-1985-JAH (BLM)

own.  Specifically, I regularly review fee applications submitted by, and awards to, private attorneys practicing the range of civil rights law, as well as court awards made to the ACLU, Disability Rights Legal Center ("DRLC"), Asian Americans Advancing Justice, the Western Center on Law and Poverty ("WCLP"), MALDEF and other public interest groups in Los Angeles.  I do this to determine what is being sought and approved as market rates for lawyers at these firms.  Since many cases brought by public interest groups are co-counseled by attorneys at private commercial firms, I have access to those billing rates as well.

7.  When I become aware of a case where statutory fees are sought, I obtain fee applications and any resulting awards from on-line public records for the courts, as well as from legal research databases such as LEXIS and Westlaw.  Included in my review of fee applications and awards are those by, and awards to, large firms engaged in complex litigation to assess customary billing rates for these firms.  Many of these commercial firms also serve as pro bono counsel on occasion.  I estimate that I review around 100 or more fee motions, supporting declarations and fee awards annually and have done so for more than 30 years.

8.  My declarations in support of fee applications for civil rights and public interest attorneys have been cited repeatedly by courts as evidence of reasonable market rates in Los Angeles.  For example, in *Nadarajah v. Holder*, 569 F.3d 906, 912-914 (9th Cir. 2009), the Ninth Circuit referenced my declaration with approval in support of the application of attorneys from the ACLU for fees under the Equal Access to Justice Act ("EAJA").  In *Torrance Unified School District v. Magee*, 2008 U.S. Dist. LEXIS 95074 (CD CA 2008), granting fees pursuant to the IDEA statute, 20 U.S.C. §1415(i)(3)(c), the Court cited to my declaration as persuasive evidence of market rates.  In *Atkins v. Miller*, CV 01-01574 DDP (CD CA 2007), Judge Pregerson awarded fees to a 1975 graduate at $675 an hour, specifically citing to my declaration and that of Barry Litt to support the

requested rates.  *Id.* at pp. 8-9 and n.4.  Additional cases in which my declarations have been cited favorably include, among others, *Charlebois v. Angels Baseball LP*, SACV 10-0853 DOC (May 30, 2012); *Orantes-Hernandez v. Holder*, 713 F.Supp.2d 29,963-964(C.D.Cal.2010); *Hiken v. DOD*, 2013 U.S. Dist. LEXIS 118165 (N.D. Cal. Jan. 14, 2013), *Hiken v. DOD*, 836 F.3d 1037 (9th Cir. 2016); *Vasquez v. Rackauckas*, 2011 U.S. Dist. LEXIS 83696 (C.D. Cal. 2011); *Rauda v. City of Los Angeles*, 2010 U.S. Dist. LEXIS 138837 (C.D. Cal. 2010); *Jochimsen v. County of Los Angeles*, *supra*; *Dugan v. County of Los Angeles,* cv-11-08145 CAS (C.D. Cal. March 3, 2014); *Flores v. City of Westminster*, SA-CV-11-0278 DOC (C.D. Cal. Oct. 23, 2014); *Xue Lu v. United States*, 2014 U.S. Dist. LEXIS 77789 (C.D. Cal. May 23, 2014); *Wagafe v. Trump*, Case 2:17-cv-00094-RAJ [Doc. 223] (W.D. WA 02/27/19); *Webb v. Officer J. Ackerman*, 13-cv-01992 PLA (C.D. Cal. January 4, 2018) [Doc. 180, p.5]; and *Carrillo v. Schneider Logistics,* awarding fees in Circuit Case No. 12-55042 (9th Cir. Apr. 2014), following the affirmance of a preliminary injunction (*See* 501 Fed. Appx. 713, 2012 U.S. App. LEXIS 26601 (9th Cir. Dec. 28, 2012).  The Ninth Circuit recently cited to my declaration in approving EAJA rates for the ACLU and other immigration attorneys in *Gomez-Sanchez v. Barr, sub nom Gomez-Sanchez v. Sessions,* 892 F.3d 985 (9th Cir. 2018).  In *Jochimsen*, a unanimous court held that I was qualified as an expert on reasonable market rates.

9.  I litigated statutory fee issues at the appellate level in several cases, including *Tipton-Whittingham v. City of Los Angeles*, 34 Cal.4th 604 (2004), the companion case to *Graham v. Daimler-Chrysler*, 34 Cal.4th 533 (2004), affirming the "catalyst" fee doctrine in California and upholding almost $2 million in fees in a multi-plaintiff sexual discrimination/harassment lawsuit on behalf of female employees of the Los Angeles Police Department.  I was also counsel in *Jones v. City of Los Angeles*, 555 Fed. Appx. 659 (2014),

1   establishing entitlement to fees as a "prevailing party" based on the Circuit's

2   necessary approval of a settlement that was conditioned on vacatur of the

3   panel decision.

4       10.  I provide training on attorney fees best practices for civil rights and

5   public interest firms, including the Legal Aid Foundation of Los Angeles and

6   the ACLU.  I also have done CLEs on attorney fees for the National Lawyers

7   Guild and the National Police Accountability Project.

8       11.  I have considerable experience reviewing and analyzing billing

9   records in my own cases and in cases for which I provide a supporting

10  declaration on the reasonableness of rates or hours.  Many of these cases

11  involve multiple attorneys and law offices.  In those instances, I am usually

12  the attorney who conducts a review of all of the fee records and exercises

13  billing judgment to eliminate any impermissible hours.  This includes,

14  among other issues, eliminating clerical tasks, unnecessarily duplicative

15  items, improperly billed items and vague items.  For example, in the *Tipton-*

16  *Whittingham* case cited above, it was my responsibility to review the fee

17  records covering six years of hours for attorneys from three firms: the

18  ACLU, the Western Regional Office of the NAACP Legal Defense Fund,

19  and Litt & Associates.  The unadorned lodestar in *Tipton* 20 years ago was

20  approximately $1,900,000.

21      12.  In *Multi-Ethnic Immigrant Worker Network v. City of Los Angeles*,

22  involving a police assault on a lawful demonstration in MacArthur Park on May

23  Day, 2007, I performed a billing judgment on the fee records for all attorneys

24  and support staff in the case.   Because the case was a hybrid class action, with

25  both 300 individual plaintiffs and a residual class of several thousand persons,

26  the legal team was sizable.  The fee approved in the case was $3,713,000.

27      13.  In all the fee declarations that I prepare, I apply my understanding of the

28  U.S. Supreme Court decision in *Blum v. Stenson*, 465 U.S. 886 (1984), that

---

DECLARATION OF CAROL A. SOBEL                -6-                *Myles v. County of San Diego, et al.*
                                                               Case No. 15-cv-1985-JAH (BLM)

"rates charged in private representations may afford relevant comparisons." *Id.*
at 895 fn. 11. I understand this to mean that fees for civil rights lawyers should
approximate the rates charged by attorneys of comparable skill, experience and
reputation in the relevant legal market, who are engaged in similarly complex
litigation, regardless of whether the attorneys work for a non-profit, represent
individuals on contingency, serve as in-house counsel, or charge a minimal rate
with the possibility of receiving a market rate award if successful. *See,
Nadarajah v Holder,* 569 F3d at 910. This principle was also affirmed in *PLCM
Group, Inc. v. Drexler*, 22 Cal.4th 1084 (Cal. 2000).

14. I apply several additional principles to assess market rates. First, when
available, I look to rates awarded to the attorney in previous cases as I
understand that such awards are viewed as strong evidence of reasonable market
rates. *See Chaudhry v. City of Los Angeles*, 751 F3d 1096, 1111 (9th Cir. 2014);
*U.S. v. $28,000 in U.S. Currency*, 802 F.3d 1100, 1106 (9th Cir. 2015); *Camacho
v. Bridgeport Fin., Inc.,* 523 F.3d 973, 976 (9th Cir. 2008). Also, past decisions
where "a lawyer charges a particular hourly rate, and gets it, is evidence bearing
on what the market rate is, because the lawyer and his clients are part of the
market." *Carson v. Billings Police Dept.*, 470 F. 3d 889, 892 (9th Cir. 2008).

15. Next, I look to billing rates by attorneys engaged in similarly complex
litigation to set rates for civil rights attorneys who do not bill on an hourly basis.
*See Blum*, 465 U.S. at 895. *Blum* notes that most civil rights attorneys, including
at non-profits, work on a contingency basis. *See Camacho v. Bridgeport Fin.,
Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (approving use of declarations of other
attorneys regarding prevailing rates in the relevant market and rates in other
cases). I understand that the market rate comparison "extends to all attorneys in
the relevant community engaged in equally complex Federal litigation, no matter
the subject matter." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455
(9th Cir. 2010) (internal quotation omitted).

---

DECLARATION OF CAROL A. SOBEL     -7-     *Myles v. County of San Diego, et al.*
Case No. 15-cv-1985-JAH (BLM)

16.   When the specific rate evidence identified in the preceding paragraph is available, I do not rely on surveys because, in my opinion, they do not meet the standards for the lodestar analysis.  In my experience, fee surveys report market rates in sweeping categories with no identification of the comparable skill, experience and reputation of the attorneys included in the survey and often no indication of the relevant legal market.  *See e.g., Shirrod v. Director, Office of Workers' Compensation Programs*, 809 F.3d 1082, 1089 (9th Cir. 2015) (reversing where lower court relied on a national survey rather than local rates).

17.   I do not apply rates billed by and paid to opposing counsel who are usually salaried, contract government attorneys, or retained insurance defense lawyers as they generally charge rates well below market and are paid win or lose, so they do not share the risk of fee-shifting statutes and other contingent fees.  *See e.g., Shapiro v. Paradise Valley Unified School Dist.*, 374 F.3d 857, 866 (9th Cir. 2004) (government lawyers and retained defense attorneys generally bill at lower rates, so they do not reflect the same legal market). *See also,* Pearl, *California Attorney Fee Awards*, CEB 2012, §9.109 (2012).

18.  Finally, I apply the rule that the relative "simplicity" or "complexity" of a case is reflected in the hours, not the lodestar rate. *See Van Skike v Director, Office of Workers' Compensation Programs,* 557 F3d 1041, 1046 (9th Cir. 2009).

19.  I estimate that I review nearly 100 fee motions, fee awards, and supporting declarations in the course of a year.  To prepare this declaration, I searched in various legal databases for fees awarded in San Diego in similarly complex cases.  I subscribe to several websites that report legal news.  I obtain copies of motions, supporting declarations and fee awards from public sources, including the state Superior Court websites and PACER.

20.  To support my opinion on the reasonableness of the fees sought by this motion, I attach fee awards and declarations in cases primarily in the San Diego

1   legal market.  I included two awards to the Robbins Geller firm, one from the

2   district court in San Diego and one from the Los Angeles Superior Court.  The

3   customary billing rates used by the firm are largely the same for each market.

4       21.  Each exhibit to my declaration is a true and correct copy of the document

5   available in the Court's files.  Some are now several years old and illustrate the

6   reasonableness of past rates but do not reflect current rates. In *Hiken v. DOD*, the

7   court noted that "market rates in effect more than two years *before* the work was

8   performed" are not current lodestar rates. 802 F.3d at 1107 (9th Cir. 2016)

9   (emphasis in original).  To adjust for rates more than two years old, I apply a

10  minimum of a 3.1 percent increase, which was the average legal services

11  component increase in the Consumer Price Index for Los Angeles pre-pandemic.

12  http://www.bis.gov/news.release/cpi.102.htm (Table2.Consumer Price Index for

13  All Urban Consumers (CPI-U): U.S. city average by detailed expenditure

14  category).  Since 2021, I have that raised that increase to 5 percent.

15      22.  In my experience, billing rates in major metropolitan areas have

16  increased annually at more than the cost-of-living rate and to reflect both

17  increased experience and increases in the base rates.  For example, in *Charlebois*

18  *v. Angels Baseball, LP*, 2012 U.S. Dist. LEXIS 91069, cv 10-0853 DOC (C.D.

19  Cal. May 30, 2012), Judge Carter rejected the defense's argument that the rate

20  then sought by attorney V. James DeSimone should be limited to what he had

21  received in prior years.  "[C]ourts routinely recognize that fee rates increase over

22  time based on a variety of factors."  2012 U.S. Dist. LEXIS 91069, *24.  In

23  *Parker v. Vulcan Materials Co. Long Term Disability Plan*, No. EDCV 07-1512

24  ABC (OPx), 2012 WL 843623, *7 (C.D. Cal. Feb. 16, 2012), the Court approved

25  an increase of 10 percent in one year, noting "[i]t is common practice for

26  attorneys to periodically increase their rates for various reasons, such as to

27  account for expertise gained over time, or to keep up with the increasing cost of

28  maintaining a practice."

---

23. I have not filed a contested fee motion in several years other than to seek Court approval of the reasonableness of fees in class-action settlements, or to settle non-class cases. The last such application I filed applied a 2019 rate of $1,000 an hour. In May 2019, this was the rate I used to calculate my fees in *Mitchell v. City of Los Angeles*, Case No. 2:16-cv-01750-SJO-JPR (C.D. Cal.). In the same year, this rate was applied for the lodestar cross-check in a class action, *Chua v. City of Los Angeles*, Case 2:16-cv-00237-JAK-GJS. Prior to these 2019 cases, I resolved attorney fees in several matters applying rates of $900 an hour up to $975. The last court-awarded fee I received in a contested fee motion was from the Ninth Circuit, approving my 2014 rate of $875 an hour in *CPR for Skid Row v. City of Los Angeles*, 779 F.3d 1098 (9th Cir. 2015). My current rate is $1125 an hour, which is an increase of approximately 3.2 percent annually from my last court-approved rate of $875 for 2014 in *CPR for Skid Row*.

24. I am informed that Plaintiff's counsel seek fees at the following 2022 rates:

| Attorney | Firm | Experience | Rate |
|---|---|---|---|
| Browne Greene | Greene, Broillet | 62 | $1,150 |
| Daniel Balaban | Balaban & Spielberger | 16 | $ 900 |
| Holly Boyer | Esner, Chang & Boyer | 20 | $ 800 |
| Shea Murphy | Esner, Chang & Boyer | 15 | $ 700 |
| Joseph Dicks | Dicks & Workman | 35 | $1,000 |
| Linda Workman | Dicks & Workman | 35 | $1,000 |

25. Attached to my declaration at Exhibit 2 is the order approving fees for attorneys at Gibson Dunn & Crutcher in *Herring Networks, Inc. v. Maddow*, Case No. 19-cv-1713 BAS-AHG (SD CA 2021). Gibson Dunn represented the prevailing defendant in an anti-SLAPP lawsuit brought pursuant to California Code of Civil Procedure §425.16. I downloaded a copy of the Court's Order from PACER. The Court reduced the customary billing rates sought by Gibson Dunn

1   based on their rates in the Central District of California by approximately 10

2   percent to reflect the slightly lower rates in the Southern District.

3       26. Even with that reduction, the approved rates for Theodore Boutrous and

4   Scott Edelman support the rates sought for Browne Greene, Joe Dicks and Linda

5   Workman. Based on my own involvement in the Los Angeles legal market, I am

6   aware that Mr. Greene has a reputation as a highly skilled lawyer. He has nearly

7   twice the experience of the Gibson Dunn attorneys. Mr. Dicks and Ms. Workman

8   have two years more experience in 2022 than Mr. Boutrous had in 2020 and one

9   year less than Mr. Edelman had in 2020.

10      27. Although I did not know Mr. Dicks or Ms. Workman prior to a few weeks

11  ago, both my review of the case docket and some of the briefs, as well as

12  discussions with colleagues at Iredale & Yoo, I understand that they, too, enjoy a

13  reputation as highly skilled and experienced attorneys. In addition to the Gibson,

14  Dunn rates set out in Exhibit 2, the 2022 rate of $1,000 an hour they seek is

15  supported by the 2019 approved rates for attorneys at Robbins Geller, including

16  Spencer Burkholz ($1,150), Laurie Largent ($1,040) and David Walton ($1,030).

17  Largent Declaration Ex. 3. I reviewed the information on the firm's website for

18  each attorney. Spencer Burkholz is listed on the firm's website as a 1989 law

19  graduate. Laurie Largent is listed on the firm's website as a 1988 law graduate

20  and David Walton is listed as a 1993 law graduate. By comparison, both Mr.

21  Dicks and Ms. Workman were admitted in 1987. In 2022, they have a minimum

22  of four years of additional experience than the Robbins Geller attorneys had in

23  2019. The 2019 Robbins Geller award was in the Los Angeles legal market;

24  however, Ms. Largent's declaration avers that these are the firm's customary

25  billing rates, without regard to the specific legal market. Ex. 3, ¶ 4. As

26  demonstrated by the 2015 fee award to attorneys at Robbins Geller in *Makaeff v.*

27  *Trump University, Case No.* 10cv0940 GPC (WVG), 2015 U.S. Dist. LEXIS

28  46749, at *1 (S.D. Cal. Apr. 9, 2015), when adjusted for inflation, the San Diego

---

DECLARATION OF CAROL A. SOBEL        -11-       *Myles v. County of San Diego, et al.*
       Case No. 15-cv-1985-JAH (BLM)

rates for attorneys at the firm of comparable experience are comparable to the rates approved in Los Angeles in 2019. A copy of the decision awarding fees in *Makaeff* is attached at Exhibit 4.

28. As an additional example of the reasonableness of the rates requested for Mr. Dicks and Ms. Workman, I include at Exhibit 5 the order approving the 2014 rate of $795 an hour for Lisa Ferri in an intellectual property case, *Zest IP Holdings, LLC v. Implant Direct MFG., LLC*, Case No. 10-CV-0541-GPC (WVG), 2014 U.S. Dist. LEXIS 167563, 2014 WL 6851612 (S.D. Ca. 2014). I reviewed Ms. Ferri's listings on her LinkedIn page and, on that basis, believe that she is a 1987 law graduate. In 2014, she had 27 years of experience, eight years less than Mr. Dicks and Ms. Workman have now. With eight years additional experience and eight more billing years, Mr. Workman's and Ms. Dicks' rate is only 20 percent above Ms. Ferri's approved 2014 rate.

29. Mr. Balaban's requested rate of $900 an hour is supported by the approved rate of $720 an hour in 2020 for Nathaniel Bach at Gibson Dunn (Ex. 2) and $800 an hour for Matthew Alpert of Robbins Geller in 2019. Ex. 3. Messrs. Bach and Alpert each had two years' less experience at the time of these fee awards than Mr. Balaban has now. Applying an increase of 3 percent to 5 percent a year for the last few years, the comparable 2022 rate for Mr. Bach would be approximately $860 an hour, raising only the base rate with no adjustment for step increases based on expanded skills. With the same approach, the comparable 2022 rate for Mr. Alpert would be approximately $935 an hour.

30. Mr. Balaban's requested rate is also supported by the rate approved in 2015 for Rachel Jensen in the Trump University anti-SLAPP litigation, when Ms. Jensen had 15 years of experience. Ex. 4. I calculated the equivalent 2022 rate by first applying a modest 3% increase to account for one more year of experience Mr. Balaban has now as compared to Ms. Jensen's experience in 2015. That raised the base amount to just under $680 an hour. I then applied a three percent

DECLARATION OF CAROL A. SOBEL                -12-                *Myles v. County of San Diego, et al.*
Case No. 15-cv-1985-JAH (BLM)

CPI increase for 2015 through 2020 and a five percent increase for 2021 and 2022, to reflect the higher inflation rate. By this method, the comparable 2022 rate is $870 an hour. The rate requested for Mr. Balaban falls right in the middle of the rates approved for Bach, Jensen and Alpert.

31. In *Zest IP Holdings*, the district court also approved the 2014 rate of $725 an hour for John Molenda. 2014 U.S. Dist. LEXIS 167563, *13 [Ex. 5, p.10]. I reviewed Mr. Molenda's listing on the website for his current firm, Steptoe & Johnson, and on that basis believe that he is a 1997 law graduate. In 2014, Mr. Molenda had 17 years of experience as an IP attorney, one more year than Mr. Balaban has now. Using the same annual CPI increases of 3 and 5 percent, the equivalent rate for an attorney with 17 years of experience would now be approximately $926 an hour. To extrapolate a current rate, I reduced the $725 an hour by three percent to adjust for the one year less of experience. I then applied a 3% increase for years 2015-2020 and a 5 percent increase for years 2021 and 2022. Mr. Balaban's requested rate is less than three percent below the adjusted 2022 rate for Mr. Molenda.

32. As one more point of comparison, Mr. Balaban's requested rate is below the equivalent current rate for Danielle Myers, awarded a rate of $800 an hour in 2019 when she had 11 years of experience, five years less than Mr. Balaban has now. Ex. 3. Under the same analysis of increases between three and five percent a year, Ms. Myers' equivalent 2022 rate would be approximately $908 an hour. This does not include the five additional years of experience Mr. Balaban has now.

33. The two remaining attorneys, Holly Boyer and Shea Murphy, are known to me by reputation as highly skilled appellate lawyers. The rates they seek, $800 and $700, respectively, are considerably lower than the rates sought for the other attorneys in this action. Ms. Boyer has 20 years of experience and Mr. Murphy has 15 years of experience. Their rates are within the market range for attorneys of comparable skill and experience identified in the exhibits to my declaration.

1   For example, Mr. Murphy's 2022 rate is the same as the 2019 rate for Danielle

2   Myers with 11 years of experience [Ex. 3] and $20 below the 2020 rate for

3   Nathaniel Bach, then with 14 years of experience. Ex. 2.

4      34.  The chart below sets out the rates referenced in my declaration.

| Ex. | Attorney | Firm | Experience | Year | Rate |
|-----|----------|------|------------|------|------|
| 2 | Theodore Boutrous | Gibson Dunn | 33 | 2020 | $1,150 |
| 2 | Scott Edelman | Gibson Dunn | 36 | 2020 | $1,050 |
| 2 | Nathaniel Bach | Gibson Dunn | 14 | 2020 | $ 720 |
| 3 | Matthew Alpert | Robbins Geller | 14 | 2019 | $ 800 |
| 3 | Spencer Burkholz | Robbins Geller | 30 | 2019 | $1,150 |
| 3 | Joseph Daley | Robbins Geller | 23 | 2019 | $ 925 |
| 3 | Robert Hennsler | Robbins Geller | 18 | 2019 | $ 850 |
| 3 | Laurie Largent | Robbins Geller | 31 | 2019 | $1,040 |
| 3 | David Walton | Robbins Geller | 26 | 2019 | $1,030 |
| 3 | Danielle Myers | Robbins Geller | 11 | 2019 | $ 800 |
| 3 | Tricia McCormick | Robbins Geller | 21 | 2019 | $ 880 |
| 4 | Eric Isaacson | Robbins Geller | 30 | 2015 | $ 825 |
| 4 | Rachel Jensen | Robbins Geller | 15 | 2015 | $ 660 |
| 4 | Amber Eck | Zeldes…Eck | 20 | 2015 | $ 690 |
| 5 | Lisa Ferri | Mayer Brown | 27 | 2014 | $ 895 |
| 5 | John Molenda | Mayer Brown | 16 | 2014 | $ 725 |

     35. Based on the foregoing, it is my opinion that the requested rates are reasonable

in the San Diego market for attorneys of comparable skill, experience, and reputation.

Executed this 8th day of November 2022 at Los Angeles, California.

*Carol A. Sobel*

Carol A. Sobel

---

Case 3:15-cv-01049-BEN-JLB Document 206-5 Filed 04/14/23 PageID 4373 Page 267 of 359



# EXHIBIT 1

# CAROL A. SOBEL
725 Arizona Avenue• Suite 300 • Santa Monica, CA 90401 •
Tel. 310 393-3055 • Email carolsobellaw@gmail.com

## Employment:

| | |
|---|---|
| LAW OFFICE OF CAROL A. SOBEL<br>Solo civil rights law firm. | APRIL, 1997 TO PRESENT |

SENIOR STAFF COUNSEL                                        1990 TO APRIL, 1997
*ACLU Foundation of Southern California*

Responsible for conducting civil rights and civil liberties litigation in state and federal courts in California; supervise litigation by ACLU volunteer counsel and other ACLU legal staff.

STAFF ATTORNEY                                              1985 TO 1990
*ACLU Foundation of Southern Califonria*

Civil liberties litigation, primarily in the areas of Establishment Clause and Free Exercise violations, as well as other First Amendment rights.

ASSOCIATE DIRECTOR                                          1979 TO 1985
*ACLU Foundation of Southern California*
*American Civil Liberties Union of Southern California*

Under the direction of the Executive Director, responsible for administration of two non-profit organizations, including working with Boards of Directors on development of policy on civil liberties issues. Engaged in litigation and assisted Legal Director in coordination and supervision of pro bono attorneys.

DEVELOPMENT DIRECTOR                                        1977 TO 1979
*ACLU Foundation of Southern California*
*American Civil Liberties Union of Southern California*

Responsible for conducting a variety of fundraising efforts to meet a million-dollar plus annual budget for a 501(c)(3) and a 501(c)(4).

## Admitted to Practice:

| | |
|---|---|
| California Supreme Court | November, 1978 |
| United States Supreme Court | September, 1991 |
| Ninth Circuit Court of Appeals | August, 1986 |
| U.S.D.C. Central District of California | February, 1986 |
| U.S.D.C. Eastern District of California | June, 1990 |

## Litigation Experience:

### Federal courts: (Partial listing of published opinions and significant cases)

*CPR for SKID ROW,*
779 F.3d 1098 (9th Cir. 2015)
Partial reversal of summary judgment in favor of the Defendant and holding that California Penal Code §403 could not lawfully be applied to criminalize the expressive activity of the Plaintiffs for protesting on Skid Row.
(Lead counsel and argued on appeal)

*Desertrain v. City of Los Angeles*
754 F.3d 1114 (9th Cir. 2014)
Reversal of summary judgment in favor of the Defendants and holding that Los Angeles Municipal Code §85.02, prohibiting parking a vehicle on public streets or parking lots any time of day or night if a person "lives" in the vehicle, is unconstitutionally vague.
(Lead counsel and argued on appeal)

*Lavan v. City of Los Angeles*
693 F.3d 1022 (9th Cir. 2012), *affirming* grant of preliminary injunction 797 F.Supp.2d 1005 (C.D. Cal. 2011)
Preliminary injunction barring City from confiscating and immediately destroying the property of homeless individuals on Los Angeles' Skid Row.
(Lead Counsel)

*Long Beach Area Peace Network v. City of Long Beach*
522 F.3d 1010 (9th Cir. 2008), as amended July 24, 2009
Upholding and reversing in part on appeal a decision of the district court granting Plaintiffs' request for a preliminary injunction to enjoin a municipal parade ordinance that included vague permit standards setting, *inter alia*, advance-notice requirements police charges based on the past unlawful conduct of third parties without adequate standards to limit the discretion of public officials charged with implementing the parade ordinance.
(Lead counsel)

*Fitzgerald v. City of Los Angeles*
485 F.Supp.2d 1137 (CD CA 2008)
Extending injunction against police sweeps of homeless persons on Los Angeles' Skid Row on the grounds of searching for parole and probation violations. See below for discussion of permanent injunction in 2003.
(Co-Counsel)

*Multi-Ethnic Immigrant Worker Organizing Network (MIWON) v. City of Los Angeles*
246 F.R.D. 621 (C.D. Cal. 2007)
Order granting class certification in challenge to police assault on a lawful assembly of immigrant rights supporters by the Los Angeles Police Department on May Day, 2007.
(Class Co-Counsel)

*Edward Jones, et al., v. City of Los Angeles*,
444 F.3d 1118 (9th Cir. 2006), vacated pursuant to settlement 505 F.3d 1006 (2007)
Challenge to City of Los Angeles Municipal Code §41.18(d), prohibiting sitting, lying or sleeping on any street or sidewalk anywhere in the City at any time of day or night. Plaintiffs, all of whom are homeless persons, brought an 8th Amendment as-applied challenge to their arrests and citations for violating the ordinance when their was no available adequate shelter.
(Co-counsel)

*Terry Tipton-Whittingham, et al. v. City of Los Angeles*
316 F.3d 1059 (9thCir. 2003)
Challenge by City of Los Angeles to interim fee award granting plaintiffs' fees as "catalysts" under state civil rights fee shifting statutes. Following oral argument, the Ninth Circuit certified issue of continued availability of "catalyst" fees under California law after adverse decision by the United States Supreme Court rejecting catalyst fee doctrine under federal law absent express legislative authorization. Certified for hearing before the California Supreme Court and ultimately upheld the catalyst fee doctrine under California law.
(Co-counsel; argued in Ninth Circuit)

*Fitzgerald v. City of Los Angeles*
2003 U.S. Dist. LEXIS 27382 (CD CA 2003)
Permanent injunction enjoining Fourth Amendment violations by the Los Angeles Police Department (LAPD). The injunction prevents the LAPD from engaging in stops of homeless persons for parole and probation sweeps on Skid Row without reasonable suspicion to believe that specific individuals are on parole or probation and subject to a search condition, or that the individual has engaged in, or is about to commit a crime.
(Lead counsel)

*Khademi v. South Orange County Community College District*
194 F.Supp.2d 1011 (C.D. CA 2002)
First Amendment facial challenge invalidating college policy regulating time, place and manner of student speech on campus.
(Lead counsel)

*Mardi Gras of San Luis Obispo v. City of San Luis Obispo*
189 F. Supp.2d 1018 (C.D. Cal. 2002)
Preliminary injunction to enjoin a municipal parade ordinance that required lengthy advance-notice requirement and permitted high insurance and police charges based on the past unlawful conduct of third parties without adequate standards to limit the discretion of public officials charged with implementing the parade ordinance.

*Bauer v. Sampson*
261 F.3d 775 (9th Cir. 2001)
First Amendment challenge to disciplinary action against college professor for publication of an alternative newsletter criticizing elected and appointed public officials and disclosing wrongdoing by college officials and personnel. The college sought to discipline the professor for violating the district's policies on discrimination and work-place violence. The polices were declared unconstitutional as applied to the professor's speech.

*H.C. v. Koppel*
203 F.3d 610 (9th Cir. 2000)
Dismissal of federal civil rights action filed in federal court against state court judge and appointed counsel for minor in family law matter. Circuit held that Younger Abstention applied and non-custodial parent had adequate state court remedy.

*Justin v. City of Los Angeles*
2000 U.S. Dist. LEXIS (CD Cal. 2000)
Class action to enjoin police sweeps of homeless population on Los Angeles' Skid Row. Permanent injunction stipulated to in settlement following certification of the injunctive relief class.
(Lead counsel)

*Los Angeles Alliance for Survival, et al. v. City of Los Angeles*
987 F. Supp. 819 (1997); 157 F.3d 1162 (9th Cir. 1998); on certification to the California Supreme Court, 22 Cal.4th 352 2000); 224 F.3d 1076 (9th Cir. 2000)
Injunction issued in challenge to municipal ordinance barring so-called "aggressive solicitation" in broad areas of traditional public fora. Preliminary injunction entered by district court based on California Constitution. On appeal, the Ninth Circuit certified the California Constitution question to the California Supreme Court. Following decision by the California Supreme Court, the Ninth Circuit upheld the original injunction.
(Co-counsel)

*Service Employees International Union 660 v. City of Los Angeles*
114 F. Supp.2d 966 (C.D. Cal. 2000)
Challenge to the "no-protest zone" at the Democratic National Convention in Los Angeles in 2000, as well as a preliminary injunction to enjoin the City of Los Angeles parade ordinance.
(Co-counsel)

*United States v. Wunsch*
54 F.3d 579 (9th Cir. 1995);84 F.3d 1110 (9th Cir. 1996) (reargument)
First Amendment challenge to discipline of male attorney for "gender bias" in sending note to female Asst. U.S. Attorney after she successfully moved to disqualify him as defense counsel in a criminal case. Ninth Circuit invalidated the penalty and declared unconstitutional California's "offensive personality" regulation on attorneys' professional conduct. (Argued and briefed on appeal).

*American Jewish Congress v. City of Beverly Hills*
65 F.3d 1539 (9th Cir. 1995);90 F.3d 379 (9th Cir. 1996) (en banc)
First Amendment challenge to display of a religious symbol on public property and to permit scheme for expressive activities in public fora in the City of Beverly Hills. The en banc panel held the permit scheme unconstitutional and found that a preference had occurred for the display of a particular religious symbol. The en banc decision was unanimous. (Argued and briefed on appeal)

*Baca v. Moreno Valley Unified School District*
936 F. Supp. 719 (C.D. Cal. 1996)
First Amendment challenge to school board regulations preventing speakers from making disparaging remarks about public employees during public board meetings.

*Wallin v. City of Los Angeles*,
1194 U.S. App. LEXIS 2343 (9th Cir. 2004)

Circuit dismissed appeal of defendant City and law enforcement officers from denial of qualified immunity. Appellee, a female officer with the Los Angeles Police Department, alleged that appellants violated her right to equal protection, due process and right to petition the government because they violated LAPD confidentiality regulations and delayed the investigation into her allegations of co-worker rape.

(Lead counsel)

*National Abortion Federation v. Operation Rescue*
8 F.3d 680 (9th Cir. 1993)
Class-action state-wide injunction against blockades of women's health care clinics by anti-abortion activists. First case decided under the "frustrate and hinder" clause of 42 U.S.C. § 1985(3), the 1871 Ku Klux Klan Act. Appeals court held cause of action under "frustrate and hinder" clause was properly plead and reversed 12(b)(6) ruling on that claim.

(Co-lead counsel throughout; argued on appeal)

*Hewitt v. Joyner*

940 F.2d 1561 (9th Cir. 1991)

Establishment Clause challenge to Christian theme park, Desert Christ Park, owned and operated by San Bernardino County. Ninth Circuit held County ownership and operation of the park violated the Establishment Clause.

(Lead counsel throughout litigation; argued on appeal).

*Standing Deer v. Carlson*

831 F.2d 1525 (9th Cir. 1986)

First Amendment challenge for Native Americans at Lompoc Federal Penitentiary to regulation barring religious headbands in the dining facilities for purported health reasons.

(Argued and briefed on appeal)

*Burbridge v. Sampson*

74 F.Supp.2d 940 (C.D. Ca. 1999)

First Amendment challenge to community college policy regulating student speech in public fora on campus. Court issued a preliminary injunction, declaring the college's speech regulations unconstitutional.

*Rubin v. City of Santa Monica*

823 F.Supp. 709 (C.D. Ca. 1993)

First Amendment challenge to city permit scheme limiting access to public parks for protected expressive activities. Court issued a preliminary injunction and declared the permit scheme unconstitutionally on vagueness grounds and procedural due process grounds. (Lead counsel)

# State Court

*Terry Tipton-Whittingham, et al. v. City of Los Angeles*

34 Cal.4th 604 (2002)

California continues to recognize "catalyst" fee awards to prevailing parties under the private attorney-general statute (Cal. Code of Civ. Proc. §1021.5) and Fair Employment and Housing Act (FEHA) despite change in federal civil rights fee-shifting law. Under California law, there is no requirement of a judicial determination establishing a change in the legal obligations of the parties.

(Co-counsel and argued at California Supreme Court)

*Los Angeles Alliance for Survival v. City of Los Angeles*

22 Cal.4th 352 (2000)

Ordinance restricting certain activity as "aggressive solicitation" was not content-based under California Constitution

(co-counsel)

*Williams v. Garcetti*

5 Cal.4th 561 (1993), *sub nom Williams v. Reiner*, 13 Cal.App.4th 392 (1991)

Challenge on due process grounds to portion of STEPP law which imposed a criminal penalty on parents of minor children engaged in or at risk of delinquent conduct.

(Argued and brief on appeal to California Supreme Court)

*Sands v. Morongo Unified School District*

53 Cal.3d 863 , *cert denied*, 112 U.S. 3026 (1991)

225 Cal.App.3d 1385 (1989)

Establishment Clause challenge invalidating prayers at public high-school graduations.

(Argued and briefed as lead counsel throughout litigation)

*Walker v. Superior Court of Sacramento*

47 Cal.3d 112 (1988)

Establishment Clause/Free Exercise/Due Process challenge to criminal prosecution of Christian Science parents for death resulting from use of prayer instead of traditional medicine in treatment of ill child. (Wrote amicus brief on due process issues).

*Irvine Valley College Academic Senate, et al. v. South Orange County Community College District*

129 Cal.App.4th 1482 (2005)

Statutory construction of plain language of Education Code §87360, bolstered by legislative intent, requires actual joint agreement and mutual development of revisions to faculty hiring policies.

(co-counsel, drafted final briefs on appeal)

*Fashion 21, et al. v. Coalition for Humane Immigrant Rights (CHIRLA), et al.*

111 Cal.App.4th 1128 (2004)

Special motion to strike defamation complaint by retainer against garment worker advocates must be granted as the plaintiff retailer could not establish a probability of prevailing on the merits of their claims. Garment worker advocates properly relied on draft labor commission regulations suggesting retailer could be liable for sweatshop conditions of manufacturing of its retail goods.

(lead counsel at all stages)

*Gonzalez v. Superior Court*

33 Cal.App.4th 1539 (1995)

Challenge to discovery order in sexual harassment case requiring plaintiff to disclose name of confidential informant who provided her with photographic evidence of harassment. "After-acquired evidence" rule applied to require disclosure.

(Lead counsel in trial court and appeal)

*Lantz. v. Superior Court of Kern County*

28 Cal.App.4th 1839 (1994)

Privacy rights challenge to interpretation of Consumer Personnel Records Statute (CCP § 1985(3), requiring strict adherence to statutory procedures and limiting exemption of local government agencies from adhering to statutory requirements.

(Lead counsel throughout litigation)

*Rudnick v. McMillan*

25 Cal.App.4th 1183 (1994)

Defamation verdict involving public figure plaintiff and local environmentalist author of letter to editor overturned on basis that letter was protected opinion and public figure subject to constitutional malice proof burden. Wrote amicus brief which formed basis of appellate ruling.

*Westside Sane/Freeze v. Hahn*

224 Cal.App.3d 546 (1990)

Challenge to restrictions on First Amendment petition activities in shopping center.

(Co-counsel, co-wrote appeal)

*City of Glendale v. Robert George*

208 Cal.App.3d 1394 (1989)

Reversal of trial court order imposing prior restraints on speech of "Presidential Santa" on the basis that he constituted a public nuisance to his neighbors in a residential area.

(Argued and briefed on appeal)

*McCarthy v. Fletcher*

207 Cal.App.3d 130 (1989)

Challenge to removal of textbooks from school reading list based on community-based religious objections. Court of Appeal reversed summary judgment decision, holding that there was sufficient evidence of constitutionally impermissible factors in evaluation of appropriateness of class-room reading materials.

(Argued and brief on appeal)

*Fiske v. Gillespie*
200 Cal.App.3d 130 (1988)
Challenge to sex-based actuarial presumptions in insurance industry rate for particular types of life insurance and annuity benefits.

(Co-Counsel, Argued on appeal)


# Publications:
# (Partial listing)s


*Catalyst Fees After Buckhannon*
Civil Rights Litigation and Attorney Fees Annual Handbook
(January 2006)

*Free Speech and Harassment: An Overview*
*in the Public Employee Sector*
CPER: CALIFORNIA PUBLIC EMPLOYEE RELATIONS
Institute of Industrial Relations - UC Berkeley
June 1999  No. 136

*Defeating Employer Defenses to Supervisor Liability*
*After* Ellerth *and* Faragher
ADVOCATE, October 1998

*Student Expression Under California Law*
UCLA Journal of Education
Volume 3, pp. 127-137 (1989)

*Should Attorneys Be Disciplined For Gender Bias*
Point/Counterpoint ABA Journal   August, 1995

*Fight Illegal Police Practices in State Court*
Los Angeles Daily Journal
March 6, 1992

*Judicial Oversight Limited by Supreme Court*
Los Angeles Daily Journal
May 6, 1991

*Jury Nullification is Conscience of Community*
Los Angeles Daily Journal
August 31, 1990

*A Basic Right Merits Shield From The Mob*
Los Angeles Times
August 11, 1991 p.M5

*Prop 115 revisited: Police charged with crimes
deserve fair trials too*
Los Angeles Daily News
May 7, 1991

*Prayer Doesn't Belong at Graduation*
USA Today
May 15, 1991 p. A10

*Killea Tactic Can Only Hurt the Church in the Long Run*
Los Angeles Times (San Diego)
November 20, 1989 p.B7

*The Fifth is a Shield for All*
Los Angeles Times
August 6, 1988    II8
(authored for Exec. Dir. ACLU)

*Which Way Will Rehnquist Court Turn?*
Los Angeles Daily News
June 18, 1986 p.21

*Constitution Exacts Cost for Religious Freedom*
Los Angeles Daily News
June 8, 1986 FOCUS   p.3

## Education:

| | |
|---|---|
| Peoples College of Law | J.D.  May, 1978 |
| Douglass College.For Women, Rutgers University | B.A .  June, 1968 |

## Professional and Community Activities:

| | |
|---|---|
| Adjunct Professor - Loyola Law School<br>Civil Rights Advocacy Practicum | 2007-present |
| Blue Ribbon Panel on LAPD Rampart Inquiry, Member | 2004-2006 |
| Ninth Circuit Gender Bias Task Force<br>Convenor, Advisory Committee on Employment Law | 1992-1993 |
| Ninth Circuit Conference on "Ethnicity, Race, and Religion in the Ninth Circuit"<br>Member, Working Subcommittee | 1993 |
| Los Angeles Public Interest Law Journal<br>Advisory Board | 2007-present |

| Los Angeles Center for Law and Community Action<br>Member, Board of Directors | 2015-present |
| National Police Accountability Project<br>Member, Advisory Board and Board of Directors | 2006-present |
| National Lawyers Guild, Los Angeles - President | 2001-2008 |
| National Lawyers Guild - National Executive Vice President | 2009-2011 |
| National Lawyers Guild Far West Regional Vice-President | 2003-2005 |
| National Lawyers Guild, National Executive Committee | 2003-2012 |
| NLG National Mass Defense Committee, Co-chair | 2003-2012 |
| Women Lawyers Association of Los Angeles<br>Member, ProChoice Committee | 1985-2002 |
| The California Anti-SLAPP Project<br>Member, Board of Directors | 1995-2010 |

## Awards:
## (Partial listing)

| PEN Freedom to Write Award | 1991 |
| American Jewish Congress Tzedek Award | 1992 |
| Planned Parenthood Los Angeles, Distinguished Service Award | 1990 |
| Freethought Heroine Award | 1992 |
| National Lawyers Guild - Los Angeles | 1999 |
| ACLU of Southern California Pro Bono Attorney Award | 2001 |
| Asian Pacific American Legal Center Pro Bono Award | 2003 |
| California Lawyer: Super Lawyer -Civil Rights/Constitutional Law | 2004-2019 |
| ACLU of Southern California Freedom of Expression Award | 2007 |
| Daily Journal Top 100 Most Influential Lawyers in California | 2007 |

| | |
|---|---|
| National Lawyers Guild - Ernie Goodman Award | 2007 |
| Angel Award - California Lawyer Magazine Award for pro bono work | 2007 |
| CLAY Award (California Lawyer of the Year - civil rights) - California Lawyer Magazine | 2008 |
| Top 75 Women Litigators in California - Daily Journal | 2008, 2013 |
| California Super Lawyers - Top 50 Women Lawyers in Southern California | 2014 |
| National Lawyers Guild, Los Angeles Law for the People Award | 2014 |
| ACLU Lifetime Achievement Award | 2017 |



EXHIBIT 2

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERRING NETWORKS, INC., | Case No.: 3:19-cv-1713-BAS-AHG |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR ATTORNEY FEES AND COSTS** |
| RACHEL MADDOW, et al., | |
| Defendants. | |
| | **[ECF No. 35]** |

Before the Court is Defendants' Motion for Attorney Fees and Costs. ECF No. 35. This matter was referred to the undersigned by District Judge Cynthia Bashant. ECF No. 30 at 16. For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion.

## I. BACKGROUND

Plaintiff Herring Networks, Inc. ("Plaintiff") filed a complaint for defamation against Defendants Rachel Maddow, Comcast Corporation, NBCUniversal Media, LLC, and MSNBC Cable LLC (collectively, "Defendants"). ECF No. 1. Plaintiff's claim stemmed from a statement Rachel Maddow made on The Rachel Maddow Show on MSNBC. *Id.* Soon after Plaintiff filed suit, Defendants filed a special motion to strike pursuant to California Code of Civil Procedure § 425.16, commonly known as the Anti-Strategic Lawsuits Against Public Participation ("anti-SLAPP") law. ECF No. 18. After considering the parties' arguments, the Court found that "the contested statement is an

1

opinion that cannot serve as the basis for a defamation claim" and granted Defendants' special motion to strike. ECF No. 30 at 16. Because the Court granted the anti-SLAPP motion, Defendants were permitted to file a motion for attorney fees and costs. *Id.* (citing CAL. CIV. PROC. CODE § 425.16(c)(1)). After Defendants filed their motion for attorney fees and costs (ECF No. 35), the Court set a briefing schedule. ECF No. 36. Plaintiff timely filed its opposition brief, and Defendants timely filed their reply brief. ECF Nos. 37, 38. Plaintiff also filed objections to evidence submitted in Defendants' motion and reply brief. ECF Nos. 37-4, 39. This Order follows.

## II.    LEGAL STANDARD

Under California's anti-SLAPP statute, "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney[] fees and costs." CAL. CIV. PROC. CODE § 425.16(c)(1). Under the anti-SLAPP statute, an award of attorney fees to a prevailing defendant is mandatory. *Ketchum v. Moses*, 17 P.3d 735, 741 (Cal. 2001); *Christian Research Inst. v. Alnor*, 81 Cal. Rptr. 3d 866, 871 (Ct. App. 2008). The anti-SLAPP statute is "intended to compensate a defendant for the expense of responding to a SLAPP suit. To this end, the provision is broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extracting herself from a baseless lawsuit." *Graham-Sult v. Clainos*, 756 F.3d 724, 752 (9th Cir. 2014) (quoting *Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi*, 45 Cal. Rptr. 3d 633, 637 (Ct. App. 2006)).

To determine a reasonable attorney fee award for an anti-SLAPP motion, the California Supreme Court has found that "the lodestar adjustment approach should be applied." *Ketchum*, 17 P.3d at 744. For the lodestar approach, the Court begins by "multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

The party seeking attorney fees and costs carries the initial burden of production to establish the reasonableness of the requested fee. *United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1105 (9th Cir. 2015) (citing *Blum v. Stenson*, 465 U.S. 886, 895

n.11 (1984) and *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008)). "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 U.S. at 896 n.11. Once the applicant meets its burden of production, the court then determines whether the fee is reasonable. *$28,000.00 in U.S. Currency*, 802 F.3d at 1105 (citing *Blum*, 465 U.S. at 895 n.11 and *Camacho*, 523 F.3d at 980). A court has broad discretion in determining what is reasonable. *See Metabolife Int'l, Inc. v. Wornick*, 213 F. Supp. 2d 1220, 1222 (S.D. Cal. 2002); *see, e.g.*, *Garrison v. Ringgold*, No. 19cv244-GPC-RBB, 2019 WL 5684401, at *3 (S.D. Cal. Nov. 1, 2019) (explaining that the "court has wide discretion in determining the reasonableness of attorney[] fees.") (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)).

## III.   DISCUSSION

In the instant case, Defendants request an award of attorney fees in the amount of $347,244, based on 384.28 hours incurred in the process of strategizing, researching, and briefing the anti-SLAPP motion, and the fee motion. ECF No. 38 at 3–5; *see* ECF No. 35-1 at 13–14.[1] Additionally, Defendants request costs in the amount of $10,724.36. ECF No. 38 at 6–7. Plaintiff counters that the Court should substantially reduce the fees to $84,995.80. ECF No. 37 at 6, 18. Plaintiff does not contend that Defendants' requested costs should be reduced. *Compare* ECF No. 35-2 at 26 (Defendants initially requested $9,706.28 in costs) *with* ECF No. 37 at 17 (Plaintiffs listed $9,706.28 as a "reasonable [] rate" for initial costs).

### A.   Evidentiary Objections

As a preliminary matter, the Court considers Plaintiff's evidentiary objections. First, Plaintiff objects to various statements made within the Edelman declaration in support of

---

[1] Due to discrepancies between original and imprinted page numbers, page numbers for docketed materials cited in this Order refer to those imprinted by the Court's electronic case filing system.

1  Defendants' attorney fees motion. ECF No. 37-4 (citing ECF No. 35-2). Second, Plaintiff

2  objects to evidence included in Defendants' reply brief. ECF No. 39. The Court will

3  address these objections in turn.

4                  **1.**      ***Objections to the Declaration of Scott A. Edelman in support of***

5                                ***Defendants' Motion for Attorney Fees and Costs***

6        Plaintiff objects to fifteen statements in the Edelman declaration. ECF No. 37-4 at

7  2–9. A few examples of Mr. Edelman's statements at issue include his representations that

8  "[s]ubstantial efforts went into the preparation of this dispositive motion;" "Defendants'

9  counsel also researched the case law surrounding substantially true speech;" "Gibson Dunn

10  was retained on a modified contingency fee basis NBCU agreed to pay Defendants' counsel

11  a rate of $100,000 for the filing and argument on the Anti-SLAPP Motion;" and "[b]ased

12  on my reading of the relevant case law, fee applications submitted in other district courts

13  in California, and my overall familiarity with rates charged by my firm's competitors, it is

14  my understanding that these rates are comparable to the rates charged by peer firms and

15  attorneys with similar skill and experience." *Id.* (quoting ECF No. 35-2). Plaintiff's

16  objections are based on a range of evidentiary principles, such as hearsay, relevance,

17  vagueness, lack of foundation, speculation, lack of authentication, improper legal

18  conclusions, and unfair prejudice outweighing probative value. ECF No. 37-4 at 2–9.

19  Defendants contend that Plaintiff's objections lack merit and are "nothing more than a

20  collateral" attack on Defendants' motion. ECF No. 38 at 5 n.3. Defendants argue that the

21  facts and observations set forth in the Edelman declaration are based on his personal

22  knowledge and experience, and relate directly to their motion. *Id.*

23        Plaintiff's objections are largely boilerplate objections that cite to evidentiary rules

24  without analysis. *See, e.g., Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, 310

25  F. Supp. 3d 1089, 1107 (S.D. Cal. 2018). Plaintiff's objections based on lack of personal

26  knowledge, lack of foundation, improper opinion, and hearsay are overruled. There is no

27  information to contradict Mr. Edelman's testimony that the statements in his declaration

28  are within his personal knowledge and based on his review of the business records in this

case. *See Makaeff v. Trump Univ., LLC*, No. 10cv940-GPC, 2015 WL 1579000, at *2–*3,

*4 n.5 (S.D. Cal. April 9, 2015) (overruling similar objections); *Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1275 n.2 (N.D. Cal. 2014) ("personal knowledge can come from the review of the contents of business records and an affiant may testify to acts that she did not personally observe but which have been described in business records").

As for the remaining objections, "[t]he Court notes the objections. To the extent that the evidence is proper under the Federal Rules of Evidence, the Court considered the evidence. To the extent the evidence is not proper, the Court did not consider it." *Makaeff*, 2015 WL 1579000, at *4 n.5.

### 2. *Objections to Defendants' Reply Brief*

Plaintiff also objects to evidence included in Defendants' reply brief, specifically Defendants' submission of a 2014 motion for attorney fees filed by Plaintiff's counsel, Miller Barondess LLP, in *Margosian v. Bank of the West*. ECF No. 39 at 2 (citing ECF No. 38-3). Since reply briefs are limited to matters raised by the opposition or unforeseen at the time of the original motion, Plaintiff argues that it was improper for Defendants to submit the *Margosian* fee application for the first time with its reply. ECF No. 39 at 2.

The remainder of Plaintiff's objection contains unauthorized argument, distinguishing *Margosian* to undermine Defendants' fee application in the instant case by noting the differences in procedural posture, hourly rates, and staffing levels. ECF No. 39 at 2–3. Although the Court would normally consider striking information from a reply that raises new evidence or argument, it will not do so here. Plaintiff is not prejudiced by Defendants' reference to the *Margosian* fee application, since the Court will also consider the arguments presented by Plaintiff in its objections, which are in effect an unauthorized sur-reply.[2]

/ /

---

[2] The practical effect of this is minimal, since the *Margosian* fee application is entitled to little weight. The *Margosian* fee application is from a state court within the Eastern District of California, outside the relevant community for attorney rates, and the court's ruling on the motion offers no analysis of the court's reasoning. *See Margosian v. Bushell*, No. 10-VCU-238202, 2014 WL 12650875, at *5 (Cal. Super. Ct. Oct. 24, 2014).

### B. Parties' Positions Regarding Attorney Fees

In their motion, Defendants seek fees for 384.28[3] hours of work, and contend that the number of hours are reasonable because they are related to briefing the anti-SLAPP motion, responding to Plaintiff's motion to supplement the record, or briefing the instant attorney fees motion and reply brief. ECF No. 35-1 at 13–14; ECF No. 38 at 3. Defendants seek hourly rates ranging from $1,335 to $1,525 per hour for partners, $625 to $960 per hour for associates, $460 per hour for paralegals, and $270 for researchers. ECF No. 35-2 at 5–6. Defendants contend that these billing rates are reasonable by touting the experience of their staff and comparing their rates with fee awards in multiple cases in the Central District and Northern District of California. ECF No. 35-1 at 17–18. In support of their motion, Defendants provided a declaration from Mr. Edelman itemizing time spent on each task and amount spent on each cost (ECF No. 35-2); biographies of the partners, senior associate, and mid-level associates who worked on the case (ECF Nos. 35-3, 35-4, 35-5, 35-6, 35-7); the transcript of the oral argument on the anti-SLAPP motion (ECF No. 35-8); an April 2020 Northern District bankruptcy court attorney fee application from another law firm with similar billing rates (ECF No. 35-9); and excerpts from the 2020 and 2018 Thomson Reuters Public Rates Reports (ECF Nos. 35-10, 35-11).

As for Defendants' hourly rate, Plaintiff argues that Defendants are not relying on the "relevant community," the district in which the lawsuit is pending, which is the Southern District of California. Plaintiff notes that the reasonable rates in the Southern District are much lower than the examples used by Defendants from the Central District or Northern District. ECF No. 37 at 5–6, 9–11. Thus, Plaintiff requests that the Court reduce the recoverable hourly rates to $535 for partners, $300 for senior associates, and $260 for junior associates. *Id*. at 11–12. As for Defendants' request for paralegal and researcher fees, Plaintiff argues that Defendants failed to meet their burden of establishing prevailing rates, and thus those should be eliminated. *Id*. at 12–13.

---

[3] 355.5 hours relate to briefing the anti-SLAPP motion or responding to Plaintiff's motion to supplement the record, and 28.78 hours relate to briefing the instant attorney fees motion and reply brief. ECF No. 38 at 3.

As for Defendants' hours worked, Plaintiff argues that they are excessive relative to the procedural posture of the case. ECF No. 37 at 13. Plaintiff also argues that many of the hours worked are duplicative, noting that junior associates' work was revised by a senior associate and then again by two partners. *Id*. at 14–15. Plaintiff submits that only one of the partners' hours should be considered, and that the remaining hours should be subject to a 10% reduction. *Id*. at 15. Plaintiff also argues that certain categories of work performed were not related to the anti-SLAPP motion or were ministerial, and requests that those thirteen hours be deducted. *Id*. at 15–16. Plaintiff's proposed final recoverable amount is $84,995.80. *Id*. at 18.

Defendants respond that although the Southern District is the focus for the reasonable rate inquiry, the Court should consider attorney rates and fee approvals from neighboring districts. ECF No. 38 at 7. Defendants also included numerous cases from the Southern District to support their fees. *Id*. at 7–9. Defendants contend that their paralegal and researcher rates are reasonable because a court has approved similar rates for the same paralegal and researcher in another case. *Id*. at 8–9. As for the hours worked, Defendants respond that the entire lawsuit is the subject of the anti-SLAPP motion and thus all attorney fees expended in the case are recoverable. *Id*. at 3. Defendants further respond that their team structure was reasonable, and that junior attorneys always spend substantial time researching and writing, and more senior attorneys then write, revise, and fine-tune arguments. *Id*. at 5. Defendants also reiterate their detailed time entries and argue that counsel did not overlap by researching the same issues or cases. *Id*. Additionally, upon completing the briefing on the attorney fees motion, Defendants included the time entries for preparation of the motion and reply brief, which brings the updated total requested to 384.28 hours and $347,244.00. *Id*.

## C.    Reasonable Attorney Fees

"When the district court makes its award, it must explain how it came up with the amount. The explanation need not be elaborate, but it must be comprehensible." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). To determine a reasonable attorney fee award under the lodestar approach, the Court first considers whether the hourly

1    rates and number of hours expended are both reasonable.

2                        **1.    *Reasonable Hourly Rates***

3            To determine the reasonable hourly rate, the Court looks to the "rate prevailing in

4    the community for similar work performed by attorneys of comparable skill, experience,

5    and reputation." *Camacho*, 523 F.3d at 979 (internal quotation marks and citation omitted).

6    The burden is on the party requesting attorney fees to produce "satisfactory evidence, in

7    addition to the affidavits of its counsel, that the requested rates are in line with those

8    prevailing in the community for similar services of lawyers of reasonably comparable skill

9    and reputation." *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987); *see

10   Roberts v. City & County of Honolulu*, 938 F.3d 1020, 1025 (9th Cir. 2019) ("It is the

11   responsibility of the attorney seeking fees to submit evidence to support the requested

12   hourly rate"). Evidence that the Court should consider includes "[a]ffidavits of the

13   [movant's] attorney and other attorneys regarding prevailing fees in the community, and

14   rate determinations in other cases, particularly those setting a rate for the [movant's]

15   attorney." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir.

16   1990). A court can consider other factors, including its own knowledge of the relevant legal

17   market, the complexity of the legal issues at stake, and the reputation and experience of

18   counsel. *See FlowRider Surf, Ltd. v. Pac. Surf Designs, Inc.*, No. 15cv1879-BEN-BLM,

19   2020 WL 5645331, at *3–*4 (S.D. Cal. Sept. 21, 2020); *569 E. Cnty. Boulevard LLC v.

20   Backcountry Against the Dump, Inc.*, 212 Cal. Rptr. 3d 304, 314 (Ct. App. 2016).

21           The parties disagree as to the relevant legal community for setting a reasonable rate

22   in this case. Generally, the relevant community is the forum in which the district court sits.

23   *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997) (citing *Davis v. Mason County*, 927

24   F.2d 1473, 1488 (9th Cir. 1991)). Rates outside the forum may be used "if local counsel

25   was unavailable, either because they are unwilling or unable to perform because they lack

26   the degree of experience, expertise, or specialization required to handle properly the case."

27   *Gates*, 987 F.2d at 1405. Plaintiff argues that the Southern District of California is the

28   relevant community. ECF No. 37 at 9–11. Defendants do not dispute that "the Southern

     District of California is the focus of the reasonable rate inquiry," but they also point out

                                                8

                                                                        3:19-cv-1713-BAS-AHG

that courts within the Southern District have relied on cases from the Central and Northern Districts to establish a reasonable rate within this district. ECF No. 38 at 7.

The Court finds that the relevant community is the Southern District of California. *Camacho*, 523 F.3d at 979. Although the Southern District is the Court's primary focus, the Court will consider rates for similar work in neighboring and nearby districts, albeit they will be accorded minimal weight. *See, e.g.*, *Smith v. Aetna Life Ins. Co.*, No. 18cv1463-JLS-WVG, 2020 WL 6055147, at *6 (S.D. Cal. Oct. 14, 2020) (explaining that "Plaintiff also cites to numerous other cases in which courts have approved similar rates as reasonable, although these all appear to be cases in the Northern and Central Districts of California. [] However, 'the relevant community is the Southern District of California because it is the forum in which the district court sits.' [] Accordingly, the Court accords minimal weight to these authorities from outside the Southern District of California"); *Brighton Collectibles, Inc. v. RK Tex. Leather Mfg*., No. 10cv419-GPC-WVG, 2014 WL 5438532, at *4 n.5 (S.D. Cal. Oct. 24, 2014) (noting that "Plaintiff also presents attorney fee awards in other districts in California; however, those cases are not considered the relevant community for purposes of a reasonable hourly rate and not helpful to the Court"); *Hartless v. Clorox Co*., 273 F.R.D. 630, 644 (S.D. Cal. 2011) (considering rates from the Central and Northern Districts, but relying on the Court's "familiarity with the rates charged by other firms in the San Diego area"); *Deanda v. Savings Investment, Inc.*, No. 05cv0139-DMS-RBB, 2006 WL 8443522, at *4 (S.D. Cal. June 8, 2006) (reducing attorney's rate based on his approved rate in the Central District).

### a. Attorneys

Defendants seek hourly rates for Theodore J. Boutrous, Jr., a partner at Gibson Dunn, who charged $1,450 for 2019 and $1,525 for 2020.[4] ECF No. 35-1 at 16. Mr. Boutrous has

---

[4] As a preliminary matter, just because an attorney charges clients a certain amount does not conclusively make that amount the prevailing market rate—i.e., an attorney's usual hourly rate is relevant, but not determinative, evidence of the prevailing market rate. *See Carson v. Billings Police Dep't*, 470 F.3d 889, 892 (9th Cir. 2006).

over 30 years of legal experience and has received numerous awards for his work as a First Amendment attorney. ECF No. 35-1 at 16. Defendants seek hourly rates for Scott A. Edelman, a partner at Gibson Dunn, of $1,335 for 2019 and $1,395 for 2020. ECF No. 35-1 at 16. Mr. Edelman has over 30 years of experience, and has received numerous awards for his work as a media and entertainment attorney. *Id*. Defendants seek hourly rates for Nathaniel L. Bach, a senior associate at Gibson Dunn, of $915 for 2019 and $960 for 2020. *Id*. Mr. Bach has over ten years of legal experience working as a media and entertainment litigator. *Id*. Defendants seek hourly rates for Marissa B. Moshell, a mid-level associate at Gibson Dunn, of $625 for 2019 and $740 for 2020. *Id*. at 17. Ms. Moshell has three years of legal experience, working on a variety of commercial disputes, including First Amendment, anti-SLAPP, and other media and entertainment actions. *Id*. Defendants seek an hourly rate for Daniel Rubin, a mid-level associate at Gibson Dunn, of $625 for 2019. *Id*. Mr. Rubin has three years of legal experience as a general commercial litigator, including experience with media and entertainment disputes. *Id*.

To support these rates, Defendants rely principally on court-approved hourly rates in the Central and Northern Districts. *See* ECF No. 35-1 at 17–18. One of the cases cited from the Central District involved attorneys from Gibson Dunn. *See ScripsAmerica, Inc. v. Ironridge Global LLC*, No. CV14-03962-SJO-AGRx, 2016 WL 6871280, at \*4–\*5 (C.D. Cal. Jan. 12, 2016). Defendants also provided a recent fee application from the PG&E bankruptcy case in the Northern District, where the attorneys sought similar rates. ECF No. 35-1 at 18 (referring to ECF No. 35-9). Additionally, Defendants provided the Public Rates Report issued by Thomson Reuters in 2020 ("2020 Rates Report"), which includes rates from the Central and Northern Districts, and the Public Rates Report issued by Thomson Reuters in 2018 ("2018 Rates Report"), which includes rates from the Central, Eastern, Northern, and Southern Districts. ECF No. 35-1 at 18; ECF No. 35-2 at 7 (referring to ECF Nos. 35-10, 35-11). In their reply brief, Defendants cited five cases from the Southern District that approved a range of $622 to $943. ECF No. 38 at 7–8.

Plaintiff responds that these billing rates are excessive, and that Mr. Boutrous and Mr. Edelman should instead rate $525, Mr. Bach should instead rate $300, and Ms. Moshell

and Mr. Rubin should instead rate $260. ECF No. 37 at 9–11. Plaintiff focused much of its argument on Defendants' lack of support from the Southern District as the relevant community, and presented four cases from the Southern District that purport to illustrate the district's lower rates. *Id.* at 11. Plaintiff also listed figures from Defendants' 2018 Rate Report, which showed lower rates in the Southern District than those requested by Defendants. *Id.* at 10.

For the most part, the Court does not find the cases that Defendants rely on from the Central and Northern Districts to be persuasive. They are outside the relevant community, and the subject matter and complexity of the cases are not analogous. Although it is from the Central District, the Court finds that *ScripsAmerica*, a 2016 case from the Central District that analyzed the rates of attorneys from the same law firm, Gibson Dunn, to be relevant. There, the court approved rates of $950 for a partner with 37 years of experience and numerous awards, $700 for a ten-year associate, and $450 for a three-year associate. 2016 WL 6871280, at *4–*5 (reducing from counsel's initial requests of $1,125 for a 37-year partner, $770 for a ten-year associate, and $625 for a three-year associate). The Court has also considered Defendants' proffered 2018 Rate Report insofar as it documents Southern District rates, although these figures refer to rates from 2011 to 2015 and are somewhat dated. *See Camacho*, 523 F.3d at 981 ("in determining the prevailing market rate a [] court abuses its discretion to the extent it relies on cases decided years before the attorneys actually rendered their services."). The Court has also considered recent fee awards in the Southern District. *See Moreno*, 534 F.3d at 1115 ("judges can certainly consider the fees awarded by other judges in the same locality in similar cases"); *see, e.g.*, *San Diego Comic Convention v. Dan Farr Productions*, No. 14cv1865-AJB-JMA, 2019 WL 1599188, at *13–*14 (S.D. Cal. Apr. 15, 2019) (in a complex, well-known trademark infringement case, finding reasonable the hourly rates of $760 for partners with 28–29 years of experience, $685 for a partner with 14 years of experience, $585 for attorney with 16 years of experience, $545 for an associate with 5 years of experience, from a Top 100 law firm), *attorney fees aff'd by* 807 F. App'x 674 (9th Cir. Apr. 20, 2020); *Kikkert v. Berryhill*, No. 14cv1725-MMA-JMA, 2018 WL 3617268, at *2, *2 n.1 (S.D. Cal. July 30,

2018) (an unopposed fee motion after a successful social security appeal, finding *de facto* hourly rate of $943 reasonable, citing other decisions in the district approving rates from $656 to $886); *Medina v. Metropolitan Interpreters & Translators, Inc.*, 139 F. Supp. 3d 1170, 1179 (S.D. Cal. 2015) (in a consolidated employment case, finding $850 for a partner with 38 years of experience, $625 for a partner with 17 years of experience, and $295 for an associate with 3 years of experience was reasonable); *Makaeff*, 2015 WL 1579000, at *4–*5 (in a complex class action with a successful anti-SLAPP motion, finding reasonable the rates of $250 to $440 for associates and $600 to $825 for partners).

The Court has also considered the complexity of the legal issues at stake and the reputation and experience of counsel. *See FlowRider Surf*, 2020 WL 5645331, at *3–*4. Although the issue of defamation is not complex, the posture of this litigation demonstrates that the stakes were high. This case was brought by a competing media outlet and has achieved a high degree of publicity. Defendants had a great incentive to hire the most experienced and qualified counsel available to protect their reputation. Defendants' counsel have a strong reputation for expertise in First Amendment issues and in high-stakes litigation. *See* ECF No. 35-3 (noting Mr. Boutrous's credentials, including numerous awards, his experience arguing "more than 100 appeals, including before the Supreme Court of the United States, 12 different federal circuit courts of appeals, nine different state supreme courts and a multitude of other appellate and trial courts in complex civil, constitutional and criminal matters[,]" and his success in representing the prevailing parties in three recent, high-stakes Supreme Court cases); ECF No. 35-4 (noting Mr. Edelman's credentials, including numerous awards and accolades, and his success in several high-stakes, complex, multi-week jury trials); ECF No. 35-5 (noting Mr. Bach's credentials, including being awarded "2020 Litigator of the Week," and listing his numerous successful high-stakes case outcomes). The Court also relies on its own knowledge of and familiarity with rates in the relevant community. *See PLCM Group v. Drexler*, 997 P.2d 511, 519 (Cal. 2000) ("The value of legal services performed in a case is a matter in which the trial court has its own expertise.").

Based on all of this information, the Court finds that reasonable rates for comparable

3:19-cv-1713-BAS-AHG

work in San Diego are not as high as Defendants assert, but not as low as Plaintiff suggests. The Court finds that reasonable rates in San Diego for attorneys of comparable skill, experience, and reputation are as follows: $1,150 for Mr. Boutrous, $1,050 for Mr. Edelman, $720 for Mr. Bach, $470 for Ms. Moshell, and $470 for Mr. Rubin.[5]

### b. Paralegals

Defendants also seek fees for two paralegals. ECF No. 35-1 at 17. The paralegals are "Lolita Gadberry, a paralegal with 35 years of experience with a standard hourly rate of $460 in 2019 and $480 in 2020, and Duke Amponsah, a paralegal with over twenty years of experience with a standard hourly rate of $480 in 2020." *Id.* Defendants rely on the same cases and information to support the reasonable rate for their paralegals. Plaintiff argues that Defendants have not met their burden as to the paralegal and researcher fees, because they presented no evidence of prevailing rates in the relevant community. ECF No. 37 at 12. Plaintiff also points to two cases from the Southern District, in which the courts denied paralegal fees because insufficient facts were presented. *Id.* (citing *Zest IP Holdings, LLC v. Implant Direct Mfg., LLC*, No. 10cv0541-GPC-WVG, 2014 WL 6851612, at *6 (S.D. Cal. Dec. 3, 2014) and *Brighton Collectibles*, 2014 WL 5438532, at *5).

The 2018 Rates Report attached to the motion includes paralegal rates in the Southern District from 2011 to 2014. ECF No. 35-11. The range of these rates varies widely from $50 to $305. ECF No. 35-11 at 73, 118, 167–69, 185–87, 197–98, 200–01, 212, 214–16, 258, 261–62, 313–14, 324, 356. Courts in the Southern District have recently approved paralegal fees in the middle of this range. *See, e.g.*, *Aispuro v. Ford Motor Co*., No. 18cv2045-DMS-KSC, 2020 U.S. Dist. LEXIS 142806, at *11 (S.D. Cal. Aug. 10, 2020) ($200); *James Holcomb & Rotoco, Inc. v. BMW of N. Am., LLC*, No. 18cv475-JM-BGS,

---

[5] Though Defendants separately list rates for work done in 2019 and in 2020 (see ECF No. 35-2 at 5–6), the Court has determined that the current rates listed above are reasonable, without a distinction regarding the year the work was completed. *See Gates*, 987 F.2d at 1406 (finding that "district courts have the discretion to compensate prevailing parties for any delay in the receipt of fees by awarding fees at current rather than historic rates in order to adjust for inflation and loss of the use funds.").

1    2020 U.S. Dist. LEXIS 26094, at *15–*16 (S.D. Cal. Feb. 14, 2020) ($100); *Puccio v.*
2    *Love*, No. 16cv2890-W-BGS, 2020 WL 434481, at *4 (S.D. Cal. Jan. 28, 2020) ($195);
3    *San Diego Comic Convention*, 2019 WL 1599188, at *15 ($290); *Lewis v. County of San*
4    *Diego*, No. 13cv2818-H-JMA, 2017 WL 6326972, at *12–*13 (S.D. Cal. Dec. 11, 2017)
5    ($100 and $200).

6        Based on its judgment and extensive experience in the Southern District, its thorough
7    review of the parties' submissions regarding paralegal fees, and its independent review of
8    recent paralegal fee awards in the district, the Court finds that, in light of her 35 years of
9    experience, $280 is a reasonable paralegal fee for Ms. Gadberry and, in light of his 20 years
10   of experience, $265 is a reasonable paralegal fee for Mr. Amponsah.

11                  *c.*    *Researchers*

12        Defendants also seek fees for two researchers, Erin Kurinsky and Carla Jones, who
13   charge a standard hourly rate of $270. ECF No. 35-1 at 17. With respect to the researchers,
14   the Court finds that Defendants have failed to produce satisfactory evidence to support the
15   requested rates. Defendants offer no information or documentation justifying the rates for
16   Ms. Kurinsky or Ms. Jones, such as a curriculum vitae, resume, or description of their
17   educational background or work experience. *See* ECF No. 35-1 at 17. "In the absence of
18   any evidence as to the background and experience of the [researchers], the Court is unable
19   to determine the prevailing rate." *Makaeff*, 2015 WL 1579000, at *5. Because Defendants
20   have failed to carry their burden to demonstrate that the researchers' hourly rates are
21   reasonable, the Court denies their request for researcher fees. *See cf. Garrison*, 2019 WL
22   5684401, at *4; *Zest IP Holdings*, 2014 WL 6851612, at *6.

23                  *d.*    *Summary*

24        In sum, the Court concludes that reasonable rates in this district for those of
25   comparable skill, experience, and reputation are as follows: $1,150 for Mr. Boutrous,
26   $1,050 for Mr. Edelman, $720 for Mr. Bach, $470 for Ms. Moshell, $470 for Mr. Rubin,
27   $280 for Ms. Gadberry, and $265 for Mr. Amponsah. The Court denies Defendants' request
28   for fees for researchers Erin Kurinsky and Carla Jones.

   / /

### 2. *Reasonable Hours Expended*

The party seeking fees bears the "burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Computer Xpress, Inc. v. Jackson*, 113 Cal. Rptr. 2d 625, 649 (Ct. App. 2001) (internal quotation marks and citation omitted). Although "it is not necessary to provide detailed billing timesheets to support an award of attorney fees under the lodestar method," *Concepcion v. Amscan Holdings, Inc.*, 168 Cal. Rptr. 3d 40, 53 (Ct. App. 2014), the "evidence should allow the court to consider whether the case was overstaffed, how much time the attorneys spent on particular claims and whether the hours were reasonably expended." *Christian Research Inst.*, 81 Cal. Rptr. 3d at 870. To that end, the Court may require a prevailing party to produce records sufficient to provide "a proper basis for determining how much time was spent on particular claims." *Computer Xpress*, 113 Cal. Rptr. 2d at 649 (internal quotation marks and citation omitted). The Court should exclude hours "'that are excessive, redundant, or otherwise unnecessary.'" *McCown*, 565 F.3d at 1102 (quoting *Hensley*, 461 U.S. at 434).

Here, Defendants seek an award for 384.28 hours. ECF No. 38-1 at 5. This includes time spent analyzing Plaintiff's complaint and discussing initial strategy; researching and drafting the anti-SLAPP Motion and supporting documents; responding to Plaintiff's opposition brief and evidentiary submission; responding to Plaintiff's *ex parte* Application to Supplement the Record; preparing for and attending the motion hearing; and researching and drafting the attorney fees motion, reply, and supporting documents. ECF No. 35-1 at 13, ECF No. 35-2 at 8–22; ECF No. 38-1 at 3–4.

Plaintiff contends that the hours requested are excessive. ECF No. 37 at 13. First, Plaintiff contends that Mr. Edelman's and Mr. Boutrous's hours should be reduced, or Mr. Edelman's hours completely excluded, because hiring two renowned partners was redundant and unnecessary. *Id*. at 14. Second, Plaintiff contends that Defendants overstaffed this case and used it as a training opportunity. *Id*. at 14–15. Third, Plaintiff contends that the anti-SLAPP fee provision only applies to motion to strike, and not the entire action. *Id*. at 15. Fourth, Plaintiff asserts that Defendants should not recover for ministerial or administrative tasks. *Id*. at 16. The Court will address these challenges in

turn.

          *a.*   *Whether Fees Beyond the Anti-SLAPP Motion should be Considered*

      As a threshold issue, the Court will examine whether Defendants' request for attorney fees should be limited to those fees directly related to the anti-SLAPP motion. Plaintiff cites three cases in support of its argument: *S. B. Beach Props. v. Berti*, 138 P.3d 713, 717 (Cal. 2006); *Lafayette Morehouse, Inc. v. Chronicle Publ'g Co.*, 46 Cal. Rptr. 2d 542, 544–45 (Ct. App. 1995), and *Christian Research Inst.*, 81 Cal. Rptr. 3d at 872–74. ECF No. 37 at 15. In *Lafeyette Morehouse*, the court reversed the fee award because the trial court awarded fees for work other than on the anti-SLAPP motion. However, *Lafayette Morehouse* was decided prior to the 1997 amendment of section 425.16, which mandated the statute be construed broadly. *See* CAL. CIV. CODE § 425.16; *see also Metabolife*, 213 F. Supp. 2d at 1222–24 (discussing *Lafayette Morehouse* after the 1997 amendment of § 425.16). In addition, the *Lafayette Morehouse* court reduced fees to those directly related to the anti-SLAPP motion because the motion concerned only one of seven causes of action. 46 Cal. Rptr. 2d at 545 (referring to 44 Cal. Rptr. 2d. 46 (Ct. App. 1995)). Plaintiff's references to *Christian Research Institute* and *S. B. Beach Properties* are likewise unpersuasive. In *Christian Research Institute*, the court affirmed the trial court's reductions to the requested 600 hours, not based on counsel working on non-anti-SLAPP filings, but because the case was vastly overstaffed for a simple motion and the billing entries were vague. 81 Cal. Rptr. 3d at 874. In *S. B. Beach Properties*, the court affirmed the trial court's denial of defendants' fee motion, because they were seeking fees for an anti-SLAPP motion they never filed—the plaintiff voluntarily dismissed the case the day before they planned to file the anti-SLAPP motion. 138 P.3d at 715, 717–18.

      In this case, "granting the special motion to strike effectively dismissed all of plaintiff['s] claims against defendant[s]. Thus, the entire lawsuit here is subject to the anti-SLAPP motion and, therefore, all attorney[] fees and costs expended in this case 'occurred in the context of, and were inextricably intertwined with, the anti-SLAPP motion.'" *Zwebner v. Coughlin*, No. 05cv1263-JAH-AJB, 2006 WL 8455423, at *2 (S.D. Cal. Jan.

3:19-cv-1713-BAS-AHG

24, 2006) (quoting *Metabolife*, 213 F. Supp. 2d at 1223). Thus, as in *Metabolife* and *Zwebner*, "[a]ll of [Defendant]'s attorney fees and expenses were in incurred in connection with the anti-SLAPP motion." *Metabolife*, 213 F. Supp. 2d at 1223 (internal quotation marks omitted). Accordingly, the Court finds Plaintiff's initial argument unavailing, and will consider all of the requested hours, not just the hours spent preparing the anti-SLAPP motion.

### b. Overstaffing

Regarding the use of multiple attorneys, the Ninth Circuit has recognized that "'the participation of more than one attorney does not necessarily constitute an unnecessary duplication of effort.'" *McGrath v. County of Nevada*, 67 F.3d 248, 255 (9th Cir. 1995) (quoting *Kim v. Fujikawa*, 871 F.2d 1427, 1435 n.9 (9th Cir. 1989). Instead, "[a] reduction of fees is warranted only if the attorneys are *unreasonably* doing the *same* work. An award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation." *Noyes v. Grossmont Union High Sch. Dist.*, 331 F. Supp. 2d 1233, 1250 (S.D. Cal. 2004) (emphasis in original) (internal quotations omitted).

Thus, the Court is not persuaded that Defendants should have been limited to one partner. *See, e.g.*, *Hammett v. Sherman*, No. 19cv605-JLS-AHG, 2020 U.S. Dist. LEXIS 49793, at *82 (S.D. Cal. Mar. 23, 2020) (approving anti-SLAPP fees for two partners with over 30 years of experience); *Zwebner*, 2006 WL 8455423, at *3 n.2 (noting approval of the use of five attorneys in anti-SLAPP case). Similarly, the Court is not persuaded that the pyramid law firm model of having associates complete work that is then reviewed by partners, without more, is a reason to reduce hours. *Cf. Moreno*, 534 F.3d at 1114–15, 1114 n.2 (discussing various law firm models and concluding that it was error for the district court to speculate "that other firms could have staffed the case differently").

However, the Court finds that some of the time spent was duplicative. "[C]ounsel should not bill for attending the same meetings, internal communications, and communicating with each other, as such time is unnecessary." *Salgado v. T-Mobile USA, Inc.*, No. 17cv339-JLT, 2020 WL 3127931, at *21–*22 (E.D. Cal. June 12, 2020). Courts

17

have "reduced fee awards for time spent in 'interoffice conferences' or other internal communications." *Id.*; *Mogck v. Unum Life Ins. Co. of Am.*, 289 F. Supp. 2d 1181, 1194–95 (S.D. Cal. 2003). Here, Plaintiff points out many examples of internal communications between co-counsel, totaling approximately 19.6 hours. ECF No. 37-1 at 4–5. Accordingly, while the Court recognizes the value of coordination between co-counsel, the Court believes a 5%[6] reduction to the requested fees is appropriate, to more accurately reflect the time billed. *See Moreno*, 534 F.3d at 1112 (explaining that the "court can impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion and without a more specific explanation"); *see also Klein v. Gordon*, No. 8:17-cv-00123-AB-JPRx, 2019 WL 1751839, at *4 (C.D. Cal. Feb. 12, 2019) (exercising discretion to impose a ten percent "haircut" reduction for clerical work, conferences calls, conversations amongst co-counsel, and preparation of submissions).

### c.  Ministerial or Administrative Tasks

"[P]urely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) (noting that "[i]t is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available"); *Lewis*, 2017 WL 6326972, at *8 ("A fee award should not include time spent on clerical matters, whether billed at an attorney's or paralegal's hourly rate"). Thus, courts have discounted billing entries for "clerical tasks." *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009).

Plaintiff identified three entries that it labels ministerial. The first, from May 17, 2020, where Ms. Moshell corresponded with the court reporter about the hearing transcript, is already subsumed in the Court's earlier reduction for interoffice

---

[6] In recognition of the value of coordination between co-counsel, and in the interest of transparent calculations, the Court exercises its discretion to reduce the 384.28 requested hours by 5% (i.e., 19.2 hours) instead of excluding the approximately 19.6 hours identified by Plaintiff.

communication, since the same entry includes her speaking with Mr. Boutrous and Mr. Bach. *Compare* ECF No. 37-1 at 9 *with id*. at 7. As to the second, the Court does not agree that finalizing a stipulation is ministerial, and will not exclude that entry. ECF No. 37-1 at 9. However, the Court does agree with Plaintiff that the time spent "research[ing] court reporting and hearing transcription" is ministerial, and will exclude 0.3 hours from Ms. Moshell's total accordingly. ECF No. 37-1 at 9.

### d. Summary

Using the Court's judgment and experience, and upon a thorough review of the hours expended in this case, in light of the case's complexity and procedural history, the remaining billing entries and total hours billed are appropriate. *See Moreno*, 534 F.3d at 1112 ("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.").

In sum, Defendants' requested 384.28 hours are reduced to 363.1 as follows: Mr. Boutrous's hours are reduced from 56.4 to 53.5; Mr. Edelman's hours are reduced from 20.1 to 19.1; Mr. Bach's hours are reduced from 137.5 to 130.6; Ms. Moshell's hours are reduced from 134.9 to 128.2 and then to 127.9; Mr. Rubin's hours are reduced from 16.6 to 15.8; Ms. Gadberry's hours are reduced from 15.7 to 14.9; Mr. Amponsah's hours are reduced from 1.4 to 1.3; Ms. Kurinsky's hours are reduced from 1.58 to 0; and Ms. Jones's hours are reduced from 0.1 to 0.

### D. Costs

Defendants request costs in the amount of $10,724.36. ECF No. 35-2 at 24–26; ECF No. 38-1 at 6–7. These costs include transcript costs, research costs, photocopying costs, process server costs, document retrieval service costs, and courier costs. *Id*. Plaintiff does not contend that Defendants' requested costs should be reduced. *Compare* ECF No. 35-2 at 26 (Defendants initially requested $9,706.28 in costs) *with* ECF No. 37 at 17 (Plaintiffs listed $9,706.28 as a "reasonable [] rate" for initial costs).

Attorneys charging "such expenses to paying clients separate from their hourly rates, [] is consistent with the Court's experience, as well as prior orders in this District

addressing the issue of awardable non-statutory costs." *See Smith*, 2020 WL 6055147, at *12 (collecting cases from the Southern District which approved costs such as: copying fees, courier and messenger fees, mailing charges, legal research fees, electronic research costs, telephone charges, filing fees, and court reporter fees). Accordingly, the Court finds the $10,724.36 in costs included[7] by Defendants as part of their fee request reasonable.

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion for Attorney Fees. ECF No. 35. The Court awards Defendants **fees in the amount of $247,667.50** representing 53.5 hours billed by Mr. Boutrous at $1,150 per hour, 19.1 hours billed by Mr. Edelman at $1,050 per hour, 130.6 hours billed by Mr. Bach at $720 per hour, 127.9 hours billed by Ms. Moshell at $470 per hour, 15.8 hours billed by Mr. Rubin at $470 per hour, 14.9 hours billed by Ms. Gadberry at $280 per hour, and 1.3 hours billed by Mr. Amponsah at $265 per hour, and **costs in the amount of $10,724.36**.

As explained by District Judge Bashant in her order granting Defendants' anti-SLAPP motion: "[a]fter Defendants' motion for attorney fees is resolved, the Court will instruct the Clerk to close this case." ECF No. 30 at 17.

**IT IS SO ORDERED**.

Dated: February 5, 2021

_____

Honorable Allison H. Goddard
United States Magistrate Judge

---

[7] Both Federal Rule of Civil Procedure Rule 54(d) and this district's Civil Local Rule 54.1, requiring a bill of costs, are based on an entry of judgment, which has not yet occurred here. *See* ECF No. 30 at 17; ECF No. 12 n.2; *see also James Holcomb & Rotoco, Inc.*, 2020 U.S. Dist. LEXIS 26094, at *25–*27 (rejecting argument that prevailing party is not entitled to costs because they failed to submit a bill of costs).

20

3:19-cv-1713-BAS-AHG

EXHIBIT 3

ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ (147029)
LAURIE L. LARGENT (153493)
ROBERT R. HENSSLER JR. (216165)
MATTHEW I. ALPERT (238024)
ERIKA OLIVER (306614)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
llargent@rgrdlaw.com
bhenssler@rgrdlaw.com
malpert@rgrdlaw.com
eoliver@rgrdlaw.com

Lead Counsel for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| In re BANC OF CALIFORNIA SECURITIES LITIGATION | No. SACV 17-00118 AG (DFMx) consolidated with SACV 17-00138 AG (DFMx) |
| This Document Relates To: | CLASS ACTION |
| ALL ACTIONS. | DECLARATION OF LAURIE L. LARGENT FILED ON BEHALF OF ROBBINS GELLER RUDMAN & DOWD LLP IN SUPPORT OF AWARD OF ATTORNEYS' FEES AND EXPENSES |

DATE:    March 16, 2020
TIME:    10:00 a.m.
CTRM:   10D
JUDGE:   Hon. Andrew J. Guilford

I, LAURIE L. LARGENT, declare as follows:

1.    I am a member of the firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or the "Firm").  I am submitting this declaration in support of my Firm's application for an award of attorneys' fees, expenses and charges ("expenses") in connection with services rendered in the above-entitled action (the "Litigation").

2.    This Firm is counsel of record for Lead Plaintiff Iron Workers Local No. 25 Pension Fund ("Plaintiff"), and the Class.

3.    The information in this declaration regarding the Firm's time and expenses is taken from time and expense printouts and supporting documentation prepared and/or maintained by the Firm in the ordinary course of business.  I am the partner who oversaw and/or conducted the day-to-day activities in the Litigation and I reviewed these printouts (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration.  The purpose of this review was to confirm both the accuracy of the entries on the printouts as well as the necessity for, and reasonableness of, the time and expenses committed to the Litigation.  As a result of this review, reductions were made to both time and expenses in the exercise of billing judgment.  Based on this review and the adjustments made, I believe that the time reflected in the Firm's lodestar calculation and the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the Litigation.  In addition, I believe that these expenses are all of a type that would normally be charged to a fee-paying client in the private legal marketplace.

4.    After the reductions referred to above, the number of hours spent on the Litigation by the Firm is 11,048.97.  A breakdown of the lodestar is provided in the attached Exhibit A.  The lodestar amount for attorney/paraprofessional time based on the Firm's current rates is $7,561,131.30.  The hourly rates shown in Exhibit A are the usual and customary rates set by the Firm for each individual.

5.     The Firm seeks an award of $1,575,210.83 in expenses and charges in connection with the prosecution of the Litigation.  Those expenses and charges are summarized by category in the attached Exhibit B.

6.     The following is additional information regarding certain of these expenses:

(a)     Filing, Witness and Other Fees: $18,423.47.  These expenses have been paid to the Court for filing fees and to attorney service firms or individuals who either: (i) served process of the complaint or subpoenas; (ii) obtained copies of court documents for Plaintiff; or (iii) delivered courtesy copies to the Court.  The vendors who were paid for these services are set forth in the attached Exhibit C.

(b)     PR Newswire: $700.00.  This expense was necessary under the Private Securities Litigation Reform Act of 1995's ("PSLRA") "early notice" requirements, which provides, among other things, that "[n]ot later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class – (I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class."  *See* 15 U.S.C. §78u-4(a)(3)(A)(i).

(c)     Transportation, Hotels & Meals: $46,818.52.  In connection with the prosecution of this case, the Firm has paid for travel expenses to, among other things, attend court hearings, meet with witnesses, mediators and opposing counsel and take or defend depositions.  The date, destination and purpose of each trip is set forth in the attached Exhibit D.

(d)     Court Hearing Transcripts and Deposition Reporting, Transcripts and Videography: $50,121.36.  The vendors who were paid for these services are listed in the attached Exhibit E.

- 2 -

4821-8804-5233.v1

1    (e)    Experts/Consultants/Investigators: $1,238,734.24.

2    (i)    Compass Lexecon, LLC ("Compass Lexecon"):

3    $373,054.09.  Compass Lexecon is an economic consulting firm and its economists

4    assisted Plaintiff's expert Dr. Pirrong with his work rebutting defendants' experts'

5    opinions on market manipulation, spoofing and layering and cross-market derivative

6    manipulation.  The economists at Compass Lexecon spent a substantial amount of

7    time reviewing and analyzing the expert reports submitted by defendants, which

8    included over 7,000 pages of exhibits, analyzing significant volumes of securities

9    trading data relied upon by defendants' experts, deciphering defendants' experts'

10   calculations and computer code used to manipulate raw data, performed their own

11   independent analysis of the data relating to trading of Banc of California stock

12   (including trade-related variables), and conducted analyses and comparisons of

13   various pricing data points.

14   (ii)    Crowninshield Financial Research, Inc. ("Crowninshield"):

15   $356,616.00.  Crowninshield is a financial economics consulting firm.  Lead Counsel

16   retained Professor Steven P. Feinstein (Ph.D., CFA), the President of Crowninshield

17   and an Associate Professor of Finance at Babson College, to offer opinions at

18   summary judgment and testify at trial regarding loss causation and damages relating to

19   Banc of California stock.  Dr. Feinstein and his team spent considerable time studying

20   the record and public information, including analyst reports and SEC filings in order

21   to be able to address the markets in which Banc of California securities traded,

22   disclosures related to Banc of California's operations and any related price movement

23   in Banc of California's stock.  Based on this work, Dr. Feinstein provided detailed

24   information and analyses that were utilized in analyzing loss causation and damages.

25   Dr. Feinstein provided a detailed expert report opining on these issues.  Dr. Feinstein

26   also provided a rebuttal report to address the opinions of two of defendants' experts

27   with regard to loss causation and damages.  Dr. Feinstein and his team also drafted the

28

- 3 -

Plan of Allocation governing the distribution of the Settlement Fund among Class Members.

        (iii)    Stanford Consulting Group, Inc. ("Stanford Consulting"): $203,595.00. Stanford Consulting is a financial economics consulting firm. Lead Counsel retained Zachary Nye, Ph.D., a financial economist and Vice President at Stanford Consulting Group, to provide expert economic analysis on the market efficiency of Banc of California's stock during the Class Period and the economic materiality of information to investors. Dr. Nye has an A.B. in Economics from Princeton University; an M.Sc. in Finance from the London Business School; and a Ph.D. in Finance from the Paul Merage School of Business at the University of California, Irvine. Dr. Nye prepared a report in support of Plaintiff's motion for class certification, and Lead Counsel referred to and relied on Dr. Nye's report and event study to argue that Banc of California's securities reacted quickly to new, material information during the Class Period, and that its securities traded in an efficient market. Dr. Nye and his team spent time studying the record and public information, including analyst reports and Banc of California's SEC filings, in order to analyze the market in which Banc of California stock traded, disclosures related to Banc of California's business, and the movements of Banc of California's stock in response to the disclosures and events identified in the complaint. Dr. Nye produced a rebuttal report detailing his opinions in response to defendants' expert. Dr. Nye's work was necessary to support Plaintiff's motion for class certification, which was granted by the Court.

        (iv)    Kalorama Partners, LLC: $186,125.00. Through Kalorama Partners, LLC, Lead Counsel retained the services of Harvey L. Pitt, the former chairman of the SEC, to provide expert opinions at summary judgment and testimony at trial on issues concerning internal disclosure controls for publicly traded companies like Banc of California, disclosures relating to proxy statements and materiality. Mr. Pitt's opinions were based on his distinguished career, which first began at the SEC

- 4 -

and continued for over a decade, where he served as the SEC General Counsel for three years before leaving and then returning to serve as the 26th Chairman of the SEC from 2001-2003. Mr. Pitt was also a senior partner and Co-Chairman of Fried, Frank LLP for almost 25 years, and has also served as a fiduciary director to numerous public and non-public companies, for-profit and non-profit organizations and private sector and governmental advisory boards. Mr. Pitt also has extensive teaching experience at a number of law schools. In connection with his 31-page report, Mr. Pitt spent a significant amount of time reviewing Banc of California's 2016 Proxy Statement, Banc of California's SEC filings, deposition testimony given in this case, documentary evidence and consulted with Lead Counsel and its in-house forensic accountants throughout the process.

(v) Tasta Group dba Caliber Advisors, Inc. ("Caliber Advisors"): $47,025.00. Caliber Advisors is a financial economics consulting firm. Lead Counsel retained Bjorn Steinholt, CFA, the managing director of Caliber Advisors, to provide the initial damages analysis for purposes of mediation. Mr. Steinholt prepared an event study that analyzed the movements in the price of Banc of California stock in comparison to the broader stock market and prepared damages analyses for Lead Counsel. Based on this work, Mr. Steinholt provided Lead Counsel with detailed information and analyses that provided support for Plaintiff's arguments regarding damages with respect to the August 2018 mediation and June 2019 mediation, which ultimately led to the Settlement.

(vi) Stephen Craig Pirrong: $42,550.00. Lead Counsel retained Craig Pirrong, Ph.D. to review and respond to the analysis and opinions of two experts offered by defendants to rebut loss causation. Dr. Pirrong provided an expert rebuttal report to both of defendants' experts on the issue market manipulation, spoofing and layering and cross-market derivative manipulation. Dr. Pirrong is Professor of Finance at the Bauer College of Business, University of Houston and obtained his undergraduate and Ph.D. in economics from the University of Chicago. A large part

- 5 -

of his professional work has focused on market manipulation and pricing, which includes eleven peer reviewed articles and a book on manipulation and pricing. Dr. Pirrong has also served on the Commodity Futures Trading Commission Energy and Environment Markets Advisory Board. The staff of Compass Lexecon assisted Dr. Pirrong with his work in this case. In connection with his 30-page report, Dr. Pirrong and Compass Lexecon reviewed and analyzed a substantial amount of trading data, including shot sale trading volume data for securities (including Banc of California securities) traded on various exchanges, including the NYSE and the NASDAQ.

(vii)  L.R. Hodges & Associates, Ltd. ("LRH&A"): $25,019.15. Over a six-month period (October through December 2016 and March through May 2017) in which LRH&A provided investigative services to Robbins Geller, LRH&A expended 109.6 hours for combined fees of $21,880.00, and incurred related expenses of $3,139.15 for a total of $25,019.15. LRH&A's research staff expended 36.1 hours to research, identify, and confirm the employment status of prospective witnesses, locating all key targets, as well as maintaining and updating an evolving witness list to support other investigative individuals. This also involved research, retrieval and analysis of relevant documents, including SEC filings, media articles, court filings, as well as other materials related to the case issues. The case manager and interviewing investigators expended a combined 73.5 hours to research, review and analyze materials in preparation for the investigation; contacting and conducting interviews with targeted third-party witnesses; and thereafter, preparing comprehensive interview summaries and other case reports. In addition, these individuals were involved in analyzing key case issues, as well as establishing and executing the joint litigation-investigation plan, and participating in numerous strategy sessions and investigation briefings with Robbins Geller.

(viii)  Kumar Venkataraman dba Wodehouse Consultants, LLC: $4,750.00. Through Wodehouse Consultants, LLC, Lead Counsel consulted with Professor Kumar Venkataraman to provide an initial analysis of the opinions put forth

- 6 -

by defendants' experts on the issues of market manipulation and spoofing and layering as defenses to loss causation. Professor Venkataraman is the Professor of Finance and the Maguire Chair in Energy Management in the Cox School of Business at Southern Methodist University and has a Ph.D. in Finance from Arizona State University. Professor Venkataraman specializes in the area of market microstructure, evaluation of trading strategies and the functioning of equity, fixed-income and energy markets. In connection with the consultation, Professor Venkataraman undertook a detailed review of the expert report of Joseph Mitts submitted by Banc of California and consulted with Lead Counsel on rebutting the opinions therein.

(f) Photocopies: $4,783.61. In connection with this case, the Firm made 23,957 photocopies. Robbins Geller requests $0.15 per copy for a total of $3,593.55. Each time an in-house copy machine is used, our billing system requires that a case or administrative billing code be entered and that is how the number of in-house copies were identified as related to the Litigation. The Firm also paid $1,190.06 to outside copy vendors. A breakdown of these outside charges by date and vendor is set forth in the attached Exhibit F.

(g) Online Legal and Financial Research: $76,777.67. This category includes vendors such as LexisNexis Products, PACER, Thomson Financial, TransUnion Acquisition Corp. and Westlaw. These resources were used to obtain access to SEC filings, factual databases, legal research and for cite-checking of briefs. This expense represents the expenses incurred by Robbins Geller for use of these services in connection with this Litigation. The charges for these vendors vary depending upon the type of services requested. For example, Robbins Geller has flat-rate contracts with some of these providers for use of their services. When Robbins Geller utilizes online services provided by a vendor with a flat-rate contract, access to the service is by a billing code entered for the specific case being litigated. At the end of each billing period in which such service is used, Robbins Geller's costs for such services are allocated to specific cases based on the percentage of use in connection

- 7 -

with that specific case in the billing period. As a result of the contracts negotiated by Robbins Geller with certain providers, the Class enjoys substantial savings in comparison with the "market-rate" for *a la carte* use of such services which some law firms pass on to their clients. For example, the "market rate" charged to others by LexisNexis for the types of services used by Robbins Geller is more expensive than the rates negotiated by Robbins Geller.

(h)  eDiscovery Database Hosting: $73,888.53. Robbins Geller requests $73,888.53 for hosting eDiscovery related to this Litigation. Robbins Geller has installed top tier software, infrastructure and security. The platform implemented, Relativity, is offered by over 100 vendors and is currently being used by 198 of the AmLaw200. Over 30 servers are dedicated to Robbins Geller's Relativity hosting environment with all data stored in a secure SSAE 16 Type II data center with automatic replication to a datacenter located in a different geographic location. By hosting in-house, Robbins Geller is able to charge a reduced, all-in rate that includes many services which are often charged as extra fees when hosted by a third party vendor. Robbins Geller's hosting fee includes user logins, processing, deduplication, OCRing, TIFFing, bates stamping, exports, productions and archiving – all at no additional cost. Also included is unlimited structured and conceptual analytics (*i.e.*, email threading, inclusive detection, near-dupe detection, concept searching, assisted review, clustering, and more). Robbins Geller is able to provide all these services for a rate that is typically much lower than outsourcing to a third party vendor. Utilizing a secure, advanced platform in-house has allowed Robbins Geller to prosecute actions more efficiently and has reduced the time and expense associated with maintaining and searching electronic discovery databases. Similar to third-party vendors, Robbins Geller uses a tiered rate system to calculate hosting charges. The amount requested reflects charges for the hosting of over 1.2 million pages of documents produced by defendants and third parties in this action.

(i)  Mediation Fees: $62,684.04.

- 8 -

1    (i)    Phillips ADR Enterprises, P.C. ("Phillips ADR"):
2  $55,184.04.  The parties retained the Honorable Layn Phillips (Ret.) and Michelle
3  Yoshida of Phillips ADR to assist with settlement negotiations following the Court's
4  March 6, 2019 order requiring the parties to renew discussions with a mediator.  ECF
5  No. 551 at 2.  Counsel for all parties attended a full-day, in-person mediation session
6  in New York, New York, with Judge Phillips and Ms. Yoshida on June 21, 2019.
7  Prior to the mediation, the parties exchanged briefs detailing their claims and defenses
8  in the case.  Although no agreement was reached that day, negotiations continued
9  through Judge Phillips and Ms. Yoshida over the following three months and on
10 September 15, 2019, the parties accepted a mediator's proposal from Judge Phillips to
11 resolve the case for $19,750,000.00.  This expense represents Plaintiff's one-half
12 share of the fees for the mediation services provided by Phillips ADR.

13    (ii)    Fairbank and Vincent dba Fairbank ADR ("Fairbank
14 ADR"): $7,500.00.  Pursuant to Local Rule 16-15, the parties agreed to follow ADR
15 Procedure No. 3 (private mediation) and retained Robert Fairbank of Fairbank ADR to
16 assist with settlement negotiations.  Counsel for all parties attended an in-person
17 mediation with Mr. Fairbank on August 10, 2018, in Los Angles, California, however,
18 the case did not resolve.  Prior to the mediation, the parties exchanged briefs detailing
19 their claims and defenses in the case, which were reviewed and analyzed by Mr.
20 Fairbank.  This expense represents Plaintiff's one-half share of the fees for the
21 mediation services provided by Fairbank ADR.

22    7.    The expenses pertaining to this case are reflected in the books and
23 records of this Firm.  These books and records are prepared from receipts, expense
24 vouchers, check records and other documents and are an accurate record of the
25 expenses.

- 9 -

1       8.    The identification and background of my Firm and its partners is attached

2 hereto as Exhibit G.

3      I declare under penalty of perjury that the foregoing is true and correct.

4 Executed this 10th day of February, 2020, at San Diego, California.

5                                s/ Laurie L. Largent

6                              LAURIE L. LARGENT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -

4821-8804-5233.v1

EXHIBIT A

# EXHIBIT A

*In re Banc of California Securities Litigation*, SACV 17-00118 AG (DFMx)
Robbins Geller Rudman & Dowd LLP
Inception through December 30, 2019

| NAME | | HOURS | RATE | LODESTAR |
|------|------|-------|------|----------|
| Alpert, Matthew | (P) | 3,389.80 | 800 | $ 2,711,840.00 |
| Burkholz, Spencer | (P) | 281.90 | 1,150 | 324,185.00 |
| Daley, Joseph | (P) | 26.00 | 925 | 24,050.00 |
| Gusikoff Stewart, Ellen | (P) | 5.00 | 1,030 | 5,150.00 |
| Henssler, Robert | (P) | 606.50 | 850 | 515,525.00 |
| Largent, Laurie | (P) | 2,000.57 | 1,040 | 2,080,592.80 |
| Myers, Danielle S. | (P) | 5.45 | 800 | 4,360.00 |
| Pintar, Theodore | (P) | 100.70 | 1,050 | 105,735.00 |
| Saham, Scott H. | (P) | 60.90 | 950 | 57,855.00 |
| Mendoza, Alexander | (A) | 38.00 | 175 | 6,650.00 |
| Oliver, Erika | (A) | 1,617.40 | 480 | 776,352.00 |
| McCormick, Tricia | (OC) | 27.25 | 880 | 23,980.00 |
| Walton, David | (OC) | 67.80 | 1,030 | 69,834.00 |
| Araya-Schraner, Natasha | (SA) | 7.00 | 360 | 2,520.00 |
| Rudolph, Andrew | (FA) | 12.10 | 725 | 8,772.50 |
| Sader, Brad | (FA) | 346.90 | 575 | 199,467.50 |
| Yurcek, Christopher | (FA) | 6.10 | 725 | 4,422.50 |
| Hughes, Zackary | (FAI) | 15.50 | 75 | 1,162.50 |
| Ignacio, Angelica | (FAI) | 10.50 | 75 | 787.50 |
| Mouannes, Charbel | (FAI) | 27.00 | 75 | 2,025.00 |
| Wat, Emily | (FAI) | 44.50 | 75 | 3,337.50 |
| Barhoum, Anthony | (EA) | 20.35 | 430 | 8,750.50 |
| Cabusao, Reggie | (EA) | 22.25 | 335 | 7,453.75 |
| Uralets, Boris | (EA) | 13.20 | 415 | 5,478.00 |
| Roelen, Scott | (RA) | 32.30 | 295 | 9,528.50 |
| Brandon, Kelley | (I) | 74.00 | 290 | 21,460.00 |
| Keita, C. Oumar | (LS) | 8.00 | 290 | 2,320.00 |
| Ulloa, Sergio | (LS) | 6.00 | 290 | 1,740.00 |
| Frazier, Joshua | (LC) | 70.00 | 170 | 11,900.00 |
| Rigby, John | (SUA) | 57.10 | 175 | 9,992.50 |
| Hart, Miranda | (SLC) | 87.90 | 170 | 14,943.00 |
| Paralegals | | 1,439.85 | 275-350 | 468,046.25 |

| NAME | | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| Document Clerks | | 482.30 | 100-150 | 66,980.00 |
| Shareholder Relations | | 38.85 | 100-150 | 3,935.00 |
| **TOTAL** | | **11,048.97** | | **$ 7,561,131.30** |

(P) Partner
(A) Associate
(OC) Of Counsel
(SA) Staff Attorney
(FA) Forensic Accountant
(FAI) Forensic Accounting Intern
(EA) Economic Analyst
(RA) Research Analyst
(I) Investigator
(LS) Litigation Support
(LC) Law Clerk
(SUA) Summer Associate
(SLC) Summer Law Clerk

Exhibit A
- 12 -

# EXHIBIT 4

# Makaeff v. Trump Univ., LLC

United States District Court for the Southern District of California

April 9, 2015, Decided; April 9, 2015, Filed

Case No. 10cv0940 GPC (WVG)

**Reporter**
2015 U.S. Dist. LEXIS 46749 *; 2015 WL 1579000

TARLA MAKAEFF, et al., on Behalf of Herself and All Others Similarly Situated, Plaintiffs, vs. TRUMP UNIVERSITY, LLC, (aka Trump Entrepreneur Initiative) a New York Limited Liability Company, DONALD J. TRUMP, and DOES 1 through 50, inclusive, Defendants.TRUMP UNIVERSITY, LLC, Counterclaimant, vs. TARLA MAKAEFF, and DOES 1 through 10, inclusive, Counter Defendant.

**Subsequent History:** Motion granted by, in part, Motion denied by, in part, Motion granted by Makaeff v. Trump Univ., LLC, 309 F.R.D. 631, 2015 U.S. Dist. LEXIS 128265 (S.D. Cal., 2015)

**Prior History:** Makaeff v. Trump. Univ., LLC, 2014 U.S. Dist. LEXIS 167581 (S.D. Cal., Dec. 3, 2014)

## Core Terms

spent, lumping, Hourly, anti-SLAPP, Expended, duplicative, reply, paralegal, reduction, deposition, staff, notice, reconsideration, malice, amicus, prevailing, staffing, hearsay, revised, block, Settlement, contingency, lodestar, inadmissible, multiplier, attended, conversations, co-counsel, upward, strategizing

**Counsel:** [*1] For Tarla Makaeff, on Behalf of Herself and All Others Similarly Situated, Brandon Keller, Ed Oberkrom, Sonny Low, on Behalf of Themselves and All Others Similarly Situated, J.R. Everett, on Behalf of Themselves and All Others Similarly Situated, John Brown, on Behalf of Themselves and All Others Similarly Situated, Plaintiffs: Aaron M. Olsen, Amber Lee Eck, LEAD ATTORNEYS, Zeldes Haeggquist & Eck, LLP, San Diego, CA; Daniel Jacob Pfefferbaum, LEAD ATTORNEY, Robbins Geller Rudman & Dowd LLP, San Francisco, CA; Jason A Forge, LEAD ATTORNEY, Robbins Geller Rudman & Dowd LLP, San Diegp, CA; Maureen E. Mueller, Rachel L Jensen, Thomas R. Merrick, LEAD ATTORNEYS, Robbins Geller Rudman & Dowd LLP, San Diego, CA.

For Trump University, LLC, A New York Limited Liability Company also known as, Trump Entrepreneur Initiative, Donald J Trump, Defendants: Benjamin James Morris, LEAD ATTORNEY, Foley & Lardner LLP, San Diego, CA; Jeffrey L. Goldman, LEAD ATTORNEY, PRO HAC VICE, Belkin Burden Wenig & Goldman, LLP, New York, NY; Jill Ann Martin, LEAD ATTORNEY, Trump National Golf Club, Los Angeles, Rancho Palos Verdes, CA; Nancy L. Stagg, LEAD ATTORNEY, Foley & Lardner, LLP, San Diego, CA.

For Trump University, [*2] LLC, A New York Limited Liability Company, Counter Claimant: Benjamin James Morris, LEAD ATTORNEY, Foley & Lardner LLP, San Diego, CA; Jeffrey L.

Goldman, LEAD ATTORNEY, PRO HAC VICE, Belkin Burden Wenig & Goldman, LLP, New York, NY; Jill Ann Martin, LEAD ATTORNEY, Trump National Golf Club, Los Angeles, Rancho Palos Verdes, CA; Nancy L. Stagg, LEAD ATTORNEY, Foley & Lardner, LLP, San Diego, CA.

For Tarla Makaeff, on Behalf of Herself and All Others Similarly Situated, Counter Defendant: Amber Lee Eck, LEAD ATTORNEY, Zeldes Haegquist & Eck, LLP, San Diego, CA; Rachel L Jensen, LEAD ATTORNEY, Robbins Gellar Rudman & Dowd LLP, San Diego, CA.

**Judges:** HON. GONZALO P. CURIEL, United States District Judge.

**Opinion by:** GONZALO P. CURIEL

## Opinion

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF/COUNTERDEFENDANT TARLA MAKAEFF'S REQUEST FOR FEES AND COSTS**

[Dkt. No. 331.]

### INTRODUCTION

Before the Court is Plaintiff/Counter Defendant Tarla Makaeff's ("Makaeff") Bill of Fees and Costs pursuant to California Code of Civil Procedure § 425.16, commonly known as California's Anti-Strategic Lawsuits Against Public Participation ("anti-SLAPP") statute. (Dkt. No. 331.) Defendant/Counterclaimant Trump University,

LLC ("Trump University") has opposed. **[*3]** (Dkt. No. 335.) Pursuant to this Court's order, the Parties also submitted supplemental briefing. (Dkt. Nos. 358, 364, 367. ) For the reasons set forth below, the Court hereby **GRANTS IN PART AND DENIES IN PART** Makaeff's request for fees and costs. The Court **AWARDS** Makaeff fees in the amount of **$790,083.40**, and costs in the amount of **$8,695.81**.

### BACKGROUND

Beginning in August 2008, Makaeff attended Trump University's real estate programs. (Dkt. No. 1 ¶ 10.) On April 30, 2010, Makaeff brought a class action lawsuit against Trump University accusing it of, among other things, deceptive business practices. (Dkt. No. 1.) On May 26, 2010, Trump University filed a defamation counterclaim against Makaeff. (Dkt. No. 4.)

On June 30, 2010, Makaeff filed a special motion to strike Trump University's defamation counterclaim under California's anti-SLAPP statute, California Code of Civil Procedure § 425.16. (Dkt. No. 14.)

On August 23, 2010, Judge Irma E. Gonzalez denied Makaeff's anti-SLAPP motion. (Dkt. No. 24.) Makaeff's subsequent motion for reconsideration was denied on September 20, 2010. (Dkt. No. 40.)

On January 3, 2011, Makaeff appealed the denial of her anti-SLAPP motion to the Ninth Circuit (Dkt. No. **[*4]** 43), which reversed and remanded on April 17, 2013.[1] *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 271 (9th Cir. 2013). In addition, the Ninth Circuit granted Makaeff's unopposed request that the issue of appellate attorney's fees be transferred to the district court. (Dkt. No. 284.) On June 16, 2014, this Court granted Makaeff's anti-SLAPP motion to strike Trump University's defamation counterclaim. (Dkt. No. 328.)

---

[1] In the interim, the case was transferred to the undersigned judge. (Dkt. No. 190.)

On July 3, 2014, pursuant to this Court's direction, Makaeff filed a Bill of Fees and Costs to substantiate the amount of reasonable attorney's fees and costs associated with bringing the anti-SLAPP motion, related appeal, and supplemental briefing. (*Id.* at 18-19; Dkt. No. 331.)[2] Trump University filed an opposition on July 18, 2014. (Dkt. No. 335.) On July 22, 2014, Makaeff filed a "Notice of Deficiency and Intended NonResponse Absent Court Request." (Dkt. No. 336.)

On November 18, 2014, this Court ordered Makaeff to submit "additional briefing detailing the amount of time each attorney spent on each task" and further "substantiating **[\*5]** the costs requested." (Dkt. No. 358.) Makaeff filed her supplemental briefing on December 15, 2014, and Trump University filed its supplemental opposition on December 23, 2014.[3] (Dkt. Nos. 364, 367.) On January 7, 2015, Makaeff filed an *ex parte* application for leave to file a limited response.[4] (Dkt. No. 368.)

## LEGAL STANDARD

Under California's anti-SLAPP statute, "a prevailing defendant on a special motion to strike *shall* be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c)(1) (emphasis added); *see also Ketchum v. Moses*, 24 Cal. 4th 1122, 104 Cal. Rptr. 2d 377, 17 P.3d 735, 741 (Cal. 2001) ("[A]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees.").

To determine a reasonable attorney's fee award for an anti-SLAPP motion, the California Supreme

Court has found that "the lodestar adjustment approach should be applied." *Ketchum*, 17 P.3d at 744. For the lodestar approach, the Court begins by "multiplying the number of hours reasonably spent on the litigation by a reasonable **[\*6]** hourly rate." *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40(1983)).

An award of fees and costs in an anti-SLAPP case must be reasonable, and courts have broad discretion in determining what is reasonable. *See Metabolife Int'l, Inc. v. Wornick*, 213 F. Supp. 2d 1220,1222 (S.D. Cal. 2002).

## DISCUSSION

In the instant case, Makaeff requests an award of attorney's fees in the amount of $1,333,004.25, based on 2,226.35 hours incurred in the process of strategizing, researching and briefing the anti-SLAPP motion, subsequent successful appeal and opposing Trump University's petition for rehearing en banc, discovery, supplemental briefing, and the fee brief. (Dkt. No. 331 at 16, 18; Dkt. No. 331 (Jensen Decl.) ¶ 58; Dkt. No. 331-2 (Eck Decl.) ¶ 55; Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 2; Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 2.) Additionally, Makaeff requests costs in the amount of $9,209.27. (Dkt. No. 331 at 18; Dkt. No. 331 (Jensen Decl.) ¶ 59; Dkt. No. 331-2 (Eck Decl.) ¶ 57; Dkt. No. 364 at 19 n.11; Dkt. No. 364-1 (Jensen Supp. Decl.) 2, 31 n.1; Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 33.) Trump University counters that the Court should deny Makaeff's fee request entirely, or substantially reduce the fees to no more than $147,675.00, and deny all costs. (Dkt. No. 335 at 27; Dkt. No. 367 at 27.)

## I. Evidentiary Objections [\*7] and Motions to Strike

As a preliminary matter, the Court considers Trump University's evidentiary objections and motions to

---

[2] Page number citations such as this one are to the page numbers reflected on the Court's CM/ECF system and not to page numbers assigned by the parties.

[3] On December 16, 2014, the Court granted Makaeff's motion to quash Trump University's subpoenas of Plaintiffs' counsels' time records, and denied Trump University's motion to compel the production of documents. (Dkt. No. 366.)

[4] The Court GRANTS Makaeff's unopposed *ex parte* application.

strike. Trump University objects to the majority of the two supplemental declarations of Makaeff's counsel, Rachel L. Jensen and Amber L. Eck, on the ground that they contain inadmissible hearsay. (Dkt. Nos. 367-3, 367-4.) Specifically, Trump University contends that the portions of the two supplemental declarations regarding the time spent by other attorneys and paralegals — who did not submit their own declarations — are inadmissible hearsay because the two declarants do not purport to have personally observed the amount of time spent by these other individuals.

Trump University relies on the Ninth Circuit's recent decision in *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 222-23 (9th Cir. 2013), which held that an attorney's declaration regarding his paralegal's hours was inadmissible hearsay. In *Muniz*, the declaring attorney averred that he watched the paralegal reconstruct her hours and the spreadsheet he attached to his declaration showed her hours. *Id.* The Ninth Circuit held that the attorney's declaration stating the number of hours worked by the paralegal was inadmissible hearsay because it merely repeated the paralegal's [*8] out of court statements concerning the hours she had worked. *Id.* at 223. Therefore, the Ninth Circuit vacated in part and remanded to the district court "to determine, in the first instance, whether any hearsay exception applies to [the attorney's] declaration regarding fees for paralegal work in this case." *Id.* at 227.

Trump University argues that here, similar to *Muniz*, the two supplemental declarations regarding the time spent and tasks performed by other individuals are inadmissible hearsay because they are "undoubtedly based on out of court statements or [the declarant's] own opinion" and are not based on "personal knowledge or observation." (Dkt. No. 367-3 at 3; Dkt. No. 367-4 at 3.) *See also Knickerbocker* v. *Corinthian Colls.*, No. 12-cv-1142-JLR, 2014 U.S. Dist. LEXIS 111733, 2014 WL 3927227, at *3 n.2 (W.D. Wash. Aug. 12, 2014) (attorney's declaration of another attorney's hours worked was inadmissible hearsay based on

*Muniz*); *Kranson v. Fed. Express Corp.*, No. 11-cv-5826-YGR, 2013 U.S. Dist. LEXIS 173499, 2013 WL 6503308, at *5 (N.D. Cal. Dec. 11, 2013) (attorney's declaration of paralegal's hours worked was inadmissible hearsay based on *Muniz).*

Makaeff counters that *Muniz* is distinguishable because the initial and supplemental declarations of Makaeff's counsel, Ms. Jensen and Ms. Eck, regarding other individuals are based on their personal knowledge working [*9] on the matters, overseeing the work of others, and their personal review of their respective law firms' business records. (Dkt. No. 368-1 at 5-6.) *See Banga v. First USA, NA*, 29 F. Supp. 3d 1270, 1275 n.2 (N.D. Cal. 2014) ("[P]ersonal knowledge can come from the review of the contents of business records and an affiant may testify to acts that she did not personally observe but which have been described in business records." (citing *Aniel v. GMAC Mortg., LLC*, No. 12-cv-4201-SBA, 2012 U.S. Dist. LEXIS 138555, 2012 WL 5373388, *6 (N.D. Cal. Oct. 30, 2012))). Both Ms. Jensen and Ms. Eck declare that they personally reviewed their firm's time and expense records maintained in the ordinary course of business. (Dkt. No. 331-1 (Jensen Decl.) ¶¶ 43, 54-55, 61; Dkt. No. 331-2 (Eck Decl.) ¶ 53; Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 4).

The Court agrees with Makaeff that the portions of the two supplemental declarations regarding the time spent by other attorneys and paralegals are not inadmissible hearsay because they are based on Ms. Jensen's and Ms. Eck's personal knowledge, including their overseeing of the work of others and their personal review of business records. *See Banga*, 29 F. Supp. 3d at 1275 n.2; *see also* Fed. R. Evid. 803(6) (outlining business records exception to hearsay rule).

Trump University also argues that the supplemental declarations disregard the best evidence rule by describing the [*10] contents of writings (i.e., time and expense records) not submitted into evidence. (Dkt. No. 367-3 at 3; Dkt. No. 367-4 at 3) *See* Fed. R. Evid. 1002. However, under California law, "an

award of attorney fees may be based on counsel's declarations, without production of detailed time records." *Raining Data Corp. v. Barrenechea*, 175 Cal. App. 4th 1363, 97 Cal. Rptr. 3d 196, 205 (Ct. App. 2009).

Accordingly, the Court **DENIES** Trump University's evidentiary objections to and motion to strike portions of the supplemental declarations of Ms. Jensen and Ms. Eck on the grounds of hearsay and best evidence, as well as lack of foundation, lack of personal knowledge, and improper opinion.[5]

## II. Reasonable Attorney's Fees

To determine a reasonable attorney's fee award **[*11]** under the lodestar approach, the Court first considers whether Makaeffs counsel's hourly rates and number of hours expended are both reasonable. The Court then considers Makaeff's request for an upward multiplier.

## A. Reasonable Hourly Rates

To determine the reasonable hourly rate, the Court looks to the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (internal quotation marks and citation omitted). In this case, the relevant community is the Southern District of California because it is "the forum in which the district court sits." *Id.* The burden is on the party requesting attorney's fees to produce "satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are

in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987); *see also Blum* v. *Stenson*, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984). Evidence that the Court should consider includes "[affidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney." *United Steelworkers of Am.* v. *Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Here, Makaeff's counsel **[*12]** seek attorney hourly rates ranging from $250 to $440 for associates, and $600 to $825 for partners. (Dkt. No. 331-1 (Jensen Decl.) ¶ 58; Dkt. No. 331-2 (Eck Decl.) ¶ 55.) Makaeff's counsel argues that its rates are reasonable because the two law firms have extensive class action experience, and their hourly rates are comparable to those that have been previously approved by this Court and in this District in class action settlements. (Dkt. No. 331 at 14-15; Dkt. No. 331-1 (Jensen Decl., Ex. 4-7); Dkt. No. 331-2 (Eck Decl., Ex. 3-4.) Makaeff's counsel also points to the National Law Journal's annual large law firm rate survey, which does not list any San Diego law firms for 2013, and lists only one San Diego law firm, Luce Forward Hamilton & Scripps LLC ("Luce Forward"), for 2007, who at that time charged associate rates of $220 to $450 per hour, and partner rates of $325 to $725 per hour. (Dkt. No. 331 at 14; Dkt. No. 331-1 (Jensen Decl., Ex. 3) at 120.) Makaeff's counsel contends its rates are within this range, given that the survey rates are from seven years ago. (Dkt. No. 331 at 14.) Further, Makaeff's counsel argues that even if their rates are above average for the Southern District, **[*13]** it is justified by their credentials, track record and the contingent nature of the litigation. (*Id.* at 14-15.)

Trump University argues that Makaeff's counsel's rates are unreasonable and should be reduced to a blended rate of $300 per hour. (Dkt. No. 335 at 18-

---

[5] Trump University also filed evidentiary objections to the original Declarations of Rachel L. Jensen, Amber L. Eck, Carol A. Sobel, Eric Alan Issacson, and Karl Olson in support of Makaeffs Bill of Fees and Costs. (Dkt. Nos. 335-2, 335-3, 335-4, 335-5 and 335-6.) Makaeff argues that the objections are "not well-taken." (Dkt. No. 336 at n.1.) The Court notes the objections. To the extent that the evidence is proper under the Federal Rules of Evidence, the Court considered the evidence. To the extent the evidence is not proper, the Court did not consider it.

21.) Trump University points to Makaeffs own submission of a "Real Rate Report Snapshot," which lists for 2012: (1) San Diego average hourly rates of $278.30 for associates, and $443.69 for partners; (2) law firms of 101-250 attorneys average hourly rates of $277.81 for associates, and $422.35 for partners; (3) San Diego partner average hourly rates of $483.88 for fewer than 21 years experience; (4) San Diego associate average hourly rates of $318.52 for three to fewer than seven years experience; and (5) San Diego litigation average hourly rates of $197.88 for associates, and $279.03 for partners. (Dkt. No. 331-4 (Olson Decl., Ex. A) at 27, 29, 33, 37, 62.) Trump University also notes that Makaeffs own expert declares that her counsel's rates "appear to be higher than the average billing rates in San Diego." (*Id.* ¶ 14.) In addition, Trump University argues that Makaeffs counsel's rates should be reduced because her counsel admits that they **[\*14]** had no experience with anti-SLAPP motions, and because they were improperly staffed with too many partners working on a simple motion. (Dkt. No. 335 at 19.) Trump University further relies on other cases in this District awarding attorney's fees for anti-SLAPP motions which used lower hourly rates. (*Id.* at 19-20.) *See, e.g., Ravet* v. *Stern*, No. 07-cv-31-JLS (CAB), 2010 U.S. Dist. LEXIS 79589, 2010 WL 3076290, at *5 (S.D. Cal. Aug. 6, 2010) (finding $350 hourly rate reasonable for anti-SLAPP motion based on attorney declarations, "the complex and lengthy nature of this case, and the Court's familiarity of the rates charged in the San Diego community").

The Court determines that Makaeff has produced satisfactory evidence that the hourly rates for its associates and partners are reasonable. The hourly rates are consistent with Luce Forward's 2007 rates in the National Law Journal survey, with those previously approved by this Court and in this District in class action settlements, and with this Court's familiarity of the rates charged in the San Diego community. Trump University's reliance on the average rates in the Real Rate Report Snapshot survey and other anti-SLAPP motion cases are

misplaced given the complex and lengthy nature of the anti-SLAPP motion in the instant case. Makaeff **[\*15]** has also provided the declaration of an attorney with extensive experience with anti-SLAPP motions who opines that "the experience, credentials, and effectiveness of Makaeff's counsel in this case justify above-average billing rates." (Dkt. No. 331-4 (Olson Decl.)¶ 14.) As such, the Court finds that the associate and partner rates charged by Makaeff are reasonable.

However, the Court determines that Makaeff has failed to produce satisfactory evidence to support its requested rates for staff attorneys and paralegals. Makaeff seeks hourly rates of $350 for "staff attorneys" and ranging from $250 to $295 for paralegals. (Dkt. No. 331-1 (Jensen Decl.) ¶ 58; Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 2.)[6] Makaeff has not provided sufficient evidence of the prevailing market rates for staff attorneys and paralegals in this District. The only supporting evidence the Court located in the Makaeff's filings regarding prevailing rates in this District was that in prior class action settlements (which used the common fund approach rather than the lodestar approach), Makaeff's counsel submitted hourly rates of $380 for a "project attorney" and $280 for a "paralegal / law clerk" in one action, and $175 for **[\*16]** a paralegal in two other actions. (Dkt. No. 331-1 (Jensen Decl. Ex. 7) at 211 ¶ 54; Dkt. No. 331-2 (Eck Decl. Ex. 3-4)at 46 ¶ 3, 60 ¶ 6.) There is also some evidence regarding national rates for staff attorneys and paralegals, but it is Makaeff's burden to show prevailing rates in this District. (Dkt. No. 331-1 (Jensen Decl. Ex. 2) at 98, 100; Dkt. No. 331-4 (Olson Decl. Ex. A) at 22.)

In addition, Makaeff has not provided any evidence as to the background and experience of the staff attorneys or paralegals, which might allow the Court to conduct an independent review to determine the prevailing rate. For example, in *Brighton Collectibles, Inc. v. Coldwater Creek Inc.*,

_____

[6] The Court notes that Ms. Eck's initial declaration omitted the $125 in paralegal fees. (Dkt. No. 331-2 (Eck. Decl.) ¶ 55.)

Case 3:11-cv-00409-BEN-BLM Document 206-5 Filed 04/01/22 PageID.2849 Page
7 of 35
Case 3:11-cv-00409-BEN-BLM Document 164-5 Filed 04/14/22 PageID.2849 Page
320 of 359
2015 U.S. Dist. LEXIS 46749, *16

Page 7 of 35

No. 06-cv-1848-H (POR), 2009 U.S. Dist. LEXIS 4005, 2009 WL 160235, at * 4 (S.D. Cal. Jan. 20, 2009), the court concluded that $90 to $210 per hour was reasonable for paralegal work. However, $90 to $210 per hour is a wide range depending on the education, skill and experience of the particular paralegal. Here, Makaeff offers no information or documentation justifying the rates for the staff attorneys and paralegals, such as a curriculum vitae, resume, or description of the individual's [*17] educational background or litigation experience. For instance, for the staff attorneys, there is no indication whether they are admitted to practice law in California, and if so when. In the absence of any evidence as to the background and experience of the staff attorneys and paralegals, the Court is unable to determine the prevailing rate.

Therefore, because Makaeff has failed to carry her burden to demonstrate that the staff attorney and paralegal hourly rates are reasonable, the Court **DENIES** Makaeff's request for staff attorney and paralegal fees. *See Zest IP Holdings, LLC v. Implant Direct Mfg., LLC*, No. 10-cv-541-GPC (WVG), 2014 U.S. Dist. LEXIS 167563, 2014 WL 6851612, at *6 (S.D. Cal. Dec. 3, 2014) (denying paralegal fees because insufficient facts were presented as to the paralegal hourly rate); *Brighton Collectibles, Inc. v. RK Texas Leather Mfg.*, No. 10-cv-419-GPC (WVG), 2014 U.S. Dist. LEXIS 151263, 2014 WL 5438532, at *5 (S.D. Cal. Oct. 24, 2014) (same); *J&J Sports Prods., Inc. v. Ortiz*, No. 12-cv-05766-LHK, 2014 U.S. Dist. LEXIS 39485, 2014 WL 1266267, at *3-4 (N.D. Cal. Mar. 24, 2014) (denying attorney's fees, including for "research attorney, "because plaintiff failed to provide evidence of prevailing market rates or attorneys' experience).

In sum, the Court concludes that Makaeff has shown that the hourly rates for associates and partners are reasonable, but has not shown that the staff attorney and paralegal hourly rates [*18] are reasonable. Accordingly, the Court **EXCLUDES** the staff attorney total fees of **$121,047.50** and the

paralegal total fees of **$90,542.50**. (Dkt. No. 331-1 (Jensen Decl.) ¶ 58; Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 2.)

## B. Reasonable Hours Expended

The party seeking fees bears the "burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 113 Cal. Rptr. 2d 625, 649 (Ct. App. 2001) (internal quotation marks and citation omitted). Although "it is not necessary to provide detailed billing time sheets to support an award of attorney fees under the lodestar method,"*Concepcion v. Amscan Holdings, Inc.*, 223 Cal. App. 4th 1309, 168 Cal. Rptr. 3d 40, 53 (Ct. App. 2014), the" evidence should allow the court to consider whether the case was overstaffed, how much time the attorneys spent on particular claims and whether the hours were reasonably expended." *Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 81 Cal. Rptr. 3d 866, 870(Ct. App. 2008). To that end the Court may require a prevailing party to produce records sufficient to provide "a proper basis for determining how much time was spent on particular claims." *ComputerXpress, Inc.*, 113 Cal. Rptr. 2d at 649 (internal quotation marks and citation omitted). The Court should exclude hours "'that are excessive, redundant, or otherwise unnecessary.'" *McCown*, 565 F.3d at 1102 (quoting*Hensley*, 461 U.S. at 434).

The Court previously determined that the declarations submitted by Makaeff failed to provide enough information [*19] to ascertain if the hours expended on this case were reasonable because Makaeff's attorneys provided only a summary chart showing the total amount of hours each individual spent on the anti-SLAPP litigation, and provided no showing of the specific tasks and the time spent on each task. (Dkt. No 331-1 (Jensen Decl.) ¶ 58; Dkt. No. 331-2 (Eck. Decl.). ¶ 55; Dkt. No. 358.) As such, the Court ordered Makaeff to submit "additional briefing detailing the amount of time

2015 U.S. Dist. LEXIS 46749, *19

each attorney spent on each task." (Dkt. No. 358 at 6.)

In response, Makaeff has provided supplemental declarations for Ms. Jensen and Ms. Eck which divide the hours spent on the anti-SLAPP litigation into twenty-five procedural categories (e.g., initial anti-SLAPP motion before the district court, district court reply brief, etc.). (Dkt. No. 364-1 (Jensen Supp. Decl.); Dkt. No. 364-2 (Eck Supp. Decl.).) Trump University argues that these supplemental declarations still fail to provide sufficient information, and that the hours sought by Makaeff are unreasonable, and should be denied or substantially reduced, for three main reasons: (1) "lumped" descriptions of tasks; (2) duplicative hours; and (3) improper staffing. (Dkt. **[*20]** No. 367.) The Court considers each of Makaeff's twenty-five procedural categories, and Trump University's arguments, to determine whether the expended hours are reasonable.

## 1. Initial Anti-SLAPP Motion Before the District Court

Makaeff's counsel states that the following amount of time was spent on the initial anti-SLAPP motion by the various attorneys:[7]

[Go to table1]

[Go to table2]

(Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 5; Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 4.)

Ms. Jensen's and Ms. Eck's supplemental declarations provide the following additional descriptions of the tasks performed. Ms. **[*21]** Jensen "spent several hours on the phone with other practitioners and my co-counsel to formulate our strategy," "met with our team," and "reviewed the

research memoranda, read key cases, . . . made substantial revisions to the motion, including drafting, and then . . . reviewed and revised the supporting draft declarations." (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 5; see also Dkt. No. 331-1 (Jensen Decl.) ¶ 15.) Ms. Roach "provid[ed] a first draft of the opening motion and the declarations." (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 5; see also Dkt. No. 331-1 (Jensen Decl.) ¶ 15.) Ms. Eck's "firm's" tasks involved "reviewing Trump University's counter claim; conducting extensive legal research; conversations and emails with defense counsel . . . requesting (unsuccessfully) that Trump University provide copies of the letters it contended were defamatory; conducting factual research and having numerous conversations with Tarla Makaeff regarding ascertaining the allegedly defamatory documents; and assisting Tarla Makaeff in preparing a detailed declaration." (Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 4; see also Dkt. No. 331-2 (Eck Decl.) ¶¶ 18-22.)

Trump University argues that these hours should be reduced **[*22]** because the descriptions lump together the time spent on multiple tasks, preventing the Court from determining if the hours spent are reasonable. (Dkt. No. 367 at 11.) For example, there is no break down of how many hours Ms. Roach spent on providing a first draft of the motion versus the declarations. (Id.) Trump University also argues that the time is duplicative, with three partners, two associates, and one staff attorney working on the motion. (Id.)

The Court agrees with Trump University that Makaeff's lumping together of time, rather than breaking down time by tasks, makes it difficult to assess whether the time spent on each discrete task was reasonable. Overall, the time spent on the initial anti-SLAPP motion seems high. The lumping together of tasks makes it hard to evaluate whether all of the time spent was necessary. For example, it is impossible to determine how much time was spent on legal research, and as a result whether such amount of time was reasonable.

---

[7] Because it has already excluded all staff attorney and paralegal fees, the Court does not include the 84.25 staff attorney hours and 21.50 paralegal hours. (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 5.)

Makaeff's lumping together of multiple tasks is similar to "block billing." *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945 n.2 (9th Cir. 2007) ("'Block billing' is 'the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, [*23] rather than itemizing the time expended on specific tasks.'" (citation omitted)). Although "block billing" is "not objectionable per se," its use may obscure "the nature of some of the work claimed." *Christian Research Inst.*, 81 Cal. Rptr. 3d at 873-74. As such, courts have discretion to reduce blocked billed hours because it "makes it more difficult to determine how much time was spent on particular activities." *Welch*, 480 F.3d at 948 (citing *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 971, 359 U.S. App. D.C. 237 (D.C. Cir. 2004) (reducing requested hours because counsel's practice of block billing "lump[ed] together multiple tasks, making it impossible to evaluate their reasonableness")); *see also Heritage Pac. Fin., LLC v. Monroy*, 215 Cal. App. 4th 972, 156 Cal. Rptr. 3d 26, 55 (Ct. App. 2013) ("Trial courts retain discretion to penalize block billing when the practice prevents them from discerning which tasks are compensable and which are not."). When presented with block billing in a fee request, "the trial court should exercise its discretion in assigning a reasonable percentage to the entries or simply cast them aside." *Bell v. Vista Unified Sch. Dist.*, 82 Cal. App. 4th 672, 98 Cal. Rptr. 2d 263, 275 (Ct. App. 2000). However, an across-the-board reduction on hours should not be applied to all requested hours and should instead be specific to counsel's block billed hours, and the district court should "'explain how or why . . . the reduction . . . fairly balance[s]' those hours that were actually billed in block format." [*24] *Welch*, 480 F.3d at 948 (citation omitted).

The Court determines that a 20 percent reduction is warranted for the hours spent on the initial anti-SLAPP motion because the lumping together of tasks makes it difficult to evaluate whether a reasonable amount of time was expended. In *Welch*, the Ninth Circuit approved of a 20 percent fee reduction for block billing because a California

State Bar Committee report concluded that block billing "may increase time by 10% to 30%" and 20 percent was in the "middle range." *Welch*, 480 F.3d at 948. Similarly here, the Court finds a 20 percent reduction warranted.[9]

The Court also excludes Ms. Zeldes's and Mr. Olsen's time because there is no clear indication what tasks they performed.

Accordingly, the Court **EXCLUDES $19,656.00** in fees for the initial anti-SLAPP motion.

## 2. District Court Reply Brief

Makaeff's counsel states that the following amount of time was spent on the district court reply brief by the various attorneys:[10]

Go to table3

Go to table4

(Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 6; Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 5.)

Ms. Jensen's and Ms. Eck's supplemental declarations provide the following additional descriptions of the tasks performed. Ms. Jensen "reviewed and edited Makaeff's supplemental declaration drafted by co-counsel." (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 6; *see also* [*26] Dkt. No.

---

[9] The Court notes that Makaeff has offered to provide additional information to the Court, including the underlying time entries and records. (Dkt. No, 364 at 9 n.5; Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 3; Dkt. No. 364-2 (Eck Supp. Decl. ¶ 35.) However, the Court has already generously provided Makaeff two opportunities to offer sufficient evidence. Moreover, the burden of culling sufficient information from contemporaneous records properly rests with the fee applicant, not the Court. *See In re Equity Funding Corp. of Am. Sec. Litig.*, 438 F. Supp. 1303, 1327 (C.D. Cal. 1977) ("The burden is clearly on counsel to file adequately-documented applications for fees and those who fail to meet that burden do so at their own risk."). [*25] As such, the Court will not entertain Makaeff's offer to provide additional information.

[10] Because it has already excluded all staff attorney and paralegal fees, the Court does not include the 43.25 staff attorney hours and 16.50 paralegal hours. (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 6.)

2015 U.S. Dist. LEXIS 46749, *25

331-1 (Jensen Decl.) ¶ 17.) Ms. Roach "drafted the reply brief." (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 6; *see also* Dkt. No. 331-1 (Jensen Decl.) ¶ 17.) Ms. Eck's tasks involved "reviewing Trump University's Opposition to our Anti-SLAPP motion; conducting extensive legal research regarding the issues involved; numerous conversations with Makaeff regarding relevant facts; review of documents relating to the Bank of America letter and Better Business Bureau ('BBB') letter that Trump University produced for the first time, attached to their opposition; and assisting Makaeff in preparing a detailed supplemental declaration." (Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 5; *see also* Dkt. No. 331-2 (Eck Decl.) ¶¶ 23-24.)

Trump University argues that these hours should be reduced because Ms. Eck has provided a lumped description of her numerous tasks, making it difficult to determine whether the hours spent were reasonable. (Dkt. No. 367 at 12.) In addition, Trump University argues that there appears to be duplication of efforts because two partners worked on Makaeff's declaration, and Ms. Eck spent time "conducting extensive legal research" at the same time that a staff attorney was conducting legal research. (*Id.*)

The Court agrees with Trump University that Ms. Eck's hours should be reduced due to the lumping together of tasks, which makes it difficult for the Court to determine if the hours spent are reasonable. As such, for the reasons discussed above, the Court applies a 20 percent reduction to Ms. Eck's hours. *See Welch*, 480 F.3d at 948. However, the Court does not reduce Ms. Jensen's and Ms. Roach's hours.

Accordingly, the Court **EXCLUDES $3,726.00** in fees for the district court reply brief.

### 3. Opposition to Motion to Strike

Makaeff's counsel states that [*27] the following amount of time was spent on the opposition to Trump University's motion to strike by the various

attorneys:[11]

Go to table5

(Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 7; Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 6.)

Ms. Jensen's and Ms. Eck's supplemental declarations provide the following additional descriptions of the tasks performed. Ms. Jensen states that her "firm took the lead in researching and drafting the opposition brief." (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 7; *see also* Dkt. No. 331-1 (Jensen Decl.) ¶ 18.) Ms. Eck states that "we were required to research, prepare, and file an Opposition to the motion to strike." (Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 6; *see also* Dkt. No. 331-2 (Eck Decl.) ¶ 25.)

Trump University argues that these hours should be reduced because the descriptions lump together the time spent on multiple tasks, preventing the Court from determining if the hours spent are [*28] reasonable. (Dkt. No. 367 at 12.) Trump University also argues that the time spent by two firms researching and drafting is duplicative. (*Id.*)

The Court agrees with Trump University that the hours should be reduced due to lumping together of tasks, which makes it difficult for the Court to determine if the hours spent are reasonable. For example, Ms. Jensen states that her counsel at her firm "took the lead," and yet Ms. Eck's firm spent over twice as much time on the opposition. Moreover, Ms. Eck vaguely describes tasks that "we" performed, even though she is the only individual from her firm who expended hours. As such, the Court applies a 20 percent reduction to the hours expended on the opposition to the motion to strike. *See Welch*, 480 F.3d at 948.

In addition, the Court excludes Ms. Roach's hours because there is no clear indication what tasks she

---

[11] Because it has already excluded all paralegal fees, the Court does not include the 4.25 paralegal hours. (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 7.)

preformed.

Accordingly, the Court **EXCLUDES $2,533.50** in fees for the opposition to the motion to strike.

## 4. District Court Hearing and Preparation

Makaeff's counsel states that the following amount of time was spent on the district court hearing regarding the anti-SLAPP motion by the various attorneys:

🔲Go to table6

(Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 8; Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 7.)

Ms. Jensen's and Ms. Eck's supplemental declarations provide the following additional descriptions of the tasks performed. Ms. Jensen's "firm assisted co-counsel with preparation for the hearing and reviewed Trump's sur-reply." (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 8; *see also* Dkt. No. 331-1 (Jensen Decl.) ¶ 19.) Ms. Eck, who "personally argued" the anti-SLAPP motion, "spent a substantial amount of time preparing for the hearing, which included: additional research regarding the issues involved; additional review and analysis of all cases cited in our briefs and Trump University's briefs; and further conversations with Makaeff." (Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 7; *see also* Dkt. No. 331-2 (Eck Decl.) ¶ 26.) Additional attorneys from both firms attended the hearing, but Makaeff is not seeking reimbursement for their time. (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 8; Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 7.)

Trump University argues that the hours should be reduced because the lumping together of tasks makes it **[*30]** impossible to assess the reasonableness of hours, and there appears to be duplication of efforts, with two attorneys preparing a third attorney for the hearing. (Dkt. No. 367 at 12-13.)

The Court agrees with Trump University that the

hours should be reduced due to lumping together of tasks, which makes it difficult for the Court to determine if the hours spent are reasonable. For example, Ms. Eck's declaration lumps together the time for additional research, review of cases, conversations with Makaeff, and the actual argument. As such, the Court applies a 20 percent reduction to the hours expended on the district court hearing and preparation. *See Welch*, 480 F.3d at 948.

In addition, the Court excludes Ms. Roach's hours because there is no clear indication what tasks she preformed.

Accordingly, the Court **EXCLUDES $3,768.00** in fees for the district court hearing and preparation.

## 5. Motion for Reconsideration

Makaeff's counsel states that the following amount of time was spent on the motion for reconsideration by the various attorneys:[12]

🔲Go to table7

(Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 9; Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 8.)

Ms. Jensen's and Ms. Eck's supplemental declarations provide the following additional descriptions of the tasks performed. Mr. Isaacson, Ms. Jensen, and Ms. Roach all helped revise the motion. (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 9; *see also* Dkt. No. 331-1 (Jensen Decl.) ¶ 20.) Ms. Eck "spent a considerable amount of time researching for the motion for reconsideration, including: reviewing treatises on defamation and Anti-SLAPP motions; reading a large number of cases; and speaking with numerous first amendment and Anti-SLAPP experts, professors, and consultants." (Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 8; see also Dkt. No. 331-2 (Eck Decl.) ¶¶

---

[12] Because it has already excluded all staff attorney and paralegal fees, the Court does not include the 22.00 staff attorney hours and 17.50 paralegal hours. (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 9.)

27-28.) In addition, "[w]e then spent additional time preparing" the motion. (Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 8.)

Trump University argues that these hours should be reduced because the descriptions lump together time spent [*32] on multiple tasks, which prevents the Court from determining if the hours spent are reasonable. (Dkt. No. 367 at 13.) Trump University also argues that the hours are duplicative, because it took four partners, an associate, and a staff attorney to prepare a simple, and ultimately unsuccessful, motion for reconsideration. (*Id.*)

The Court excludes Ms. Zeldes's time because there is no indication what tasks she performed. In addition, the Court agrees with Trump University that the lumping together of tasks makes it difficult for the Court to evaluate whether the hours are reasonable. As such, the Court applies a 20 percent reduction to the other hours expended on the motion for reconsideration. *See Welch*, 480 F.3d at 948.

Accordingly, the Court **EXCLUDES $13,933.50** in fees for the motion for reconsideration.

### 6. Motion for Reconsideration Reply Brief

Makaeff's counsel states that the following amount of time was spent on the motion for reconsideration reply brief by the various attorneys:[13]

⊞ Go to table8

(Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 10; Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 9.)

Ms. Jensen's and Ms. Eck's supplemental declarations provide the following additional descriptions of the tasks performed. Ms. Jensen declares that "[w]e . . . reviewed and revised the

reply brief drafted by co-counsel." (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 10; *see also* Dkt. No. 331-1 (Jensen Decl.) ¶ 21.) Ms. Eck declares that "[p]reparation of the Reply in support of our Motion for Reconsideration involved: reviewing and analyzing Defendant's motion for reconsideration . . . , including all cases cited therein; additional legal research; additional consultation with Anti-SLAPP experts; and preparation of the Reply." (Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 9.)

Trump University argues the hours should be reduced because the descriptions lump together time spent on multiple tasks, which prevents the Court from determining if the hours spent are reasonable. (Dkt. No. 367 at 14.) Trump University also argues that Ms. Jensen's declaration vaguely states that "we" reviewed and revised the reply brief, which evidences duplicative efforts. [*34] (*Id.*)

The Court agrees with Trump University that the lumping together of tasks makes it difficult for the Court to evaluate whether the hours are reasonable. As such, the Court applies a 20 percent reduction to the hours expended on the motion for reconsideration reply brief. *See Welch*, 480 F.3d at 948.

Accordingly, the Court **EXCLUDES $4,191.00** in fees for the motion for reconsideration reply brief.

### 7. Appeal Opening Brief

Makaeffs counsel states that the following amount of time was spent on the appeal opening brief by the various attorneys:[14]

⊞ Go to table9

(Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 11; Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 10.)

---

[13] Because it has already [*33] excluded all staff attorney and paralegal fees, the Court does not include the 24.00 staff attorney hours and 16.50 paralegal hours. (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 10.)

[14] Because it has already excluded all paralegal fees, the Court does not include the 77.50 paralegal hours. (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 11.)

Case 3:10-cv-00940-GPC-WVG Document 406-5 Filed 04/23/22 PageID.33349 Page
326 of 359
Case 3:15-cv-01045-WHB-BLM Document 16-5 Filed 04/14/22 Page 493 of 907 Page
326 of 359
2015 U.S. Dist. LEXIS 46749, *34
Page 13 of 35

Ms. Jensen's and Ms. Eck's supplemental declarations, as well as Mr. Isaacson's declaration, provide the following additional descriptions of the tasks performed. Mr. Isaacson "took the lead on [*35] researching and briefing the appeal," while Ms. Jensen "reviewed and revised the brief and request for judicial notice." (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 11; *see also* Dkt. No. 331-1 (Jensen Decl.) ¶ 22.) Mr. Isaacson declares that he read a variety of legal research, consulted with outside attorneys, and briefed the appeal. (Dkt. No. 331-3 (Isaacson Decl.) ¶¶ 14-15, 19, 22.) Ms. Eck declares that: "I and my firm assisted in research, preparation, and revision of the appellate brief, and in compiling Trump University and Donald Trump articles, letters, emails, advertisements, website snapshots, and other such documents for use on appeal." (Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 10; *see also* Dkt. No. 331-2 (Eck Decl.) ¶¶ 35-36.)

Trump University argues that these hours should be reduced for several reasons. (Dkt. No. 367 at 14.) First, Trump University argues that the descriptions lump together time spent on multiple tasks, which prevents the Court from determining if the hours spent are reasonable. (*Id.*) Second, Trump University argues that there is duplication, with Ms. Jensen and Ms. Eck reviewing the work of Mr. Isaacson. (*Id.*) Third, Trump University argues that there was improper [*36] staffing, with Ms. Eck, a partner, working on relatively simple tasks. (*Id.*) Finally, Trump University argues that Mr. Isaacson spent excessive time on the opening brief, because it was unnecessary for him to consult with outside attorneys and read books on Trump University and Donald Trump. (Dkt. No. 367-2 at 79.)

The Court excludes Ms. Frame's and Ms. Zeldes's time because there is no indication what tasks they performed. The Court also excludes Ms. Eck's time because her tasks were either duplicative of other attorneys, or improper tasks for a high billing partner. For Mr. Isaacson and Ms. Jensen, the Court agrees with Trump University that the lumping together of tasks makes it difficult for the Court to evaluate whether the hours are reasonable, and as

such, applies a 20 percent reduction to their hours. *See Welch*, 480 F.3d at 948.

Accordingly, the Court **EXCLUDES $66,853.75** in fees for the appeal opening brief.

## 8. Opposition to Motion to Stay

Makaeffs counsel states that the following amount of time was spent on the opposition to Trump University's motion to stay the action pending appeal by the various attorneys:[15]

⊞ Go to table10

(Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 12; Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 13.)

Ms. Jensen's and Ms. Eck's supplemental declarations provide the following additional descriptions of the tasks performed. Ms. Eck spoke with Trump University's counsel regarding withdrawing the motion, and then "research[ed] and draft[ed] [the] opposition." (Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 12; *see also* Dkt. No. 331-2 (Eck Decl.) ¶¶ 32-34.) Ms. Jensen and Mr. Isaacson "reviewed and edited the opposition brief prepared by co-counsel." (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 12; *see also* Dkt. No. 331-1 (Jensen Decl.) ¶ 23.)

Trump University argues that the hours should be reduced because the descriptions lump together time spent on multiple tasks, which prevents the Court from determining if the hours spent are reasonable. (Dkt. No. 367 at 15.) Trump University also argues that the time is duplicative, with two partners reviewing the work of a third partner. (*Id.*)

The Court agrees with Trump University [*38] that some of the hours are duplicative, and it was unnecessary for the opposition drafted by one partner to be reviewed by two other partners. As

---

[15] Because it has already excluded all paralegal fees, the Court does not include the 13.75 paralegal hours. (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 12.)

such, the Court excludes Ms. Jensen's hours. For Ms. Eck and Mr. Isaacson, the Court agrees with Trump University that the lumping together of tasks makes it difficult for the Court to evaluate whether the hours are reasonable, and therefore applies a 20 percent reduction to their hours. *See Welch*, 480 F.3d at 948.

Accordingly, the Court **EXCLUDES $10,518.75** in fees for the opposition to the motion to stay.

### 9. Ninth Circuit Settlement Conference

Makaeffs counsel states that the following amount of time was spent on the Ninth Circuit Settlement Conference by the various attorneys:

[⊞ Go to table11](#)

(Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 13; Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 14.)

Ms. Jensen's and Ms. Eck's supplemental declarations provide the following additional descriptions of the tasks performed. Mr. Isaacson and Ms. Jensen prepared for and participated in the telephonic settlement conference. (Dkt. No. 364-1 (Jensen Supp. **[*39]** Decl.) ¶ 13.) Ms. Eck attended the conference, and "had conversations with Makaeff both before and after the" conference, "in order to prepare a settlement offer and to relay the results." (Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 14; *see also* Dkt. No. 331-2 (Eck Decl.) ¶ 31.) Ms. Eck notes that she did not charge two of the hours she spent preparing for and attending the conference. (Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 14.)

Trump University argues that the hours should be reduced because the descriptions lump together time spent on multiple tasks, which prevents the Court from determining if the hours spent are reasonable. (Dkt. No. 367 at 15.) Trump University also argues that the time is duplicative, with three partners participating in the telephonic conference. (*Id.*)

The Court agrees with Trump University that it was

excessive to have three partners participating in the settlement conference, and therefore excludes Ms. Jensen's hours. The Court also agrees with Trump University that the lumping together of tasks makes it difficult for the Court to evaluate whether the hours are reasonable, and as such, applies a 20 percent reduction to the other hours. *See Welch*, 480 F.3d at 948.

Accordingly, the Court **EXCLUDES [*40] $1,947.00** in fees for the Ninth Circuit Settlement Conference.

### 10. Work with Amicus on Appeal

Makaeffs counsel states that the following amount of time was spent soliciting public support and coordinating amici and amicus briefs by the various attorneys:

[⊞ Go to table12](#)

(Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 14; Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 16.)

Ms. Jensen's and Ms. Eck's supplemental declarations, as well as Mr. Isaacson's declaration, provide the following additional descriptions of the tasks performed. Mr. Isaacson, Mr. Green, and Ms. Jensen "consulted with lawyers for the American Civil Liberties Union ('ACLU') and Consumer Attorneys of California concerning issues relevant to the opening appeal brief and reply appeal brief, as well as providing feedback on amicus briefs they submitted to the Ninth Circuit and keeping amici informed of developments." (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 14; *see also* Dkt. No. 331-1 (Jensen Decl.) ¶ 25; Dkt. No. 331-3 (Isaacson Decl.) ¶¶ 16-18.) Ms. Eck spoke **[*41]** with attorneys for the Consumer Attorneys of California and the BBB regarding-submitting amicus briefs, reviewed amicus briefs filed by the ACLU and Consumer Attorneys of California, and communicated with amici and Makaeff regarding the briefs. (Dkt. No. 364-2 (Eck Supp. Decl.) ¶¶ 15-16; *see also* Dkt. No. 331-2 (Eck Decl.) ¶¶ 37-38.)

2015 U.S. Dist. LEXIS 46749, *41

Trump University argues that the hours should be denied entirely as unnecessary, duplicative, and excessive. (Dkt. No. 367 at 16.) Trump University questions why it took four partners to consult with amici. (*Id.*) Further, the descriptions lump together time spent on multiple tasks, which prevents the Court from determining if the hours spent are reasonable. (*Id.*)

The Court agrees with Trump University that much of the time appears duplicative, which is exacerbated by the failure to differentiate how much time was spent on different tasks by different attorneys. For example, it is unclear whether all four partners consulted with the Consumer Attorneys of California. Therefore, the Court excludes the hours of Mr. Green and Ms. Jensen as duplicative. The Court also agrees with Trump University that the lumping together of tasks makes it difficult for the Court [*42] to evaluate whether the hours of Mr. Isaacson and Ms. Eck are reasonable, and as such, applies a 20 percent reduction to their hours. *See Welch*, 480 F.3d at 948.

Accordingly, the Court **EXCLUDES $10,821.75** in fees for working with amicus on appeal.

### 11. Request for Judicial Notice Reply Brief

Makaeff's counsel states that the following amount of time was spent on the request for judicial notice reply brief by the various attorneys:[16]

[Go to table13]

(Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 15.)

Ms. Jensen's supplemental declaration provides the following additional-descriptions of the tasks performed. Mr. Isaacson "took the lead on researching and drafting the request for judicial notice reply brief." (Dkt. No. 364-1 (Jensen Supp.

Decl.) ¶ 15; *see also* Dkt. No. 331-1 (Jensen Decl.) ¶ 26.) Mr. Merrick and Ms. Jensen reviewed the brief. (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 15.)

Trump University argues that these hours **[*43]** should be reduced for several reasons. (Dkt. No. 367 at 16.) First, Trump University argues that the descriptions lump together time spent on multiple tasks, which prevents the Court from determining if the hours spent are reasonable. (*Id.*) Second, Trump University argues that there was improper staffing, with an $825 per hour partner researching and drafting a simple request for judicial notice reply brief. (*Id.*) Third, Trump University argues that the time is duplicative in having two partners review the work of a third partner. (*Id.*)

The Court agrees with Trump University that Mr. Merrick's and Ms. Jensen's time appears duplicative, and therefore excludes their time. The Court also agrees with Trump University that Mr. Isaacson's hours seem excessive and improperly staffed for a request for judicial notice reply brief. As such, the Court reduces Mr. Isaacson's time by 50 percent, which would make his hourly rate more in line with that of an associate.

Accordingly, the Court **EXCLUDES $11,610.00** in fees related to the request for judicial notice reply brief.

### 12. Appeal Reply Brief

Makaeff's counsel states that the following amount of time was spent on the appeal reply brief by the various **[*44]** attorneys:[17]

[Go to table14]

(Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 16; Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 17.)

Ms. Jensen's and Ms. Eck's supplemental

---

[16] Because it has already excluded all paralegal fees, the Court does not include the 8.00 paralegal hours. (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 15.)

[17] Because it has already excluded all paralegal fees, the Court does not include the 33.00 paralegal hours. (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 16.)

declarations provide the following additional descriptions of the tasks performed. Mr. Isaacson "took the lead in researching and preparing the reply brief, with research assistance from Ms. Frame." (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 16; *see also* Dkt. No. 331-1 (Jensen Decl.) ¶ 27.) Mr. Merrick "also assisted with reviewing and revising the brief." (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 16.) Ms. Eck's time reflects reviewing and revising both the appeal reply brief and the supplemental request for judicial notice. (Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 17; *see also* Dkt. No. 331-2 (Eck Decl.) ¶ 39.)

Trump University argues that these hours should be reduced for several reasons. (Dkt. No. 367 at 16-17.) [*45] First, Trump University argues that the descriptions lump together time spent on multiple tasks, which prevents the Court from determining if the hours spent are reasonable. (*Id.*) Second, Trump University argues that there was improper staffing, with a $685 per hour partner reviewing the work of an $825 per hour partner. (*Id.* at 17.) Third, Trump University argues that the time is duplicative because two partners reviewed the work of a third partner, and because Ms. Frame and Mr. Isaacson both conducted research. (*Id.*)

The Court agrees with Trump University that Mr. Merrick's and Ms. Eck's hours, reviewing and revising Mr. Isaacson's work, reflect improper staffing and duplication of effort. As such, the Court excludes their hours. The Court also agrees with Trump University that the lumping together of tasks makes it difficult for the Court to evaluate whether the hours of Mr. Isaacson and Ms. Frame are reasonable, and therefore, applies a 20 percent reduction to their hours. *See Welch*, 480 F.3d at 948.

Accordingly, the Court **EXCLUDES $19,751.00** in fees related to the appeal reply brief.

### 13. Supplemental Request for Judicial Notice

Makaeff's counsel states that the following amount of time was spent on the supplemental [*46] request for judicial notice by the various attorneys:[18]

Go to table15

(Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 17.)

Ms. Jensen's supplemental declaration provides the following additional descriptions of the tasks performed. Mr. Isaacson "researched and prepared Makaeff's supplemental request for judicial notice and reply." (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 17; *see also* Dkt. No. 331-1 (Jensen Decl.) ¶ 28.) There is no mention of Mr. Merrick's tasks.

Trump University argues that these hours should be reduced for several reasons. (Dkt. No. 367 at 17.) First, Trump University argues that the descriptions lump together time spent on multiple tasks, which prevents the Court from determining if the hours spent are reasonable. (*Id.*) Second, Trump University argues that there was improper staffing, with an $825 per hour partner researching and drafting a supplemental request for judicial notice. (*Id.*) Third, Trump University argues [*47] that there is no explanation for why Mr. Merrick needed to spend any time on the supplemental request. (*Id.*)

The Court agrees with Trump University that Mr. Merrick's time should be excluded because there is no indication what tasks he performed. The Court also agrees with Trump University that Mr. Isaacson's hours seem excessive and improperly staffed for a supplemental request for judicial notice. As such, the Court reduces Mr. Isaacson's time by 50 percent, which would make his hourly rate more in line with that of an associate.

Accordingly, the Court **EXCLUDES $6,082.50** in fees related to the supplemental request for judicial notice.

---

[18] Because it has already excluded all paralegal fees, the Court does not include the 7.25 paralegal hours. (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 17.)

## 14. Ninth Circuit Appeal Strategy

Makaeff's counsel states that the following amount of time was spent by the various attorneys on strategy for the Ninth Circuit appeal:

📊 Go to table16

(Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 18.)

Ms. Jensen's supplemental declaration provides the following additional descriptions of the tasks performed. Mr. Isaacson and Ms. Jensen spent a total of two hours "strategizing and thinking about our approach to the anti-SLAPP [*48] litigation that does not easily fit into another category" such "as 'exploring potential avenues to bring to the Court's attention misrepresentations made by Trump's counsel." (Id.)

Trump University argues that these two hours should be denied entirely because the descriptions lump time together and the time is duplicative. (Dkt. No. 367 at 17.)

The Court disagrees with Trump University, and determines that these two hours were reasonably expended.

Accordingly, the Court does not exclude any fees for the Ninth Circuit Appeal strategy.

## 15. Ninth Circuit Hearing

Makaeff's counsel states that the following amount of time was spent on the Ninth Circuit hearing by the various attorneys:[19]

📊 Go to table17

(Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 19; Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 19.)

Ms. Jensen's and Ms. Eck's supplemental [*49]

declarations, as well as Mr. Isaacson's declaration, provide the following additional descriptions of the tasks performed. According to Ms. Jensen, Mr. Isaacson "spent a substantial amount of time over the course of weeks prepar[ing] for the oral argument, including holding a mock argument in which two attorneys from [her] firm participated."[20] (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 19; see also Dkt. No. 331-1 (Jensen Decl.) ¶ 29.) Mr. Isaacson declares that he "devot[ed] many hours to" "preparing for oral argument" and "personally argued the appeal." (Dkt. No. 331-3 (Isaacson Decl.) ¶ 19.) Ms. Eck's "firm spent a total of one hour talking and e-mailing with Makaeff over the course of three separate days in preparation for the hearing, and one hour assisting in preparation for the Ninth Circuit hearing." (Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 18; see also Dkt. No. 331-2 (Eck Decl.) ¶ 35.) Makaeff only seeks to recoup Mr. Isaacson's time and expenses for attending the hearing itself, even though additional attorneys also attended the hearing. (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 19; Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 19; see also Dkt. No. 331-1 (Jensen Decl.) ¶ 30.)

Trump University argues that the hours should be reduced for several reasons. (Dkt. No. 367 at 18.) First, Trump University argues that the descriptions lump together time spent on multiple tasks, which prevents the Court from determining if the hours spent are reasonable. (Id.) For example, there is no indication how much of Mr. Isaacson's time was spent on the actual argument, the mock argument, and other preparation. (Id.) Second, Trump University argues that Mr. Isaacson's time appears excessive, and that it should not have taken him several weeks to prepare. (Id.) Third, Trump University contends that a mock argument was unnecessary for an experienced attorney like Mr. Isaacson, and that participation in the mock argument should not be billed as it is educational.[21]

---

[19] Because it has already excluded all paralegal fees, the Court does not include the 3.50 paralegal hours. (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 19.)

[20] Ms. Eck and Ms. Labrencis also participated [*50] in the mock argument, but have not charged for this time. (Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 19.)

[21] Makaeff counters that it is precisely because of Mr. Isaacson's

(*Id.; see also* Dkt. No. 335 at 18.) Finally, Trump University argues that Ms. Labrencis's time is duplicative. (*Id.*)

The Court agrees **[\*51]** with Trump University that the lumping together of tasks makes it difficult for the Court to evaluate whether the hours are reasonable. As such, the Court applies a 20 percent reduction to the hours expended on the Ninth Circuit hearing. *See Welch*, 480 F.3d at 948. The Court disagrees with Trump University that a mock argument was unnecessary to prepare for the hearing.

Accordingly, the Court **EXCLUDES $13,705.00** in fees related to the Ninth Circuit hearing.

### 16. Research Regarding Possible 28(j) Letter

Makaeff's counsel states that the following amount of time was spent on researching submitting a letter under Federal Rule of Appellate Procedure 28(j):

⊞ Go to table18

(Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 20.)

Ms. Jensen's supplemental declaration provides the following additional descriptions of the tasks performed: "My firm considered submitting a Rule 28(j) letter to the Ninth Circuit with supplemental authorities that had come to our attention. We also considered sending a letter to the Ninth Circuit correcting misrepresentations made to the Court. However, we ultimately decided against submitting such a letter. . . . Mr. Isaacson spent [time] reviewing the record and researching a **[\*52]** possible Rule 28(j) letter to submit to the Ninth Circuit." (*Id.*)

Trump University argues that these hours should be denied entirely because the descriptions lump time together and the time appears excessive and unnecessary. (Dkt. No. 367 at 18.)

The Court agrees with Trump University that the lumping together of tasks makes it difficult for the Court to evaluate whether the hours are reasonable. The Court also agrees that these hours appear excessive and unnecessary. In addition, these hours appear duplicative because the Ninth Circuit appeal strategy category already included "exploring potential avenues to bring to the Court's attention misrepresentations made by Trump's counsel." (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 18.) As such, the Court excludes Mr. Isaacson's hours.

Accordingly, the Court **EXCLUDES $6,187.50** in fees related to the Ninth Circuit hearing.

### 17. Opposition to Petition for Rehearing *En Banc*

Makaeff's counsel states that the following amount of time was spent on the opposition to Trump University's petition for rehearing *en banc* by the various attorneys:[22]

⊞ Go to table19

(Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 21; Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 20.)

Ms. Jensen's and Ms. Eck's supplemental declarations, as well as Mr. Isaacson's declaration, provide the following additional descriptions of the tasks performed. Ms. Jensen declares that Mr. "Isaacson, with the assistance of Ms. Frame and [a staff attorney], drafted an opposition that was reviewed and revised by additional attorneys at my firm, including myself." (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 21; *see also* Dkt. No. 331-1 (Jensen Decl.) ¶ 32.) Mr. Isaacson declares that: "[The fact that] separate concurring opinions both urged *en banc* rehearing meant that I would have to devote considerable time to review the law of federal courts and federal jurisdiction, and **[\*54]** as well as

---

experience that he knew that a mock argument is the best way to prepare for a Ninth Circuit oral argument. (Dkt. No. 364 at 17.)

---

[22] Because it has already excluded all staff attorney and paralegal fees, the Court does not include the 84.55 staff attorney hours and 11.00 paralegal hours. (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 21.)

Case 3:10-cv-00940-GPC-WVG Document 506-6 Filed 04/14/23 PageID #:33850 Page 28 of 59
Case 3:10-cv-00940-BEN-JLB Document 2025-6 Filed 04/14/23 PageID 49905 Page 280 of 907
Page 19 of 35
2015 U.S. Dist. LEXIS 46749, *54

the collateral-order doctrine — none of which had previously been at issue in the litigation." (Dkt. No. 331-3 (Isaacson Decl.) ¶ 21.) "Because the concurring opinions and Trump University's petition for en banc rehearing focused on questions of constitutional law and federal jurisdiction that had never been at issue in the litigation, I could not rely on my previous work in the case, but instead had to review and digest a further vast body of law in order to effectively oppose en banc rehearing." (*Id.*) Ms. Eck "communicated with Makaeff on several occasions regarding the Appeal and the en banc petition" and her "firm assisted in researching and preparing the opposition to the en banc petition." (Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 20; *see also* Dkt. No. 331-2 (Eck Decl.) ¶ 41.)

Trump University argues that the hours should be reduced for several reasons. (Dkt. No. 367 at 18-19.) First, Trump University argues that the descriptions lump together time spent on multiple tasks, which prevents the Court from determining if the hours spent are reasonable. (*Id.*) Second, there appears to be duplication of efforts, with several attorneys researching and drafting the opposition. (*Id.* at 19.) [*55] Third, Trump University argues that there is no description of what was done by Mr. Green and Mr. Merrick. (*Id.*)

The Court excludes the time for Mr. Green, Mr. Merrick, Ms. Zeldes, and Ms. Labrencis because there is no clear indication what tasks they performed. The Court agrees with Trump University that the lumping together of tasks makes it difficult for the Court to evaluate whether the other hours are reasonable. As such, the Court applies a 20 percent reduction to the hours expended by Mr. Isaacson, Ms. Jensen, Ms. Frame, and Ms. Eck. *See Welch*, 480 F.3d at 948.

Accordingly, the Court **EXCLUDES $41,529.10** in fees for the opposition to the petition for rehearing *en banc*.

**18. Work with Amicus on *En Banc* Opposition**

Makaeff's counsel states that the following amount of time was spent working with amicus on the opposition to Trump University's petition for rehearing *en banc* by the various attorneys:

⊞ Go to table20

(Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 22; Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 21.)

Ms. Jensen's and Ms. Eck's [*56] supplemental declarations, as well as Mr. Isaacson's declaration, provide the following additional descriptions of the tasks performed. Ms. Jensen declares that: [m]y partners also met with lawyers from the ACLU and Consumer Attorneys of California and with a number of anti-SLAPP practitioners concerning strategy, soliciting public support, and considering the submission of additional briefs in support of our opposition to the en banc petition." (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 22; *see also* Dkt. No. 331-1 (Jensen Decl.) ¶ 32.) Mr. Isaacson declares that he "again consulted extensively with lawyers from the ACLU and the Consumer Attorneys of California, and also with experienced practitioners specializing in Anti-SLAPP litigation," and that "[o]nce again, the Consumer Attorneys of California submitted an amicus curiae brief supporting Makaeff, this time opposing the petition for *en banc* rehearing." (Dkt. No. 331-3 (Isaacson Decl.) ¶¶ 22-23.) Ms. Eck "personally spoke with attorneys for the Consumer Attorneys and the BBB, and participated in various communications with them" regarding submitting amicus curiae briefs. (Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 21.)

Trump University argues that these [*57] hours should be denied entirely for several reasons. (Dkt. No. 267 at 19.) First, Trump University argues that the descriptions lump together time spent on multiple tasks, which prevents the Court from determining if the hours spent are reasonable. (*Id.*) Second, there appears to be duplication of efforts, with four partners soliciting support from amici. (*Id.*) Third, Trump University argues that there is improper staffing, with high billing partners doing the task of an associate. (*Id.*)

The Court agrees with Trump University that much of the time appears duplicative, which is exacerbated by the failure to differentiate how much time was spent on different tasks by different attorneys. For example, it is unclear whether all four partners consulted with the Consumer Attorneys of California. Therefore, the Court excludes the hours of Mr. Green and Mr. Merrick as duplicative. The Court also agrees with Trump University that the lumping together of tasks makes it difficult for the Court to evaluate whether the hours of Mr. Isaacson and Ms. Eck are reasonable, and as such, applies a 20 percent reduction to their hours. *See* Welch, 480 F.3d at 948.

Accordingly, the Court **EXCLUDES $5,802.25** in fees for working with [*58] amicus on the *en banc* opposition.

### 19. Strategy Regarding the Remand and the Motion to Transfer Fee Motion to District Court

Makaeff's counsel states that the following amount of time was spent on strategizing about the remand and researching the best vehicle for addressing attorney's fees by the various attorneys:[23]

⊞ Go to table21

(Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 23; Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 22.)

Ms. Jensen's and Ms. Eck's supplemental declarations, as well as Mr. Isaacson's declaration, provide the following additional descriptions of the tasks performed. Mr. Isaacson "researched, drafted, and filed a motion asking the Ninth Circuit to transfer jurisdiction over the award of those fees to this Court." (Dkt. No. 331-3 (Isaacson Decl.) ¶ 25; *see also* Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 23; [*59] Dkt. No. 331-1 (Jensen Decl.) ¶ 35.) Mr. Green reviewed the motion "after reading some

relevant opinions." (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 23.) Ms. Jensen "spoke to Mr. Isaacson and reviewed the applicable rules and commented on the strategy and the draft as well." (*Id.*) Ms. Eck "researched the logistics for submitting a motion for fees and transferring the issue of the fee motion to the District Court." (Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 22.)

Trump University argues that the hours should be reduced for several reasons. (Dkt. No. 367 at 19-20.) First, Trump University argues that the descriptions lump together time spent on multiple tasks, which prevents the Court from determining if the hours spent are reasonable. (*Id.* at 19.) Second, there appears to be duplication of efforts. (*Id.* at 20.) For example, Ms. Eck was conducting research at the same time as Mr. Isaacson and a staff attorney. (*Id.*) Third, Trump University argues that there was improper staffing because the drafting by Mr. Isaacson could have been done by a lower rate biller. (*Id.*)

The Court agrees that the hours by the four partners appear duplicative. As such, the Court excludes the hours of Mr. Green, Ms. Jensen, and Ms. Eck. The [*60] Court also agrees with Trump University that the lumping together of tasks makes it difficult for the Court to evaluate whether the hours of Mr. Isaacson are reasonable, and as such, applies a 20 percent reduction to his hours. *See* Welch, 480 F.3d at 948.

Accordingly, the Court **EXCLUDES $9,867.00** in fees for the strategy regarding remand and motion to transfer fee motion to district court.

### 20. Makaeff Deposition Preparation and Document Production

Makaeff's counsel states that the following amount of time was spent preparing Makaeff for an additional deposition and further discovery by the various attorneys:[24]

---

[23] Because it has already excluded all staff attorney and paralegal fees, the Court does not include the 30.80 staff attorney hours and 3.75 paralegal hours. (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 23.)

[24] Because it has already excluded all staff attorney and paralegal

Case 3:10-cv-00940-GPC-WVG Document 606-5 Filed 04/14/23 PageID 40850 Page 482 of 907

Case 3:10-cv-00940-GPC-WVG Document 425-6 Filed 04/23/22 Page 494 of 550 Page

Page 21 of 35
2015 U.S. Dist. LEXIS 46749, *60

⊞ Go to table22

(Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 24; Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 26.)

Ms. Jensen's and Ms. Eck's supplemental declarations provide the following additional [*61] descriptions of the tasks performed. Ms. Jensen declares that she and Mr. Forge performed the following tasks "in connection with the negotiation of the Makaeff deposition terms and conditions, strategizing, traveling back and forth to Los Angeles, preparing Ms. Makaeff for her deposition, reviewing her anti-SLAPP documents and producing them to Trump's counsel":

> My colleague Jason Forge and I had calls with Ms. Makaeff to discuss sitting for deposition again, had calls with our co-counsel Ms. Eck about the same, calls and emails with Trump's counsel at first objecting to Ms. Makaeff sitting for another deposition session, calling Judge Gallo's chambers, and then spending hours negotiating the terms and conditions of the deposition. Thereafter, I spent time strategizing about the deposition and helping Ms. Makaeff draft a supplemental declaration. After we finished a draft, Mr. Forge reviewed the draft declaration and provided comments. Then, my partner Jason Forge and I both spent separate days traveling to Los Angeles and meeting with Ms. Makaeff to prepare and defend her for the deposition. In the course of those meetings, Ms. Makaeff provided documents that were relevant to the [*62] SLAPP proceedings (which were previously stayed before the matter was remanded to this Court). I spent a day reviewing all the potentially responsive documents before they were produced, and finalized Makaeff's supplemental declaration.

(Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 24; see also Dkt. No. 331-1 (Jensen Decl.) ¶ 37.) Ms. Eck declares that "the Court . . . permitted additional

discovery on the issue of actual malice" and "[w]e spent a substantial amount of time conferring with Makaeff and compiling, reviewing, and producing all potentially responsive documents, including hundreds of pages of e-mails and other documents that she discovered upon further review of her files." (Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 23; see also Dkt. No. 331-2 (Eck Decl.) ¶ 46.) In addition, "we spent numerous hours over the course of a week to prepare Makaeff for her deposition."[25] (Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 25; see also Dkt. No. 331-2 (Eck Decl.) ¶ 45.)

Trump University argues that the hours should be reduced [*63] for several reasons. (Dkt. No. 367 at 20.) First, Trump University argues that the descriptions lump together time spent on multiple tasks, which prevents the Court from determining if the hours spent are reasonable. (Id.) For example, there is no break down of how much time was spent on negotiations, deposition preparation of Makaeff, travel time, etc. (Id.) Second, there appears to be duplication of efforts. (Id.) Third, Trump University argues that the hours were excessive because the deposition was limited to two hours and the issue of "actual malice," and Makaeff was familiar with the deposition process having already sat for three depositions. (Id.)

The Court agrees with Trump University that much of the time appears duplicative and excessive, which is exacerbated by the failure to differentiate how much time was spent on different tasks by different attorneys. For example, it is unclear why it was necessary for at least three attorneys, two of which had to travel to Los Angeles, to prepare Makaeff for her two-hour deposition. Therefore, the Court excludes the time of Mr. Forge. The Court also excludes the time of Mr. Olsen and Ms. Labrencis because it is unclear what tasks they [*64] preformed. In addition, the Court agrees with Trump University that the lumping together of

---

fees, the Court does not include the 27.25 staff attorney hours and 24.50 paralegal hours. (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 24.)

---

[25] Ms. Eck notes that she has not charged for her time in preparing for the deposition of Makaeff's former boyfriend, which was later taken off-calendar. (Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 26.)

tasks makes it difficult for the Court to evaluate whether the hours of Ms. Jensen and Ms. Eck are reasonable, and as such, applies a 20 percent reduction to their hours. *See Welch*, 480 F.3d at 948.

Accordingly, the Court **EXCLUDES $30,346.00** in fees for Makaeff deposition preparation and document production.

### 21. Supplemental Brief Regarding Actual Malice

Makaeff's counsel states that the following amount of time was spent on this Court's request for supplemental briefing on the issue of actual malice by the various attorneys:[26]

⊞Go to table23

(Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 25; Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 27.)

Ms. Jensen's and Ms. Eck's supplemental declarations provide the following additional descriptions of the tasks **[*65]** performed. Ms. Jensen personally drafted the supplemental brief, and Mr. Forge and Mr. Isaacson reviewed it. (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 25; *see also* Dkt. No. 331-1 (Jensen Decl.) ¶ 38; Dkt. No. 331-3 (Isaacson Decl.) ¶ 27.) Ms. Eck "spent a considerable amount of time preparing the supplemental brief and supplemental declaration of Makaeff, including legal research, factual research and review of relevant documents, and communications with Anti-SLAPP and actual malice experts." (Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 27; *see also* Dkt. No. 331-2 (Eck Decl.) ¶ 43.) In addition, Ms. Eck "had numerous conversations with Makaeff throughout the briefing process." (Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 27.)

Trump University argues that the hours should be reduced for several reasons. (Dkt. No. 367 at 20-

21.) Trump University argues that the descriptions lump together time spent on multiple tasks, which prevents the Court from determining if the hours spent are reasonable. (*Id.*) In addition, Trump University argues that there is duplicative, excessive, and overstaffed time, with two partners reviewing Ms. Jensen's brief, and Ms. Eck also working on the supplemental brief. (*Id.*)

The Court **[*66]** agrees with Trump University that Mr. Isaacson's and Mr. Forge's time is duplicative with that of Ms. Jensen and Ms. Eck, and therefore excludes their time. The Court also agrees with Trump University that the lumping together of tasks makes it difficult for the Court to evaluate whether the hours of Ms. Eck are reasonable, and as such, applies a 20 percent reduction to her hours. *See Welch*, 480 F.3d at 948. The Court does not reduce the hours of Ms. Jensen because all of her time was spent on the single task of drafting.

Accordingly, the Court **EXCLUDES $13,551.50** in fees for the supplemental brief regarding actual malice.

### 22. Supplemental Reply Brief Regarding Actual Malice

Makaeff's counsel states that the following amount of time was spent on the supplemental reply brief regarding actual malice by the various attorneys:[27]

⊞Go to table24

(Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 26; Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 28.)

Ms. Jensen's and Ms. Eck's supplemental declarations provide the following additional descriptions of the tasks performed. Ms. Jensen researched and prepared the supplemental reply brief, and Mr. Isaacson reviewed it and commented

---

[26] Because it has already excluded all staff attorney and paralegal fees, the Court does not include the 29.75 staff attorney hours and 23.75 paralegal hours. (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 25.)

[27] Because it has already excluded all paralegal fees, the Court does not include the 12.25 paralegal hours. **[*67]** (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 26; Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 28.)

on it. (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 26; *see also* Dkt. No. 331-1 (Jensen Decl.) ¶ 39; Dkt. No. 331-3 (Isaacson Decl.) ¶ 27.) Ms. Eck's "firm" also "researched for and prepared a Reply." (Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 28; *see also* Dkt. No. 331-2 (Eck Decl.) ¶ 48.)

Trump University argues that the hours should be reduced because the descriptions lump together time spent on multiple tasks, which prevents the Court from determining if the hours spent are reasonable. (Dkt. No. 367 at 21.) For example, there is no breakdown of how much time was spent on research versus drafting. (*Id.*) In addition, Trump University argues that Ms. Eck's time appears duplicative of Ms. Jensen's firm. (*Id.*)

The Court agrees with Trump University that Ms. Eck's time appears duplicative, which is exacerbated by the failure to differentiate how much time was spent on different tasks. Therefore, **[\*68]** the Court excludes Ms. Eck's hours. The Court also excludes Mr. Olsen's hours because it is not clear what tasks he performed. The Court agrees with Trump University that the lumping together of tasks makes it difficult for the Court to evaluate whether the hours of Ms. Jensen and Mr. Isaacson are reasonable, and as such, applies a 20 percent reduction to their hours. *See Welch*, 480 F.3d at 948.

Accordingly, the Court **EXCLUDES $16,560.25** in fees for the supplemental reply brief regarding actual malice.

## 23. Hearing on Actual Malice

Makaeff's counsel states that the following amount of time was spent on the hearing regarding actual malice by the various attorneys:[28]

🔲 Go to table25

---

[28] Because it has already excluded all paralegal fees, the Court does not include the 2.50 paralegal hours. (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 27.)

(Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 27; Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 30.)

Ms. Jensen's and Ms. Eck's supplemental declarations **[\*69]** provide the following additional descriptions of the tasks performed. Ms. Jensen prepared for oral argument, before it was rescheduled and Ms. Eck ultimately appeared at the oral argument (because Ms. Jensen was then out on maternity leave.) (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 27; *see also* Dkt. No. 331-1 (Jensen Decl.) ¶¶ 40-41.) Mr. Isaacson and Mr. Forge assisted Ms. Eck with her preparation for the hearing. (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 27; Dkt. No. 331-3 (Isaacson Decl.) ¶ 27.) Ms. Jensen notes that additional attorneys also attended the hearing, but they are not seeking that time. (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 27; *see also* Dkt. No. 331-1 (Jensen Decl.) ¶ 41.)

Ms. Eck "spent a considerable amount of time preparing for this hearing, reviewing all of the Anti-SLAPP motions and Orders to date, a voluminous amount of case law, the four volumes of Makaeff's deposition testimony, Makaeff's several declarations, and voluminous documents and exhibits submitted by both parties." (Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 29; *see also* Dkt. No. 331-2 (Eck Decl.) ¶ 49.) Ms. Eck notes that she is not seeking seven hours of her preparation time for the hearing. (Dkt. No. 364-2 (Eck **[\*70]** Supp. Decl.) ¶ 29.) Ms. Zeldes and Mr. Olsen assisted in Ms. Eck's preparation for the hearing. (*Id.*) Ms. Eck argued at the hearing before this Court. (Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 30; *see also* Dkt. No. 331-2 (Eck Decl.) ¶ 50.)

Trump University argues that the hours should be reduced because the descriptions lump together time spent on multiple tasks, which prevents the Court from determining if the hours spent are reasonable. (Dkt. No. 367 at 21.) For example, there is no breakdown of how much time Ms. Eck spent preparing for the hearing, reviewing documents, and arguing at the hearing itself. (*Id.*) In addition, Trump University argues that there is a

duplication of efforts, with three partners and one associate preparing another partner arguing the motion. (*Id.*)

The Court disagrees with Trump University that the time is duplicative. However, the Court agrees with Trump University that the lumping together of tasks makes it difficult for the Court to evaluate whether the hours of Ms. Eck are reasonable, and as such, applies a 20 percent reduction to her hours. *See Welch*, 480 F.3d at 948.

Accordingly, the Court **EXCLUDES $3,691.50** in fees for the hearing on actual malice.

## 24. Time Spent on Multiple Tasks [*71]

Makaeff's counsel states that the following amount of time was spent on "multiple tasks" by the various attorneys:

Go to table26

(Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 28.)

Ms. Jensen's supplemental declaration states that these 14.25 hours pertain to multiple tasks related to the anti-SLAPP proceedings, but cannot be definitely assigned to the above procedural categories. (*Id.*) For example, Mr. Isaacson "spent time researching the potential for a Rule 28(j) letter and also preparing for 9th Circuit oral argument (which were occurring contemporaneously)." (*Id.*) Makaeff notes that she is willing to reduce her requested fees by these 14.25 hours. (Dkt. No. 364 at 11 n.6.)

Trump University argues that the hours should be denied entirely because the descriptions lump together time spent on multiple tasks, which prevents the Court from determining if the hours spent are reasonable. (Dkt. No. 367 at 21-22.) For example, there is not breakdown between how much time Mr. Isaacson spent researching versus preparing. (*Id.* at 22.) In addition, Trump University notes that the time appears duplicative of [*72] category 16 above, concerning research of

a possible 28(j) letter. (*Id.*)

The Court agrees with Trump University that these hours should be denied entirely. The vague description of "multiple tasks" related to the anti-SLAPP litigation prevents the Court from determining if these hours were reasonable. Moreover, Makaeff has stated that she is willing to omit these hours.

Accordingly, the Court **EXCLUDES $10,807.50** in fees for work on multiple tasks.

## 25. Bill of Fees and Costs

Makaeff's counsel states that the following amount of time was spent on the preparation of the Bill of Fees and Costs by the various attorneys:

Go to table27

(Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 31.)

Ms. Eck states that "we spent considerable time researching and preparing the

motion, compiling all of our time records and expenses related to the Anti-SLAPP issues over the past four years, and preparing a detailed declaration setting forth our work performed in the case, time, lodestar, and expenses." (*Id.*) She states that her firm does not seek fees for additional time spent on the brief after June 27, 2014, [*73] or for time spent preparing the supplemental brief or declarations. (*Id.*) Ms. Jensen states that her firm also spent a "substantial amount of time" on the Bill of Fees and Costs, but is not claiming this time to "demonstrate the reasonableness of the requested fees." (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 28.)

Trump University argues the hours should be denied entirely because the descriptions lump together time spent on multiple tasks, which prevents the Court from determining if the hours spent are reasonable. (Dkt. No. 367 at 22.) Trump University also argues that this Court's supplemental briefing order did not explicitly invite

2015 U.S. Dist. LEXIS 46749, *73

Makaeff to include these fees. (*Id.*)

The Court agrees with Trump University that the lumping together of tasks makes it difficult for the Court to evaluate whether the hours of Ms. Eck and Mr. Olsen are reasonable, and as such, applies a 20 percent reduction to their hours. *See Welch*, 480 F.3d at 948. The Court appreciates that Ms. Jensen's firm does not seek time for preparation of the Bill of Fees and Costs.

Accordingly, the Court **EXCLUDES $3,890.50** in fees for the preparation of Bill of Fees and Costs.

## C. Upward Multiplier

Makaeff argues that any reduction in fees should be offset **[*74]** by an upward multiplier because this is a contingency fee case. (Dkt. No. 331 at 17-18; Dkt. No. 364 at 8, 20.) Trump University counters that no upward multiplier is justified here because, among other reasons, Makaeff's counsel are not sole practitioners, but rather a large team of high billing attorneys. (Dkt. No. 335 at 21-25; Dkt. No. 367 at 23-25.)

The California Supreme Court has held that a court may adjust the lodestar figure based on various factors, including the contingent nature of the fee award. *Ketchum*, 17 P.3d at 741. "The purpose of a fee enhancement, or so-called multiplier, for contingent risk is to bring the financial incentives for attorneys enforcing important constitutional rights, such as those protected under the anti-SLAPP provision, into line with incentives they have to undertake claims for which they are paid on a fee-for-services basis." *Id.* at 742. A contingency enhancement "is intended to approximate market-level compensation for such services, which typically includes a premium for the risk of nonpayment or delay in payment of attorney fees." *Id.* at 746.

The Court declines to apply an upward multiplier here due to the contingency fee nature of this case. The Court notes that Makaeff **[*75]** already argued that its higher than average hourly rates were also

justified because this is a contingency case. (Dkt. No. 331 at 15.) As such, an upward multiplier would be duplicative. Moreover, the basic lodestar figure adequately compensates Makaeff's counsel, and Makaeff has not met her burden that a contingency fee enhancement is appropriate here. *See Ketchum*, 17 P.3d at 746 ("Of course, the trial court is not required to include a fee enhancement to the basic lodestar figure for contingent risk, exceptional skill, or other factors, although it retains discretion to do so in the appropriate case; moreover, the party seeking a fee enhancement bears the burden of proof.").

## D. Conclusion

In sum, Makaeff has sought $1,333,004.25[29] in fees, and the Court has excluded a total of $542,920.85 in fees as follows:

⊞ Go to table28

Accordingly, the Court **AWARDS** Makaeff **$790,083.40** in fees.

## III. Reasonable Costs

In addition to attorney's fees, a prevailing defendant on an anti-SLAPP motion is entitled to recover reasonable costs. Cal. Civ. Proc. Code § 425.16(c)(1). Here, Makaeff seeks $9,209.27 in costs for successfully litigating the anti-SLAPP motion.[30] (Dkt. No. 331 at 18; Dkt. No. 364 at 19

---

[29] The Court notes that the breakdown of fees in Ms. Jensen's and Ms. Eck's supplemental declarations actually totals $1,333,659.50, which is a difference of $655.25. (Dkt. No. 364-1 (Jensen Supp. Decl.); Dkt. No. 364-2 (Eck Supp. Decl.).) However, since neither party raised this difference, and using the lower figure benefits Trump **[*77]** University, the Court uses $1,333,004.25. (Dkt. No. 331 at 18; Dkt. No. 331 (Jensen Decl.) ¶ 58; Dkt. No. 331-2 (Eck Decl.) ¶ 55; Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 2; Dkt. No. 364-2 (Eck Supp. Decl.) ¶ 2.)

[30] Makaeff originally sought $9,812.11 in costs, but is no longer seeking approximately $603 for the costs of postage, telephone, and photocopying charges, in light of Trump University's observation

n.11.) Specifically, Makaeff seeks the following costs:

<span style="color:blue">⊞ Go to table29</span>

(Dkt. No. 331-1 (Jensen Decl.) ¶ 59); (Dkt. No. 331-2 (Eck Decl.) ¶ 57.)

The Court ordered Makaeff to "submit additional information substantiating the costs requested." (Dkt. No. 358 at 6.) The supplemental declarations of Ms. Jensen and Ms. Eck provide additional details regarding costs. (Dkt. No. 364-1 (Jensen Supp. Decl.) ¶¶ 31-32; Dkt. No. 364-2 (Eck Supp. Decl.) ¶¶ 33-34.) Trump University argues that the Court should deny the costs entirely for various reasons. (Dkt. No. 367 at 26-27.)

The Court agrees with Trump University that the charge of $225.05 for lunch after the Ninth Circuit hearing is not compensable since it was for the "team" and Makaeff admits that not all who attended the hearing were necessary. (*Id.*) The Court also excludes Mr. Forge's $288.41 in expenses for meals and hotel accommodations for preparing Makaeff for her deposition since the Court has already determined that his time was duplicative. (*Id.*) Otherwise, the Court determines that Makaeff's costs are reasonable. For example, Trump University argues that the Court should not allow Mr. Isaacson's online research costs because **[*79]** he has a high hourly rate. (*Id.* at 26.) However, the fact that Mr. Isaacson is a more experienced attorney would likely reduce his research costs.

Therefore, the Court excludes $513.46 in costs. Accordingly, the Court **AWARDS** Makaeff **$8,695.81** in costs.

## CONCLUSION AND ORDER

For the reasons set forth above, **IT IS HEREBY**

**ORDERED**:

(1) the Court **GRANTS IN PART AND DENIES IN PART** Makaeff's request for fees and costs (Dkt. No. 331);

(2) the Court **AWARDS** Makaeff **$790,083.40** in fees;

(3) the Court **AWARDS** Makaeff **$8,695.81** in costs;

(4) the Court **GRANTS** Makaeff's *ex parte* application to file a limited response (Dkt. No. 368).

**IT IS SO ORDERED**.

DATED: April 9, 2015

/s/ Gonzalo P. Curiel

HON. GONZALO P. CURIEL

United        States        District        Judge

---

that California Code of Civil Procedure § 1033.5(b) applies. (Dkt. No. 335 at 26; Dkt. **[*78]** No. 364 at 19 n.11; Dkt. No. 364-1 (Jensen Supp. Decl.) ¶ 31 n.1; Dkt. No. 367 at 26.)

2015 U.S. Dist. LEXIS 46749, *78

**Table1** ([Return to related document text](#))

| Name | Law Firm | Position | Hourly Rate |
|------|----------|----------|-------------|
| Rachel Jensen | RGRD[8] | Partner | $660 |
| Paula Roach | RGRD | Associate | $360 |
| Amber Eck | ZHE | Partner | $690 |
| Helen Zeldes | ZHE | Partner | $600 |
| Aaron Olsen | ZHE | Associate | $410 |

**Table1** ([Return to related document text](#))

---

**Table2** ([Return to related document text](#))

| Name | Hours Expended | Amount |
|------|----------------|--------|
| Rachel Jensen | 39.75 | $26,235.00 |
| Paula Roach | 43.75 | $15,750.00 |
| Amber Eck | 30.50 | $21,045.00 |
| Helen Zeldes | 2.50 | $1,500.00 |
| Aaron Olsen | 9.25 | $5,550.00 |

**Table2** ([Return to related document text](#))

---

**Table3** ([Return to related document text](#))

| Name | Law Firm | Position | Hourly Rate |
|------|----------|----------|-------------|
| Rachel Jensen | RGRD | Partner | $660 |
| Paula Roach | RGRD | Associate | $360 |
| Amber Eck | ZHE | Partner | $690 |

**Table3** ([Return to related document text](#))

---

**Table4** ([Return to related document text](#))

| Name | Hours Expended | Amount |
|------|----------------|--------|
| Rachel Jensen | 6.00 | $3,960.00 |
| Paula Roach | 20.75 | $7,470.00 |
| Amber Eck | 27.00 | $18,630.00 |

**Table4** ([Return to related document text](#))

---

**Table5** ([Return to related document text](#))

| Name | Law Firm | Position | Hourly Rate | Hours Expended | Amount |
|------|----------|----------|-------------|----------------|--------|
| Rachel Jensen | RGRD | Partner | $660 | 1.50 | $990.00 |

---

[8] "RGRD" refers to Ms. Jensen's firm, Robbins Geller Rudman & Dowd LLP. "ZHE" refers to Ms. Eck's firm, Zeldes Haeggquist & Eck, LLP.

2015 U.S. Dist. LEXIS 46749, *78

| Name | Law Firm | Position | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Paula Roach | RGRD | Associate | $360 | 2.75 | $990.00 |
| Amber Eck | ZHE | Partner | $690 | 9.75 | $6,727.50 |

**Table5** ([Return to related document text](#))

---

**Table6** ([Return to related document text](#))

| Name | Law Firm | Position | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Rachel Jensen [*29] | RGRD | Partner | $660 | 1.25 | $825.00 |
| Paula Roach | RGRD | Associate | $360 | 1.00 | $360.00 |
| Amber Eck | ZHE | Partner | $690 | 23.5 | $16,215.00 |

**Table6** ([Return to related document text](#))

---

**Table7** ([Return to related document text](#))

| Name | Law Firm | Position | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Eric Isaacson | RGRD | Partner | $825 | 1.50 | $1,237.50 |
| Rachel Jensen | RGRD | Partner | $660 | 9.50 | $6,270.00 |
| Paula Roach | RGRD | Associate | $360 | 4.50 | $1,620.00 |
| Amber Eck [*31] | ZHE | Partner | $690 | 66.00 | $45,540.00 |
| Helen Zeldes | ZHE | Partner | $600 | 5.00 | $3,000.00 |

**Table7** ([Return to related document text](#))

---

**Table8** ([Return to related document text](#))

| Name | Law Firm | Position | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Rachel Jensen | RGRD | Partner | $660 | 3.00 | $1,980.00 |
| Amber Eck | ZHE | Partner | $690 | 27.50 | $18,975.00 |

**Table8** ([Return to related document text](#))

---

**Table9** ([Return to related document text](#))

| Name | Law Firm | Position | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Eric Isaacson | RGRD | Partner | $825 | 221.75 | $182,943.75 |

2015 U.S. Dist. LEXIS 46749, *31

| Name | Law Firm | Position | Hourly Rate | Hours Expended | Amount |
|------|----------|----------|-------------|----------------|--------|
| Rachel Jensen | RGRD | Partner | $660 | 10.00 | $6,600.00 |
| Amanda Frame | RGRD | Associate | $440 | 45.50 | $20,020.00 |
| Amber Eck | ZHE | Partner | $690 | 12.50 | $8,625.00 |
| Helen Zeldes | ZHE | Partner | $600 | 0.50 | $300.00 |

**Table9** ([Return to related document text](#))

---

**Table10** ([Return to related document text](#))

| Name | Law Firm | Position | Hourly Rate | Hours Expended | Amount |
|------|----------|----------|-------------|----------------|--------|
| Eric Isaacson | RGRD | Partner | $825 | 4.75 | $3,918.75 |
| [*37] Rachel Jensen | RGRD | Partner | $660 | 9.00 | $5,940.00 |
| Amber Eck | ZHE | Partner | $690 | 27.50 | $18,975.00 |

**Table10** ([Return to related document text](#))

---

**Table11** ([Return to related document text](#))

| Name | Law Firm | Position | Hourly Rate | Hours Expended | Amount |
|------|----------|----------|-------------|----------------|--------|
| Eric Isaacson | RGRD | Partner | $825 | 4.50 | $3,712.50 |
| Rachel Jensen | RGRD | Partner | $660 | 1.25 | $825.00 |
| Amber Eck | ZHE | Partner | $690 | 2.75 | $1,897.50 |

**Table11** ([Return to related document text](#))

---

**Table12** ([Return to related document text](#))

| Name | Law Firm | Position | Hourly Rate | Hours Expended | Amount |
|------|----------|----------|-------------|----------------|--------|
| Eric Isaacson | RGRD | Partner | $825 | 12.75 | $10,518.75 |
| Kevin Green | RGRD | Partner | $720 | 7.75 | $5,580.00 |
| Rachel Jensen | RGRD | Partner | $660 | 3.50 | $2,310.00 |
| Amber Eck | ZHE | Partner | $690 | 6.00 | $4,140.00 |

**Table12** ([Return to related document text](#))

---

**Table13** ([Return to related document text](#))

| Name | Law | Position | Hourly | Hours | Amount |
|------|-----|----------|--------|-------|--------|

2015 U.S. Dist. LEXIS 46749, *37

| | Fir m | | Rate | Expended | |
|---|---|---|---|---|---|
| Eric Isaacson | RGR D | Partner | $825 | 26.50 | $21,862.50 |
| Thomas Merrick | RGR D | Partner | $685 | 0.75 | $513.75 |
| Rachel Jensen | RGR D | Partner | $660 | 0.25 | $165.00 |

**Table13** ([Return to related document text](#))

---

**Table14** ([Return to related document text](#))

| Name | Law Fir m | Position | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Eric Isaacson | RGR D | Partner | $825 | 88.00 | $72,600.00 |
| Thomas Merrick | RGR D | Partner | $685 | 2.50 | $1,712.00 |
| Amanda Frame | RGR D | Associate | $440 | 14.50 | $6,380.00 |
| Amber Eck | ZHE | Partner | $690 | 3.25 | $2,242.50 |

**Table14** ([Return to related document text](#))

---

**Table15** ([Return to related document text](#))

| Name | Law Fir m | Position | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Eric Isaacson | RGR D | Partner | $825 | 13.50 | $11,137.50 |
| Thomas Merrick | RGR D | Partner | $685 | 0.75 | $513.75 |

**Table15** ([Return to related document text](#))

---

**Table16** ([Return to related document text](#))

| Name | Law Fir m | Position | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Eric Isaacson | RGR D | Partner | $825 | 1.75 | $1,443.75 |
| Rachel Jensen | RGR D | Partner | $660 | 0.25 | $165.00 |

**Table16** ([Return to related document text](#))

---

**Table17** ([Return to related document text](#))

| Name | Law Fir m | Position | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Eric Isaacson | RGR D | Partner | $825 | 69.50 | $57,337.50 |

2015 U.S. Dist. LEXIS 46749, *37

| Name | Law Firm | Position | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Thomas Merrick | RGRD | Partner | $685 | 9.50 | $6,507.50 |
| Amanda Frame | RGRD | Associate | $440 | 8.50 | $3,740.00 |
| Amber Eck | ZHE | Partner | $690 | 1.00 | $690.00 |
| Jessica Labrencis | ZHE | Associate | $250 | 1.00 | $250.00 |

**Table17** ([Return to related document text](#))

---

**Table18** ([Return to related document text](#))

| Name | Law Firm | Position | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Eric Isaacson | RGRD | Partner | $825 | 7.50 | $6,187.50 |

**Table18** ([Return to related document text](#))

---

**Table19** ([Return to related document text](#))

| Name | Law Firm | Position | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Eric Isaacson | RGRD | Partner | $825 | 183.75 | $151,593.75 |
| Kevin Green | RGRD | Partner | $720 | 0.50 | $360.00 [*53] |
| Thomas Merrick | RGRD | Partner | $685 | 9.25 | $6,336.25 |
| Rachel Jensen | RGRD | Partner | $660 | 10.50 | $6,930.00 |
| Amanda Frame | RGRD | Associate | $440 | 8.20 | $3,608.00 |
| Amber Eck | ZHE | Partner | $690 | 13.00 | $8,970.00 |
| Helen Zeldes | ZHE | Partner | $600 | 0.50 | $300.00 |
| Jessica Labrencis | ZHE | Associate | $250 | 1.25 | $312.50 |

**Table19** ([Return to related document text](#))

---

**Table20** ([Return to related document text](#))

| Name | Law Firm | Position | Hourly Rate | Hours Expended | Amount |
|---|---|---|---|---|---|
| Eric Isaacson | RGRD | Partner | $825 | 12.25 | $10,106.25 |
| Kevin Green | RGRD | Partner | $720 | 2.25 | $1,620.00 |
| Thomas Merrick | RGRD | Partner | $685 | 2.50 | $1,712.50 |
| Amber Eck | ZHE | Partner | $690 | 3.25 | $2,242.50 |

Case 1:15-cv-00499-BNJ-SHB-CLM Document 206-6 Filed 04/14/22 Page 33 of 35
Page 3 of 5
Case 1:15-cv-01049-BNJ-SHB Document 16425-6 Filed 04/14/22 Page 49 of 51 Page
Page 4593 of 5907
Page 32 of 35

2015 U.S. Dist. LEXIS 46749, *53

**Table20** ([Return to related document text](#))

**Table21** ([Return to related document text](#))

| Name | Law Firm | Position | Hourly Rate | Hours Expended | Amount |
|------|----------|----------|-------------|----------------|--------|
| Eric Isaacson | RGRD | Partner | $825 | 18.30 | $15,097.50 |
| Kevin Green | RGRD | Partner | $720 | 1.00 | $720.00 |
| Rachel Jensen | RGRD | Partner | $660 | 2.75 | $1,815.00 |
| Amber Eck | ZHE | Partner | $690 | 6.25 | $4,312.50 |

**Table21** ([Return to related document text](#))

**Table22** ([Return to related document text](#))

| Name | Law Firm | Position | Hourly Rate | Hours Expended | Amount |
|------|----------|----------|-------------|----------------|--------|
| Jason Forge | RGRD | Partner | $740 | 22.00 | $16,280.00 |
| Rachel Jensen | RGRD | Partner | $660 | 43.50 | $28,710.00 |
| Amber Eck | ZHE | Partner | $690 | 55.50 | $38,295.00 |
| Aaron Olsen | ZHE | Associate | $410 | 0.25 | $102.50 |
| Jessica Labrencis | ZHE | Associate | $250 | 2.25 | $562.50 |

**Table22** ([Return to related document text](#))

**Table23** ([Return to related document text](#))

| Name | Law Firm | Position | Hourly Rate | Hours Expended | Amount |
|------|----------|----------|-------------|----------------|--------|
| Eric Isaacson | RGRD | Partner | $825 | 4.00 | $3,300.00 |
| Jason Forge | RGRD | Partner | $740 | 7.00 | $5,180.00 |
| Rachel Jensen | RGRD | Partner | $660 | 39.75 | $26,235.00 |
| Amber Eck | ZHE | Partner | $690 | 36.75 | $25,357.50 |

**Table23** ([Return to related document text](#))

**Table24** ([Return to related document text](#))

| Name | Law Firm | Position | Hourly Rate | Hours Expended | Amount |
|------|----------|----------|-------------|----------------|--------|
| Eric Isaacson | RGRD | Partner | $825 | 3.25 | $2,681.25 |

2015 U.S. Dist. LEXIS 46749, *53

| Name | Law Firm | Position | Hourly Rate | Hours Expended | Amount |
|------|----------|----------|-------------|----------------|--------|
| Rachel Jensen | RGRD | Partner | $660 | 25.75 | $16,995.00 |
| Amber Eck | ZHE | Partner | $690 | 18.00 | $12,420.00 |
| Aaron Olsen | ZHE | Associate | $410 | 0.50 | $205.00 |

**Table24** ([Return to related document text](#))

**Table25** ([Return to related document text](#))

| Name | Law Firm | Position | Hourly Rate | Hours Expended | Amount |
|------|----------|----------|-------------|----------------|--------|
| Eric Isaacson | RGRD | Partner | $825 | 0.25 | $206.50 |
| Jason Forge | RGRD | Partner | $740 | 0.75 | $555.00 |
| Rachel Jensen | RGRD | Partner | $660 | 1.50 | $990.00 |
| Amber Eck | ZHE | Partner | $690 | 26.75 | $18,457.50 |
| Helen Zeldes | ZHE | Partner | $600 | 5.00 | $3,000.00 |
| Aaron Olsen | ZHE | Associate | $410 | 3.50 | $1,435.00 |

**Table25** ([Return to related document text](#))

**Table26** ([Return to related document text](#))

| Name | Law Firm | Position | Hourly Rate | Hours Expended | Amount |
|------|----------|----------|-------------|----------------|--------|
| Eric Isaacson | RGRD | Partner | $825 | $825 | $7,012.50 |
| Rachel Jensen | RGRD | Partner | $660 | $660 | $3,795.00 |

**Table26** ([Return to related document text](#))

**Table27** ([Return to related document text](#))

| Name | Law Firm | Position | Hourly Rate | Hours Expended | Amount |
|------|----------|----------|-------------|----------------|--------|
| Amber Eck | ZHE | Partner | $690 | 22.25 | $15,352.50 |
| Aaron Olsen | ZHE | Associate | $410 | 10.00 | $4,100.00 |

**Table27** ([Return to related document text](#))

**Table28** ([Return to related document text](#))

| Category | Fees Excluded |
|----------|---------------|
| Staff Attorney Fees | $121,047.50 |
| Paralegal Fees | $90,542.50 |
| 1. Initial Anti-SLAPP Motion | $19,656.00 |

2015 U.S. Dist. LEXIS 46749, *53

| Category | Fees Excluded |
|---|---|
| 2. District Court Reply Brief | $3,726.00 |
| 3. Opposition to Motion to Strike | $2,533.50 |
| 4. District Court Hearing and Preparation | $3,768.00 |
| 5. Motion for Reconsideration | $13,933.50 |
| 6. Motion for Reconsideration Reply Brief | $4,191.00 |
| 7. Appeal Opening Brief | $66,853.75 |
| 8. Opposition to Motion to Stay | $10,518.75 |
| [*76] 9. Ninth Circuit Settlement Conference | $1,947.00 |
| 10. Work with Amicus on Appeal | $10,821.75 |
| 11. Request for Judicial Notice | $11,610.00 |
| 12. Appeal Reply Brief | $19,751.00 |
| 13. Supplemental Request for Judicial Notice | $6,082.50 |
| 14. Ninth Circuit Appeal Strategy | $0.00 |
| 15. Ninth Circuit Hearing | $13,705.00 |
| 16. Research Regarding Possible 28(j) Letter | $6,187.50 |
| 17. Opposition to Petition for Rehearing *En Banc* | $41,529.10 |
| 18. Work with Amicus on *En Banc* Opposition | $5,802.25 |
| 19. Strategy Regarding Remand and Motion to Transfer Fee Motion to District Court | $9,867.00 |
| 20. Makaeff Deposition Preparation and Document Production | $30,346.00 |
| 21. Supplemental Brief Regarding Actual Malice | $13,551.50 |
| 22. Supplemental Reply Brief Regarding Actual Malice | $16,560.25 |
| 23. Hearing on Actual Malice | $3,691.50 |
| 24. Work on Multiple Tasks | $10,807.50 |
| 25. Preparation of Bill of Fees and Costs | $3,890.50 |
| **TOTAL FEES EXCLUDED** | **$542,920.85** |

**Table28** ([Return to related document text](#))

---

**Table29** ([Return to related document text](#))

| Category | RGRD Costs | ZHE Costs | Total |
|---|---|---|---|
| Meals, Hotel & Transportation | $836.49 | $280.88 | $1,117.37 |
| Messenger, Overnight Delivery | $57.85 | | $57.85 |
| Video Deposition of Makaeff | $290.00 | | $290.00 |
| Lexis, Westlaw, Online Library Research | $4,931.21 | $2,057.80 | $6,989.01 |
| Publications | $299.79 | | $299.79 |
| Miscellaneous | $455.25 | | $455.25 |
| Deposition Costs | | | |
| **TOTAL COSTS** | $6,870.59 | $2,338.68 | **$9,209.27** |

**Table29** ([Return to related document text](#))

2015 U.S. Dist. LEXIS 46749, *76

---

**End of Document**

EXHIBIT 5

# Zest IP Holdings, LLC v. Implant Direct MFG., LLC

United States District Court for the Southern District of California

December 3, 2014, Decided; December 3, 2014, Filed

CASE NO. 10-CV-0541-GPC (WVG)

**Reporter**

2014 U.S. Dist. LEXIS 167563 *; 2014 WL 6851612

ZEST IP HOLDINGS, LLC, et al., Plaintiffs, v. IMPLANT DIRECT MFG., LLC, et al., Defendants,

**Subsequent History:** Certificate of appealability denied Zest IP Holdings, LLC v. Implant Direct Mfg., LLC, 2015 U.S. Dist. LEXIS 2080 (S.D. Cal., Jan. 7, 2015)

**Prior History:** Zest IP Holdings, LLC v. Implant Direct Mfg. LLC, 2014 U.S. Dist. LEXIS 156003 (S.D. Cal., Nov. 4, 2014)

**Counsel:** [*1] For Zest IP Holdings, LLC, A Delaware limited liability company, Plaintiff: Andrew Z Edelstein, LEAD ATTORNEY, John Nadolenco, Mayer Brown LLP, Los Angeles, CA; Brian W. Nolan, Lisa M. Ferri, Manuel J. Velez, LEAD ATTORNEYS, PRO HAC VICE, Mayer Brown LLP, New York, NY; Elizabeth S. Weiswasser, PRO HAC VICE, Weil, Gotshal & Manges LLP, New York, NY.

For Zest Anchors, LLC, A Delaware limited liability company, Plaintiff: Brian W. Nolan, Lisa M. Ferri, Manuel J. Velez, LEAD ATTORNEYS, PRO HAC VICE, Mayer Brown LLP, New York, NY; Andrew Z Edelstein, LEAD ATTORNEY, John Nadolenco, Mayer Brown LLP, Los Angeles, CA.

For Implant Direct MFG. LLC, A Nevada limited liability company, Implant Direct LLC, A Nevada limited liability company, Implant Direct INT'L, A Nevada corporation, Defendants: Christopher J. Dugger, Michael Hurey, LEAD ATTORNEYS, Kleinberg & Lerner, LLP, Los Angeles, CA; Patrick F. Bright, Wagner, Anderson & Bright, LLP, Glendale, CA.

For Implant Direct Sybron International, Implant Direct Sybron Manufacturing LLC, Defendants, Counter Claimants: A James Isbester, Byron R. Chin, LEAD ATTORNEYS, Kilpatrick Townsend & Stockton LLP, San Francisco, CA; Megan M. Chung, LEAD ATTORNEY, Kilpatrick [*2] Townsend & Stockton LLP, San Diego, CA; Christopher B. Mead, Stuart A. Berman, PRO HAC VICE, London and Mead, Washington, DC; Christopher J. Dugger, LEAD ATTORNEY, Kleinberg & Lerner, LLP, Los Angeles, CA.

For Zest Anchors, LLC, A Delaware limited liability company, Counter Defendant: Brian W. Nolan, Lisa M. Ferri, Manuel J. Velez, LEAD ATTORNEYS, PRO HAC VICE, Mayer Brown LLP, New York, NY; John Nadolenco, Mayer Brown LLP, Los Angeles, CA.

For Zest IP Holdings, LLC, A Delaware limited liability company, Counter Defendant: Brian W. Nolan, Lisa M. Ferri, Manuel J. Velez, LEAD ATTORNEYS, PRO HAC VICE, Mayer Brown LLP, New York, NY; Andrew Z Edelstein, LEAD ATTORNEY, John Nadolenco, Mayer Brown LLP, Los Angeles, CA.

**Judges:** HON. GONZALO P. CURIEL, United States District Judge.

**Opinion by:** GONZALO P. CURIEL

# Opinion

**ORDER SETTING FORTH AMOUNT OF**

Case 3:15-cv-01901-BEN-JLB Document 206-5 Filed 04/14/23 PageID.5852 Page 151 of 159

Page 2 of 10
2014 U.S. Dist. LEXIS 167563, *2

## MONETARY SANCTIONS TO BE AWARDED TO PLAINTIFFS

Zest IP Holdings, LLC, et. al. ("Plaintiffs") filed a motion for spoliation and discovery abuse sanctions ("Motion") against Implant Direct MFG., LLC, et al. ("Defendants"). (Dkt. No. 121.) The Magistrate Judge issued an Order & Recommendation ("O&R") granting in part and denying in part Plaintiffs' Motion. (Dkt. No. 312.) This Court [*3] adopted in part the Magistrate Judge's O&R, granted Plaintiffs' Motion, and took under submission the issue of a reasonable amount of sanctions to be awarded to Plaintiffs due to Defendants' discovery abuses. (Dkt. No. 440.) Based on the parties' briefs, supporting documentation, and the applicable law, the Court determines that a reasonable amount of sanctions to be awarded to Plaintiffs is **$122,486.95**.

## Background

As set forth in prior orders in this case, this is a patent and trademark infringement action involving dental attachment products. (See Dkt. No. 1.) In the First Amended Complaint, Plaintiffs allege that the marketing and sale of the GoDirect and GPS products by Defendants infringes Plaintiffs' patent and trademark rights. (Dkt. No. 13, "FAC," at 12-13.) The patents at issue are U.S. Patent No. 6,030,219 ("the '219 Patent") and U.S. Patent No. 6,299,447 ("the '447 Patent"). (Id.) Plaintiffs also allege Defendants infringed Plaintiffs' registered marks "ZEST" and "LOCATOR" without Plaintiffs' authorization, resulting in trademark infringement. (Id. at 13.) Plaintiffs allege several additional federal and state law claims, including false designation of origin, false advertising, unfair business practices, and unfair competition. (Id. at 13-17.)

On August 27, 2012, Plaintiffs filed a [*4] motion for spoliation and discovery abuses sanctions ("Motion") against Defendants. (Dkt. No. 121.) On October 5, 2012, Defendants filed an opposition to the Motion, (Dkt. No. 127), and Plaintiffs filed a reply in support of the Motion on October 12, 2012. (Dkt. No. 131.) Plaintiffs and Defendants each submitted supplemental briefs (Dkt. Nos. 192, 197), as well as supplemental declarations and joint statements (Dkt. Nos. 129, 151, 152, 160.) On October 19, 2012 and May 29, 2013, United States District Court Magistrate Judge Gallo ("Magistrate Judge") heard oral arguments on the Motion. (Dkt. Nos. 145, 228.)

On November 25, 2013, the Magistrate Judge issued an O&R, recommending that Plaintiffs' Motion be granted to the extent that Plaintiffs seek an adverse jury instruction, granting Plaintiffs' Motion to the extent that Plaintiffs seek monetary sanctions, and denying Plaintiffs' Motion to the extent that Plaintiffs seek a default judgment. (Dkt. No. 312 at 24.) The Magistrate Judge also ordered Plaintiffs to "file with the Court substantiation of the reasonable attorneys' fees and costs associated with (1) the time spent by Plaintiffs in bringing Defendants' spoliation of evidence to [*5] the Court's attention, (2) bringing the current Motion, and (3) obtaining destroyed documents from third parties." (Id.)

On December 31, 2013, pursuant to the O&R, Plaintiffs filed a statement of costs and fees ("Statement of Costs") associated with their Motion for sanctions against Defendants. (Dkt. No. 325.) On January 14, 2014, Defendants filed a reply, objecting to the Statement of Costs. (Dkt. No. 334.)

On June 16, 2014, this Court issued an order adopting in part the Magistrate Judge's recommendation for monetary sanctions and granting Plaintiffs' Motion for monetary sanctions due to Defendants' discovery abuses.[1] (Dkt. No. 440 at 30.) Pursuant to that order, this Court took under submission the issue of a reasonable amount of monetary sanctions to be awarded to Plaintiffs consistent with the Court's findings, stating that a

---

[1] The Court declined to award monetary sanctions for Defendants' spoliation of evidence. (Dkt. No. 440 at 27.) The Court noted that it was granting monetary sanctions on a different ground than the Magistrate Judge. (Id. at 30 n.8.)

written order would be issued setting forth that amount. (Id.)

## Discussion

In the Statement of Costs, Plaintiffs seek reimbursement of $213,983.25 [*6] in fees and $10,728.43 in costs, or a total amount of $224,711.68. (Dkt. No. 325 at 7-8.) In particular, Plaintiffs seek fees of $213,983.25 in connection with: (1) investigating Defendants' spoliation through failure to preserve documents and destruction of documents; (2) researching, writing, and filing papers associated with the instant Motion; (3) reviewing documents produced by Defendants after Plaintiffs filed the instant Motion; (4) preparing for and traveling to hearings on the instant Motion held on October 19, 2012 and May 29, 2013; and (5) obtaining spoliated documents from third parties. (Id. at 7.) Plaintiffs also seek reimbursement of costs of $10,728.43 for filing fees, travel expenses to attend hearings, legal research, and document reproduction. (Id. at 8.)

In support of their requests, Plaintiffs provide billing records indicating a general description of the work performed, the dates on which the work was performed, the amount of time spent on each date, and which attorney performed the work. (Dkt. No. 325, Ferri Decl., Exs. 1-2.) Plaintiffs discount the hours by 20% "in those entries where multiple tasks are described at least one of which is unrelated" to Plaintiffs' instant Motion. [*7] (Id. at 3-4.) Plaintiffs argue that the hours they seek reimbursement for are reasonable, particularly because "[t]he fact that a sophisticated entity like [Plaintiffs] has paid the fees incurred, including long before any sanctions order was entered, is powerful evidence that the number of hours are reasonable." (Id. at 4.) In assessing the prevailing market rates in the relevant community, Plaintiffs present statistical evidence of all patent infringement actions filed in this District between January 2013 and November 2013, including who served as lead counsel in those actions. (Id. at 4-5.)

Plaintiffs conclude that "multi-state/national law firms that practice patent litigation in this District" constitute the relevant community, and that Mayer Brown's hourly rates are consistent with the hourly rates among the relevant community. (Id. at 5-6.)

In objecting to the Statement of Costs, Defendants argue that: (1) the award of fees by the Magistrate Judge was improper because Defendants did not act in bad faith; (2) Plaintiffs' fee requests are unreasonable and should be reduced; and (3) Plaintiffs' requests for out-of-pocket expenses are unreasonable. (Dkt. No. 334.) As to the unreasonableness of the requested fees, Defendants [*8] argue that Plaintiffs request fees for time that is not authorized by the Recommendation: $26,515.00 for preparing the Statement of Costs, and $33,755.00 for other unauthorized activities. (Id.) Next, Defendants argue that this Court should deny excessive and duplicate attorney time sought by Plaintiffs by reducing the award by $5,805.00, the amount spent by attorney Manuel Velez in preparing for and attending the oral hearings, as well as reducing the award based on Plaintiffs' quarter-hour billing practice. (Id.) Finally, Defendants contend that this Court should not grant fees for time that was block-billed by Plaintiffs' attorneys and should instead deny the total $43,885.75 of block-billed fees or, alternatively, reduce the block-billed entries by 50%. (Id.)

As for the requested costs, Defendants argue that seeking to recover travel expenses for two attorneys is generally considered duplicative and unreasonable, and request that this Court either deny the total $6,697.50 of travel-related expenses or award travel expenses only for one attorney's attendance at the October 19, 2012 hearing: $1,735.82. (Id.)

Overall, Defendants seek to reduce the amount of attorney's fees awarded to [*9] Plaintiffs by at least $116,658.25, representing a reduction of: $26,515.00 for preparing the fee petition; $33,755.00 for other activities not authorized by the

Recommendation; $43,885.75 for block-billed entries; $5,805.00 for excessive or duplicate time; and $6,697.50 for unreasonable travel expenses. (Id.) Defendants also contend that a further reduction of 20% is warranted on the basis of Plaintiffs' quarter-hour billing practice. (Id.)

## A. Bad Faith

In objecting to the Statement of Costs, Defendants first argue that the Magistrate Judge improperly awarded fees because Defendants did not act in bad faith. (Dkt. No. 334 at 2-3.) According to Defendants, the Ninth Circuit requires a finding of bad faith for an award of monetary damages pursuant to the court's inherent authority, and the Magistrate Judge did not specifically find that Defendants acted in bad faith. (Id. at 2.) However, this Court, by order issued June 16, 2014, explicitly found that Defendants "acted in bad faith to impede and delay the discovery process." (Dkt. No. 440 at 30.) Because this Court found that Defendants acted in bad faith, Defendants' first argument fails.

## B. Reasonableness of Fees Requested by Plaintiffs

Plaintiffs [*10] seek attorneys' fees in the amount of $213,983.25. (Dkt. No. 325 at 7.) Defendants argue that the requested fees are unreasonable and excessive.

In the Ninth Circuit, courts calculate an award of attorneys' fees using the lodestar method, multiplying "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008) (internal quotation marks omitted). The burden is on the fee applicant to demonstrate that the number of hours spent were "reasonably expended" and that counsel made "a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S. Ct. 1933, 76

L. Ed. 2d 40 (1983). Further, the fee applicant bears the burden to "submit evidence supporting the hours worked and rates claimed[.]" Id. at 433. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Id. "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citing Blum v. Stenson, 465 U.S. 886, 892 n.5, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984); Toussaint v. McCarthy, 826 F.2d 901, 904 (9th Cir. 1987)).

The district [*11] court has wide discretion in determining the reasonableness of attorney's fees. Gates, 987 F.2d at 1398. "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). Once the lodestar figure is determined, it may be adjusted to account for reasonableness of the time expended based on a weighing of the following factors:"(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5)the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." Ballen v. City of Redmond, 466 F.3d 736, 746 (9th Cir. 2006) (quoting McGrath v. County of Nevada, 67 F.3d 248, 252 (9th Cir. 1995)); see also Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975).

In subsequent case law, the Ninth Circuit has held that the issue of whether the fee **[\*12]** is fixed or contingent is no longer a valid factor to consider in determining reasonable attorney's fees. In re Bluetooth Headset Prods. Liab. Litig., 654 F.3d 935, 942 n.7 (9th Cir. 2011).

Nonetheless, once calculated, the lodestar amount is presumptively the reasonable fee amount. Van Gerwen v. Guarantee Mut. Life Ins., 214 F.3d 1041,1045 (9th Cir. 2000). A multiplier may then be used to adjust the lodestar amount upward or downward only in "'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts" that the lodestar amount is unreasonably low or unreasonably high. Id. (citations omitted).

## 1. Reasonably Hourly Rate

Plaintiffs seek an hourly rate of between $170 per hour and $895 per hour depending on the particular attorney or paralegal. Specifically, Plaintiffs seek an hourly rate of $850-$895 for their lead counsel, Lisa Ferri; $725 per hour for attorneys John Molenda and Brian Nolan; $590-$695 for attorney Manual Velez;$565 per hour for attorney Neil DuChez; $360-$420 per hour for attorney Megan Levine; $240 per hour for paralegal David West; and $170 per hour for paralegal Benedict Moshier. (Dkt. No. 325 at 7.) Defendants do not challenge the reasonableness of Plaintiffs' hourly rates. (Dkt. No. 334.)

To determine the appropriate lodestar amount, the reasonableness **[\*13]** of the hourly billing rate must be assessed. Blum v. Stenson, 465 U.S. 886, 896 n.1(1984, 104 S. Ct. 1541, 79 L. Ed. 2d 891). Courts look to the prevailing market rates in the relevant community for similar work by attorneys of comparable skill, experience, and reputation. Camacho, 523 F.3d at 979. Generally, the relevant community is the "forum in which the district sits." Id. The moving party has the burden to produce "satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line

with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987). Affidavits by the plaintiff's counsel and other counsel concerning the prevailing fees in the community, and rate determination in other cases, are satisfactory evidence of the prevailing market rate. United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990).

With respect to the attorneys' rates, Plaintiffs present evidence of the reasonableness of the rates charged in their Statement of Costs and affidavit of their lead counsel, Lisa Ferri. (Dkt. Nos. 325, 325-1, Ferri Decl.) To determine the relevant community, Plaintiffs searched on Pacer for all patent infringement actions filed in this District between January 2013 and November 2013, including who served as lead counsel for the parties in those **[\*14]** actions. (Dkt. No. 325 at 4-5.) Based on the finding that at least one party was represented by a multi-state/national law firm in 31 of 39, or 80%, of all patent infringement actions filed, Plaintiffs conclude that the relevant community consists of multi-state/national law firms that practice patent litigation in this District. (Id. at 5.) Plaintiffs note that Mayer Brown, the firm that represents them, is a multi-state/national law firm that practices patent litigation in this District and has represented defendants in two of the actions filed in this District over the past year. (Id.) Plaintiffs further note that, due to Mayer Brown's outstanding reputation in patent litigation, Lisa Ferri was retained as counsel in lawsuits both in this District and in the Central District of California. (Id.) According to Plaintiffs, Lisa Ferri billed using a similar scale of hourly rates in one of the other lawsuits in this District. (Id. at 5-6.)

Plaintiffs present sufficient evidence to show that Mayer Brown's hourly rates are consistent with the hourly rates charged by other multi-state/national law firms practicing patent litigation in this District. (Dkt. No. 325 at 6.) In particular, the 2013 National Law **[\*15]** Journal Billing Survey ("NLJ Survey")

includes billing data for 21 law firms that Plaintiffs identified as lead counsel of parties in actions filed in this District from January 2013 to November 2013. (Id.) Plaintiffs note that Mayer Brown's rates fall within the ranges reported for those firms; for instance, Mayer Brown's $775 average billing rate for partners is consistent with the average range of $515-$900 for partners among the 21 listed firms, and Mayer Brown's $543 average associate billing rate is consistent with the average range of $256-$622 for associates among the 21 listed firms. (Id.) Based on the above, the Court finds that the attorney rates charged by Plaintiffs are reasonable.

As to the paralegal rates, Plaintiffs state that Mayer Brown billed $240 per hour for Mr. West and $170 per hour for Mr. Moshier. (Id. at 7.) The affidavit of Lisa Ferri indicates that those rates were "the usual and customary billing rate[s] for Mayer Brown's national practice, which includes regular practice in this District and throughout California." (Dkt. No. 325-1, Ferri Decl., at 5-6.) However, Plaintiffs have not presented any evidence to support that the paralegal rates sought represent the prevailing [*16] rates in the Southern District of California. With the absence of any evidence as to the background and experience of the paralegal, the Court is unable to determine the prevailing rate. See J&J Sports Prods., Inc. v. Diaz, 12cv1106-W(WMC), 2014 U.S. Dist. LEXIS 55858, 2014 WL 1600335, at *3 (S.D. Cal. Apr. 18, 2014). In Brighton Collectibles, Inc. v. Coldwater Creek Inc., 06cv1848-H(POR), 2009 U.S. Dist. LEXIS 4005, 2009 WL 160235, at *4 (S.D. Cal. Jan. 20, 2009), the court concluded that $90 to $210 per hour was reasonable for paralegal work. However, $90 to $210 per hour is a wide range depending on the education, skill and experience of the particular paralegal. Therefore, because insufficient facts were presented as to the paralegal hourly rate, the Court DENIES Plaintiffs' request for reimbursement of paralegal fees.

In sum, the Court concludes that Plaintiffs' hourly rates for attorneys are reasonable, but the paralegal hourly rate is not. Accordingly, the Court

EXCLUDES the paralegal total amount of **$2,008.00**.

## 2. Hours Reasonably Expended

The moving party bears the burden of documenting the appropriate hours spent in the litigation and submitting evidence in support of the hours worked. Hensley, 461 U.S. at 433. Counsel should exclude hours that are "excessive, redundant or otherwise unnecessary." Id. at 434. The Court should decrease the hours that were not "reasonably expended." [*17] Id. The opposing party must provide "submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." Gates, 987 F.2d at 1397-98 (citing Blum, 465 U.S. at 892 n.5); McGrath, 67 F.3d at 255 (citations omitted) (there must be evidence to challenge the accuracy and reasonableness of the hours charged). The party opposing fees must specifically identify defects or deficiencies in the hours requested; conclusory and unsubstantiated objections are insufficient to warrant a reduction in fees. Cancio v. Fin. Credit Network, Inc., No. C04-03755 THE, 2005 U.S. Dist. LEXIS 13626, 2005 WL 1629809, at *3 (N.D. Cal. July 6, 2005).

Even if the opposing party has not objected to the time billed, the district court "may not uncritically accept a fee request," but is obligated to review the time billed and assess whether it is reasonable in light of the work performed and the context of the case. Common Cause v. Jones, 235 F. Supp. 2d 1076, 1079 (C.D.Cal. 2002) (citing Sealy, Inc. v. Easy Living, Inc., 743 F.2d 1378, 1385 (9th Cir. 1984)); see also McGrath, 67 F.3d at 254 n.5 (noting that court may not adopt prevailing party's representations without conducting an independent review of the fee application). When the district court makes its award, it must provide a "concise but clear" explanation of its reasons. Hensley, 461 U.S. at 437. While the court is not required [*18] to rule on each of the defendants' specific

Case 3:15-cv-00043-SI-BLM Document 206-5 Filed 04/04/23 PageID.6852 Page 7 of 10
Case 3:15-cv-00043-SI-BLM Document 206-5 Filed 04/04/23 PageID.6852 Page 356 of 359
Page 7 of 10
2014 U.S. Dist. LEXIS 167563, *18

objections, it is required to provide some indication of how it arrived at the amount of fees in order to enable meaningful appellate review. <u>Gates</u>, 987 F.2d at 1398, 1400.

Defendants argue that Plaintiffs' requested fees are excessive for three reasons: (1) Plaintiffs seek reimbursement of fees for activities not authorized by the Magistrate Judge's O&R; (2) Plaintiffs seek reimbursement for excessive and duplicate attorney time on account of two attorneys' preparation for and attendance at hearings on this Motion, as well as Plaintiffs' quarter-hour billing practice; and (3) Plaintiffs seek reimbursement for block-billed time. (Dkt. No. 334.)

### a. Time Not Authorized by the Recommendation

First, Defendants argue that Plaintiffs include in their fee request time that is not authorized by the Recommendation: $26,515.00 for fees spent by Plaintiffs in preparing their Statement of Costs, and $33,755.00 for fees spent on other activities. (Dkt. No. 334 at 3-4.) The Magistrate Judge's O&R states: "Defendants shall reimburse Plaintiff[s] the reasonable attorneys' fees and costs associated with(1) the time spent by Plaintiffs in bringing Defendants' misconduct to the Court's attention, (2) **[*19]** bringing the instant Motion, and (3) obtaining destroyed documents from third parties. Plaintiffs shall submit a request for a specific amount of fees and costs, with evidentiary support, for the Court's consideration." (Dkt. No. 312 at 23.)

The Court agrees with Defendants that the $26,515.00 spent by Plaintiffs in preparing the Statement of Costs is not explicitly authorized by the Magistrate Judge's O&R. The Court therefore GRANTS Defendants' objection to the **$26,515.00** incurred in preparing the Statement of Costs.

As for the fees incurred by Plaintiffs in connection with other activities, (Dkt. No. 334-2, Taheri Decl., Ex. 1), Defendants claim that the total amount of fees not authorized by the Recommendation is $33,755.00. (<u>Id.</u>) Defendants dispute seventeen

billing entries related to: searching for and compiling public documents and materials; reviewing and analyzing deposition transcripts; searching and reviewing certain online sources; drafting a letter to Defendants regarding missing documents; and reviewing and analyzing documents produced by Defendants after Plaintiffs brought the Motion for Sanctions pursuant to the January 24, 2013 order. (<u>Id.</u>) Defendants object to these **[*20]** entries on the ground that, based on the Magistrate Judge's O&R, Plaintiffs are not authorized to recover fees for those activities, including, for example, reviewing documents and deposition transcripts. (Dkt. No. 334 at 4.) The Court concludes that Plaintiffs have not met their burden of showing that the disputed activities fall within the scope of authorization. See <u>Hensley</u>, 461 U.S. at 434. The Court therefore GRANTS Defendants' request for a reduction of fees in the amount of **$33,755.00**.

### b. Excessive and Duplicate Attorney Time

Second, Defendants argue that this Court should deny excessive and duplicate attorney time sought by Plaintiffs. (Dkt. No. 334 at 5.) Specifically, Defendants contend that the Court should reduce the award by $5,805.00, the amount spent for attorney Manuel Velez's preparation for and attendance at the oral hearings on October 19, 2012 and May 29, 2013. (<u>Id.</u>) Defendants claim that both Lisa Ferri and Manuel Velez attended every hearing on the present matter and that, while Lisa Ferri conducted the vast majority of the oral argument, Manuel Velez's participation was minimal. (<u>Id.</u>)

"Counsel for the prevailing party should make a good faith effort to exclude from a fee **[*21]** request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." <u>Hensley</u>, 461 U.S. at 434. However, "necessary duplication—based on the vicissitudes of the litigation process—cannot be a

Case 3:15-cv-01049-BEN-SB Document 264-6 Filed 04/04/22 PageID 9282 Page 8 of 10
Case 3:15-cv-01049-BEN-SB Document 206-5 Filed 04/13/22 PageID 6352 Page 357 of 359
2014 U.S. Dist. LEXIS 167563, *21

legitimate basis for a fee reduction. It is only where the lawyer does unnecessarily duplicative work that the court may legitimately cut the hours." Moreno v. City of Sacramento, 534 F.3d 1106, 1113 (9th Cir. 2008). Here, Plaintiffs have not met their burden to establish that Manuel Velez's preparation for and attendance at the hearings was necessary. Therefore, the Court GRANTS Defendants' request for a reduction of fees in the amount of **$5,805.00** for duplicate attorney time.

Defendants also request an overall award reduction based on Plaintiffs' quarter-hour billing practice. (Dkt. No. 334 at 5.) Defendants claim that Plaintiffs' practice of billing in quarter-hour increments artificially inflates their hours, and that courts in the Ninth Circuit have criticized that practice for its tendency to cause excessive billing. (Id.) For instance, Defendants cite Welch v. Metro. Life Ins. Co., 480 F.3d 942, 949 (9th Cir. 2007), where the Ninth Circuit upheld the district court's 20% across-the-board reduction on requested hours billed in quarter-hour **[*22]** increments. The Ninth Circuit in Welch recognized that the district court expressly correlated its reduction to the opposing party's actual over-billing. "Having reviewed the firm's summary time sheet, the court found the hours were inflated because counsel billed a minimum of 15 minutes for numerous phone calls and e-mails that likely took a fraction of the time. Our own review of the time sheet confirms that it is replete with quarter-hour or half-hour charges for the drafting of letters, telephone calls and intra-office conferences." Id. Defendants also cite World Triathalon Corp. v. Dunbar, 539 F. Supp. 2d 1270, 1286 (D. Haw. 2008),where the district court applied a 10% reduction for quarter-hour billing. In Dunbar, "[t]he billing statements [were] replete with quarter-hour and half-hour entries for phone calls, communications with the Court, conferences, and communications with co-counsel, which likely took a fraction of the time billed." The district court in Dunbar further justified its reduction on the ground that the billing practice "likely resulted in requests for excessive hours with respect to the other billings because of the large fractional increments." Id.

Here, the Court finds that Plaintiffs' quarter-hour billing practice, in general, likely **[*23]** resulted in some requests for excessive hours. For instance, Plaintiffs seek reimbursement for discussions and meetings with co-counsel, drafting an email to co-counsel, participating in conference calls with co-counsel, and attending a client conference. (Dkt. No. 334-1, Taheri Decl., Ex. 1). These activities are analogous to those in the cases cited above and likely took only a fraction of the time billed. The Court therefore GRANTS Defendants' request and REDUCES Plaintiffs' total fee award by **20%**.

### c. Fees for Block-Billed Time

Third, Defendants contend that this Court should not grant fees for time block-billed by Plaintiffs' attorneys and thus should either deny the total $43,885.75 of block-billed fees or reduce the block-billed entries by 50%. (Dkt. No. 334 at 6-8.) Defendants cite several cases for the proposition that block billing "makes it difficult to apportion fees between tasks that are allowed for recovery (e.g., those related to the Motion for Sanctions) and tasks that are not" and "makes it more difficult to determine whether the amount of time spent on a particular task was reasonable." (Id. at 6.) Here, Plaintiffs discounted their hours by 20% "where multiple tasks are described **[*24]** at least one of which is unrelated to [Plaintiffs'] Motion for Sanctions." (Dkt. No. 325 at 3-4.) In support, Plaintiffs cite Antoninetti v. Chipotle Mexican Grill, Inc., 2012 U.S. Dist. LEXIS 99821, 2012 WL 2923310, at *3 (S.D. Cal. July 17, 2012),where the Court reduced the number of block-billed hours by 20%. (Id. at 4.)

Defendants object on the grounds that Plaintiffs apply a 20% discount to counter the problems involving correct apportionment of block billed time, but Antoninetti reduced block-billed fees by 20% because the practice of block billing "may increase time by 10% to 30%." (Dkt. No. 334 at 7) (citing Antoninetti, 2012 U.S. Dist. LEXIS 99821,

2012 WL 2923310, at *3) (quoting Welch, 480 F.3d at 949). Therefore, according to Defendants, "*Antoninetti* reduced the number of hours expended by a percentage to account for the difficulty of ascertaining the *reasonableness* of the time expended, not the *apportionment*." (Dkt. No. 334 at 7.) Further, Defendants cite several cases to show that courts have used their discretion to strike block-billed time entirely or reduce such time by 50% where block-billed entries make it impossible to determine which hours were spent on activities for which recovery was authorized. (Id.)

In the instant case, the Court finds that Plaintiffs' own 20% reduction of block-billed hours is appropriate, and a further reduction is unwarranted. **[*25]** In Welch, 480 F.3d at 948, the district court applied an across-the-board reduction of 20% on the requested hours because the party had block-billed some of its hours. The Ninth Circuit noted that the district court arrived at that percentage as a "middle ground" based on a report by the California State Bar's Committee on Mandatory Fee Arbitration, which determined that block billing may increase time by 10% to 30%. Id. The Ninth Circuit acknowledged that the district court had the authority to reduce block-billed hours, but held that it erred in applying an across-the-board reduction because not all of the hours were block-billed in that case. Id. Here, Plaintiffs have already discounted their block-billed hours by 20%, which is reasonable in light of the range of 10% to 30% set forth in the California State Bar's report. Moreover, Plaintiffs have not applied a reduction to all requested hours; rather, they have properly limited the reduction to hours that were actually block-billed. Defendants' argument that Plaintiffs confuse the remedy for two distinct problems caused by block billing (i.e., reasonableness and apportionment) is unavailing. In both Antoninetti, 2012 U.S. Dist. LEXIS 99821, 2012 WL 2923310, at *3, and Welch, 480 F.3d at 949, a 20% reduction on block-billed hours was warranted, **[*26]** and that is precisely the method that Plaintiffs have applied in the instant case. Thus, the Court DENIES Defendants' request to strike block-billed entries in their entirety or, in the alternative, to reduce block-billed entries by 50%.

### C. Reasonableness of Costs Requested by Plaintiffs

As to costs, Defendants argue that Plaintiffs have failed to explain why it was necessary for two attorneys to travel to California to attend every hearing, and that seeking to recover travel expenses for two attorneys is generally considered duplicative and unreasonable. (Dkt. No. 334 at 8-9.) Defendants cite case law for the proposition that "[c]ourts are especially reluctant to award fees for traveling to a hearing where an insufficient showing has been made that local counsel alone could not have attended and/or the out-of-state counsel could not have attending telephonically." (Id. at 9.) Defendants request that this Court either deny entirely $6,697.50 of travel-related expenses or award travel expenses for only one attorney to attend the October 19, 2012 hearing, amounting to $1,735.82. (Dkt. No. 334 at 8-9.)

With respect to long-distance travel for out-of-state attorneys, courts generally do not allow fees for **[*27]** such time absent a showing that recovering for travel time is customary in the particular facts of the case. See Comcast of Ill. X, LLC v. Jung Kwak, 2010 U.S. Dist. LEXIS 105809, 2010 WL 3781768, at *6-7 (D. Nev. Sept. 17, 2010); see also Jankey v. Beach Hut, 2006 U.S. Dist. LEXIS 96365, 2006 WL 4569361, at *4-5 (C.D. Cal. Dec. 19, 2006). Courts are especially reluctant to award fees for traveling to a hearing where an insufficient showing has been made that local counsel alone could not have attended and/or the out-of-state counsel could not have attended telephonically. See, e.g., Comcast, 2010 U.S. Dist. LEXIS 105809, 2010 WL 3781768, at *7; Stanford v. Ocwen Fed. Bank, FSB, 2012 U.S. Dist. LEXIS 1878, 2012 WL 37383, at*2 (E.D. Cal. Jan. 26, 2012) (reducing fees for travel time where telephonic appearance was possible). That reluctance reflects the Court's need to guard against

2014 U.S. Dist. LEXIS 167563, *27

awarding "self-imposed and avoidable" fees. <u>Comcast</u>, 2010 U.S. Dist. LEXIS 105809, 2010 WL 3781768, at *5. Here, Plaintiffs have not established that recovery for attorney travel time is customary under the particular facts of the case. However, the Court does not find that Plaintiffs, by sending one attorney to attend the hearing, incurred fees that were "self-imposed" or "avoidable." <u>See id</u>. The recovery of travel expenses for both attorneys here is more questionable. Therefore, the Court GRANTS Defendants' request to reduce travel expenses to **$1,735.82**, the amount spent to send one attorney to attend the October 19, 2012 hearing.

Based on the above, the following amounts have been excluded from the total of $224,711.68 sought: (1) $2,008.00 **[*28]** for paralegal fees; (2) $26,515.00 for preparing Statement of Costs; (3) $33,755.00 for other non-recoverable activities;(4) $5,805.00 for duplicate attorney time; (5) $29,180.05[2] for quarter-hour billing; and (6) $4,961.68[3] for travel expenses. Therefore, the amount of fees and costs totals **$122,486.95**.

## D. Lodestar Adjustment

Neither party has raised the issue that the lodestar should be adjusted upward or downward based on the <u>Kerr</u> factors. The Court concludes that this is not a rare and exceptional case supporting an adjustment and declines to adjust based on the <u>Kerr</u> factors. <u>See Van Gerwen</u>, 214 F.3d at 1045.

## CONCLUSION

Based on the above, the Court awards Plaintiffs monetary **[*29]** sanctions in the amount of **$122,486.95**.

**IT IS SO ORDERED**.

DATED: December 3, 2014

/s/ Gonzalo P. Curiel

HON. GONZALO P. CURIEL

United States District Judge

---

**End of Document**

---

[2] The Court calculated $29,180.05 as follows. The Court awarded a 20% overall reduction in fees based on quarter-hour billing. The total fees were $145,900.25 after excluding the following from the $213,983.25 in fees sought: (1) $2,008.00 for paralegal fees; (2) $26,515.00 for preparing Statement of Costs; (3) $33,755.00 for other non-recoverable activities; and (4) $5,805.00 for duplicate attorney time. Twenty percent of $145,900.25 is $29,180.05.

[3] The Court calculated $4,961.68 by subtracting $1,735.82 from total travel expenses of $6,697.50.