Danielle R. Pena, Esq. (SBN 286002)
PHG Law Group
501 W. Broadway, Suite 1480
San Diego, California 92101
Telephone: (619) 826-8060
Facsimile: (619) 826-8065
E-Mail: dpena@phglawgroup.com

Joseph M. McMullen, Esq. (SBN 246757)
Law Offices of Joseph M. McMullen
501 W. Broadway, Suite 1510
San Diego, California 92101
Telephone: (619) 501-2000
Facsimile: (619) 615-2264
E-Mail: joe@jmm-legal.com

*Attorneys for Plaintiffs*

# UNITED STATE DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF RONNIE PAUL SANDOVAL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SAN DIEGO; ROMEO DEGUZMAN; MARIA LLAMADO; and DANA HARRIS, <br><br> Defendants. | Case No. 16cv1004-BEN-SBC <br><br> **DECLARATION OF ATTORNEY JOSEPH MCMULLEN IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY FEES** |

I, Joseph M. McMullen, declare:

1. I am co-lead trial counsel for Plaintiff in the above-captioned action.

2. I was admitted to the State Bar of California in 2006 and have been a member in good standing ever since that time. I am admitted in the Central, Eastern, Northern, and Southern Districts of California, the Eastern District of Michigan, as well as the Sixth and Ninth Circuit Courts of Appeals. I have litigated cases in federal courts in California, Michigan, Nevada, and Texas, serving as lead or co-lead counsel in over

300 federal civil and criminal cases, including twenty-four federal trials in the Central, Eastern, Northern, and Southern Districts of California, and the District of Nevada.

3. I am the founding principal of the law firm the Law Offices of Joseph M. McMullen. The matters stated herein are stated of my own personal knowledge, except for any matters expressly stated on information and belief, which matters I believe true. I make this declaration in support of Plaintiff's application for an award of attorneys' fees and costs.

4. In this declaration, I set forth first a brief description of my background and professional experience before describing my work in this case.

5. I graduated with honors from Pomona College in May 2000 with a B.A. in Economics. After graduating, I joined Bain & Company, a top global management consultancy headquartered in Boston, Massachusetts that provides strategic advice to public, private and non-profit organizations, including several Fortune 500 companies. As an associate at Bain & Company, I worked directly with C-suite level officers and other managers of successful and well-known multinational corporations.

6. After the September 11th terrorist attacks and its aftermath, including the enactment of the USA Patriot Act, concerns about protecting our nation lead me to change course and matriculate at the University of Virginia School of Law. While at UVA Law, I received the "Best First-Year Oral Advocate Award," served on the Moot Court Executive Board, obtained a grant of asylum by an Immigration Judge in a contested hearing on behalf of a Cameroonian refugee tortured by members of the gendarmerie, and successfully argued an appeal before the United States Court of Appeals for the Fourth Circuit resulting in a published decision favorable to plaintiffs in lawsuits involving the Prison Litigation Reform Act. *Green v. Young*, 454 F.3d 405 (4th Cir. 2006).

7. In 2006, after graduating from UVA Law and passing the California Bar, I began work at Federal Defenders of San Diego, Inc as a trial attorney. I worked at Federal Defenders for four years, litigating federal constitutional issues in the Southern District of California and the Ninth Circuit Court of Appeals. While at Federal

Defenders from 2006 to 2010, I was recognized for my trial advocacy skills, holding the distinction of avoiding any conviction in 70% of my federal jury trials. In addition to my caseload as a trial attorney, I also trained other trial attorneys and contributed to the publication, "Defending a Federal Criminal Case," which was distributed to federal defenders and CJA attorneys throughout the United States. Since 2006, I have litigated in federal courts issues related to the violation of constitutional rights in over two hundred cases.

8. In 2010, I joined Seltzer Caplan McMahon Vitek, one of San Diego's top law firms with over 60 attorneys in its San Diego office. The vast majority of my practice at SCMV involved federal litigation in U.S. district courts, including complex civil litigation, federal white collar criminal litigation, and federal appointments as a member of the Criminal Justice Act panel for the Southern District of California (of which I was a member from 2010 through 2016).

9. In 2013, I left SCMV in good standing to open the Law Offices of Joseph M. McMullen, where I have focused almost exclusively on representing individuals in federal litigation involving the government – including federal civil rights, federal criminal, and federal securities civil litigation. The federal civil rights cases have involved 42 U.S.C. § 1983 constitutional cases, the Federal Tort Claims Act, and *Bivens* actions. My specialization in this area requires expertise in intricate and complex issues of immunity.

10. Throughout my eighteen-year legal career, I have served as lead or co-lead trial counsel in twenty-four high-stakes federal trials in the Southern District of California, the Northern District of California, and the District of Nevada, obtaining favorable jury verdicts for my clients in the majority of those trials. Of those twenty-four federal trials, seven have been federal civil trials asserting constitutional claims with complex immunity issues. The majority of my civil trials have resulted in verdicts in favor of my clients. Last year alone, I obtained three consecutive seven-figure verdicts in challenging federal civil rights trials as lead or co-lead counsel.

11. In 2014 and 2015, I served as an Adjunct Professor for the California Western School of Law's L.L.M. program in Trial Advocacy.

12. I have been recognized by the peer-reviewed publication SuperLawyers every year from 2015 through 2025.

13. Since 2013, I have been a member of the National Police Accountability Project (NPAP), the largest civil rights attorneys' organization in the country with around 600 attorney members litigating police misconduct cases. I currently serve on NPAP's Continuing Legal Education Committee. The Committee must formulate programming to teach some of the most successful and renowned attorneys in the country. In addition to serving on the committee, I have been a moderator of multiple NPAP seminars, and have been a featured speaker discussing how to leverage technology to improve trial advocacy.

14. My firm receives several calls and letters per month from citizens requesting that I represent them in different types of civil rights cases. The vast majority do not have the funds to pay for costs or attorneys' fees. Because of the complexity of the issues presented, the difficulties in proving these cases, the vigor with which they are defended and the time necessary to successfully pursue these claims, I must reject the vast majority of them. Police misconduct cases are notoriously difficult for plaintiffs. The risk in taking and pursuing cases like the instant case is great.

15. My firm often represents clients who are among the most vulnerable population of plaintiffs, who are unable to find attorneys willing to represent them. For example, I have represented and currently represent families of mentally ill decedents who died in custody from lack of care and/or violent attacks.

16. My firm is among the few firms in the community who are willing to undertake these cases for the above reasons. One of the reasons that so few attorneys are willing to undertake civil rights cases is the fact that they generally must be pursued on a contingent fee basis. This is true in the instant case. If plaintiffs do not prevail, their counsel does not get paid.

17. To effectively prosecute this cases, I had to commit a significant amount of time and expenses to this litigation on a contingency basis with absolutely no guarantee of being compensated at the end. I aggressively and vigorously prosecuted this case as soon as I was retained as co-counsel in anticipation of trial.

18. Leading up to and during trial, Ms. Peña and I divided the labor to most efficiently use our time and resources. When I was not addressing the jury or the Court, or examining witnesses, I used the majority of my in-court time to prepare the materials for our closing arguments.

19. Attached as Exhibit 1 are my timesheets setting forth the reasonable hours I have expended in this matter. All of my time was logged contemporaneously into an electronic database from which records were carefully compiled. The records were entered at the time work was performed. Further, all hours sought to be reimbursed were actually expended in every respect. My rates are not adjusted to account for the contingent nature of this case, the quality of the result obtained, or the expected delay in payment.

20. I reviewed Exhibit 1 and eliminated any hours related to administrative tasks that did not require attorney expertise.

21. As set forth in Exhibit 1, I have reasonably expended 428.2 hours in this matter.

22. Based on Carol Sobel, Esq.'s experience and understanding of the market rate for similarly situated civil rights attorneys in the San Diego area, and in conjunction with my experience and skillset, my hourly rate of $975.00 per hour is reasonable.

23. Thus, based on my reasonable rate and the reasonable hours I expended on this matter, my fee incurred in this case is $417,495.00.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2nd day of April, 2025, in San Diego, California.

Dated: April 2, 2025                  /s/ Joseph M. McMullen
                                      Joseph M. McMullen

5

# McMULLEN DECLARATION: EXHIBIT 1

# INVOICE

**Law Offices of Joseph M. McMullen**

From | Law Offices of Joseph M. McMullen
501 W. Broadway, Suite 1510
San Diego, CA 92101
Tel: 619-501-2000
Fax: 619-615-2264
joe@jmm-legal.com

Invoice For: **Estate of Ronnie Sandoval**

Invoice ID: 10126
Issue Date: 02/24/2025
Due Date: 02/24/2025 (Upon Receipt)

| Description | Hours / Quantity |
|---|---|
| 06/14/2022 - In-person conference with D. Pena regarding representation of Plaintiffs. | 0.40 |
| 07/20/2022 - In-person conference with D. Pena regarding case strategy and next steps. | 0.50 |
| 08/02/2022 - Review and respond to email correspondence from D. Pena regarding discovery review and analysis; review correspondence and linked case materials from L. Pierce. | 0.20 |
| 10/12/2022 - Review and respond to email correspondence from D. Pena regarding discovery review and trial bifurcation. | 0.10 |
| 10/28/2022 - Analyze Court's order on motion to bifurcate trial; email correspondence with L. Pierce. | 0.30 |
| 11/03/2022 - Analyze reports of experts Falgiani, Geller, Geller Supplemental Report, Vontoure, Minns, Wild, and Wild Supplemental Report. | 2.40 |
| 11/15/2022 - In-person conference with D. Pena re trial strategy / themes / narrative conference. | 2.80 |
| 12/07/2022 - Video conference with D. Pena and client A. Sandoval; office conference with D. Pena regarding Pretrial Order and proposed meet and confer by County Counsel. | 0.80 |
| 12/08/2022 - Analyze deposition transcript of Defendant R. Guzman. | 4.00 |
| 12/09/2022 - Analyze deposition transcript of Defendant D. Harris. | 5.10 |
| 12/13/2022 - Analyze deposition transcripts of Defendant M. Llamado and Plaintiff A. Sandoval. | 4.70 |
| 12/14/2022 - Meet and confer with County Counsel and D. Pena; analyze deposition transcripts of Plaintiff R. Sandoval, Plaintiff J. Rodriguez, and witness M. Chavez. | 3.30 |
| 12/15/2022 - Review and draft edits to joint motion to continue trial. | 0.10 |
| 12/16/2022 - Analyze deposition transcript of witness M. Andrade. | 2.90 |

| | |
|---|---|
| 12/19/2022 - Analyze deposition transcript of witness S. Bautista. | 2.30 |
| 12/20/2022 - Analyze deposition transcripts of witnesses M. Castro and H. Castro. | 3.90 |
| 12/22/2022 - Draft email correspondence to all counsel regarding proposed withdrawal of continuance motion; Analyze deposition transcripts of witness N. Edge. | 2.90 |
| 12/23/2022 - Analyze deposition transcript of witness C. Estolano. | 3.50 |
| 12/27/2022 - Analyze deposition transcript of witness R. Shawcroft. | 3.30 |
| 01/23/2023 - Draft proposed edits to final pretrial order; draft email correspondence to County Counsel. | 0.60 |
| 01/30/2023 - Review email correspondence and proposed revisions of County Counsel to final pretrial order; draft response. | 0.20 |
| 02/06/2023 - Review final pretrial conference for pretrial conference; in-person conference with D. Pena; pretrial conference before Hon. Judge Benitez; conference with D. Pena regarding mediation. | 1.80 |
| 05/19/2023 - Review and draft response to email correspondence with County Counsel regarding mediation. | 0.10 |
| 06/07/2023 - Video conference with A. Sandoval, R. Sandoval, J. Rodriguez, D. Pena; research regarding verdict / settlement comps for mediation. | 1.90 |
| 06/08/2023 - Draft correspondence to County Counsel regarding mediation. | 0.10 |
| 06/12/2023 - Review correspondence with County Counsel F. Kish regarding mediation; correspondence with co-counsel; draft response to F. Kish. | 0.30 |
| 06/13/2023 - Analyze defense expert reports. | 1.50 |
| 06/22/2023 - In-person informal settlement conference with F. Kish and D. Pena at Starbucks, Intercontinental Hotel. | 0.50 |
| 06/28/2023 - Draft correspondence to F. Kish regarding mediation. | 0.10 |
| 06/30/2023 - Analyze plaintiffs' expert reports. | 0.60 |
| 07/05/2023 - Analyze document discovery bates 000 through 402; office conference with D. Pena regarding trial strategy, potential in limine motions, and division of labor; draft correspondence to F. Kish regarding mediation and anticipated County-affiliated trial witnesses; online investigation regarding prevalence of narcotics abuse by inmates at San Diego Central Jail. | 5.30 |
| 07/14/2023 - Review and draft proposed edits to mediation brief. | 0.30 |
| 07/20/2023 - Conduct legal research, analyze relevant discovery, draft and edit motion in limine to exclude decedent's criminal history and other negative character evidence. | 5.30 |
| 07/21/2023 - Conduct legal research, analyze relevant discovery, draft and edit motion in limine to exclude unnoticed expert opinions of lay witnesses regarding lethal dosage of methamphetamine. | 3.30 |
| 07/23/2023 - Conduct legal research, analyze relevant discovery, draft and edit motion in limine to exclude prior bad acts of surviving Plaintiffs. | 3.60 |
| 07/24/2023 - Telephonic status conference with Hon. Roger T. Benitez; Client conference and private mediation with Hon. Irma Gonzalez (ret.) at JAMS. | 7.60 |

| | |
|---|---|
| 07/28/2023 - Analyze defense motions in limine; draft correspondence to D. Pena regarding division of labor; review correspondence from F. Kish; conference with D. Pena; draft response to F. Kish. | 1.40 |
| 08/01/2023 - Research regarding decedent probation status as relevant to Fourteenth Amendment analysis. | 0.30 |
| 08/04/2023 - Research and draft opposition to motion in limine number 4 regarding expert testimony. | 9.60 |
| 08/07/2023 - Research and draft oppositions to defense motions in limine one and three; draft email correspondence to F. Kish regarding evidence of applicability of Fourteenth Amendment standard instead of Eighth Amendment standard. | 11.80 |
| 08/11/2023 - Research, outline, and draft replies to defense oppositions to in limine motions. | 4.20 |
| 08/14/2023 - Analyze, research and draft replies to oppositions to motions in limine 4 through 6. | 10.20 |
| 08/15/2023 - Analyze defense replies to motions in limine 1, 3, and 4. | 0.30 |
| 08/21/2023 - Research/analyze issue and draft correspondence regarding supplemental expert disclosure. | 0.30 |
| 10/03/2023 - Review final pretrial order as filed. | 0.30 |
| 10/24/2023 - Review defense filings regarding counsel change; research/investigation regarding new counsel. | 0.20 |
| 11/06/2023 - Office conference with D. Pena regarding division of labor regarding jury instructions, focus group potential juror research, proposed voir dire; draft client correspondence and research/ outline proposed voir dire questions. | 2.10 |
| 11/09/2023 - Analyze order on motions in limine; draft correspondence to co-counsel regarding next steps. | 0.40 |
| 12/01/2023 - Legal research regarding cause of action jury instructions and additional jury instructions in relevant cases. | 2.80 |
| 12/05/2023 - Office conference with D. Pena regarding jury instructions; legal research regarding conflicting damages instructions; draft additions and edits to proposed jury instructions. | 3.60 |
| 12/07/2023 - Review proposed jury instructions from D. Pena; and draft proposed edits to proposed jury instructions. | 0.60 |
| 12/07/2023 - Review proposed jury instructions from D. Pena; draft proposed edits to jury instructions; draft proposed voir dire questions. | 0.90 |
| 12/13/2023 - Telephone conference with D. Pena regarding settlement proposal; video conference with A. Sandoval and R. Sandoval. | 1.50 |
| 12/22/2023 - Analyze and draft response regarding trial witnesses to subpoena. | 0.20 |
| 01/02/2024 - Telephone conference with D. Pena. | 0.60 |
| 01/03/2024 - Review and draft edits to proposed conflict waiver addendum. | 0.20 |
| 01/04/2024 - Office conference with clients. | 3.50 |
| 01/09/2024 - Review expert reports in preparation for direct preparation meeting with Dr. Falgiani; videoconference with Dr. Falgiani. | 1.80 |

| | |
|---|---|
| 01/10/2024 - Review and draft response to email correspondence from County Counsel J. Martin. | 0.10 |
| 01/12/2024 - Office conference with D. Pena regarding dismissal of wrongful death causes of action; telephone conference with clients; office conference with D. Pena regarding division of labor on additional next steps: stipulation regarding dismissal of claims, expert document inquiry, outstanding client warrants; legal research regarding dismissal implications. | 2.70 |
| 01/13/2024 - Draft dismissal stipulation and correspondence to County Counsel. | 0.30 |
| 01/16/2024 - Review supplemental expert materials from expert G. Vontoure; video conference with G. Vontoure; review supplemental expert materials from Dr. Falgiani; analyze audio recordings of statements of witnesses DeGuzman, Floyd, Haney, Washington, Bautista, Costa, Harris, Llamado, Allan, and Vicier. | 4.80 |
| 01/17/2024 - Review order vacating jury trial date. | 0.10 |
| 01/26/2024 - Conference with counsel regarding status conference; draft joint motion regarding regarding status. | 0.30 |
| 02/20/2024 - Telephone conference with R. Sandoval and D. Pena. | 0.60 |
| 02/27/2024 - Review and draft correspondence regarding expert Dr. Falgiani. | 0.10 |
| 02/29/2024 - Office conference with D. Pena regarding division of labor on pretrial steps; draft edits to motion to dismiss wrongful death claim; draft revised proposed jury instructions, statement of case and verdict form. | 3.80 |
| 03/26/2024 - Analyze video surveillance evidence; identify clips for potential plaintiffs exhibits and witness impeachment. | 7.80 |
| 03/27/2024 - Analyze video surveillance evidence; identify clips for potential plaintiffs exhibits and witness impeachment; correspondence with opposing counsel regarding settlement. | 8.20 |
| 03/28/2024 - Analyze video surveillance evidence; identify clips for potential plaintiffs exhibits and witness impeachment. | 7.60 |
| 03/29/2024 - Prepare visual montage exhibit identifying key moments of Defendant DeGuzman shift | 6.90 |
| 03/30/2024 - Outline key evidence, standards and context for opening statement. | 3.80 |
| 04/01/2024 - Analyze defense trial exhibits; identify and outline key issues to address in response to defense theory. | 6.40 |
| 04/02/2024 - Outline and draft revisions to opening statement. | 2.80 |
| 04/03/2024 - Review email correspondence from Courtroom Deputy G. Rivera; correspondence with opposing counsel; identify and outline areas of evidentiary vulnerability and prejudice to be addressed in opening statement. | 3.90 |
| 04/04/2024 - Prepare exhibits for mock jury presentation; mock jury presentation at La Jolla Gateway; prepare proposed deposition depositions for Officer Andrade; videoconference with opposing counsel regarding jury instructions; revise jury instructions; draft joint motion to dismiss and proposed order. | 9.30 |
| 04/05/2024 - Revise opening statement based on focus group insight; outline closing statement and key evidence needed from each witness. | 5.60 |

| | |
|---|---|
| 04/06/2024 - Prepare cross examination chapters and review corresponding evidence for witness M. Chavez; prepare cross examination chapters and review corresponding evidence for witness Marylene Ibanez. | 9.80 |
| 04/07/2024 - Edit opening statement video montage; revise opening statement; outline closing statement. | 10.30 |
| 04/08/2024 - Prepare cross examination chapters and corresponding evidence for defendant Romeo DeGuzman. | 12.90 |
| 04/09/2024 - Prepare cross examination chapters and corresponding evidence for witness Shirley Bautista; Prepare cross examination chapters and review corresponding evidence for witness Henry Castro. | 7.70 |
| 04/10/2024 - Draft correspondence to County Counsel regarding meet and confer trial issues; meet and confer with counsel regarding items on agenda; confer with co-counsel regarding proposed evidentiary stipulations; review video of Harris deposition and prepare impeachment clips. | 8.00 |
| 04/11/2024 - Conference with county counsel regarding additional trial stipulations, including Castro prohibitions; analyze, discuss and propose Andrade deposition excerpt submissions; prepare revised trial exhibits. | 9.30 |
| 04/12/2024 - Correspondence with counsel C. Blaylock regarding stipulations; prepare cross examination chapters and corresponding evidence for defendant Dana Harris. | 10.30 |
| 04/13/2024 - In-person conference with client R. Sandoval;!Prepare cross examination chapters and review corresponding evidence for expert witness Falgiani. | 11.00 |
| 04/14/2024 - Revise, outline, and memorize opening statement; prepare jury selection materials; test audiovisual evidence; revise Chavez examination and materials. | 7.90 |
| 04/15/2024 - Jury trial before Hon. Judge Benitez (Day 1); revise Chavez and Ibanez examinations; prepare impeachment clips and materials; revise expert Falgiani examination. | 14.50 |
| 04/16/2024 - Jury trial before Hon. Judge Benitez (Day 2); draft revisions and prepare impeachment materials for defendant Romeo DeGuzman examination. | 14.80 |
| 04/17/2024 - Jury trial before Hon. Judge Benitez (Day 3); draft revisions and prepare impeachment materials for witness Shirley Bautista and defendant D. Harris. | 13.60 |
| 04/18/2024 - Jury trial before Hon. Judge Benitez (Day 4); draft revisions and prepare impeachment materials for defendant D. Harris examination. | 14.10 |
| 04/19/2024 - Jury trial before Hon. Judge Benitez (Day 5); conference with clients; analyze trial transcripts for closing statements. | 10.90 |
| 04/20/2024 - Review prior testimony of defense expert A. N; revise expert Minns examination; review materials and draft cross examination of C. White, C. Estolano, and T. Horning. | 12.00 |
| 04/21/2024 - Identify key trial exhibits, prepare demonstrative materials and draft closing argument. | 10.80 |
| 04/22/2024 - Jury trial before Hon. Judge Benitez (Day 6); analyze trial transcripts for closing statements; prepare for jury instructions conference; review materials and prepare cross examination materials for defense witnesses H. Castro, C. Costa, C. Clonts, and M. Bryan. | 13.40 |

| | |
|---|---|
| 04/23/2024 - Jury trial before Hon. Judge Benitez (Day 7); conference with clients; analyze trial transcripts for closing statements; prepare/revise demonstratives for closing; revise closing argument; outline and draft potential chapters for rebuttal closing; practice delivery of closing. | 15.80 |
| 04/24/2024 - Jury trial before Hon. Judge Benitez (Day 8); conference with clients. | 8.20 |
| 04/25/2024 - Jury trial before Hon. Judge Benitez (Day 9); conference with clients. | 2.50 |
| 02/22/2025 - Legal research regarding petition for attorneys fees; draft declaration in support of fee petition. | 1.40 |
| 02/24/2025 - Draft revisions to motion for attorneys fees. | 0.50 |
| **TOTAL ATTORNEY HOURS:** | **428.2** |