Danielle R. Pena, Esq., SBN 286002
dpena@morrislawfirmapc.com
PHG Law Group
501 West Broadway, Suite 1480
San Diego, CA 92101
Telephone: (619) 826-8060
Facsimile:  (619) 826-8065

Joseph M. McMullen, Esq., SBN 246757
joe@jmm-legal.com
Law Office of Joseph M. McMullen
501 West Broadway, Suite 1510
San Diego, CA 92101
Telephone: (619) 501-2000
Facsimile:  (619) 615-2264

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF RONNIE PAUL SANDOVAL and ANA SANDOVAL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, a Public entity; SAN DIEGO COUNTY JAIL, a Public Entity, and DOES 1 through 100;<br><br>Defendants. | Case No. 16cv1004-BEN<br><br>**DECLARATION OF TIMOTHY G. BLOOD IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES**<br><br>Date: March 31, 2025<br>Time: 10:30 a.m.<br>Courtroom 5a<br>Hon. Roger T. Benitez |

I, TIMOTHY G. BLOOD, declare:

1. I am the managing partner of the law firm Blood Hurst & O'Reardon, LLP, I have personal knowledge of the matters set forth in this declaration or believe them to be true based on facts and events made available to me and would be competent to testify as to them.

2. I am the 2015 President of the Consumer Attorneys of San Diego, a San Diego County specialty bar organization comprised of approximately 1,000 attorneys representing primarily plaintiffs with some members representing criminal defendants. Ms. Pena is a member of CASD. I am also the 2015 Secretary of the Consumer Attorneys of California, a statewide trade association of approximately 3,000 attorneys representing primarily plaintiffs. Both organizations support the interests of and count as members employee-side employment lawyers and civil rights lawyers.

3. My firm is based in San Diego, California and focuses on the state and nationwide prosecution of class actions on behalf of consumers, insurance policy holders and investors.

4. I am a 1990 graduate of the George Washington University School of Law. Since 1994, my practice has concentrated in representing plaintiffs in a wide variety of class action lawsuits.

5. I have represented millions of retail consumers, holders of life, automobile and homeowner insurance policies, mortgagors, credit card customers, homeowners, and victims of race discrimination. I practice in both state and federal courts throughout the country and have represented the interests of consumers formally or informally before the Federal Trade Commission, the California Department of Justice, the California Legislative Analyst's Office and the California Department of Insurance. I also have worked with the Federal Trade Commission to obtain record setting recoveries for consumers. In *In re Skechers Toning Shoes Prods. Liab. Litig.*, I worked with the Federal Trade Commission to obtain the largest consumer recovery in a false advertising action in FTC history.

6.  Since 2010, I have held a variety of court-appointed leadership positions, including: Federal Rule of Civil Procedure 23(g) Class Counsel in *Godec v. Bayer Corp.*, Case No. Case No. 1:10-CV-00224-JG (N.D. OH); Federal Rule of Civil Procedure 23(g) Class Counsel in *Johns v. Bayer Corp.*, Case 09-cv-1935-AJB (DHB) (S.D. Cal.); Federal Rule of Civil Procedure 23(g) Class Counsel in *In re Skechers Toning Shoes Prods. Liab. Litig.*, Case No. 3:11-MD-2308-TBR (W.D. KY); Plaintiffs' Liaison Counsel and Steering Committee member by the United States District Court for the Southern District of California in the multidistrict litigation *In re: Sony Gaming Networks and Customer Data Breach Security Litigation*; Class Counsel by the district court for the District of Massachusetts in *In re: Reebok Easytone Litigation*; Class Counsel in *Victor E. Bianchi v. Bosa Development California* by the San Diego Superior Court; Co-Lead Class Counsel by the Los Angeles Superior Court in *In re: Toyota Motor Cases*, JCCP No. 4621 (Toyota Unintended Acceleration Consolidated Litigation); Co-Lead Class Counsel by the United States District Court for the Southern District of California in the multidistrict litigation *In re: Hydroxycut Marketing and Sales Practices Litigation*; Co-Lead Class Counsel by the United States District Court for the Central District of California in *Johnson v. General Mills, Inc.*; Co-Lead Class Counsel by the United States District Court for the Southern District of California in *Hartless v. Clorox Company*; and Class Counsel by the United States District Court for the Southern District of Florida in *Smith v. Wm. Wrigley, Jr. Company*. I have also acted as lead counsel in a number of "functional food" false advertising class actions, including cases against General Mills and The Dannon Company filed in federal courts around the country. The Dannon litigation resulted in the largest settlement in food industry history for false advertising. I was lead trial counsel in *Lebrilla v. Farmers Insurance Group, Inc.*, a multistate class action which settled on terms favorable to the class after a month long trial and just before closing arguments. I also assisted Eugene Iredale in the trying *In re Red Light Photo Enforcement Litigation*, an action brought on behalf of California motorists.

DECLARATION OF TIMOTHY BLOOD                                    16CV1004-BEN

7.     I have significant experience litigating against life, auto and other insurance carriers on behalf of consumers. My experience litigating against life insurance companies includes representing owners, holders and beneficiaries of industrial life insurance in race discrimination cases (with class periods dating back to the late 1800's). I also represented those holding traditional life insurance policies in market conduct actions such as the "vanishing premium" life insurance actions. I was responsible for one of only two litigated cases where classes where certified in the vanishing premium series of cases. I was also one of the few plaintiffs' attorneys to obtain class-wide recoveries in the "imitation parts" automobile insurance actions.

8.     I have been involved in a number of precedent-setting appellate decisions in areas which include consumer and insurance law and class action procedure. These appellate decisions include: *Corvello v. Wells Fargo Bank, NA*, 728 F.3d 878 (9th Cir. 2013) (consumer protection and banking); *Fitzpatrick v. General Mills, Inc.*, 635 F.3d 1279 (11th Cir. 2011) (class certification, consumer law and false advertising); *Westwood Apex v. Contreras*, 644 F.3d 799 (9th Cir. 2011) (CAFA jurisdiction); *Kwikset Corp. v. Superior Court (Benson)*, 51 Cal. 4th 310 (2011) (consumer law and false advertising); *Martinez v. Wells Fargo Home Mortgage, Inc.*, 598 F.3d 549 (9th Cir. 2010) (banking and preemption); *Troyk v. Farmers Group, Inc.*, 171 Cal. App. 4th 1305 (2009) (insurance law); *Hawaii Medical Ass'n v. Haw. Med. Serv. Ass'n*, 148 P.3d 1179 (Haw. 2006) (health insurance); *McKell v. Washington Mutual Bank, Inc.*, 142 Cal. App. 4th 1457 (2006) (banking law and consumer law); *Santiago v. GMAC Mortgage Group, Inc.*, 417 F.3d 384 (3d Cir. 2005) (consumer and banking law); *Lebrilla v. Farmers Group, Inc.*, 119 Cal. App. 4th 1070 (2004) (automobile insurance and class action procedure); *Moore v. Liberty Nat'l Life Ins. Co.*, 365 F.3d 408 (5th Cir. 2004) (life insurance and civil rights); *Kruse v. Wells Fargo Home Mortgage, Inc.*, 383 F.3d 49 (2d Cir. 2004) (consumer and banking law); and *Lavie v. Procter & Gamble, Inc.*, 105 Cal. App. 4th 496 (2003) (consumer law and false advertising).

DECLARATION OF TIMOTHY BLOOD                                    16CV1004-BEN

9. I have testified before the California State Assembly and State Senate Judiciary Committees, as well as the Assembly and Senate Committees on Banking, Finance & Insurance. I have worked at both the state and federal level with lawmakers and government agencies to shape legislation to protect consumer rights, including lobbying on the Class Action Fairness Act of 2005 and working to defeat a California state ballot initiative designed to weaken the class action device.

10. I frequently teach at continuing legal education seminars on topics which include complex litigation, class action procedure, financial fraud litigation, insurance litigation and consumer fraud. I have been an invited speaker for American Bar Association practice groups, the Practicing Law Institute, University of San Diego School of Law, University of Arizona School of Law, Loyola Law School, American Association of Justice, Consumer Attorneys of California, the Grocery Manufacturers Association, ALI-ABA, the National Practice Institute, Bridgeport Continuing Education, Law Seminars International and the Consumer Attorneys of San Diego, for which I chair a multi-day seminar on class action litigation.

11. Although consumer litigation and class actions constitute the bulk of my practice, I am well aware of the challenges related to litigating 42 U.S.C. § 1983 actions on a contingency basis to my exposure to such matters, including efforts to pass pro-plaintiff civil rights litigation. I find, in many ways, that representing individual plaintiffs in § 1983 cases can be just as complicated and challenging complex class actions. Most § 1983 claims require extensive legal research of a vast, and sometimes unclear, body of caselaw. Qualified immunity has made it difficult and expensive to litigate these claims. The defendants' right to interlocutory appeal on the issue of qualified immunity causes these cases to take years to litigate, which is both expensive and time consuming. This also exacts a toll on plaintiffs who are victimized twice – first by police misconduct and second by a legal system that affords police officers every defense. Thus, § 1983 plaintiffs' attorneys must spend more time communicating with clients and ensuring they have

the fortitude to endure years of litigation. There are much greater risks in litigating § 1983 claims because qualified immunity, and the amount of time it takes to litigate these cases, reduces the likelihood of successful recovery. Finally, trials are common in § 1983 cases while relatively uncommon in class action matters. Section 1983 trials pose numerous challenges to a plaintiff's attorney. Often, plaintiffs are deeply traumatized by the police misconduct or the primary plaintiff cannot testify because they have been killed by law enforcement officers. Many times, plaintiffs in § 1983 cases, particularly in jail cases like Mr. Sandoval's case, do not present as traditional tort plaintiffs. Convincing a jury to award damages when a plaintiff is deceased, and unable to testify, requires tremendous attorney skill and effort. Attorneys must simultaneously expend countless hours preparing to cross-examine defendants and preparing experts to testify to establish liability.

12. I have known Christopher Morris and Danielle Pena for approximately seven years. Their reputations in the legal community are exemplary, and those reputations are well deserved. Mr. Morris is currently a San Diego County Superior Court judge who was appointed by Governor Newsom in 2022. I believe the requested hourly rate of $1150 for Mr. Morris and $800 for Ms. Pena are fair and reasonable under controlling law, particularly considering the results realized and the time and expense spent to achieve these results. I am informed that Judge Klausner in the Central District of California awarded Ms. Pena an hourly rate of $800 in 2024 for the results she achieved after a successful jury trial in a § 1983 matter.

13. The outstanding result achieved in this case was the culmination of extensive litigation spanning nearly ten years from the filing of the complaint. My understanding is that the complaint in this matter was first filed in October 2014. The motion practice was substantial. I understand that Ms. Pena was the primary author of the appellate briefs in the *Sandoval* matter, which led to an excellent published opinion regarding qualified immunity - *Sandoval v. Cnty. of San Diego*, 985 F.3d 657 (9th Cir. 2021). After securing an excellent result on appeal, Ms. Pena

page_7

successfully continued litigating this matter even when Mr. Morris, the principal attorney of the law firm, departed to join the judicial bench. Ms. Pena prepared this matter for trial and funded all litigation while simultaneously keeping the plaintiffs engaged and steadfast in their commitment in resolving this case. Given the protracted nature of the litigation and the sophistication of counsel for defendants, Ms. Pena showed grit and finesse in responding to changing litigation tactics and guiding this matter to an extraordinary conclusion for her clients.

14. I am intimately familiar with the challenges of litigating cases for long periods of time and funding litigation for such cases. For example, in the matter of *Montera v. Premier Nutrition*, case no. 16-cv-6980, my law firm spearheaded litigation in the matter for more about ten years before achieving an excellent result at trial before the Honorable Richard Seeborg in the Northern District of California. The time and dedication required to sustain such litigation, and ultimately achieve an excellent result at trial, is enormous.

15. I am generally familiar with the rates charged by lawyers in California, generally, and San Diego County, specifically. I believe the hourly rate sought by Mr. Morris and Ms. Pena is well within the range of reasonableness for other lawyers of similar skill, talent, experience and expertise and reflect the market rate in San Diego County.

16. The potential of recovering hourly fees consistent with large firms in the relevant legal market, and commensurate with the attorney's experience, plays an important role in incentivizing skilled practitioners to take on § 1983 cases on a contingency basis. As evidenced by the long, protracted history of the *Sandoval* litigation, these cases are expensive and time-consuming to litigate. Qualified immunity poses a risk in § 1983 cases that does not exist in many other tort or consumer action matters. The possibility of recovering a fully compensatory fee award provides the incentive necessary for attorneys to accept these difficult, time consuming, and very risky cases to vindicate important Constitutional principles.

I declare under penalty of perjury under the laws of the United States of

7

DECLARATION OF TIMOTHY BLOOD                                 16CV1004-BEN

America and state of California that the foregoing is true and correct, and that this declaration was executed on April 3, 2025, at San Diego, California.

_____
TIMOTHY G. BLOOD